**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

FILED

In re: ALEXANDER LOUIS BEDNAR,

    Debtor.

Case Number: 15-11916 TRC 2018 OCT 17 P 4: 04
Chapter 7

CLERK
U. S. BANKRUPTCY COURT
WESTERN DISTRICT OF OK
DEPUTY

Alexander L. Bednar
    Plaintiff
v

Adv. Proc. No:_____

Franklin American Mortgage Company
Federal National Mortgage Association
Oklahoma County Sheriff
    Defendants

## PETITION FOR IMMEDIATE AND PERMANENT EQUITABLE RELIEF DUE TO VIOLATION OF THE DISCHARGE INJUNCTION, BRIEF IN SUPPORT, AND NOTICE OF OPPORTUNITY FOR HEARING

ALEXANDER BEDNAR, the Debtor in the above-captioned proceeding ("Bednar"), requests

that the Court issue an injunction/restraining order against Defendants who are currently preventing

access to the home by Debtor and his daughter's trust (the new owner per agreement mediated by Judge

Goodwin in this case), and set a hearing to determine Defendant Franklin American Mortgage to be in

contempt and in violation of the discharge injunction, as well as violations of state law. Defendants in

concert have procure unlawful Orders (including two *ex parte* procedurally defective default money

judgments) for *in personam* use against Debtor at a sheriff sale to bid against him and his friend,[1] in a

calculated plan to violate Debtor's procedural due process rights, in violation of the discharge injunction.

---

[1] In Oklahoma Co. Case CJ-2016-5004 (which remains to be consolidated with CJ-2015-192 *per* the law of the case and mandatory Local Rule 9), Defendant Franklin American Mortgage clandestinely procured two patently deficient Default judgments *ex parte*-one on April 25, 2018 ***without motion*** and one on June 11, 2018 (even though the hearing on default was "stricken" by Judge Don Andrews). Although preliminary dispositive motions are not yet adjudicated in the case, Franklin American approached *ex parte* transferee judge Paul Hesse and sought Debtor's default without apprising judge Hesse of preliminary motions or the companion case in which it is a defendant (CJ-2015-192) involving the same property, that a mediation agreement was reached in bankruptcy, and ***involving a prior sheriff sale***. Franklin American's calculated goal with the void default judgment is to force Debtor to seek a cash bond on appeal (knowing he does not qualify for a bond given this bankruptcy), in violation of the discharge injunction.

*BRIEF IN SUPPORT AND REQUEST FOR IMMEDIATE EMERGENCY HEARING*

Like the automatic stay, the discharge injunction is a central provision of the Bankruptcy Code. It "prohibits efforts to collect a debt as a personal liability of the debtor[.]" *In re Paul,* 534 F.3d 1303, 1309 n. 6 (10th Cir. 2008) (emphasis omitted). A suit alleging a violation of the discharge injunction is therefore a core proceeding because it "derives directly from the Bankruptcy Code and can be brought only in the context of a bankruptcy case." *Johnson,* 575 F.3d at 1083 (quoting *MBNA Am. Bank, N.A. v. Hill,* 436 F.3d 104, 109 (2d Cir. 2006)). *See also In re Houlik,* 481 B.R. 661, 674 (10th Cir. BAP 2012) (suggesting that claims for violation of the discharge injunction are core proceedings); *In re Nat'l Gypsum Co.,* 118 F.3d 1056, 1063 (5th Cir. 1997) ("Courts have held that actions to enforce discharge injunctions are core proceedings because they call upon a bankruptcy court to construe and enforce its own orders."); *Dunmore v. U.S.,* 358 F.3d 1107, 1114 (9th Cir. 2004) ("[Plaintiff's] discharge injunction claim constitutes a core proceeding for which the bankruptcy court could enter a final order."); *In re Alexander,* 2015 WL 5168375, *1 (Bankr. W.D. Tex. 2015) ("a proceeding to enforce a discharge injunction is a core proceeding under § 157(b)(2)(O) of title 28.... Bankruptcy courts have jurisdiction over such cases and may even reopen a closed case to ensure that the purpose of its discharge order is not undermined").

The code is clear and identifies the nature of the discharge injunction at 11 USC §524:

(a) A discharge in a case under this title—

    (1) *__voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727,__* 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

    (2) *__operates as an injunction against the commencement__* or *__continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor__*, whether or not discharge of such debt is waived; (emphasis added).

Before this bankruptcy, RCB Bank had started a foreclosure action in state court in January of 2015, in Oklahoma County case number CJ-2015-192. Defendant Franklin American was made a party

in that case (Ex. C), but never litigated and chose not to assert any interests at any point. In CJ-2015-192 a sheriff sale occurred after a global order of summary judgment issued in March 2016 (served on Franklin American), that identified and preserved its mortgage lien (Ex. D, p. 6). Thus, there was no need or rational basis for Defendant Franklin American to "commence" and litigate a whole new foreclosure case in September of 2016 seeking money judgment (CJ-2016-5004), in violation of 11 USC 524(a)(2). In light of being served and having legal representation in CJ-2015-192, Franklin American chose not to litigate, argue against, or contradict, the summary judgment issued, and it chose not to be present at the sheriff sale that occurred on July 14, 2016.

At the sheriff sale in 2016, RCB Bank was the highest bidder at 50,000 dollars, well below the required 2/3 amount of purchase for the property, valued currently at 580,00 dollars by the County. Franklin American was served by RCB with notice of the sheriff sale and chose not to participate in that sale either. Debtor Mr. Bednar filed a motion to oppose confirmation of the sheriff sale, due to the lack of valuable consideration and the failure of condition precedent required of 2/3 value being reached. That litigation to set aside the July 2016 sheriff sale was scheduled to be heard in CJ-2015-192, but Judge Cornish Ordered mediation between RCB and Debtor in this case. The mediation settlement in this case between RCB and Debtor ultimately resulted in a stay of litigation in CJ-2015-192, per terms reached.

Franklin American, just like RCB Bank, was listed on Debtor's matrix of creditors (Ex. B). Although RCB filed a motion to lift the stay and filed an adversarial proceeding (15-1248), Franklin American *chose not to respond in this bankruptcy and never requested to lift the stay.* After the discharge injunction order issued, (Ex. A) Franklin American filed a redundant foreclosure action in September of 2016 in Oklahoma County (CJ-2016-5004), before the very same judge (Andrews), in light of the fact RCB's foreclosure action had just had a sheriff sale, and Franklin American was party before Judge Andrews in that case (Ex. C). In CJ-2016-5004 Defendant Franklin American listed, issued summons for, and *served the very same lienholder defendants who were already served and had been litigating CJ-2015-192*, including RCB Bank.

3

At the most recent hearing with Judge Cornish, Debtor discussed his anticipated filing of Motions to Avoid liens from CJ-2015-192 that need to be cleared up to effectuate the mediation settlement. Through a pattern of calculated inappropriate, harassing actions, Defendants are frustrating that process.

By way of questionable action in CJ-2016-5004, Franklin American has procured void/voidable orders and aggressively caused a second sheriff sale to occur on August 9, 2018, prior to final adjudication of the first sheriff sale (in CJ-2015-192) frustrating the prior stay of state court litigation and enforcement of the mediation agreement in the adversarial proceeding 15-1248 filed by RCB Bank.

Pursuant to the mediated settlement, RCB Bank quitclaimed the property to the MFB Revocable Trust, bearing a Georgia address, in February of 2018. Exhibit E. The Oklahoma Count Assessor shows that title passed from RCB to the MFB Trust in February of 2018. Exhibit F. RCB Bank provided Franklin American notice on April 20, 2018 that it had finalized its settlement agreement with Debtor, and had deeded the homestead to a new entity (Ex. G). In proceedings before the second Sheriff sale in CJ-2016-5004, in pleadings and on the record transcript, Franklin American was apprised that the MFB Trust was the new owner. Franklin American's attorney indicated in a recent court hearing that he had personal knowledge that Debtor's father had created the MFB Trust for benefit of Debtor's daughter, whom Debtor has half of the time with his ex wife. Such information was private, meaning that Franklin American has known for some time that the MFB trust was the new owner, and that its actions in CJ-2016-5004 were calculated to derail Debtor' mediation settlement.

Just after receiving notice of RCB's mediation settlement resulting in a quitclaim deed to the MFB Trust on April 20, 2018, Franklin American commenced a pattern of frivolous, disturbing actions. On April 25, 2018, it drafted and presented ex parte a money default judgment to Judge Don Andrews, ***without even filing a motion***, in CJ-2016-5004, and was able to convince Judge Andrews to sign it the same day. See Docket sheet for CJ-2016-5004; see Exhibit H. That void ex parte order contains a time-stamped electronic signature dated April 24, 2018 from an attorney for the IRS, whose liens were previously extinguished by the first sheriff sale in CJ-2015-192, and whose presence in the redundant second foreclosure is unnecessary. Local Rules for Oklahoma and Canadian County (Exhibit J, Local

Rule 11D) require that Orders be circulated and approved by all attorneys before presentment to a judge. Local Rule 16 requires that Mr. Bednar have received proper notice as he had appeared previously (February 23, 2017 and had filed and set matters for hearing July 12, 2018). Exhibit J.

The April 25, 2018 ex parte default judgment does not bear Debtor's signature and was not presented to him, showing Franklin American's violation of that law as well. Franklin American again presented a second ex parte order on June 11, 2018 (Exhibit I), after Mr. Bednar asked for such violations of procedure not occur. That Order bears the IRS attorney's previous time-stamped signature from April 24, 2018 was cut and pasted, such that if that Order was circulated to the IRS attorney, it was purposefully again not circulated to Mr. Bednar. Exhibit I. Franklin American's clandestine use of the court violates Title 5's prohibition against ex parte communications, violated the law of the case (consolidation having been ordered to proceed with CJ-2015-192), and violated Oklahoma procedure (Rule 10 of the District Courts), as well as Local Oklahoma Rule 16.

Recently, Franklin American used *in personam* the money default judgment from CJ-2016-5004 (Ex. I), which matches the Petition's request (Ex. K) for approximately 450,000 dollars against Mr. Bednar at the second sheriff sale, to compete against him and his friend who was interested in purchasing the property and who made an offer to Franklin that day. Franklin American has violated the discharge injunction 11 USC §524(a)(2) by its "commencement" of CJ-2016-5004 (wholly unnecessary case); by the "employment of process" in participating in a second sheriff sale on August 9, 2018 with *in personam* use of the June 11, 2018 *ex parte* default judgment to a) directly compete with Mr. Bednar and his friend at the sheriff sale and b) by adding fees money judgment (not yet adjudicated) to the June 11 2018 Judgment as an *in personam* action against Mr. Bednar and conspiring with the Defendant Sheriff to increase to $528,000 a bogus "credit on its judgment" which had not been calculated by any court.

Defendant Sheriff and Franklin American falsified and augmented the in personam amount of default money judgment against Debtor without court process, by creating a "credit on judgment" almost 100,000 dollars higher than the default judgment of June 11, 2018. See Exhibit L ("Amended Sheriff's Return" clearly drafted by the attorneys for Franklin American, and identifying a $528,000 "credit on

Plaintiff's judgment" to cover the bid at the sheriff sale, which clearly is much higher than the request in the Petition (Exhibit K – about 450,000)). Debtor witnessed the attorneys for Franklin American filing statutory notice documents and preliminary documents after the sheriff sale occurred on August 9, 2018. The "Special Execution and Order of Sale" (Exhibit M) directing the sheriff to have the sale, was filed August 9, 2018 after the sale occurred, and only identifies the judgment as being approximately 450,000 dollars, an amount nowhere close to the "credit on judgment of 528,000 fabricated by Defendants at the sheriff sale).

Of concern is that the Notice of Sheriff sale, which is required by law (12 OS 764 and 16 OS 23.5(A)(3)) to be sent to persons claiming an interest at least ten (10) days before the sheriff sale, *was filed after the sheriff sale*. Exhibit N. Debtor witnessed the attorney for Franklin American filing the sheriff's notice after the sale occurred, and has personal knowledge that the MFB Trust trustee, whose address has been known to Franklin American for months, and was available on the County website, was not served with any notice of the sale prior to the sale occurring, in violation of the law. The law also requires that a party causing the sheriff sale to issue an affidavit regarding notice. There is a deficient "affidavit" filed by Franklin American's counsel, dated July 6, 2018, that is not notarized, and fails to identify parties noticed. Exhibit O. The MFB Trust, which was quitclaimed the property per the mediation agreement was not noticed ten days prior to the sheriff sale, in violation of mandatory statutory law. However, Franklin American clearly knew the address of the MFB Trust trustee in Georgia, as it sent it notice on August 13, 2018 that Franklin American had filed a Motion to Confirm Sale. Exhibit P.

## INFRINGEMENT OF THE ADVERSARIAL PROCEEDING'S MEDIATION AGREEMENT AND ENFORCEMENT OF THE AGREEMENT IS ITSELF A CORE PROCEEDING

Like all courts, the Bankruptcy Court "plainly ha[s] jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152 (2009). *See also In re Williams*, 256 B.R. 885, 892 (8th Cir. BAP 2001) ("It is ... well established that bankruptcy courts retain jurisdiction after a case has been dismissed or closed to interpret or enforce previously entered orders."). Court orders, including stipulated orders memorializing settlement agreements, are typically enforced through contempt

6

proceedings. *Consumers Gas & Oil, Inc. v. Farmland Industries, Inc.*, 84 F.3d 367, 371 (10th Cir. 1996) (settlement terms in a stipulated order are enforceable through contempt proceedings); *In re Smith,* 2012 WL 566246, at *7 (W.D. Tex. 2012) (when a settlement agreement is incorporated into a stipulated order, it becomes a court decree that is enforceable through contempt proceedings).

Further, "the enforcement of orders resulting from core proceedings are themselves considered core proceedings." *Williams*, 256 B.R. at 892. *See also In re Skinner*, 917 F.2d 444, 448 (10th Cir. 1990) ("Civil contempt proceedings arising out of core matters are themselves core matters."); *In re Franklin*, 802 F.2d 324, 326 (9th Cir. 1986) ("Requests for bankruptcy courts to construe their own orders must be considered to arise under title 11 if the policies underlying the Code are to be effectively implemented."). As such, because Franklin American Mortgage's entire unnecessary foreclosure case (CJ-2016-5004), filed after the discharge injunction, is redundant to CJ-2015-192 (involving Franklin American and all the same parties and property) that litigation is subject to the province of this Court.

THE ENTIRE UNNECESSARY SECOND FORECLOSURE ACTION AND SECOND SHERIFF SALE FILED BY DEFENDANT FRANKLIN AMERICAN IS A SHAM PROCESS DESIGNED TO FRUSTRATE THE GOALS REACHED IN BANKRUPTCY MEDIATION IN THIS CASE

Franklin American Mortgage refused to accept funds from proposed sale of an adjoining lot, and refused to engage with the title company to consider reasonable offers to mitigate damages, during the time that Debtor and RCB Bank stayed the state court action in CJ-2015-192. Franklin refused to participate in the court-ordered mediation with Judge Goodwin, and its acts to derail the settlement from the adversarial proceeding by procuring multiple clandestine, *ex parte* orders and questionable filings demonstrates violation of the discharge injunction. As a core proceeding, this Court may review Franklin American's actions *in toto*, and its impact on the settlement reached in RCB's adversarial proceeding in this case (as well as acts to violate the discharge injunction), *per* case law cited above.

In light of already being a party in RCB's foreclosure action in Oklahoma County, which included summary judgment and a sheriff sale in July of 2016 that discussed Franklin American mortgage's debt, Franklin American filed a wholly unnecessary case new foreclosure case in Oklahoma County in September of 2016 and included RCB as a Defendant (CJ-2016-5004 – which was assigned to the same

7

judge as RCB's state case, and ordered on February 23 2017 by Judge Don Andrews to proceed to consolidation with RCB's state case CJ-2015-192 as shown in the transcript of that hearing).

Before consolidation was effectuated and prior to a journal entry being settled regarding Judge Andrews' rulings, RCB's State Case became subject to a mediation agreement reached in RCB's adversarial proceeding in this bankruptcy case, where Debtor and RCB agreed to a stay of state litigation to effectuate the settlement. Franklin has recently litigated the redundant foreclosure action in bad faith, without regard to preliminary matters involving RCB's state case, as its attorneys were present at the February 23, 2017 hearing where the state court approved consolidation of the cases, but refuses to follow the law of the case in CJ-2016-5004. Franklin American's *in personam* use of a second falsely procured void judgment on June 11, 2018 (Exhibit I) to personally challenge the Debtor and to deprive him and his daughter of the benefits of the settlement agreement, and then to threaten him with an appellate bond to appeal the Default Judgment, are clear violations of the discharge injunction.

Your Debtor moves the Court to sanction and halt creditor Franklin American Mortgage and its agents and cohorts for intentional and knowing violations of the discharge injunction (11 US 524), per 11 USC §105, 11 U.S.C. §§362(a) and (k)(1), per the Court's inherent powers, and set a hearing on Contempt per Rules 9014, 9018 and 9020. Franklin American did not answer in this bankruptcy, and entered an appearance in RCB's state foreclosure case, then did nothing to challenge or attend a sheriff sale in July of 2016 that made RCB the record owner of the property. As such, Franklin American Mortgage is subject to the property owner's settlement agreement that was effectuated in mediation ordered by Judge Cornish, and this Court may analyze any actions (as core proceedings) that affect, impact, or take away from the enforcement or finalization of that settlement.

Debtor has indicated recently to Judge Cornish his intent to file Motions to avoid liens in order to clear up title in favor of the MFB Trust, for Debtor's daughter, which was designated to be the new owner of the property per the settlement agreement. Defendants' actions have been purposefully calculated to avoid the law of the case in CJ-2015-192, to which Franklin American is a party, and which was stayed with the specific purpose to provide for the mediation agreement's enforcement.

Franklin American Mortgage's commencing unnecessary state court proceedings (CJ-2016-5004) had the effect of harassment and the court system of law was manipulated by Defendants to cause *in personam* action against the debtor at an August 9, 2018 sheriff sale and confirmation thereof with a bogus "credit on judgment" higher in money amount than the Judgment (Exhibits I, J, K, L). Franklin American's current threats to Debtor that in order to appeal the recent default judgment he will have to post a cash bond to even attempt to get the home back, violates ***the spirit and intent of the mediation ordered by this court***, and is a clear violation of the discharge injunction (11 US 524).

Defendants published and provided at the premature August 9, 2018 sheriff sale a false credit judgment exceeding by almost 100,000 dollars the *ex parte* judgment of June 11, 2018, specifically to use *in personam* against Mr. Bednar to acquire the property. Ex. L. Without citing any law that allows the Sheriff to augment a judgment by tens of thousands of dollars, the Defendants drafted and filed even more documents calculated to be used *in personam* against Debtor's interests. See Ex Q (Corrected assignment of Judgment and Bid, filed August 13, 2018). Although the law requires (apart from publication notice) that the sheriff provide an affidavit of notice regarding a sale of property at least thirty days prior, Defendants drafted and caused the Sheriff to file deficient notices of the sale *ex post facto*: the Sheriff's notice of the sale was actually filed with the court clerk after the sheriff sale on August 9, 2018 as Debtor saw Franklin American's attorneys filing the Sheriff's own notice afterwards.

The Defendant Sheriff allowed Franklin American's attorneys to draft and file its statutory documents of notice regarding the August 9, 2018 sale (which are supposed to be verified and were not). The documents purportedly signed by the Sheriff's office appear to all be drafted by the attorneys for Franklin American, and bear proof. The fact that Franklin American filed the notice of the sheriff sale after the sheriff sale occurred, is undeniable proof of bad faith and concerted action between Franklin American and the sheriff to violate Debtor's procedural rights both in court and regarding the sale. The documents filed in conjunction with the Sheriff sale (increasing the in personam judgment to justify legal action against Debtor), violates the discharge injunction. Defendants are currently arguing that Debtor

must present a cash bond on appeal to combat the second ex parte default judgment, and such current arguments also directly violate the discharge injunction.

Defendant Federal National Mortgage Association (Fannie Mae) has conspired with the other Defendants to be named as the new owner, pursuant to self serving documents after the bogus Sheriff Sale of August 9, 2018, drafted and filed by the other Defendants, without notice. It apparently is the actual owner of the loan, but has never been made part of the litigation in either CJ-2015-192 or CJ-2016-5004. Fannie Mae is apparently also a necessary and indispensable party to the cases below (which should be consolidated). However, the Defendants' acts and clandestine, calculated violations of procedure contravene the discharge injunction, harm Debtor, and infringe upon the mediation agreement that included a stay of CJ-2015-192 (in which Franklin American is a party).

DEFENDANTS' IN PERSONAM ACTION OF AUGMENTING THE "CREDIT ON JUDGMENT" AGAINST DEBTOR PERSONALLY, AS SEEN IN THE ORDER CONFIRMING SHERIFF SALE, CAUSES DEBTOR AND HIS DAUGHTER TO BE HOMELESS AND WITHOUT A LAW OFFICE

The most egregious part of Defendants' conspiracy to violate ethical statutes and procedure is that after magically using a higher in personam money judgment "credit" at the sheriff sale to reach 528,000 dollars in its bid against Mr. Bednar and his friend, Franklin American then presented an ex parte order on September 6, 2018, after a hearing to confirm sheriff sale, again in violation of motion practice and Local Rules (Ex. J Rules 10, 11) which ordered the Defendant Sheriff to remove Debtor from the homestead. Exhibit R. Debtor's law practice is in the homestead and is registered at the Oklahoma Bar Association as such. Currently, because of Defendants' unlawful actions, he is not only homeless, but has been unable to meaningfully run his practice and be able to move it. An agent of Fannie Mae allows Debtor into the house at limited times during the week. Debtor's child, the beneficiary of the MFB Revocable Trust created by Debtor's father, is unable to benefit from the home, and was locked out by Defendants and told that her doll houses and other belongings would be thrown away this upcoming weekend unless relief is achieved. The child has been traumatized after being made homeless with her father, an attorney, due to the egregious and concerning actions of the Defendants.

Debtor has appealed the state court actions, and has indicated to the state courts that he would be filing for relief in this Court. In this pleading, Plaintiff seeks an emergency immediate injunction and restraining order against all three Defendants. An injunction/restraining order is equitable and is at the discretion of the court. However, such relief is always available if a violation of the law is occurring, as a violation of the law is considered irreparable harm.

Debtor and Intervenor MFB Trust ask this Court on an emergency basis to stay all actions of the Defendants regarding the debtor's homestead, and stay the August 9, 2018 sheriff sale and Orders procured in state court that are in clear violation of this Court's discharge injunction, and for a hearing on the merits.

Debtor brings this Motion pursuant to 11 U.S.C. §§ 105(a) and 362(a), as well as Rule 9020, Fed.R.Bankr.P. In support of his requested relief, Bednar respectfully maintains, avers, and states as follows.

### THE FACTS SUPPORTING THE REQUEST IN THE ABOVE BRIEF

1. In May of 2015, Debtor filed for Chapter 7, and amended his petition in July of 2015.

2. Franklin American Mortgage, with the first mortgage on Debtor's homestead, was included in the matrix of creditors and received notices regarding this case. Ex. B.

3. At no point did Franklin American Mortgage seek to avoid the stay in bankruptcy and litigate in state court.

4. RCB Bank, the owner of the second mortgage on the Debtor's homestead, had filed a foreclosure case in Oklahoma County Court (CJ-2015-192) in January of 2015, and included Franklin American Mortgage in that case as a Defendant and owner of the first mortgage. In fact, the Kivell Raiment firm from Tulsa entered that case on behalf of Franklin American Mortgage, and on June 18, 2015, the Court was told that attorney Andrew Chilson represented Franklin American Mortgage prospectively. Ex C. A stay of that case was effectuated when this bankruptcy was filed.

5. RCB Bank filed an adversarial proceeding in this bankruptcy case (15-1248), and also filed a motion to avoid the stay and litigate in State court.

6. In September of 2015, Debtor received a discharge, which included the discharge injunction, with warnings to creditors who violate the Order. Ex. A

7. RCB filed a motion for summary judgment in CJ-2015-192 in late 2015, and served Franklin American with that motion. Franklin American did not respond, and did not show up to argue on January 22, 2016 in CJ-2015-192. The Judge in that case (Judge Andrews) granted summary judgment to RCB Bank and such judgment was memorialized on March 31, 2016.

8. The docket shows that Franklin American Mortgage was served a copy of that judgment.

9. Pursuant to summary Judgment, RCB Bank filed for a sheriff sale, and notified Franklin American Mortgage of the Sheriff sale, which occurred in July of 2016.

10. Franklin American Mortgage chose not to be present at the sheriff sale in July of 2016.

11. The Debtor's house was valued at 500,000 dollars, and purchasers are required to pay at least 2/3 of the appraised value at a Sheriff sale. Contrary to that rule, at the sheriff sale on July 14, 2016, RCB was the top bidder with fifty thousand dollars ($50,000.00) and became the registered owner at the County Assessor. Debtor has filed motions to set aside confirmation of that sale, and those motions have not been finally adjudicated.

12. Because Franklin American Mortgage Company chose not to attend the sheriff sale and bid, and chose not to respond to any pleadings in CJ-2015-192, it became subject to the results of that sheriff sale and the ensuing litigation.

13. RCB Bank, the previous second mortgage note holder, became the record owner of the property after the sheriff sale, subject to court adjudication of the sheriff sale.

14. On September 29, 2016, Franklin American Mortgage, through attorneys other than the ones representing it in CJ-2015-192, filed a whole new foreclosure action, listing all the very same defendants as in CJ-2015-192, and seeking foreclosure of the same property against Debtor.

12

15. Franklin American failed to serve Mr. Bednar with summons and Petition within 180 days in CJ-2016-5004. Their agent of service has admitted such fact. Thus, by operation of law, that case should be "deemed dismissed."   Mr. Bednar filed a special appearance and a dispositive motion for dismissal based on the fact the same case and controversy was being adjudicated by the same judge in the same county in CJ-2015-192, under 12 OS 2012(B)(8).

16. A hearing was held February 23, 2017 in CJ-2016-5004 where the Court ordered that Mr. Bednar need not answer the Petition until dispositive and preliminary motions were fully adjudicated, *that Mr. Bednar be properly served*, and that consolidation of the two cases could proceed.

17. In RCB's case, Bednar filed Motions to set aside the confirmation of the July 14, 2016 sheriff sale in CJ-2015-192 in late 2016 and those were set to be heard in early 2017. They were set in February and March of 2017.   However, Judge Cornish ordered that RCB, plaintiff in an adversarial proceeding to this bankruptcy (15-1248), mediate with Debtor. The motions in CJ-2015-192 to set aside the first sheriff sale have never been finally adjudicated, regarding the validity of RCB's purchase at the sheriff sale for much below the appraised value.

18. That mediation ordered by Judge Cornish occurred in the Spring of 2017, and bound the owner of the property (RCB Bank) with Debtor into a mediation agreement.   The signed mediation agreement contemplated activity through mid 2018.   Under information and belief, based on Franklin American's counsel's comments, Franklin American Mortgage knew and was fully aware of the mediation agreement.

19. Between the time of mediation and early 2018, two offers were made to Franklin American Mortgage from Buyers interested in purchasing a lot contiguous and attached to the property, which is part of a plat. The first offer was for fifty thousand dollars ($50,000.00), at the time of the mediation, but Franklin American refused to mediate with RCB and refused to respond regarding that offer. *Both offers were for more money than some previous lot sales in the area.* See Ex. S, Stewart Title title examination and requirements to cure pursuant to offer of 52,500 dated July 24, 2017.

13

20. Debtor was actively attempting to resolve the debt with Franklin and procured a second offer which was tendered to Franklin American on the same lot in July of 2017 for fifty two thousand five hundred dollars($52,500.00). Earnest money was placed with Stewart Title and the requirements were almost completely fulfilled. Ex. S.   In fact, Scott Kirtley, attorney for RCB in the adversarial proceeding provided to Stewart Title all information it needed to cure the portion of the requirements regarding its foreclosure action (CJ-2015-192).

21. However, Franklin American's attorneys refused to discuss the offer, and chose to litigate, letting the offer lapse.  Mr. Bednar attempted until early 2018 to have Franklin American's attorneys reconsider, but eventually had to sign and have the earnest money returned to the Buyer.

22. Franklin American failed to mitigate loss, and was dilatory in responding to good faith offers.

23.  Because the mediation agreement overseen by Judge Goodwin included the parties agreeing to stay the state lawsuit (CJ-2015-192), it naturally included staying litigation of Franklin American's interests, which had been fully adjudicated through the sheriff sale on July 14, 2016 in CJ-2015-192.

24. Per the mediation agreement, RCB executed a quitclaim deed in February of 2018 to the MFB Revocable Trust (Exs. E, F), and placed Franklin American Mortgage on notice on April 20, 2018 of change of ownership by filing notice in Franklin American's foreclosure action, CJ-2016-5004, and referencing the activity in RCB's state case CJ-2015-192 (Ex. G).

25. In lieu of contacting Debtor and discussing consolidation of the two related cases (CJ-2015-192 and CJ-2016-5004) per Local Rule 9, given the same parties and the same property, Franklin American presented and procured a default judgment on April 25, 2018 from the court ex parte, without filing a motion, and without any kind of notice to Debtor Mr. Bednar. Ex. H.

26. After Mr. Bednar filed on May 7, 2018 a Motion to Set aside the Default Judgment and contacted opposing counsel, on May 16, 2018, the Court entered a new Order ex parte setting aside the inappropriate default judgment of April 25 2018, based on a Motion and presentment of order that very day by Franklin American, outside Debtor's presence, without notice to Mr. Bednar.

27. On May 7, 2018 in CJ-2016-5004 Mr. Bednar filed a Motion for New Trial regarding default, and that issue has never been adjudicated. On that date he also filed a Motion to Set Aside Orders, and requested that his prior Motion to Dismiss based on CJ-2015-192 pending, be rescheduled – because the lower case had been stayed per agreement, and the stay was now lifted per RCB's pronouncement on April 20, 2018 (Ex. G).

28. Therefore, Mr. Bednar (Debtor) did not seek consolidation of Franklin American's case with RCB's while RCB's case was subject to stay, to avoid impacting the settlement agreement regarding stay of litigation.

29. After RCB filed its disclaimer on April 20, 2018 (Ex. G), on May 16, 2018, Mr. Bednar filed a motion to settle the journal entry of the February 23, 2017 hearing in CJ-2016-5004 to memorialize the law of the case, where the Court ruled that preliminary motions would need to be fully and finally adjudicated prior to Mr. Bednar having to answer, and where the court had authorized consolidation of the two foreclosure cases. This matter and the Motions filed on May 7, 2018 (New trial and dismissal based on another case existing) was set to be heard by Judge Andrews on July 12 2018.

30. Also, on May 16, 2018, Debtor Mr. Bednar filed a Motion to Strike False return of service, calling into question dismissal for failure to serve within 180 days and conflicting returns. That was also set on Judge Andrews' docket for July 12, 2018. Mr. Bednar was told by Judge Andrews' clerk that July 12, 2018 was the earliest date available for his motions.

31. On May 16, 2018 at the end of the day, Debtor went to the offices of counsel for Franklin American and delivered the pleadings that had been set for July 12, 2018, and requested a good faith meeting. Consolidation of the two cases was discussed, and the fact that preliminary matters had not been fully adjudicated. Of particular, the February 23, 2017 hearing transcript that had just been purchased by Mr. Bednar was also discussed, and the fact that the Court had ruled to allow consolidation of the cases.

15

32. Unbeknownst to Debtor, Franklin American's counsel had that very day (May 16, 2018) filed a default judgment in CJ-2016-5004, and did not give a courtesy copy to Mr. Bednar. Also unbeknownst was that Judge Andrews' clerk had set Franklin American's default judgment motion on Judge Andrews' docket for June 8, 2018.

33. On May 18, 2018, the case was transferred to Judge Hesse in Canadian County by administrative judge Tim Henderson, without explanation, and in light of the fact that Oklahoma law requires real estate cases to be litigated in the county where the land sits. 12 OS 131. Judge Andrews' office called Mr. Bednar at 2 33 pm and told him that the case had been transferred and that all motions set on Judge Andrews' docket were now stricken based on the transfer.

34. Franklin American had a duty to notice Mr. Bednar regarding default judgment motions, and failed to do so with respect to the May 16, 2018 filing, under Oklahoma County Rule 16 and Rule 10 of the District Courts. Ex. J. Local Rules 10 and 11 for Oklahoma County require that motions be circulated to counsel of record which included Mr. Bednar. Franklin American failed to do so.

35. Franklin American had a duty under Local Rules 16 and 22, to apprise the new transferee judge of outstanding pending motions in the case as well as previous rulings (such as the Feb 23 2017 ruling regarding consolidation with the case subject to the mediation agreement), and to identify what kind of notice regarding the default motion was given to Mr. Bednar.

36. On June 4, 2018, Franklin American filed a certificate indicating it had mailed a notice of default judgment hearing, regarding its May 16, 2018 default motion, to Mr. Bednar on May 23, 2018, telling him to go before Judge Andrews (who had indicated the hearing was stricken). Mr. Bednar's response date, had the Motion for Default been sent with the Notice filed the same day according to Franklin's certificate, would have been June 11, 2018.

37. On June 8, 2018, Judge Andrews posted on OSCN his ruling that the Motion for Default Judgment was "stricken" from being heard that day.

38. On June 8, 2018 Franklin American falsely presented itself before Judge Hesse in Canadian County and represented to that court that Mr. Bednar knew to be there for a hearing. Judge Hesse

ruled in favor of Franklin American and issued a minute order on OSCN, that contradicted Judge Andrews' posting just before it, indicating the very hearing had been "stricken."

39. Mr. Bednar happened to be coming back from Washita County on June 8, 2018 and stopped in Judge Hesse's office regarding a motion in a different matter. When Judge Hesse told him he had ruled earlier and granted default against Mr. Bednar, Mr. Bednar told Judge Hesse he believed that the hearing had been stricken by order of Judge Andrews.

40. Mr. Bednar pointed out to Judge Hesse's court reporter that on OSCN, judge Andrews' ruling was that the hearing on default was "stricken."

41. Later that day, Mr. Bednar found out that Judge Hesse contacted Judge Andrews' clerk and caused her to materially alter Judge Andrews' Order on OSCN, without notice to Mr. Bednar or the other side. Ex. T. Mr. Bednar contacted Judge Hesse and asked that he recuse himself from further activity on the case, and wrote a letter to him that same day (Friday June 8, 2018). Ex U.

42. Also on that date, Mr. Bednar contacted Franklin American's counsel and discussed what had happened, and the fact that he sought recusal of Judge Hesse, and for professional courtesy for Franklin's counsel not to present any ex parte orders to Judge Hesse on the following Monday.

43. On the morning of June 11 2018, Mr. Bednar called Judge Hesse's office and indicated a request for an in camera meeting to further discuss recusal as per the letter and message left Friday June 8, 2018. Mr. Bednar then emailed Judge Hesse's office around 9 am and attached the letter regarding recusal and inappropriate action of changing another judge's minute order. Ex. U.

44. In light of the ethical requirements of Title 5 not to present pleadings ex parte, in light of the fact that Rule 15 of the District Courts requires that judges not issue orders when recusal has been sought, and in light of Local Rules 10, 11 for Oklahoma and Canadian Counties that Orders be circulated and that a hearing be set if attorneys cannot agree on language, and despite the clear intent of the June 8, 2018 letter and June 11, 2018 email and attachments (Ex. U) written to Judge Hesse and to Franklin American's attorneys, Franklin American still presented and procured a second ex parte default judgment on June 11, 2018. (Ex. I)

45. That judgment provides for the amount requested in the Petition (Ex. K), approximately 450,000.

46. On June 11, 2018, in CJ-2016-5004, Mr. Bednar filed his response and other pleadings and requested that the court strike the June 8 2018 hearing as it was ordered "stricken" and asked that the default judgment be set aside.

47. Franklin American then acted aggressively and with reckless abandon. It used the default judgment to set up a second sheriff sale on August 9, 2018, and caused the Defendant Sheriff to file deficient documents, regarding notice (that it drafted and filed for the sheriff after the sale) as well as other documents pertinent to the sale, regarding a "credit on the judgment" that did not exist (as no hearings on fees and costs had occurred to augment the default judgment). Exs. L, Q.

48. At the sheriff sale, Mr. Bednar's friend (an attorney) was interested purchasing the property and selling the extra lot, in order to allow Mr. Bednar and his daughter to live there while the house were put on the market. Mr. Bednar was the highest bidder at 529,000 dollars and Franklin American was the second highest bidder at 528,000. After the sale, Mr. Bednar received a copy of his friend's offer, which was 25,000 dollars more than the amount of principal on the property. That text is still on Mr. Bednar's phone. Mr. Bednar's friend contacted by telephone the attorneys for Franklin American on August 9, 2018 and communicated his offer to purchase the property for 25,000 more than the principal, and was told that the offer would be passed on to Franklin American. To date, he has not received any courtesy return communication from Franklin American regarding his offer, and now indicates that although he was serious about the offer, he is no longer interested at this point.

49. Defendants utilized the default judgment *in personam* against Mr. Bednar at the sheriff sale on August 9, 2018, in violation of the discharge injunction, to bid directly against him, and included an amount of "credit judgment" contrary to the Petition request as in personam judgment for the process of bidding then confirming the sheriff sale. 11 USC 524. Then Franklin filed documents afterward regarding their use of the money judgment to counter Mr. Bednar's interest and become the highest bidder after they refused the offer from his friend who attended the sale. Ex. Q.

50. Defendants, without authority, created for Franklin American a "credit on its judgment" in the amount of 528,000 dollars, above and beyond the June 11 2018 judgment, to attack Mr. Bednar's bid at the sheriff sale with his attorney friend. Exhibit L.

51. Defendants substituted Fannie Mae as the highest bidder at the sheriff sale, without including them in the litigation, and without notice and an opportunity to be heard, through an instrument that the Defendant sheriff was complicit in drafting and signing, which includes in personam use of the money judgment specifically against Mr. Bednar. Ex. Q.

52. Even more egregious, it has come to light that Defendant Franklin American intends to require Mr. Bednar to seek an appellate bond to appeal the second *ex parte* default judgment order of June 11, 2018 (even though the previous sheriff sale in CJ-2015-192 is not fully resolved). The June 11, 2018 Default Judgment was procured in violation of Title 5, Judicial Canons, Rule 10 of the District Courts, without notice to Debtor, in violation of procedure, from judge Hesse who was literally asked that very morning to recuse and not rule on any further matters until the recusal process was exhausted – and given a citation to an Oklahoma Supreme Court case regarding default judgments being void if issued after recusal has been asked). Exhibit U.

53. Mr. Bednar has filed action in the Oklahoma Supreme Court regarding the recusal of Judge Hesse and the actions involving the cases discussed, and sought writs of mandamus. To date the Oklahoma Supreme Court has not issued emergency stays, citing the limited statute on emergency relief criteria when seeking an extraordinary writ, but has indicated upcoming hearings are to be set. Mr. Bednar has advised the Supreme Court that he would file this matter before this Bankruptcy court, and that he would provide that Court with the outcome.

54. The adversarial proceeding 15-1248, from which sprung the mediation agreement between the Record owner (RCB Bank) and Debtor, was dismissed on August 1, 2018 by Judge Cornish. However, this bankruptcy case is still open, and this Court may enforce or analyze any impact on that agreement, as well as violations of the discharge injunction.

55. Judge Cornish has been asked by Mr. Bednar to keep the case open to be able to avoid certain liens regarding the home, and to allow for his daughter's trust to maximize any available equity.

56. Franklin American has continued its pattern of frivolous actions, and filed a motion to confirm the August 9, 2018 second sheriff sale, while the recusal process of Judge Hesse was being appealed, without allowing Mr. Bednar the mandatory courtesy and procedural prerequisite (12 OS 2012(C)) to set and have heard his preliminary motions.  Those motions were previously ordered to have to be heard before default in the case on February 23, 2017, just before stay of litigation occurred as a result of mediation in this court.

57. One of Franklin American's attorneys had attended the February 22, 2018 hearing in CJ-2016-5004, and thus knew that the law of the case was to allow consolidation of the two cases, first adjudicate preliminary matters before seeking a default, and not require Mr. Bednar to answer until those matters were adjudicated and he was properly served.

58. That attorney left the Baer Timberlake firm and Don Timberlake took over the case in April of 2018.  Mr. Timberlake has admitted that he has not seen the transcript from the February 2017 hearing that his former attorney attended, and as such should not be making representations to Judge Hesse that contradict the law of the case.

59. Plaintiffs questions if Franklin American Mortgage actually received the offers procured by Mr. Bednar during 2017 and will seek discovery to prove that those offers were above market value and Franklin American to fail to mitigate damages.

60. Franklin American's new attorney who took over in April of 2018 had an ethical duty under Title 5, and a procedural duty under Local Rules 16 and 22 of Oklahoma County, to advise Judge Hesse that preliminary motions existed and should be heard prior to issuing default.

61. Petitioners are recommending separately that this Court certify questions to the Oklahoma Supreme Court, to aid in understanding multiple violations of state law that will help this Court determine the extent of a permanent injunction.

62. In CJ-2015-192 Judge Andrews ruled that RCB must file a separate motion for a writ of assistance from the sheriff, and crossed out a provision that RCB's counsel attempted to have included in an Order hearing to confirm the July 14, 2016 sheriff sale. Judge Andrews was the judge in CJ-2016-5004 who granted Mr. Bednar's oral motion on February 23, 2017 to proceed to consolidate the two cases.

63. Rule 11 for District Courts in Oklahoma requires that transferee judges recognize and follow previous rulings by judges in the case. Franklin American presented Judge Hesse an ex parte order confirming sheriff sale on September 6, 2018, that included a writ of assistance to grant the sheriff the ability to secure the property and remove Mr. Bednar and his daughter from the premises in violation of Rule 11 for District Courts of Oklahoma and the law of the case.

64. At this time, the Defendant Sheriff, Franklin American, and Fannie Mae, have successfully locked Debtor's house, preventing him from meaningfully running a law practice. Defendants have acted in contempt of this Court's Discharge injunction, and are indicating to courts below that Mr. Bednar must added insult to injury by having the sheriff break one of the doors and rummage through the house, then telling Mr. Bednar's seven year old daughter that all of her possessions will be taken away by this weekend unless all of it is moved out.

## CONCLUSION

This Court may act in equity and issue an injunction/restraining order until an evidentiary hearing determines the extent of Defendants' actions. Moreover, a violation of a state statute is "an injury to the State and its citizens [,and a] continuing violation is an *irreparable injury* for which injunctive relief is available." *Indep. Sch. Dist. No. 9. V. Glass*, 639 P.2d 1233, 1237 (Okla. 1982)(emphasis added); *see Semke v. State ex rel. Okla. Motor Vehicle Comm'n*, 465 P.2d 441,445 (Okla. 1970). Any aggrieved citizens to cite a violation of state law in seeking injunction during a case or at the start, pendent lite. There is no calculable amount of money regarding the trauma that has occurred to Debtor and his daughter in being forced out of their home without due process by armed sheriff, and possibly losing the only home she has known her entire life, which possesses equity that could have benefitted all parties.

Your Debtor respectfully requests an immediate hearing and an injunction *pendent lite* against Defendants, for their ongoing violations of law demonstrating *per se* irreparable harm; to enforce the settlement from mediation so as to prevent the Defendants from forever taking and absconding with personal property and with the real estate homestead which was part of a mediation agreement, negotiated to be placed in Trust for the benefit of Debtor's daughter; and to allow the MFB Revocable Trust to intervene, in order to protect its interests pursuant to the mediation agreement.

Respectfully submitted,

/s/ Alexander Bednar

Alexander Bednar, OBA #19635
BEDNAR LAW FIRM
15721 Via Bella
Edmond, OK 73013
405 420 9030
Representing Debtor (self)

## NOTICE AND OPPORTUNITY FOR HEARING

YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THIS DOCUMENT CAREFULLY AND CONSULT YOUR ATTORNEY ABOUT YOUR RIGHTS AND THE EFFECT OF THIS DOCUMENT. IF YOU DO NOT WANT THE COURT TO GRANT THE REQUESTED RELIEF, OR YOU WISH TO HAVE YOUR VIEWS CONSIDERED, YOU MUST FILE A WRITTEN RESPONSE OR OBJECTION TO THE REQUESTED RELIEF WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF OKLAHOMA, 215 DEAN A. MCGEE AVENUE, OKLAHOMA CITY, OK 73102, NO LATER THAN 14 DAYS FROM THE DATE OF FILING OF THIS REQUEST FOR RELIEF. YOU SHOULD ALSO SERVE A FILE-STAMPED COPY OF YOUR RESPONSE OR OBJECTION ON THE UNDERSIGNED MOVANT (AND OTHERS WHO ARE REQUIRED TO BE SERVED) AND FILE A CERTIFICATE OF SERVICE WITH THE COURT. IF NO RESPONSE OR OBJECTION IS TIMELY FILED, THE COURT MAY GRANT THE REQUESTED RELIEF WITHOUT A HEARING OR FURTHER NOTICE.

THE 14 DAY PERIOD INCLUDES THE THREE (3) DAYS ALLOWED FOR MAILING PROVIDED FOR IN BANKRUPTCY RULE 9006 (F).

22

## CERTIFICATE OF SERVICE

I, Alex Bednar, hereby certify that on the 17 day of October 18 a true and correct copy of the above and foregoing instrument was mailed, with proper postage prepaid, to the following parties:

Oklahoma County DA
c/o Rod Heggy, Esq
320 Robert S Kerr
OKC, OK 73102
Attorney for Okla. Co. Sheriff

Don Timberlake
PO BOX 18486
Oklahoma City, OK 73154-0486
Atty for Franklin American Mtg
And Fannie Mae

/s/ Alexander Bednar
Alexander Bednar, OBA #19635

B18 (Official Form 18) (12/07)

# UNITED STATES BANKRUPTCY COURT
## Western District of Oklahoma

**FILED**

Sep. 11, 2015
Grant E. Price , Clerk
U.S. Bankruptcy Court
Western District of Oklahoma

Case No. **15–11916**
Chapter 7

In re Debtor(s) (names(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

Alexander Louis Bednar
3030 NW Expressway
Suite 200
Oklahoma City, OK 73112

Social Security / Individual Taxpayer ID No.:
xxx–xx–3709

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

Dated:  September 11, 2015

BY THE COURT

Tom R. Cornish
United States Bankruptcy Judge

## SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

B18 (Official Form 18) (12/07) – Cont.

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts That are Not Discharged

Some of the common types of debts which are **not** discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

abel Matrix for local noticing
087-5
ase 15-11916
estern District of Oklahoma
klahoma City
ed Jul  6 09:08:10 CDT 2016

klahoma County Treasurer
20 Robert S Kerr Ave
oom 307
klahoma City, OK 73102-3441

SBC Western District of Oklahoma
15 Dean A. McGee
klahoma City, OK 73102-3426

S/SLMA/BLUEMONT FUND
1 BLEECKER ST
TICA NY 13501-2401

S-SUNTRUST
0 BOX 60147
RRISBURG PA 17106

LSTATE INSURANCE
 BOX 12055
19 ELECTRIC RD S.W.
ANOKE VA 24018-1618

NK OF AMERICA
0 N. COLLEGE ST.
NC1-028-22-01
ARLOTTE NC 28202-2271

RKI, MAY-LI M.D.
10
MEMORIAL RD, #500
AHOMA CITY OK 73120-8366

 BANK OF NORTH AMERICA
BOX 78066
ENIX AZ 85062-8066

1 Liebel
 N. Robinson, Ste 1000
ahoma City, OK 73102-9026

BMW Bank of North America, Inc.
P.O. Box 201347
Arlington, TX 76006-1347

RCB Bank
c/o Scott P. Kirtley, Esquire
Riggs, Abney
502 W. 6th Street
Tulsa, OK 74119-1016

AAA INSURANCE
3100 QUAIL SPRINGS PKWY
OKLAHOMA CITY OK 73134-2626

ADT
3750 PRIORITY WAY SOUTH DRIVE
SUITE 200
INDIANAPOLIS IN 46240-3815

AFSA/CALIF STUDENT LOAN
501 BLEECKER ST
UTICA NY 13501-2401

ALLSTATE INSURANCE CO
c/o CREDIT COLLECTION SERVICES
TWO WELLS AVE
NEWTON MA 02459-3225

BANK OF AMERICA
211 N. ROBINSON AVE
OKLAHOMA CITY OK 73102-7187

BIOREFERENCE LAB, INC
PO BOX 26548
SALT LAKE CITY UT 84126-0548

BREAST HEALTH NETWORK
OU MEDICINE
1200 EVERETT DR.
OKLAHOMA CITY OK 73104-5047

(c)CAC FINANCIAL CORP
2601 NW EXPRESSWAY STE 1000E
OKLAHOMA CITY OK  73112-7236

OBCU
PO Box 24027
Oklahoma City, OK 73124-0027

Tinker Federal Credit Union
PO Box 45750
Tinker AFB, OK 73145-0750

ACCOUNT MANAGEMENT RESOURCES
726 WEST SHERIDAN
OKLAHOMA CITY OK 73102-2412

AELMAC
C/O ACS
501 BLEECKER ST
UTICA NY 13501-2401

ALLIANCE LEGAL SOLUTIONS
17505 W. CATAWBA AVE.
SUITE 200
CORNELIUS NC 28031-8060

ARNOLD-SHAFER, JACLYN
C/O JENNIFER BRUNER, ESQ.
HILTGEN & BREWER PC
9505 N. KELLY AVE.
OKLAHOMA CITY OK 73131-2445

BANK OF OKLAHOMA
PO BOX 2300
TULSA OK 74102-2300

BIOREFERENCE LABORATORIES
481 EDWARD H. ROSS
ELMWOOD PARK NJ 07407-3128

BRYAN WHITWELL
5103 N. SHARTEL
OKLAHOMA CITY OK 73118-6049

CAPITAL ONE
PO BOX 30281
SALT LAKE CITY UT 84130-0281

BMA
O BOX 6497
IOUX FALLS SD 57117-6497

CCS
DIVISION OF HRS
PO BOX 1500
HENRIETTA NY 14467-1500

CCS/PAYCHEX
PO BOX 1500
HENRIETTA NY 14467-1500

ENTER FOR EDUCATION LAW
/O ANDREW FUGITT
00 N. BROADWAY AVE #300
KLAHOMA CITY OK 73102-5844

CENTER FOR EDUCATION LAW
C/O FRED ANDREW FUGITT
900 N. BROADWAY AVE #300
OKLAHOMA CITY OK 73102-5844

CENTER FOR WOMEN'S HEALTH
4140 W MEMORIAL  STE 500
OKLAHOMA CITY OK 73120-8300

RTEGY CHECK SERVICES
) BOX 30031
AMPA FL 33630-3031

CHARLES F. ALDEN III INC PC
C/O MARK MITCHELL
512 NW 12TH STREET
OKLAHOMA CITY OK 73103-2407

CHARLES SCHWAB
101 MONTGOMERY ST.
SAN FRANCISCO CA 94104-4151

IEX SYSTEMS COLLECTION AGENCY
TTN: CONSUMER RELATIONS
105 HUDSON ROAD, STE 100
LINT PAUL MN 55125-1595

CITIBANK/SHELL
PO BOX 6497
SIOUX FALLS SD 57117-6497

COMPLETE PAYMT RECOVERY SVS
3500 5TH ST.
NORTHPORT AL 35476-4723

RD BLOOD REGISTRY
:00 BAYHILL DR.
N BRUNO CA 94066-3058

COVENTRY ONE
PO BOX 31210
TAMPA FL 33631-3210

COX COMMUNICATION
6301 WATERFORD BLVD., STE 200
OKLAHOMA CITY OK 73118-1129

EDIT COLLECTION
15 N. CLASSEN BLVD. #100
 BOX 60607
LAHOMA CITY OK 73146-0607

CREDIT CONTROL CORP
11821 ROCK LANDING DR
NEWPORT NEWS VA 23606-4207

CREDIT CONTROL CORP
PO BOX 120630
NEWPORT NEWS VA 23612-0630

AGNOSTIC LAB OF OKLAHOMA
 BOX 740732
ICINNATI OH 45274-0732

DLO
PO BOX 740732
CINCINNATI OH 45274-0732

Dorothy Pike
1227 Stout Drive
PO Box 63
Piedmont OK 73078-0063

ST POINT RECOVERY GROUP
15 WEHRLE DRIVE STE 1
FFALO NY 14221-7383

ECMC
ATTN: BANKRUPTCY
FIRSTAR CENTER
101 E 5TH ST PO BOX 64909
SAINT PAUL MN 55164-0909

ECMC
PO BOX 64909
SAINT PAUL MN 55164-0909

IC
Box 16408
 Paul, MN 55116-0408

EDWARD F. SAHEB LLC
104 E. EUFAULA
NORMAN OK 73069-6017

EMPOWERMENT USA GROUP
590 BURBANK ST UNIT 255
BROOMFIELD CO 80020-7173

IFAX INFORMATION SERVICES LLC
BOX 740256
ANTA GA 30374-0256

EQUINOX
10159 E 11TH ST.
SUITE 502
TULSA OK 74128-3080

EQUINOX
PO BOX 470585
TULSA OK 74147-0585

XPERIAN
01 EXPERIAN PARKWAY
O BOX 2002
LLEN TX 75013-2002

Ed Saheb
3787 NW Expressway, Ste 770
Oklahoma City, OK 73118

FARHAD SAHEB
3817 NW EXPRESSWAY
SUITE 770
OKLAHOMA CITY OK 73112-1456

ARMERS INS.
680 WILSHIRE BLVD.
OS ANGELES CA 90010-3807

FARMERS INS. FCU
7340 W. MEMORIAL RD
OKLAHOMA CITY OK 73142-1402

FRANKLIN AMERICAN MORTGAGE
425 PHILLIPS BLVD.
TRENTON NJ 08618-1430

REDERICK J. HEGENBART
25 S. MAIN STREET #700
ULSA OK 74103-4508

FREE CREDIT REPORT.COM
EXPERIAN
955 AMERICAN LN
SCHAUMBURG IL 60173-4998

GECRB/CARE CREDIT
PO BOX 965036
ORLANDO FL 32896-5036

ENPATH
31 EDWARD H. ROSS DR.
7407
ANWOOD PARK NJ 07407-3118

GEORGE S. CORBYN
CORBYN HAMPTON PLLC
211 N. ROBINSON #1910
OKLAHOMA CITY OK 73102-9700

GLOBELINK SECURITY
3545 NW 58TH, STE. 120
OKLAHOMA CITY OK 73112-4725

LD'S GYM
300 MAPLE AVE., STE 200
LLAS TX 75219

HAAG, MATTHEW M.D.
2801 NW 23RD ST.
OKLAHOMA CITY OK 73107-2213

HERITAGE HALL
1800 NW 122ND ST.
OKLAHOMA CITY OK 73120-9598

UTS, LINDSAY
O STODDARD MORRIS PLLC
1 N. BROADWAY
MOND OK 73034-3776

INTEGRIS BAPTIST MED CENTER
% CREDIT ADJUSTMENT CO
2601 NW EXPRESSWAY
OKLAHOMA CITY OK 73112-7272

IRS
P.O. BOX 7346
PHILADELPHIA PA 19101-7346

CK S. DAWSON
LLER DOLLARHIDE
O PARK AVE #2550
LAHOMA CITY OK 73102-5609

JEFF R. BEELER
4508 N. CLASSEN BLVD.
OKLAHOMA CITY OK 73118-4814

JEFFREY MCCRAY
1625 GREENBRIAR PLACE #400
OKLAHOMA CITY OK 73159-7645

RRY KITE
21 N. CLASSEN
AHOMA CITY OK 73118-2839

JILL ANN BEDNAR
15721 VIA BELLA
EDMOND OK 73013-6567

JILL TUCKER-SHAW
C/O GERALD E. KELLEY LLC
5613 N. CLASSEN
OKLAHOMA CITY OK 73118-4015

N HENNESSEE
14 SW 119TH STREET
AHOMA CITY OK 73170-4548

JOI MCCLENDON
1901 N. CLASSEN BLVD.
SUITE 112
OKLAHOMA CITY OK 73106-6011

KYLE GOODWIN
1300 E. 9TH SUITE 1
EDMOND OK 73034-5760

DA LEA
R-CHP ND
7 NW 122ND ST, #C
AHOMA CITY OK 73120-8878

LON J. DARLEY III
DARLEY LAW FIRST
6403 NW GRAND BLVD. #100
OKLAHOMA CITY OK 73116-6503

MCCRAY ROOFING & EXTERIORS LLC
1625 GREENBRIAR PLACE #400
OKLAHOMA CITY OK 73159-7645

EMORIAL ROAD PET HOSPITAL
3535 N. BRYANT
DMOND OK 73013-7591

MERCY CLINIC
OB/GYN MERCY PLAZA
4140 W. MEMORIAL RD, #215
OKLAHOMA CITY OK 73120-8361

MERCY HOSPITAL
4300 W. MEMORIAL RD.
OKLAHOMA CITY OK 73120-8304

ERCY WOMEN'S CENTER
300 MCAULEY BLVD
KLAHOMA CITY OK 73120-8302

MOSER, JACQUIE L.
6124 NW 55TH
OKLAHOMA CITY OK 73122-6404

MS/COHNS APPLIANCE
4055 TECHNOLOGY FOREST
BL # 210
THE WOODLANDS TX 77381-2007

KLAHOMA BREAST CARE CENTER
3509 N. MERIDIAN, #6
KLAHOMA CITY OK 73120-8396

OKLAHOMA COUNTY TREASURER
PO BOX 268875
OKLAHOMA CITY OK 73126-8875

OKLAHOMA EMPLOYEES CREDIT UNION
200 NE 21ST STREET
OKLAHOMA CITY OK 73105-3204

KLAHOMA EMPLOYMENT SEC. COMM.
ILL ROGERS MEMORIAL OFC BLDG
) BOX 52003
KLAHOMA CITY OK 73152-2003

OKLAHOMA TAX COMMISSION
General Counsel's Office
100 N. Broadway Ave., Ste 1500
Oklahoma City, OK 73102-8601

OTC
LEGAL DIVISION
120 N. ROBINSON, SUITE 2000
OKLAHOMA CITY OK 73102-7471

J MEDICINE
!5 NE 10TH
KLAHOMA CITY OK 73104-5417

Oklahoma County Treasurer
320 Robert S. Kerr, Room 307
Oklahoma City, OK 73102-3441

Oklahoma Employees Credit Union
PO Box 24027
Oklahoma City OK 73124-0027

YCHEX, INC.
) BOX 911931
LLAS TX 75391-1931

PIKE, DOROTHY
1227 STOUT DR. NW
PIEDMONT OK 73078-7817

Paychex Inc
Attn Bankruptcy Dept
225 Kenneth Drive
Suite 100
Rochester NY 14623-4277

AIL CREEK COUNTRY CLUB
01 QUAIL CREEK ROAD
LAHOMA CITY OK 73120-8999

RCB BANK
300 N PATTI PAGE
CLAREMORE OK 74017

RCB BANK
300 N. PATTY PAGE
CLAREMORE OK 74017-8097

VER CANNIBAL
18 SW 3RD ST.
IT A
LAHOMA CITY OK 73109-1020

SHELL/CBNA
PO BOX 6497
SIOUX FALLS SD 57117-6497

SOUTHWESTERN BELL YELLOW PAGES
301 NW 63RD
SUITE 110
OKLAHOMA CITY OK 73116-7906

LINT
BOX 3827
LEWOOD CO 80155-3827

(p)SPRINT NEXTEL CORRESPONDENCE
ATTN BANKRUPTCY DEPT
PO BOX 7949
OVERLAND PARK KS 66207-0949

SPRINT
PO BOX 8077
LONDON KY 40742-8077

ELIJAH'S MOTHERS DAY OUT
00 N. MAY AVE.
AHOMA CITY OK 73134-5019

STEVEN MELTZNER DDS
4140 W. MEMORIAL STE 201
OKLAHOMA CITY OK 73120-8300

SUN TRUST BANK
1001 SEMMES AVE
PO BOX 27172
RICHMOND VA 23261-7172

UNTRUST
ES
O BOX 2461
ARRISBURG PA 17105-2461

SYNCHRONY BANK
PO BOX 965064
ORLANDO FL 32896-5064

SYNCHRONY BANK/WALMART
PO BOX 964024
ORLANDO FL 32896-0001

teven Meltzner DMD
ccount Management Resources
O Box 60607
klahoma City, OK 73146-0607

TAP ARCHITECTURE
415 N. BROADWAY
OKLAHOMA CITY OK 73102-6410

TELECHECK INTL INC
SUPERVISOR LEGAL DEPT
5251 WESTHEIMER 2ND FLOOR
HOUSTON TX 77056-5412

INKER FEDERAL CREDIT UNION
501 TINKER DIAGONAL
KLAHOMA CITY OK 73110-2900

TRANS UNION CORPORATION
PO BOX 2000
CRUM LYNNE PA 19022-2000

U-HAUL MOVING & STORAGE OF BRICKTOWN
100 SE 2ND STREET
OKLAHOMA CITY OK 73129-1004

.S. Trustee
nited States Trustee
15 Dean A. McGee Ave., 4th Floor
tlahoma City, OK 73102-3444

UMB BANK
PO BOX 419226
KANSAS CITY MO 64141-6226

US ATTORNEYS OFFICE
210 W. PARK AVENUE, SUITE 400
OKLAHOMA CITY OK 73102-5628

)U S DEPARTMENT OF EDUCATION
O BOX 5609
REENVILLE TX 75403-5609

US DEPT OF JUSTICE CIV TRIAL
TAX DIVISION CENTRAL REGION
P.O. BOX 7238 BEN FRANKLIN ST.
WASHINGTON DC 20044-7238

VALARITY, LLC
P O BOX 505023
SAINT LOUIS MO 63150-5023

LLAS AT ESPERANZA NORTH
NERS ASSN
501 LAGUNA DRIVE
MOND OK 73013

WILLIAM E. LIEBEL
1000 ROBINSON RENAISSANCE
119 N ROBINSON
OKLAHOMA CITY OK 73102-4613

WILLIAM EDWARD LIEBEL
13300 N. EASTERN AVE.
OKLAHOMA CITY OK 73131-1816

lliam E Liebel
rome S Sepkowitz
00 N Lincoln Blvd
lahoma City OK 73105-3321

YP MARKETING SOLUTIONS
301 NW 63RD, SUITE 110
OKLAHOMA CITY OK 73116-7906

Alexander Louis Bednar
3030 NW Expressway
Suite 200
Oklahoma City, OK 73112-5466

uglas N. Gould
03 Waterford Blvd Suite 260
lahoma City, OK 73118-1118

Edward F Saheb
Law Offices of Edward Saheb
3817 NW Expressway
Oklahoma City, OK 73112-1489

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

OKLAHOMA TAX COMMISSION
AL DIVISION
) N. ROBINSON
TE 2000 N

SPRINT
PO BOX 4191
CAROL STREAM IL 60197-4191

US DEPARTMENT OF EDUCATION
PO BOX 7202
UTICA NY 13504-7202

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

AC FINANCIAL CORP
501 NW EXPRESSWAY
JITE 1000
KLAHOMA CITY OK 73112

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

l)Tinker Federal Credit Union
) BOX 45750
.nker AFB, OK 73145-0750

(d)Tinker Federal Credit Union
PO BOX 45750
Tinker AFB,OK 73145-0750

(u)Jill Bednar

t)William E. Liebel

End of Label Matrix
Mailable recipients    142
Bypassed recipients      4
Total                  146



IN THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUN 18 2015

TIM RHODES
COURT CLERK

34

| | | |
|---|---|---|
| RCB BANK; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.    CJ-2015-192 |
| | ) | |
| ALEXANDER BEDNAR; JILL BEDNAR; | ) | Judge    Prince, Thomas E. |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING LEAVE TO WITHDRAW AS COUNSEL

NOW on this __ day of June 2015, the matter of the Motion for Leave to Withdraw of Shannon Taylor

of Kivell, Rayment and Francis, P.C. and Kivell, Rayment and Francis, P.C., counsel of record, for Defendant,

Franklin American Mortgage Company by virtue of assignment from Mortgage Electronic Registration Systems, As

nominee for American Mortgage Source, ("Defendant"), comes on before this Court. The Court having examined

the files and based on the presentation of counsel, this Court finds:

1. A copy of the Motion to Withdraw has been mailed to all attorneys of record and parties as shown in the

   certificate of mailing in the Motion.

2. Defendant has retained new counsel in this matter:

   Andrew R. Chilson, OBA #30040
   KOZENY & MCCUBBIN, L.C.
   609 Kelly Avenue, Suite A-2
   Edmond, Oklahoma 73003

3. Defendant's new counsel has entered their appearance in this case.

4. Counsel, Shannon Taylor, of Kivell, Rayment and Francis, P.C. and Kivell, Rayment

   and Francis, P.C., is hereby granted leave to withdraw as attorney of record for Defendant.

Dated this __ day of June , 2015.

IT IS SO ORDERED.

_____
JUDGE OF THE DISTRICT COURT

32259/ST

4

APPROVED:

**KIVELL, RAYMENT AND FRANCIS**
A Professional Corporation

By _____

Shannon Taylor, OBA #20116
Triad Center I, Suite 550
7666 East 61st Street
Tulsa, Oklahoma 74133
Telephone (918) 254-0626
Facsimile (918) 254-7915
E-mail: staylor@kivell.com
ATTORNEYS FOR DEFENDANT

5

32259/ST



FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAR 3 1 2016

TIM RHODES
COURT CLERK

41

## IN THE DISTRICT COURT FOR OKLAHOMA COUNTY
## IN THE STATE OF OKLAHOMA

RCB BANK,                                    )
                                             )
        Plaintiff,                           )
                                             )
v.                                           )    Case No.    CJ-2015-192
                                             )                (Judge Andrews)
ALEXANDER BEDNAR and JILL                    )
ANN BEDNAR, husband and wife;                )
KENTCO, INC., d/b/a AMERICAN                 )
MORTGAGE SOURCE; MORTGAGE                    )
ELECTRONIC REGISTRATION                      )
SYSTEMS, INC., as nominee for                )
AMERICAN MORTGAGE SOURCE;                    )
CHARLES F. ALDEN, III, INC.,                 )
P.C.; ROSENSTEIN, FIST & RINGOLD,            )
INC., ANDREA KUNKEL and KENT                 )
RAINEY; OKLAHOMA COUNTY                      )
TREASURER; THE VILLAS AT                     )
ESPERANZA OWNER'S ASSOCIATION,               )
INC.; the Leaseholders or other Occupants    )
of the Premises.                             )
                                             )
        Defendants.                          )

### JOURNAL ENTRY OF JUDGMENT

COMES NOW, the above-entitled and styled proceedings came on for hearing on January

22, 2016 on the Motion for Summary Judgment filed by the Plaintiff, RCB Bank (hereinafter

"RCB"), before the undersigned District Judge of Oklahoma County, State of Oklahoma

pursuant to regular setting.  RCB appears by and through its attorney of record, Kyle Goodwin,

of the firm Lee, Goodwin, Lee, Lewis & Dobson.  Alexander Bednar appears on behalf of

himself.

### Answering Lienholders

The Court finds the following parties have filed an Answer in this matter seeking to establish

their lien rights, but have not filed a Response to Plaintiff's Motion for Summary Judgment, to

wit:

        a.    Franklin American Mortgage Co., by assignment from Mortgage Electronic Registration System, as nominee for American Mortgage Source; (Answer filed 4.2.15) and,

        b.    Mortgage Electronic Registration System, as nominee for American Mortgage Source; (Answer Filed 2..24.15).

        c.    Jill Bednar (Answer filed out of time on 3.11.15)

The Court notes the pending divorce proceedings between Jill Bednar and her counsel of record,

Alexander Bednar. The Court also notes that Alexander Bednar has been allowed to withdraw

as counsel of record for Jill Bednar on even date herewith. However, Jill Bednar does not

contest the entry of this Judgment against her as evidenced by her signature below.

      The Court finds the following parties have filed an Answer in this matter seeking to

establish their lien rights and have filed a Response to Plaintiff's Motion for Summary Judgment,

to wit:

        a.    Charles F. Alden, III, P.C. (Answer filed 4.9.15)

        b.    Oklahoma County Treasurer; (Answer filed 1.29.15)

        c.    Alexander Bednar (Answer filed out-of time on 3.11.15).

Counsel for Charles F. Alden, III, P.C. has no objection to the entry of summary judgment in this

matter. Counsel for the Oklahoma County Treasurer has no objection to the entry of summary

judgment in this matter, although maintains its priority status for payment of funds derived from

the foreclosure proceedings. Alexander Bednar contests the entry of summary judgment in a

belated response.

## Disclaiming Defendants

The Court finds that the following Defendants have filed disclaimers of interest herein in the

properties subject to this lawsuit, and reject any claims to any right, title or interest in said real

property:

   a. Rosenstein, Fist & Ringold (Disclaimer filed 2.5.15)

   b. Andrea Kunkel (Disclaimer filed 2.5.15); and,

   c. Kent Rainey (Disclaimer filed 2.5.15).

## Defaulting Defendants

The Court finds the following Defendants were each served with service of process in this matter prior to the filing of the Motion for Summary Judgment, their time had run, but no answer had ever been filed and judgment is granted herein against each as described below:

   a. The Villas at Esperanza Owners Association.

The Court additionally finds each such Defendant has been validly served, their time has run and no answer has been filed in this matter. Accordingly, the Court further finds that no answer or other responsive pleading has been filed by said Defaulting Defendants, and the time for filing an answer or other responsive pleading by said Defendants has expired. That these Defendants are adjudged to be in default and the allegations of Plaintiff's Petition are ordered and taken as true and confessed as to the Defendants. Trial by jury is waived in open court.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that this Court has jurisdiction over the parties and subject matter of this issue, and the allegations of the Plaintiff are taken as true and confessed against said Defendants and Judgment is granted as more fully set forth herein.

The Court finds that on or about April 30, 2013, for good and valuable consideration, Alexander and Jill Bednar executed and delivered to RCB a certain *Credit Agreement and Disclosure* (hereinafter the "Note"), dated on or about April 30, 2013, payable to RCB in the original principal amount of $97,000.00.

To secure performance of Alexander and Jill Bednar's obligations to RCB, including, without limitation, the Note, Alexander and Jill Bednar executed and delivered to RCB a certain Mortgage dated April 30, 2013 and recorded on May 8, 2013, in Book 12239, Pages 1789 *et. seq.* of the records of the county clerk of Oklahoma County, Oklahoma. The Mortgage encumbers certain real property more particularly described as:

**Lots One (1) and Nine (9), in Block Seven (7), of Esperanza Addition, Section 2, to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof; also generally described by the address at 15721 Via Bella, Edmond, OK 73013.**

The Court did further find that Alexander Bednar and Jill Bednar had failed to make the payments on the Mortgaged Property as required by the Note and the Mortgage in the manner required and is in default pursuant to the terms and provisions of the Note and Mortgage.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiff, RCB Bank, be awarded judgment against Alexander Bednar, in rem, and against Jill Bednar, in rem and in personam, in the amount of Eighty-Six Thousand, Fourteen and 15/100 Dollars ($86,014.15), in principal under the Note and Mortgage, with accrued interest, through September 30, 2015, in the amount of One Thousand Four Hundred Fifteen and 73/100 Dollars, secondary (default) interest accrued, through September 30, 2015, in the amount of Three Thousand Five Hundred Fifty-Eight and 38/100 Dollars, and interest accruing on the unpaid principal balance after September 30, 2015 at the rate of five percent (5.00%) per annum ($11.78 per diem), until paid. That further, RCB have judgment against Alexander Bednar, in rem, for all costs of this action, both accrued and accruing, Plaintiff's reasonable attorney's fees, other costs of collection, and all security costs, abstracting, and preservation costs, in the amount of $14,530.31 through invoices applicable to August, 2015.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that RCB have judgment, in rem, against all of the Defendants listed herein (a) that the Plaintiff's right, title and interest in and to the Mortgaged Property to be a valid lien superior to that of all parties except Franklin American Mortgage Company; (b) the Mortgage be foreclosed and that the Mortgaged Property be sold, with appraisement, subject to the mortgage line of Franklin American Mortgage and the proceeds arising from the same be applied to the payment of the costs herein, including attorney's fees, and the payment and satisfaction of the claims and judgments of the Plaintiff and other lienholders, in order of priority (as set forth more specifically below), and the surplus, if any, paid into the Court to abide the further order of the Court; (c) that the right, title and interest of the Defendants above named (except Franklin American Mortgage Company) in and to the Mortgaged Property is subject, junior and inferior to the mortgage lien of the Plaintiff, and ordering that upon confirmation of sale, said Defendants and all persons claiming by, through and under them since the commencement of this action shall be forever barred, foreclosed and enjoined from asserting or claiming any right, title, interest, estate or equity of redemption in and to the Mortgaged Property, or any part thereof ; and (d) for all such other relief as the Plaintiff may be entitled to in the Mortgaged Property.

The proceeds arising from said sale conducted by the Sheriff of Oklahoma County, Oklahoma, are to be ordered and directed to be distributed as followed:

FIRST: The costs, including court, sheriff and appraisements costs, and the cost of sale;

SECOND: Any accrued but unpaid ad valorem taxes on the Mortgaged Property;

THIRD: The judgment of Plaintiff, including interest, abstract and post judgment expenses and other expenses, including all attorney's fees;

FOURTH:    The balance and residue, if any, to be paid to the Clerk of this Court, to
abide the further order of this Court and to allow Charles F. Alden, III,
P.C. or any other Co-Defendant, to determine each parties' respective
priority and lien rights (if any) to the proceeds.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that Charles F. Alden,
III, P.C. is granted judgment in rem against the Mortgaged Property in the principle amount of
$6,632.48, plus 6% interest ($1.03 per day), per annum from April 17, 2015, all court costs, with
its judgment lien being inferior to Plaintiff and Franklin American Mortgage Company but
superior to any other party who properly perfected their lien against the Mortgaged Property after
May 19, 2014.

**The Court further finds that this judgment is a final judgment with respect to the subject**
**property and Defendants, pursuant to 12 O.S. § 994, there being no just reason for delay.**

IT IS SO ORDERED THIS 22ND DAY OF JANUARY, 2016.

_____   3/31/2016
HON. DON ANDREWS, DISTRICT JUDGE
OKLAHOMA COUNTY, STATE OF OKLAHOMA

**APPROVED:**

_____
Kyle Goodwin, OBA# 17036
LEE, GOODWIN, LEE, LEWIS & DOBSON
1300 E. 9th, Unit 1
Edmond, OK 73034
405.330.0118
405.330.0767
kgoodwin@edmondlawoffice.com

_Refused to sign_

Alexander Bednar, OBA#
3030 NW Expressway, Suite 200
Oklahoma City, OK 73112

Gretchen Crawford, OBA#14651
Assistant District Attorney for Oklahoma County
320 Robert S. Kerr, Suite 505
Oklahoma City, OK 73102
405.713.1600
grecraw@oklahomacounty.org

_Jill Bednar_

Jill Bednar, Pro Se
c/o Chris Harper
Chris Harper Law Firm
825 E. 33rd Street
Edmond, OK 73013

Jack Dawson, OBA#2235
MILLER DOLLARHIDE, PC
210 Park Avenue, Suite 2250
Oklahoma City, Oklahoma 73102

Alexander Bednar, OBA#
3030 NW Expressway, Suite 200
Oklahoma City, OK 73112


Gretchen Crawford, OBA#14651
Assistant District Attorney for Oklahoma County
320 Robert S. Kerr, Suite 505
Oklahoma City, OK 73102
405.713.1600
grecraw@oklahomacounty.org


Jill Bednar, Pro Se
c/o Chris Harper
Chris Harper Law Firm
825 E. 33rd Street
Edmond, OK 73013


Jack Dawson, OBA#2235
MILLER DOLLARHIDE, PC
210 Park Avenue, Suite 2250
Oklahoma City, Oklahoma 73102

Alexander Bednar, OBA#
3030 NW Expressway, Suite 200
Oklahoma City, OK 73112


Gretchen Crawford, OBA#14651
Assistant District Attorney for Oklahoma County
320 Robert S. Kerr, Suite 505
Oklahoma City, OK 73102
405.713.1600
grecraw@oklahomacounty.org


Jill Bednar, Pro Se
c/o Chris Harper
Chris Harper Law Firm
825 E. 33rd Street
Edmond, OK 73013


Jack Dawson, OBA#2235
MILLER DOLLARHIDE, PC
210 Park Avenue, Suite 2250
Oklahoma City, Oklahoma 73102

MFB REVOCABLE TRUST
1440 SHADOWROCK CT
MARIETTA, GA 30062

2018000101052910
08/01/2018 05:00:46 PM
Bk:RE13001 Pg:345 Pgs:1 DEED
State of Oklahoma
County of Oklahoma
Oklahoma County Clerk
David B. Hooten

### QUIT CLAIM DEED

THIS INDENTURE, made this 13th day of February, 2018, by and between RCB Bank, "First Party" and T̶H̶E̶ M̶F̶B̶ R̶E̶V̶O̶C̶A̶B̶L̶E̶ T̶R̶U̶S̶T̶ , "Second Party",

WITNESSETH:

WHEREAS, First Party did sell its interest in the following described real estate to Second Party for Ten Dollars and No Cents ($10.00) and other good and valuable consideration, receipt of which is hereby acknowledged.

NOW, THEREFORE, First Party, pursuant to said power and authority granted unto it, and in consideration of the above sum, receipt of which is hereby acknowledged, and by these presents, does hereby quit claim, grant, bargain, sell and convey unto Second Party its interest in the real estate situated in Oklahoma County, State of Oklahoma, to-wit:

> Lots One (1) and Nine (9), in Block Seven (7), of
> ESPERANZA ADDITION, Section 2, to the City of
> Oklahoma City, Oklahoma County, Oklahoma,
> according to the recorded plat thereof.
>
> a/k/a 15721 Via Bella, Edmond, Oklahoma 73013-8567

together with the tenements, hereditaments and appurtenances thereunto belonging forever.

IN WITNESS WHEREOF, First Party has executed this instrument the day and year first above written.

Exempt Documentary Stamp Tax
OS Title 68
Article 32 Section 3201 or 3202,
Paragraph 4

RCB Bank

By: Jared C. Smith, Vice President

State of Oklahoma    )
                   ) ss.
County of Rogers    )

Before me, the undersigned, a Notary Public, in and for said County and State, on this 13th day of February, 2018, personally appeared Jared C. Smith, known to me to be the same and identical person who executed the within and foregoing instrument as Vice President of RCB Bank, and who did acknowledge to me that he did so of his own free and voluntary act and deed as said Vice President of RCB Bank and for the uses and purposes therein set forth.

In witness whereof, I have hereunto set forth my hand and official seal of office the day and year last above set forth.



Notary Public

My Commission Expires:

July 17, 2018

Notary Public - State of Oklahoma
OFFICIAL SEAL
MEGAN MCCALL
Commission Exp. 07-17-2018
Commission #14006405

2018000101052910
Filing Fee: $13.00

08/01/2018 05:00:46 PM
DEED



# Oklahoma County Assessor's
# Public Access System
320 Robert S. Kerr #313
Oklahoma City, Ok 73102

**All records are current as of close of previous working day**



**Leonard Sullivan**
Oklahoma County
Assessor

**Larry Stein**
Chief Deputy
(405) 713-1214

Leonard Sullivan-Oklahoma County Assessor Public Access System (405) 713-1200

Real Property Display - Screen Produced 10/14/2018 11:55:11 PM

| Account: R206491910 | Type: Residential | | Location: | 15721 VIA BELLA |
|---|---|---|---|---|
| Building Name/Occupant: | | | Map Parcel | OKLAHOMA CITY |
| Owner Name 1: | FEDERAL NATIONAL MORTGAGE ASSOCIATION | | 1/4 section #: | 3802 |
| Owner Name 2: | | | Parent Acct: | 3802-14-070-5000 |
| Billing Address 1: | PO BOX 650043 | | Tax District: | TXD 212 |
| Billing Address 2: | | | School System: | Edmond #12 |
| City, State, Zip | DALLAS, TX 75265-0043 | | Land Size: | 0.38 Acres |
| Associated | Land Value: 205,675 | | Lot Dimensions: | Width 184 Depth 90 |
| **Personal Property** | | | Treasurer: | Click to View Taxes |

Sect 1-T13N-R4W Qtr SE   ESPERANZA SEC 2  Block 007  Lot 000   Subdivision Sales

Full Legal Description: ESPERANZA SEC 2 007 000 LOTS 1 & 9

| Sold Sales Address | Date Price | |
|---|---|---|
| 15704 CAMBRIA CT OKLAHOMA CITY, OK | 12/16/2016 | $429,000 |
| 3029 NW 157TH ST OKLAHOMA CITY, OK | 05/30/2014 | $499,000 |
| 15705 CAMBRIA CT OKLAHOMA CITY, OK | 07/23/2015 | $485,000 |
| 3109 NW 157TH ST OKLAHOMA CNTY, OK | 05/27/2016 | $500,000 |
| 3113 NW 157TH ST OKLAHOMA CNTY, OK | 07/10/2015 | $583,500 |
| 15600 VIA SIERRA OKLAHOMA CNTY, OK | 10/16/2017 | $675,000 |

Valuation History   (2018 Tax amounts are entered only until tax amounts will be posted November 2018)

| Year | Market Value | Taxable Mkt Value | Gross Assessed | Exemption | Net Assessed | Millage | Tax | Tax Savings |
|---|---|---|---|---|---|---|---|---|
| 2018 | 581,500 | 581,500 | 63,965 | 0 | 63,965 | 121.32 | 7,760.23 | 0.00 |
| 2017 | 587,000 | 554,399 | 60,983 | 0 | 60,983 | 121.32 | 7,398.57 | 435.07 |
| 2016 | 528,000 | 528,000 | 58,079 | 0 | 58,079 | 120.65 | 7,007.35 | 0.00 |
| 2015 | 603,404 | 603,404 | 66,374 | 0 | 66,374 | 121.33 | 8,053.21 | 0.00 |
| 2014 | 609,550 | 609,550 | 67,050 | 0 | 67,050 | 121.02 | 8,114.45 | 0.00 |

-- -- > >| [1/3]

| Account # | Grant Year | Exemption Description | Amount |
|---|---|---|---|
| R206491910 | 2015 | 5% Capped Account | 0 |

Property Deed Transaction History   Recorded in the County Clerk's Office

| Date | Type | Book | Page | Price | Grantor | Grantee |
|---|---|---|---|---|---|---|
| 9/11/2018 | > Hmstd Off & | 13840 | 1527 | 0 | MFB REV TRUST | FEDERAL NATIONAL MORTGAGE ASSOCIATION |
| 2/13/2018 | > Hmstd Off & | 13801 | 345 | 0 | RCB BANK | MFB REV TRUST |
| 10/20/2016 | > Hmstd Off & | 13281 | 1432 | 0 | BEDNAR ALEXANDER & JILL | RCB BANK |
| 1/4/2013 | > Mult Parcel | 12133 | 974 | 600,000 | SANTIAGO LLC | BEDNAR ALEXANDER & JILL |
| 12/20/2005 | > Deeds | 9975 | 1101 | 56,000 | VALCAL II INC | SANTIAGO LLC |

Last Mailed Notice of Value (NOV) Information History

| Year | Date | Market Value | Taxable Market Value | Gross Assessed | Exemption | Net Assessed |
|---|---|---|---|---|---|---|
| 2018 | 04/16/2018 | 581,500 | 581,500 | 63,965 | 0 | 63,965 |
| 2017 | 03/17/2017 | 587,000 | 554,399 | 60,983 | | |
| 2014 | 04/02/2014 | 609,550 | 609,550 | 67,050 | | 67,050 |

| Year | Date | Market Value | Taxable Market Value | Gross Assessed | Exemption | Net Assessed |
|------|------|-------------|---------------------|----------------|-----------|--------------|
| 2013 | 04/12/2013 | 730,269 | 542,513 | 59,676 | 0 | 59,676 |
| 2012 | 03/16/2012 | 607,307 | 506,378 | 55,700 | 0 | 55,700 |
| -- | -- | > | >| [1/2] | | | |

Property Building Permit History

| Issued | Permit # | Provided by | Bldg # | Description | Est Construction Cost | Status |
|--------|----------|-------------|--------|-------------|----------------------|--------|
| 2/2/2006 | 10318948 | OKLAHOMA CITY | 1 | Main Dwellin | 650,000 | Inactive |

Click button on a building number to access detailed information.

| | Bldg # | Vacant/Improved Land | Bldg Description | Year Built | SqFt | # Stories |
|------|--------|---------------------|------------------|------------|------|-----------|
| Click | 1 | Improved | 1½ Story Fin | 2006 | 3,349 | 1.5 Stories |



IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FRANKLIN AMERICAN MORTGAGE  )
COMPANY,                    )
                            )
            Plaintiff,      )
                            )
vs.                         )   CASE NO. CJ-2016-5004
                            )
ALEXANDER BEDNAR, JILL BEDNAR,  )
RCB BANK, CHARLES F. ALDEN, III, INC., )
P.C., ROSENSTEIN, FIST & RINGOLD,   )
INC., ANDREA KUNKEL, KENT RAINEY,  )
KENTCO INC.. DBA AMERICAN       )
MORTGAGE SOURCE, UNITES STATES  )
OF AMERICA, EX REL., INTERNAL   )
REVENUE SERVICE, JANE DOE, AS   )
OCCUPANT OF THE PREMISES, JOHN  )
DOE, AS OCCUPANT OF THE PREMISES,  )
                            )
            Defendants.     )

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

APR 20 2018

RICK WARREN
COURT CLERK
42_____

## DISCLAIMER

COME NOW the named Defendant, RCB Bank, and disclaims any and all right, title or

interest in and to the real property identified in the Plaintiff's Petition filed in these proceedings as

a result of settlement with the Defendant Alex Bednar in the Oklahoma County District Court Case

No. CJ-2015-192 and further represents it executed and delivered a Quit Claim Deed thereto during

the course of these proceedings, covering the following described real property:

**LOTS ONE (1) AND NINE (9), IN BLOCK SEVEN (7), OF ESPERANZA
ADDITION, SECTION 2, TO THE CITY OF OKLAHOMA CITY,
OKLAHOMA COUNTY, OKLAHOMA, ACCORDING TO THE
RECORDED PLAT THEREOF.**

**THE REAL PROPERTY OR ITS ADDRESS IS COMMONLY KNOWN AS
15721 VIA BELLA, EDMOND, OKLAHOMA 73013.**

DATED THIS 20 DAY OF APRIL. 2018.

1

LEE, GOODWIN, LEE,
LEWIS & DOBSON

By: _Kyle Goodwin by Kyle Lee_ OBA #15862

Kyle Goodwin, OBA#17036
1300 E. 9th, Suite 1
Edmond, OK 73034
405.330.0118
405.330.0767
kgoodwin@edmondlawoffice.com

## CERTIFICATE OF MAILING

This is to certify that on the 20 day of April, 2018, a true and correct copy of the above and foregoing instrument was mailed, with postage fully prepaid, to:

Don Timberlake
Baer & Timberlake, P.C.
P.O. Box 18486
Oklahoma City, OK 73154-0486
Attorneys for Plaintiffs

Kay Sewell
Assistant US Attorney
210 Park Avenue, Suite 400
Oklahoma City, OK 73102

Frederick J. Hegenbart
Rosenstein, Fist & Ringold
525 S. Main, Suite 700
Tulsa, Oklahoma 73104-4508

Charles F. Alden, III
Charles F. Alden, III, P.C.

2

309 NW 9th Street
Oklahoma City, OK 73102-2605

Jill Bednar
1708 Dorchester Drive
Oklahoma City, OK 73120

Alexander L. Bednar
3030 NW Expressway
Oklahoma City, OK 73112

3



FILED IN DISTRICT COURT
OKLAHOMA COUNTY

APR 3 0 2018

RICK WARREN
COURT CLERK
26__ _____

IN THE DISTRICT COURT WITHIN AND FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

FRANKLIN AMERICAN MORTGAGE
COMPANY,
  Plaintiff,

vs.

ALEXANDER BEDNAR,
JILL BEDNAR,
RCB BANK,
CHARLES F. ALDEN, III, INC., P.C.,
ROSENSTEIN, FIST & RINGOLD, INC.,
ANDREA KUNKEL,
KENT RAINEY,
KENTCO INC, DBA AMERICAN
  MORTGAGE SOURCE,
UNITED STATES OF AMERICA EX REL.,
  INTERNAL REVENUE SERVICE,
JANE DOE, AS OCCUPANT OF THE
  PREMISES,
JOHN DOE, AS OCCUPANT OF THE
  PREMISES,
  Defendants.

No.  CJ-2016-5004

JUDGE  DON ANDREWS

## JOURNAL ENTRY OF JUDGMENT

  NOW on this the ___25th___ day of ___April___, 2018, the above cause came on for consideration by the court pursuant to regular assignment. The Plaintiff appeared by its attorneys, BAER & TIMBERLAKE, P.C., through the undersigned; and the Defendant, Alexander Bednar, appeared pro se; and the Defendant, Jill Bednar, appeared not having previously disclaimed any interest in and to the real property and premises herein sued upon; and the Defendant, RCB Bank, appeared through Attorney Kyle Goodwin, having previously disclaimed any interest in and to the real property and premises herein sued upon ; and the Defendant, Charles F. Alden, III, INC., P.C., appeared not having previously disclaimed any interest in and to the real property and premises herein sued upon; and the Defendant, Rosenstein, Fist & Ringold, Inc., appeared not having previously disclaimed any interest in and to the real property and premises herein sued upon; and the Defendant, Andrea Kunkel, appeared not having previously disclaimed any interest in and to the real property and premises herein sued upon; and the Defendant, Kent Rainey, appeared not having previously disclaimed any interest in and to the real property and premises herein sued upon; and the Defendant, United States of America ex rel., Internal Revenue Service, appeared through Attorney, Kay Sewell; and none of the remaining Defendants appeared, neither in person nor by attorney.

BT: 112287

The Court thereupon examined the pleadings, process and files in this cause, and being fully advised in the premises, finds that due and regular service of summons with copy of Plaintiff's Petition attached, has been made upon the Defendant, Alexander Bednar, as provided by law, and that said Summons and said service thereof is legal and regular in all respects. That the answer day in said summons has expired, and that said Defendant has heretofore filed a Special Entry of Appearance and Motion to Dismiss which was denied on February 23, 2017, and Alexander Bednar has failed to appear or answer herein and is in default.

The Court further finds that the Defendant, Jill Bednar, has entered a voluntary appearance herein and has heretofore filed in this case a separate Disclaimer wherein and whereby said Defendant disclaims any and all right, title, and interest in and to the real estate and premises herein sued upon.

The Court further finds that due and regular service of summons with copy of Plaintiff's Petition attached, has been made upon the Defendant, RCB Bank, as provided by law, and that said Summons and said service thereof is legal and regular in all respects. That the answer day in said summons has expired, and that said Defendant has entered a voluntary appearance herein and has heretofore filed in this case a separate Disclaimer wherein and whereby said Defendant disclaims any and all right, title, and interest in and to the real estate and premises herein sued upon.

The Court further finds that due and regular service of summons with copy of Plaintiff's Petition attached, has been made upon the Defendant, Charles F. Alden, III, INC., P.C., as provided by law, and that said Summons and said service thereof is legal and regular in all respects. That the answer day in said summons has expired, and that said Defendant has entered a voluntary appearance herein and has heretofore filed in this case a separate Disclaimer wherein and whereby said Defendant disclaims any and all right, title, and interest in and to the real estate and premises herein sued upon.

The Court further finds that due and regular service of summons with copy of Plaintiff's Petition attached, has been made upon the Defendant, Rosenstein, Fist & Ringold, Inc., as provided by law, and that said Summons and said service thereof is legal and regular in all respects. That the answer day in said summons has expired, and that said Defendant has entered a voluntary appearance herein and has heretofore filed in this case a separate Disclaimer wherein and whereby said Defendant disclaims any and all right, title, and interest in and to the real estate and premises herein sued upon.

The Court further finds that due and regular service of summons with copy of Plaintiff's Petition attached, has been made upon the Defendant, Andrea Kunkel, as provided by law, and that said Summons and said service thereof is legal and regular in all respects. That the answer day in said summons has expired, and that said Defendant has entered a voluntary appearance herein and has heretofore filed in this case a separate Disclaimer wherein and whereby said Defendant disclaims any and all right, title, and interest in and to the real estate and premises herein sued upon.

The Court further finds that due and regular service of summons with copy of Plaintiff's Petition attached, has been made upon the Defendant, Kent Rainey, as provided by law, and that said Summons and said service thereof is legal and regular in all respects. That the answer day in said summons has expired, and that said Defendant has entered a voluntary appearance herein and has heretofore filed in this case a separate Disclaimer wherein and whereby said Defendant disclaims any and all right, title, and interest in and to the real estate and premises herein sued upon.

The Court further finds that due and regular service of summons with copy of Plaintiff's Petition attached, has been made upon the Defendant, Kentco Inc, DBA American Mortgage Source, as provided by law, and that said Summons and said service thereof is legal and regular in all respects. That the answer day in said summons has expired, and that said Defendant has failed to answer or otherwise plead or appear herein and is in default and is hereby adjudged in default.

The Court further finds that due and regular service of summons with copy of Plaintiff's Petition attached, has been made upon the Defendant, United States of America ex rel., Internal Revenue Service, as provided by law, and that said Summons and said service thereof is legal and regular in all respects. That the answer day in said summons has expired, and that said Defendant has heretofore filed an Answer to the Petition of Plaintiff on file herein.

The Court further finds from the Affidavit as to Military Service on file herein, that: Defendants, Alexander Bednar and Jill Bednar, are not presently engaged in the military service of the United States, as provided by the Servicemembers Civil Relief Act of 2003 (SCRA), as determined by a search of the DOD Military Status website ("DMDC"), in combination with the name(s) and Social Security number on file.

Thereupon, the parties so appearing, either in person or by pleading as above set forth, the Plaintiff then moved by pleading for a dismissal of this cause as against the Defendant, Jane Doe, as occupant of the premises, on the grounds that the property is owner occupied and against the Defendant, John Doe, as occupant of the premises, on the grounds that the property is owner occupied, as evidenced by the Returns of Service filed herein and the Court considering said motion and being fully advised in the premises, finds that this cause should be, and hereby is dismissed as against said Defendants, Jane Doe, as occupant of the premises and John Doe, as occupant of the premises, and each of them, on said grounds, and the Court further finds that said Defendants in fact have no right, title or interest in or to the real estate and premises hereinafter described.

Thereupon, the parties so appearing as above set forth, the Court, being fully advised in the premises, finds generally in favor of the Plaintiff and against the Defendants above-named, and each of them, and that the allegations of Plaintiff's Petition are true.

The Court further finds that the original mortgagors, Alexander Bednar and Jill Bednar, made, executed and delivered the note and mortgage sued upon by the Plaintiff and that said

Plaintiff is entitled to enforce the Note; and that there is a balance due, owing and unpaid thereon in the sum of:

| Reason | Amount |
| --- | --- |
| Unpaid Principal Balance: | $433,574.38 |
| Date of Default: | 05/01/2015 |
| Interest Due From: | 04/01/2015 |
| Interest Rate(s): | |
| May 22, 2013 | 4.250% * |
| Lender's Fees & Costs: | |
| Escrow Advance | $23,414.39 |
| Fees & Costs of this Action: | |
| Attorney fees | $6,750.00 |

\* or as adjusted by the Note and Mortgage

including all subsequent advances by Plaintiff, if any, for taxes, insurance premiums, or expenses necessary for the preservation of the subject property, all costs of this action; reasonable attorney's fees and costs as the Court may allow including fees and costs incurred during the enforcement of the judgment; and that said amounts are secured by said mortgage and constitute a first, prior and superior lien upon the real estate and premises hereinafter described, and that any and all right, title or interest which the Defendants in and to this cause, or any or either of them, have, or claim to have in or to said real estate and premises is subsequent, junior and inferior to the mortgage and lien of the Plaintiff.

The Court further finds that Alexander Louis Bednar is one and the same person as Alexander Bednar, Defendant herein.

The Court further finds that the Defendants, Alexander Bednar and Jill Bednar, were married at the time they executed the mortgage sued upon, and they at all times since remained, and now are, married.

The Court further finds that the Defendant, RCB Bank, is the current record owner of the real estate and premises herein sued upon pursuant to Order Confirming Sheriff's Sale and Sheriff's Deed entered in CJ-2015-192, Oklahoma County, Oklahoma, subject to the first and prior mortgage of the Plaintiff.

The Court further finds that the Defendant, United States of America, ex rel., Internal Revenue Service, has a lien by virtue of Notice of Federal Tax Lien, Serial No. 153248915, filed April 27, 2015, recorded under Document No. 20150427030008260; No. 139468615, filed January 26, 2015, recorded under Document No. 2015012600000920, and that said amounts are secured by and constitute a lien against the real estate and premises herein sued upon, subject to the first and prior mortgage and lien of the Plaintiff. **Notwithstanding any state law otherwise applicable to this action, no debt to the United States is deemed satisfied without such debt, in**

**fact, being fully paid. Any sale of the subject property is subject under federal law to the United States' statutory right of redemption, 28 U.S.C. Sec. 2410(c)**.

The Court further finds that defaults have occurred under the terms and conditions of said note and mortgage as alleged in Plaintiff's Petition and that the Plaintiff is entitled to a foreclosure of its mortgage sued upon in this cause, as against all of the Defendants in and to this cause, and each of them.

The Court further finds that said mortgage owned, held and sued upon by the Plaintiff herein expressly waives appraisement or not at the option of the owner and holder thereof, such option to be exercised at the time judgment is rendered herein, and that the Plaintiff elects to have said property sold with appraisement.

That on May 20, 2015, the Defendants, Alexander Bednar and Jill Bednar, filed their Chapter 7 voluntary petition in bankruptcy in the United States Bankruptcy Court for the Western District of Oklahoma in Case No. 15-11916. That thereafter the automatic stay of said Bankruptcy Court prohibiting proceeding against the subject property was lifted by an Order of Abandonment and Terminating Stay entered and filed in said Bankruptcy Court on September 14, 2015. That the first mortgage lien of the plaintiff is not affected by said bankruptcy case and Plaintiff is duly authorized and empowered to proceed in this cause, but that the personal liability of said Defendants, Alexander Bednar and Jill Bednar, on the note and mortgage of the Plaintiff will thereby be discharged. That the subject property was listed as owned by the Debtors in Schedule A and was claimed as exempt homestead in Schedule C; that the Debtors were thereafter discharged by Discharge filed September 11, 2015, and that no creditor filed an objection to such claim of exemption, if any, and that the subject property is therefore deemed abandoned and unaffected by these bankruptcy proceedings.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Plaintiff, Franklin American Mortgage Company, have judgment *in rem* against the real estate and premises sued upon herein, in the sum of:

| Reason | Amount |
| --- | --- |
| Unpaid Principal Balance: | $433,574.38 |
| Date of Default: | 05/01/2015 |
| Interest Due From: | 04/01/2015 |
| Interest Rate(s): | |
| May 22, 2013 | 4.250% * |
| Lender's Fees & Costs: | |
| Escrow Advance | $23,414.39 |
| Fees & Costs of this Action: | |
| Attorney fees | $6,750.00 |
| * or as adjusted by the Note and Mortgage | |

including the further sum of all advances by Plaintiff, if any, for taxes, insurance premiums, or expenses necessary for the preservation of the subject property; and for all costs of this action; and any reasonable attorney fees and costs incurred during the enforcement of the judgment; and that said amounts are secured by said mortgage and constitute a first, prior and superior lien upon the real estate and premises located in Oklahoma County, Oklahoma, described as follows:

> Lot One (1), in Block Seven (7) of Esperanza Sec. 2, an Addition to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof AND Lot Nine (9), in Block Seven (7) of Esperanza Sec. 2, an Addition to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof;

and that any and all right, title or interest which all of the Defendants, or any or either of them, have, or claim to have, in or to said real estate and premises is subsequent, junior and inferior to the mortgage and lien of the Plaintiff, except for unpaid real property ad valorem taxes and/or special assessments which are superior by law.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Defendant, RCB Bank, is the current record owner of the real estate and premises herein sued upon pursuant to Order Confirming Sheriff's Sale and Sheriff's Deed entered in CJ-2015-192, Oklahoma County, Oklahoma, subject to the first and prior mortgage of the Plaintiff.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Defendant, United States of America, ex rel., Internal Revenue Service, has a lien by virtue of Notice of Federal Tax Lien, Serial No. 153248915, filed April 27, 2015, recorded under Document No. 20150427030008260; No. 139468615, filed January 26, 2015, recorded under Document No. 2015012600000920, and that said amounts are secured by and constitute a lien against the real estate and premises herein sued upon, subject to the first and prior mortgage and lien of the Plaintiff. **Notwithstanding any state law otherwise applicable to this action, no debt to the United States is deemed satisfied without such debt, in fact, being fully paid. Any sale of the subject property is subject under federal law to the United States' statutory right of redemption, 28 U.S.C. Sec. 2410(c).**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the mortgage and lien of the Plaintiff in the amounts hereinabove found and adjudged be foreclosed, and a special execution and order of sale issue out of the office of the District Court Clerk in this cause, directed to the Sheriff to levy upon, advertise and sell, after due and legal appraisement, the real estate and premises hereinabove described, subject to unpaid taxes, advancements by Plaintiff for taxes, insurance premiums, or expenses necessary for the preservation of the subject property, if any, and pay the proceeds of said sale to the Clerk of this Court, as provided by law, for application as follows:

> First: To the payment of the costs herein accrued and accruing.

> Second: To the payment of the judgment and lien of the Plaintiff in the amounts herein set out and any advancements by Plaintiff for taxes, insurance premiums or expenses necessary for the preservation of the subject property.

Third: The balance, if any, to be paid to the clerk of this Court, to await the further order of this Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that upon confirmation of said sale, the Defendants herein, and each of them, and all persons claiming by, through or under them since the commencement of this action, be forever barred, foreclosed and enjoined from asserting or claiming any right, title, interest, estate, or equity of redemption in or to said real estate and premises, or any part thereof. **Notwithstanding any state law otherwise applicable to this action, no debt to the United States is deemed satisfied without such debt, in fact, being fully paid. Any sale of the subject property is subject under federal law to the United States' statutory right of redemption, 28 U.S.C. Sec. 2410(c).**

JUDGE OF THE DISTRICT COURT

Approved:

Don Timberlake - # 9021
Gary D. Baer - # 0407
Chynna Scruggs - # 32663
Kim Jenkins - # 32809
William H. Sullivan - # 8761
BAER & TIMBERLAKE, P.C.
P.O. Box 18486
Oklahoma City, OK 73154-0486
Telephone:     (405) 842-7722
Facsimile:     (405) 848-9349

don@baer-timberlake.com

**Franklin American Mortgage Company, Plaintiff**
**vs.**
**Alexander Bednar, et al., Defendant(s).**
**CJ-2016-5004**
**Oklahoma County, Oklahoma**
**Journal Entry of Judgment**

Approved:

KAY SEWELL  Digitally signed by KAY
SEWELL
Date: 2018.04.23
11:21:39 -05'00'

Kay Sewell - # 10778
Attorney for Defendant United States of
America ex rel., Internal Revenue Services
210 Park Avenue, Suite 400
Oklahoma City, OK 73102
Telephone:     1 (405) 553-8700
Facsimile:      1 (405) 553-8885

**Franklin American Mortgage Company, Plaintiff**
**vs.**
**Alexander Bednar, et al., Defendant(s).**
**CJ-2016-5004**
**Oklahoma County, Oklahoma**
**Journal Entry of Judgment**





THE DISTRICT COURT WITHIN AND FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

FRANKLIN AMERICAN MORTGAGE
    COMPANY,
    Plaintiff,

vs.

ALEXANDER BEDNAR,
JILL BEDNAR,
RCB BANK,
CHARLES F. ALDEN, III, INC., P.C.,
ROSENSTEIN, FIST & RINGOLD, INC.,
ANDREA KUNKEL,
KENT RAINEY,
KENTCO INC, DBA AMERICAN
    MORTGAGE SOURCE,
UNITED STATES OF AMERICA EX REL.,
    INTERNAL REVENUE SERVICE,
JANE DOE, AS OCCUPANT OF THE
    PREMISES,
JOHN DOE, AS OCCUPANT OF THE
    PREMISES,
    Defendants.

No.    CJ-2016-5004

JUDGE    PAUL HESSE

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUN 11 2018

RICK WARREN
COURT CLERK
42_____

## JOURNAL ENTRY OF JUDGMENT

NOW on the 8th day of June, 2018, the above cause came on for consideration by the court pursuant to Plaintiff's Motion for Default Judgment. The Plaintiff appeared by its attorneys, BAER & TIMBERLAKE, P.C., through the undersigned; and the Defendant, Alexander Bednar, appeared not; and the Defendant, Jill Bednar, appeared not having previously disclaimed any interest in and to the real property and premises herein sued upon; and the Defendant, RCB Bank, appeared through Attorney Kyle Goodwin, having previously disclaimed any interest in and to the real property and premises herein sued upon; and the Defendant, Charles F. Alden, III, INC., P.C., appeared not having previously disclaimed any interest in and to the real property and premises herein sued upon; and the Defendant, Rosenstein, Fist & Ringold, Inc., appeared not having previously disclaimed any interest in and to the real property and premises herein sued upon; and the Defendant, Andrea Kunkel, appeared not having previously disclaimed any interest in and to the real property and premises herein sued upon; and the Defendant, Kent Rainey, appeared not having previously disclaimed any interest in and to the real property and premises herein sued upon; and the Defendant, United States of America ex rel., Internal Revenue Service, appeared through Attorney, Kay Sewell; and none of the remaining Defendants appeared, neither in person nor by attorney.

BT: 112287



The Court thereupon examined the pleadings, process and files in this cause, and being fully advised in the premises, finds that due and regular service of summons with copy of Plaintiff's Petition attached, has been made upon the Defendant, Alexander Bednar, as provided by law, and that said Summons and said service thereof is legal and regular in all respects. That the answer day in said summons has expired, and that said Defendant has heretofore filed a Special Entry of Appearance and Motion to Dismiss which was denied on February 23, 2017, and Alexander Bednar has failed to appear or answer herein and is in default.

The Court further finds that the Defendant, Jill Bednar, has entered a voluntary appearance herein and has heretofore filed in this case a separate Disclaimer wherein and whereby said Defendant disclaims any and all right, title, and interest in and to the real estate and premises herein sued upon.

The Court further finds that due and regular service of summons with copy of Plaintiff's Petition attached, has been made upon the Defendant, RCB Bank, as provided by law, and that said Summons and said service thereof is legal and regular in all respects. That the answer day in said summons has expired, and that said Defendant has entered a voluntary appearance herein and has heretofore filed in this case a separate Disclaimer wherein and whereby said Defendant disclaims any and all right, title, and interest in and to the real estate and premises herein sued upon.

The Court further finds that due and regular service of summons with copy of Plaintiff's Petition attached, has been made upon the Defendant, Charles F. Alden, III, INC., P.C., as provided by law, and that said Summons and said service thereof is legal and regular in all respects. That the answer day in said summons has expired, and that said Defendant has entered a voluntary appearance herein and has heretofore filed in this case a separate Disclaimer wherein and whereby said Defendant disclaims any and all right, title, and interest in and to the real estate and premises herein sued upon.

The Court further finds that due and regular service of summons with copy of Plaintiff's Petition attached, has been made upon the Defendant, Rosenstein, Fist & Ringold, Inc., as provided by law, and that said Summons and said service thereof is legal and regular in all respects. That the answer day in said summons has expired, and that said Defendant has entered a voluntary appearance herein and has heretofore filed in this case a separate Disclaimer wherein and whereby said Defendant disclaims any and all right, title, and interest in and to the real estate and premises herein sued upon.

The Court further finds that due and regular service of summons with copy of Plaintiff's Petition attached, has been made upon the Defendant, Andrea Kunkel, as provided by law, and that said Summons and said service thereof is legal and regular in all respects. That the answer day in said summons has expired, and that said Defendant has entered a voluntary appearance herein and has heretofore filed in this case a separate Disclaimer wherein and whereby said Defendant disclaims any and all right, title, and interest in and to the real estate and premises herein sued upon.

The Court further finds that due and regular service of summons with copy of Plaintiff's Petition attached, has been made upon the Defendant, Kent Rainey, as provided by law, and that said Summons and said service thereof is legal and regular in all respects. That the answer day in said summons has expired, and that said Defendant has entered a voluntary appearance herein and has heretofore filed in this case a separate Disclaimer wherein and whereby said Defendant disclaims any and all right, title, and interest in and to the real estate and premises herein sued upon.

The Court further finds that due and regular service of summons with copy of Plaintiff's Petition attached, has been made upon the Defendant, Kentco Inc, DBA American Mortgage Source, as provided by law, and that said Summons and said service thereof is legal and regular in all respects. That the answer day in said summons has expired, and that said Defendant has failed to answer or otherwise plead or appear herein and is in default and is hereby adjudged in default.

The Court further finds that due and regular service of summons with copy of Plaintiff's Petition attached, has been made upon the Defendant, United States of America ex rel., Internal Revenue Service, as provided by law, and that said Summons and said service thereof is legal and regular in all respects. That the answer day in said summons has expired, and that said Defendant has heretofore filed an Answer to the Petition of Plaintiff on file herein.

The Court further finds from the Affidavit as to Military Service on file herein, that: Defendants, Alexander Bednar and Jill Bednar, are not presently engaged in the military service of the United States, as provided by the Servicemembers Civil Relief Act of 2003 (SCRA), as determined by a search of the DOD Military Status website ("DMDC"), in combination with the name(s) and Social Security number on file.

Thereupon, the parties so appearing, either in person or by pleading as above set forth, the Plaintiff then moved by pleading for a dismissal of this cause as against the Defendant, Jane Doe, as occupant of the premises, on the grounds that the property is owner occupied and against the Defendant, John Doe, as occupant of the premises, on the grounds that the property is owner occupied, as evidenced by the Returns of Service filed herein and the Court considering said motion and being fully advised in the premises, finds that this cause should be, and hereby is dismissed as against said Defendants, Jane Doe, as occupant of the premises and John Doe, as occupant of the premises, and each of them, on said grounds, and the Court further finds that said Defendants in fact have no right, title or interest in or to the real estate and premises hereinafter described.

Thereupon, the parties so appearing as above set forth, the Court, being fully advised in the premises, finds generally in favor of the Plaintiff and against the Defendants above-named, and each of them, and that the allegations of Plaintiff's Petition are true.

The Court further finds that the original mortgagors, Alexander Bednar and Jill Bednar, made, executed and delivered the note and mortgage sued upon by the Plaintiff and that said

Plaintiff is entitled to enforce the Note; and that there is a balance due, owing and unpaid thereon in the sum of:

| Reason | Amount |
| --- | --- |
| Unpaid Principal Balance: | $433,574.38 |
| Date of Default: | 05/01/2015 |
| Interest Due From: | 04/01/2015 |
| Interest Rate(s): | |
|    May 22, 2013 | 4.250% * |
| Lender's Fees & Costs: | |
|    Escrow Advance | $23,414.39 |
| Fees & Costs of this Action: | |
|    Attorney fees | $6,750.00 |

\* or as adjusted by the Note and Mortgage

including all subsequent advances by Plaintiff, if any, for taxes, insurance premiums, or expenses necessary for the preservation of the subject property, all costs of this action; reasonable attorney's fees and costs as the Court may allow including fees and costs incurred during the enforcement of the judgment; and that said amounts are secured by said mortgage and constitute a first, prior and superior lien upon the real estate and premises hereinafter described, and that any and all right, title or interest which the Defendants in and to this cause, or any or either of them, have, or claim to have in or to said real estate and premises is subsequent, junior and inferior to the mortgage and lien of the Plaintiff.

The Court further finds that Alexander Louis Bednar is one and the same person as Alexander Bednar, Defendant herein.

The Court further finds that the Defendants, Alexander Bednar and Jill Bednar, were married at the time they executed the mortgage sued upon, subsequently divorced and at all times since have each remained single persons.

The Court further finds that the Defendant, RCB Bank, is the current record owner of the real estate and premises herein sued upon pursuant to Order Confirming Sheriff's Sale and Sheriff's Deed entered in CJ-2015-192, Oklahoma County, Oklahoma, subject to the first and prior mortgage of the Plaintiff.

The Court further finds that the Defendant, United States of America, ex rel., Internal Revenue Service, has a lien by virtue of Notice of Federal Tax Lien, Serial No. 153248915, filed April 27, 2015, recorded under Document No. 20150427030008260; No. 139468615, filed January 26, 2015, recorded under Document No. 2015012600000920, and that said amounts are secured by and constitute a lien against the real estate and premises herein sued upon, subject to the first and prior mortgage and lien of the Plaintiff. **Notwithstanding any state law otherwise applicable to this action, no debt to the United States is deemed satisfied without such debt, in**

**fact, being fully paid. Any sale of the subject property is subject under federal law to the United States' statutory right of redemption, 28 U.S.C. Sec. 2410(c).**

The Court further finds that defaults have occurred under the terms and conditions of said note and mortgage as alleged in Plaintiff's Petition and that the Plaintiff is entitled to a foreclosure of its mortgage sued upon in this cause, as against all of the Defendants in and to this cause, and each of them.

The Court further finds that said mortgage owned, held and sued upon by the Plaintiff herein expressly waives appraisement or not at the option of the owner and holder thereof, such option to be exercised at the time judgment is rendered herein, and that the Plaintiff elects to have said property sold with appraisement.

That on May 20, 2015, the Defendants, Alexander Bednar and Jill Bednar, filed their Chapter 7 voluntary petition in bankruptcy in the United States Bankruptcy Court for the Western District of Oklahoma in Case No. 15-11916. That thereafter the automatic stay of said Bankruptcy Court prohibiting proceeding against the subject property was lifted by an Order of Abandonment and Terminating Stay entered and filed in said Bankruptcy Court on September 14, 2015. That the first mortgage lien of the plaintiff is not affected by said bankruptcy case and Plaintiff is duly authorized and empowered to proceed in this cause, but that the personal liability of said Defendants, Alexander Bednar and Jill Bednar, on the note and mortgage of the Plaintiff will thereby be discharged. That the subject property was listed as owned by the Debtors in Schedule A and was claimed as exempt homestead in Schedule C; that the Debtors were thereafter discharged by Discharge filed September 11, 2015, and that no creditor filed an objection to such claim of exemption, if any, and that the subject property is therefore deemed abandoned and unaffected by these bankruptcy proceedings.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Plaintiff, Franklin American Mortgage Company, have judgment *in rem* against the real estate and premises sued upon herein, in the sum of:

| Reason | Amount |
| --- | --- |
| Unpaid Principal Balance: | $433,574.38 |
| Date of Default: | 05/01/2015 |
| Interest Due From: | 04/01/2015 |
| Interest Rate(s): | |
|    May 22, 2013 | 4.250% * |
| Lender's Fees & Costs: | |
|    Escrow Advance | $23,414.39 |
| Fees & Costs of this Action: | |
|    Attorney fees | $6,750.00 |

* or as adjusted by the Note and Mortgage

including the further sum of all advances by Plaintiff, if any, for taxes, insurance premiums, or expenses necessary for the preservation of the subject property; and for all costs of this action; and any reasonable attorney fees and costs incurred during the enforcement of the judgment; and that said amounts are secured by said mortgage and constitute a first, prior and superior lien upon the real estate and premises located in Oklahoma County, Oklahoma, described as follows:

> Lot One (1), in Block Seven (7) of Esperanza Sec. 2, an Addition to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof AND Lot Nine (9), in Block Seven (7) of Esperanza Sec. 2, an Addition to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof;

and that any and all right, title or interest which all of the Defendants, or any or either of them, have, or claim to have, in or to said real estate and premises is subsequent, junior and inferior to the mortgage and lien of the Plaintiff, except for unpaid real property ad valorem taxes and/or special assessments which are superior by law.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Defendant, RCB Bank, is the current record owner of the real estate and premises herein sued upon pursuant to Order Confirming Sheriff's Sale and Sheriff's Deed entered in CJ-2015-192, Oklahoma County, Oklahoma, subject to the first and prior mortgage of the Plaintiff.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Defendant, United States of America, ex rel., Internal Revenue Service, has a lien by virtue of Notice of Federal Tax Lien, Serial No. 153248915, filed April 27, 2015, recorded under Document No. 20150427030008260; No. 139468615, filed January 26, 2015, recorded under Document No. 2015012600000920, and that said amounts are secured by and constitute a lien against the real estate and premises herein sued upon, subject to the first and prior mortgage and lien of the Plaintiff. **Notwithstanding any state law otherwise applicable to this action, no debt to the United States is deemed satisfied without such debt, in fact, being fully paid. Any sale of the subject property is subject under federal law to the United States' statutory right of redemption, 28 U.S.C. Sec. 2410(c).**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the mortgage and lien of the Plaintiff in the amounts hereinabove found and adjudged be foreclosed, and a special execution and order of sale issue out of the office of the District Court Clerk in this cause, directed to the Sheriff to levy upon, advertise and sell, after due and legal appraisement, the real estate and premises hereinabove described, subject to unpaid taxes, advancements by Plaintiff for taxes, insurance premiums, or expenses necessary for the preservation of the subject property, if any, and pay the proceeds of said sale to the Clerk of this Court, as provided by law, for application as follows:

> First: To the payment of the costs herein accrued and accruing.

Second: To the payment of the judgment and lien of the Plaintiff in the amounts herein set out and any advancements by Plaintiff for taxes, insurance premiums or expenses necessary for the preservation of the subject property.

Third: The balance, if any, to be paid to the clerk of this Court, to await the further order of this Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that upon confirmation of said sale, the Defendants herein, and each of them, and all persons claiming by, through or under them since the commencement of this action, be forever barred, foreclosed and enjoined from asserting or claiming any right, title, interest, estate, or equity of redemption in or to said real estate and premises, or any part thereof. **Notwithstanding any state law otherwise applicable to this action, no debt to the United States is deemed satisfied without such debt, in fact, being fully paid. Any sale of the subject property is subject under federal law to the United States' statutory right of redemption, 28 U.S.C. Sec. 2410(c).**

_____
JUDGE OF THE DISTRICT COURT

Approved:

_____
Don Timberlake - # 9021
Gary D. Baer - # 0407
Chynna Scruggs - # 32663
Kim Jenkins - # 32809
William H. Sullivan - # 8761
BAER & TIMBERLAKE, P.C.
P.O. Box 18486
Oklahoma City, OK 73154-0486
Telephone:    (405) 842-7722
Facsimile:    (405) 848-9349

don@baer-timberlake.com

**Franklin American Mortgage Company, Plaintiff**
**vs.**
**Alexander Bednar, et al., Defendant(s).**
**CJ-2016-5004**
**Oklahoma County, Oklahoma**
**Journal Entry of Judgment**

---

Approved:

KAY SEWELL  Digitally signed by KAY
SEWELL
Date: 2018.04.23
11:21:39 -05'00'

Kay Sewell - # 10778
Attorney for Defendant United States of
America ex rel., Internal Revenue Services
210 Park Avenue, Suite 400
Oklahoma City, OK 73102
Telephone:    1 (405) 553-8700
Facsimile:    1 (405) 553-8885

**Franklin American Mortgage Company, Plaintiff**
**vs.**
**Alexander Bednar, et al., Defendant(s).**
**CJ-2016-5004**
**Oklahoma County, Oklahoma**
**Journal Entry of Judgment**

BT: 112287



# OFFICIAL COURT RULES

# OF THE

# SEVENTH JUDICIAL AND TWENTY-SIXTH

# ADMINISTRATIVE DISTRICTS

# COMPRISED OF OKLAHOMA AND CANADIAN COUNTIES

### INDEX

Effective June 12, 2018

Changes to Rules 4, 16, and 26

| ALTERNATIVE DISPUTE RESOLUTION: | RULE |
|---|---|
| List of Mediators | 51 |
| Referral to Mediation | 51 |
| **ASSIGNED JUDGE:** | |
| Change of Name | 22 |
| Delivery of Copies of Briefs | 10, 37 |
| Docket Report | 6 |
| Duties | 6 |
| Ex Parte Communications Defined | 5 |

Friendly Suits ................................................ 22

Notification of Dismissal or Settlement ................. 14

Parties Properly Identified ................................ 10

Presentation of Orders and Journal Entries ........... 22

Refiled Case ................................................. 8

Scheduling Motion Docket Hearings ..................... 11

Temporary Restraining Orders ........................... 22

Time of Daily Sessions ..................................... 2

ASSIGNMENT OF CASES:

Initial Assignment .......................................... 5, 6

Consolidation ............................................... 9

Reassignment For Trial .................................... 7, 28

Reassignment Upon Refiling .............................. 8

Transfer Of Friendly Suits To Probate Division ...... 15

ATTORNEYS:

Address of Record .......................................... 49

Agreements ................................................. 35

Approval Of Instruments ................................... 22

Change of Address .......................................... 49

Counsel Not Licensed in Oklahoma ...................... 49

Entry of Appearance ....................................... 49

Presentation Of Orders and Journal Entries ........... 22

Prohibited from Requesting Excuses for Jurors ....... 33

Simultaneous Appearances ............................... 21

Withdrawal of Counsel ..................................... 49

BRIEFS:

Delivery To Assigned Judge ............................... 11, 37

Number Of Pages

CHANGE OF NAME:

    Notice To Non-Custodial Parent          12

    And/or Court Appointed Guardian

CHIEF DISTRICT JUDGE:

    Conference          4

    Duties          4

    Generally          4

    Election Disputes          4

    Excuse Jurors          4

    Jurors          4, 31, 32, 33

    Transfer of Cases after Refiling          9

    Transfer of Cases for Trial          9

CHIEF SPECIAL JUDGE:

    Drivers' License Appeals          7

    Post-Judgment Collection Matters          7

CIVIL DIVISION:

    Motion Docket          11

    Motions For Continuance          20

COURT:

    Assignment Of Cases          6 , 8, 9

    Assignment Of Judges          3, 4

    Correspondence          2

    Daily Sessions          2

    Tax Review          2

COURT ADMINISTRATOR:

    Selection          3

    Jury Panel          4

    Coordinate Use of Courtrooms          39

List of Mediators                                                        51

COURT FILES:

Who May Remove                                                    44

COURTROOMS:

Use Of                                                                    3, 39

Conduct In                                                             40

Use of Cameras, Television or Other Recording or          39.1
Broadcasting Equipment

CRIMINAL DIVISION:

Appointment Of Counsel                                        23

Applications For Writs Of Habeas Corpus               23

Arraignments In Felony Cases                               23, 25

Assignment Of Cases                                            6

Hearings Before Assigned Judge                           23

Misdemeanor Cases                                             26

Motion Dockets                                                   24

Motions To Reduce Bond                                    23

Motions To Withdraw                                         24

Pretrial Conferences                                          25, 38

Search Warrants                                                23

Transfer Of Felony Cases For Trial                     6

DEFAULT JUDGMENTS:

Before Whom Taken                                          16

Notice                                                              16

DEPOSITIONS:

Not Filed                                                         50

Objections                                                      18

Waiver                                                          18

DESIGNATION OF RECORD FOR APPEAL:

    Sample Forms                                                47

    Service On Court Reporter                      47

DISCOVERY MATERIALS:

    Filing Discovery Requests and Responses Prohibited     50

    Certification of Compliance with Discovery     50

DOMESTIC CASES:

    Absence Of Assigned Judge                   27, 28

    Assignment Of Cases                          28

    Default Judgment                             27

    Suit Money                                    29

EXHIBITS:

    Criminal Cases                                19

    Removal From Court                         19

    Size Limitations                             19

EXPUNGEMENTS:

    Criminal Cases                                41

    Judicial Assignment                         41

    VPO Case                                      41

    Youthful Offender                            41

EX PARTE COMMUNICATIONS:

    Procedural Matters                            5

    Prohibited Communications                  5

    Temporary Restraining Orders              13

FIREARMS AND WEAPONS:

    Prohibited In Court                         36

FRIENDLY SUITS:

    Filing And Hearing                         15

FUNDS DEPOSITED WITH COURT CLERK:

    Interest Bearing Accounts       46

    Notice By Clerk To Payee       45

    Social Security Number Required       46

    Tax Identification Required       46

HABEAS CORPUS:

    Applications For       23

JUDGMENTS:

    Default       16

    Domestic Cases       27, 28

    For Minors       15

JURY:

    Excuses From Service       31, 33

    Fee for Jury Trial       17

    Empanelment       33

    Summons       32

    Terms       31

JUVENILE COURT:

    Assignment Of Cases To       8, 9

    Assignment To Divisions       6

    Petition       30

LAW LIBRARY:

    Rules Adopted       42

MINORS:

    Change Of Name       12

Judgment For ......... 15

Petition - Juvenile Division ......... 30

MOTIONS:

Briefs To Accompany Motion ......... 10, 37

Civil Motion Dockets ......... 11

Criminal Motions, Felony ......... 23, 24, 25

Criminal Motions, Misdemeanor ......... 26

Default Judgment ......... 16

For Continuance ......... 20, 24

Motions To Enter ......... 17

Publishing Dockets ......... 39

Recusal of Judge ......... 4

Requirements ......... 10, 11

Suit Money, Domestic ......... 29

PLEADINGS:

Parties Properly Identified ......... 10

Requirements ......... 10

POST JUDGMENT:

Collection Matters ......... 7

PRESIDING AND VICE PRESIDING ADMINISTRATIVE JUDGE:

Beverage License ......... 3

Conference ......... 3

Duties ......... 3

Private Process Servers ......... 3

Requirements And Selection Of ......... 3

PRETRIAL CONFERENCE:

    Civil                                                  18

    Criminal, Felony                         19

PRIVACY ISSUES:

    Privacy Issues                         10.1

PUBLIC DEFENDER:

    To Examine Jail Roll                  1, 34

RULES:

    Adoption                                  53

    Amendments                            52

    Repeal Of Previous Rules 54 Rules of the District Court   1

SEARCH WARRANTS:

    Presentation Of                        23

TEMPORARY RESTRAINING ORDERS:

    Limitations On Issuance              13

    Assignment And Hearing              13

TRIAL:

    Jury Terms                               31

    Motions To Enter                       17

    Notice of Transcript Requested        48

    Objections to Deposition Testimony     18

    Transfer For Trial                     61

OFFICIAL COURT RULES OF THE SEVENTH JUDICIAL
ADMINISTRATIVE DISTRICT COMPRISED OF OKLAHOMA AND
CANADIAN COUNTIES

RULE NO. 1

COMPLIANCE WITH ALL RULES FOR DISTRICT COURTS OF OKLAHOMA

Compliance with all Rules for District Courts of Oklahoma adopted and amended by
the Supreme Court shall be mandatory. The Rules for the District Courts of Oklahoma,
Title 12 O.S., Ch.2, and Appendix shall guide any matter of practice or procedure not
specifically included in the following rules. The Rules for the Seventh and
Twentysixth Judicial Districts [Oklahoma and Canadian Counties] are in addition to
and supplemental to the Rules for the District Courts.

RULE NO. 2

COURT DAILY SESSIONS - TIME OF:

Unless otherwise ordered by the assigned judge, the morning sessions shall begin at
9:00 a.m. and close at 12:00 noon. In Oklahoma County the afternoon sessions shall
begin at 1:30 p.m. and close at 5:00 p.m. In Canadian County the afternoon sessions
shall begin at 1:30 p.m. and close at 4:30 p.m.

RULE NO. 3

SELECTION AND DUTIES OF THE PRESIDING ADMINISTRATIVE JUDGE:

A.     The position of Presiding Administrative Judge shall be filled by nomination
       and election by the District Judges and Associate District Judges of the
       Oklahoma /Canadian Counties Administrative Judicial District.

B.    The term of office for both the Presiding and Vice Presiding Administrative Judge is one(1) year. No Judge shall serve as Presiding or Vice Presiding Administrative Judge for more than two consecutive one (1) year terms. A judge may serve as Presiding or Vice Presiding Administrative Judge after a one

(1) year period has elapsed after having last served as Presiding or Vice Presiding Administrative Judge.

C.    The duties of the Presiding Administrative Judge are as follows:

  1.    Presides over the governing board of the Court Fund.

  2.    Authorizes publication of court dockets.

  3.    Supervises district courts.

  4.    Makes the assignment of judges to the various divisions and duties within the District Court, including docket assignments for District, Associate and Special Judges.

  5.    Approves assignment of court reporters within the administrative district.

  6.    Selects the Court Administrator with confirmation by the District Judges.  7.    Calls conference meetings of District and Associate District Judges.
  Conference of judges shall take place at the call of the Presiding Administrative District Judge upon the request for a meeting being made to the Presiding Administrative District Judge by any other District Judge.

8.    Establishes jury terms and orders appearance of jurors.

9.    Acts as spokesperson for the Conference of District Judges.

10.    Assigns judges to Courts of Tax Review upon assignment from the Supreme Court of Oklahoma.

11.    Meets monthly with Assembly of Presiding Judges of the Oklahoma Judicial Conference.

12.    Upon notification by the Public Defender, conducts inquiry and takes action if any person is irregularly confined to county jail.

13.    Conducts or designates a judge to conduct the private process server docket.

14.    Authorizes use of the courtrooms by public groups.

15.    Hears protests regarding the issuance of beverage licenses.

16.    Any other matter directed to the Presiding Administrative Judge by statute or rule.


RULE NO. 4


CHIEF JUDGE:


A.    The Presiding Administrative Judge will designate a Chief Judge for the succeeding year on a monthly rotating schedule from among the district judges and for July and August on a weekly rotating schedule from among the district judges.  In the event a judge is unable to serve as Chief Judge according to the rotating schedule, the Presiding Administrative Judge shall designate a replacement.


B.    Notices showing the name of the Chief Judge shall be posted in conspicuous places in the Court Clerk's office, and such other places as directed by the Presiding Administrative Judge.


C.    Should the Chief Judge find it necessary to be temporarily absent from the courthouse during normal business hours, or be temporarily unable to serve as Chief Judge, he or she shall arrange for another judge to handle the assignment during that time.  The Presiding Administrative Judge shall designate a replacement should the Chief Judge fail to do so.


D.    The Chief Judge shall handle the following matters:


1.    Transfers of cases to and from the civil dockets        assigned to District or Associate District Judges and the felony dockets.

2.    Motions for recusal of assigned judge.

3.    Applications for excuse from jury duty.


4.    Election disputes requiring immediate action.

5.    Upon a grand jury being called by the Presiding Judge, the Chief Judge shall have the responsibility to empanel and preside over the grand jury until it is dismissed, even though grand jury sessions may extend beyond the monthly term of that judge as Chief Judge.

6.    May call for conference of judges on own initiative or upon the request for a meeting made by any other District Judge.

7.    Any other matter directed to the Chief Judge by statute or rule.

E.    The Chief Judge shall be in charge of the jury panel and with the assistance of the Court Administrator and the Jury Clerk, shall discharge and excuse those jurors not engaged when their services are no longer required.

F.    The Chief Judge shall hear and decide all individual juror requests to be excused from jury duty prior to the juror being sent to a courtroom as part of a trial panel. Once a juror is assigned to a courtroom the judge presiding over the trial may permanently excuse the juror without consulting with the Chief Judge. If a juror is so released the Trial Administrator shall be notified.

RULE NO. 5

EX PARTE COMMUNICATIONS

Communication with the office of the assigned judge regarding scheduling and procedural matters is permitted. A lawyer shall have no ex parte communication on the substance of a pending case with the assigned judge.

RULE NO. 6

ASSIGNMENT OF CASES AND TRANSFER OF CASES FOR TRIAL:

A.    ASSIGNMENT OF CASES

1.    The Court Clerk shall number all cases with a case prefix, a hyphen, and all four digits of the calendar year, as provided by Supreme Court Administrative

Directive. The Court Clerk shall randomly assign all cases to judges in the various divisions of Court according to their assignments by the Presiding Judge of the district, except as provided otherwise by this rule or by Administrative Order. Cases shall be so assigned immediately upon their filing and the clerk shall note the assigned judge at that time. Thereafter, the assigned judge shall have full superintending charge of the case except for various matters according to custom and practice, other Court Rules and statutes.

2.  If, after a case has been assigned, the assigned judge becomes disqualified or unable to hear it, it shall be transferred to the Chief Judge for random

    reassignment. In order to maintain a fair balance in case assignments and workload among judges, upon recusal or disqualification of the assigned judge and the resulting reassignment of a case, the transferee judge may select a comparable case docket to be reassigned by the Chief Judge to the transferor judge.

3.  Misdemeanor cases and small claims cases, including forcible entry cases, shall not be assigned to individual judges but shall be assigned to a master docket for handling by the special judges in charge according to the rotating schedule established by the Presiding Judge.


B.     TRANSFER OF CF AND CJ CASES FOR TRIAL


1.  Every morning during a jury term each district judge and special judge assigned to misdemeanor trials shall send a docket report to the Chief Judge by 9:00 o'clock a.m., or as soon thereafter as possible. The report shall inform the Chief Judge whether the reporting judge is engaged in trial or is available to accept reassignment of a case for trial. Any cases set on the reporting judge's docket for trial, other than one selected for trial, shall be transferred on Monday to the Chief Judge for reassignment for trial by any available judge.

2.  No case should be sent to the Chief Judge for reassignment for trial that can reasonably be expected to require more than three (3) days of trial time. Cases expected to take more than three (3) days should be tried by the assigned judge.

3.  The Chief Judge shall return all untried cases to the assigned judges at the end of each week's jury term for resetting on the trial docket of the assigned judge.

4.  Upon receiving cases transferred from the various judges for trial, the Chief Judge shall reassign them for trial to those judges who have reported available to accept cases for trial. The Chief Judge shall give preference in assigning civil cases to those judges assigned to the civil docket and criminal cases to those assigned to the criminal docket. When only civil or criminal cases remain to be assigned, the Chief Judge may reassign them without regard to the judge's docket

assignment. In assigning criminal cases for trial, preference shall be given to defendants who are in custody.

## RULE NO. 7

## CHIEF SPECIAL JUDGE DUTIES AND OKLAHOMA EMPLOYMENT SECURITY COMMISSION DISCLOSURES

A.   The Chief Special Judge shall hear drivers' license appeals cases, transfers of cases from SC to CS, pauper's affidavits relating to SC and CS cases, and all CJ, CS, and SC post-judgment collection matters (unless specifically retained by the assigned judge), to include, but not limited to, hearing on assets, claims for exemptions, garnishment matters, and citations for contempt.

B.   Applications for orders directed to the Oklahoma Employment Security Commission (O.E.S.C.) for disclosure of information pursuant to 40 O.S. §4508 shall be set for hearing. Such hearing to be placed on the Chief Special Judge 9:00 a.m. docket. The party filing such application shall provide notice of such hearing to the judgment debtor and to the O.E.S.C. pursuant to 12 O.S. §2005. Should the application be granted, the order shall not be combined with any other order and shall comply with the provisions of 40 O.S. §4-508 and shall require disclosure of said information relating to the judgment debtor only. The Judgment shall not include an order for disclosure to the O.E.S.C.

C.   The Chief Special Judge shall also maintain a docket at 10:00 a.m. for all SC forcible entry and detainer cases. At the direction of the assigned judge of any CS or CJ case relating to the right of possession of property pursuant to 12 O.S. Section 1148.14, the Chief Special Judge shall hear the case with respect to the right of possession and said property only, after which the case shall be returned to the assigned judge for further proceedings.

## RULE NO. 8

## REFILING OF CASES

A.      REFILING OF CASES

A. When either a civil or criminal case is terminated other than on its merits and the same cause of action is thereafter refiled, the case shall be returned to the judge to whom it was originally assigned or the judge's

successor, without regard to its case number or the judge assigned randomly upon refiling.

1. Where a criminal case has been dismissed by order of the assigned Judge under the provisions of 22 O.S. Section 815, after the Judge has sustained a motion to suppress and dismissed the case on motion of the District Attorney for the reason the State has no more evidence to present and in the event the case is refiled by the District Attorney, then the refiled case shall be randomly reassigned to a Judge other than the one who previously ruled on the motion to suppress and the Judge to whom the subsequent refiled case is assigned shall not be bound by the prior ruling on the motion to suppress.

2. When a case is refiled under the conditions set forth in Paragraph(A)(1) of this Rule and the assigned Judge is the same Judge who ruled on the motion to suppress referred to in Paragraph (A)(1) of this rule, then the District Attorney shall prepare an order citing this rule and present the order for signature to the assigned Judge, ordering the Oklahoma County Court Clerk to randomly assign the case to a different Judge and the District Attorney shall then file the order with the Court Clerk and the Court Clerk shall then cause the case to be randomly assigned to a different Judge.

B.      The procedure for transferring such case is as follows:  The party filing the case shall immediately bring it to the attention of the newly assigned judge who shall execute a transfer order transferring the case to the Chief Judge for reassignment to the original judge.  Upon failure of the party filing the case to cause the case to be reassigned in accordance with this rule, any other party or attorney representing a party having knowledge of the previous filing shall cause the case to be reassigned to the original judge.

C.      Any party to the case or their attorney having knowledge that the case should be reassigned and failing to act in accordance with this rule may be sanctioned by the Court for violation of Court rules.

D.      It should be noted that it is the cause of action rather than the identity of the parties that is determinative of whether or not the case comes within the scope of this rule and should be reassigned.

E.      Any re-filed case shall recite in the petition/information the style, case number, and name of the assigned judge of the previously filed case.

RULE NO. 9

REASSIGNMENT AND CONSOLIDATION OF CASES INVOLVING IDENTICAL ISSUES:

Whenever two or more cases involving identical issues and involving one or more parties common to all cases are pending, the judge of the division to which the lowest numbered case is assigned may consolidate and reassign all such cases to that assigned judge. Cases will be consolidated to the lowest case number. A copy of the order of consolidation shall be filed in each case affected by the consolidation.

RULE NO. 10

PLEADINGS AND SERVICE: ALL CASES

A.   In addition to complying with the provisions of 12 O.S. Section 2011, paper pleadings and documents, filed in the office of the Court Clerk should be typewritten on a good grade of white paper size 8 ½ inches by 11 inches or 8 ½ inches by 14 inches. No blank spaces filled in with the words or expression "NA", "NONE", or similar terms are permitted. Blank spaces for dollar amounts and dates only are allowed. Pleadings shall not contain attorney name, firm name, address, phone number, facsimile number, e-mail address, or other similar letterhead type information in the margins of such pleadings or any page thereof except as required by section B of this Rule. Additional requirements for briefs are set forth in Rule 37.

B.   The last page of every document shall contain the name, bar number if applicable, address, telephone number, facsimile number and e-mail address of the person filing the pleading and the name, address, telephone number, facsimile number and e-mail address of the opposing party or counsel, if known. The party filing the pleading shall designate which party each counsel represents.

C.   All civil actions, other than those filed in the Small Claims Division, are commenced by filing the original petition with the Court Clerk. The petition and summons shall be served as required by law.

D.    Parties or attorneys filing motions, pleadings, orders or journal entries after the petition has been filed shall serve copies by hand delivery, by mail or by facsimile transmission (FAX) to opposing counsel of record on the same day. A certificate of service shall be noted on the original instrument filed. Copies of all motions and briefs shall be hand delivered or mailed to the office of the assigned judge, or faxed, with permission of the assigned judge, if time is of the essence, in compliance with Rule 37.

E.    Unless specifically permitted or invited by the assigned judge, copies of correspondence between counsels should not be sent to the Court. When correspondence is permitted or requested by the assigned judge, copies shall be served on all other parties and counsel of record on the same day.

F.    In all cases, excluding those filed in the Juvenile Division, unless the parties shall be properly named or identified, the Court shall not conduct any hearing, approve any order, or grant any relief. In those cases where the petition has been filed without the parties being properly named or identified, an amended petition shall be filed clarifying the caption of the case. In addition, an order directing the Court Clerk to amend the appearance docket to reflect the corrected names of the parties shall be filed simultaneously with the filing of the amended petition.

## RULE NO. 10.1

## PRIVACY ISSUES

A.    <u>Redacted Filings.</u>
It is the responsibility of counsel and the parties to be sure that all filed documents comply with this rule. The Court Clerk will not review any pleading for redaction. The parties shall refrain from including, or shall redact where inclusion is necessary, the following personal identifiers from any document filed with the Court Clerk, unless otherwise ordered by the Court:

    (1)    Social Security Numbers – if an individual's social security number must be included in a document, only the last four digits of the number shall be used.

    (2)    Names of Minor Children – if the involvement of a minor child must be mentioned, only the initials of the child's name shall be used.

(3)    Dates of Birth – if an individual's date of birth must be included in a pleading, only the year should be used.

(4)    Credit Card & Financial Account Numbers – if a credit card or financial account number is relevant, only the last four digits of any such account number shall be used.

(5)    Taxpayer Identification Numbers - if a taxpayer identification number must be included in a document, only the last four digits of the number shall be used.

B.    <u>Exemption from the Redaction Requirement.</u>
The redaction requirement does not apply to the following:

(1) a credit card or bank account number that identifies property allegedly subject to forfeiture, foreclosure, replevin or other writ, such as in a foreclosure, replevin or debt collection proceeding;

(2) the record of an administrative or agency proceeding;

(3) the record of a court or tribunal, if that record was not subject to the redaction requirement when originally filed;

(4) family, probate, adoption, protective order or name change cases; and

(5) felony cases, misdemeanor cases, traffic ticket cases, or any other cases where statutory law or Rules and Forms promulgated by the Court of Criminal Appeals require the inclusion of a complete personal identifier number.

C.    <u>Filings Under Seal.</u>
Subject to the limitations set out in 12 O.S. 2011, § 3226C(2) and 51 O.S. 2011, § 24A.29, the Court may order that any document (or portion thereof) be filed under seal without redaction. The Court may later unseal the filing or order the person who made the filing to file a redacted version for the public record. Any request to file a document (or portion thereof) under seal shall be made by motion and shall show strict compliance with §§ 3226C(2) & 24A.29. Protective orders that attempt to generally authorize the filing under seal of any document or category of documents that the parties claim to be confidential or trade secrets will not satisfy this rule. Any Court order that authorizes a

document to be filed under seal shall specifically describe and identify the document or category of documents to be filed under seal.

D.    Waiver.
A person waives the protection of Rule 10.1 as to the person's own information by filing it without redaction and not under seal.

E.    Authority for Rule. 12 O.S. 2011, § 3226C(2); 51 O.S. 2011, §§ 24A.2 & 24A.25; 24A.29; Oklahoma Public Employees Association v. State Of Oklahoma ex rel. Oklahoma Office Of Personnel Management, et al., 2011 OK 68, 267 P.3d 838, 851.

RULE NO. 11

MOTION DOCKETS:

A.    The deputy court clerk located in the office of each judge shall furnish and keep a motion docket as directed by each judge. The party or counsel presenting the

motion shall obtain a hearing date from the assigned judge's clerk. The clerk shall enter it upon the motion docket of the assigned judge, not less than 23

days from the date the motion is presented for setting. The Court may set a motion specially. The motion shall be filed with the Court Clerk's office and served as required by Rule 10.

B.    The presenting party shall be responsible for notifying all other parties or counsel of record of the hearing date. It is not appropriate to mail motions to the Court Clerk's office and request a hearing date or ask the Court Clerk to obtain the signature of the assigned judge.

C.    If a motion is not presented for hearing when called, the Court may in its discretion dismiss, continue or rule upon it. Motions not contested may be disposed of by announcement, without necessity of all counsel appearing. Counsel shall be responsible for notifying the Court if the motion will not be presented. If any matter or cause is submitted to the Court and taken under advisement, the judge shall notify counsel of the decision reached.

D.  When a motion is ruled on, counsel for the prevailing party shall within ten (10) days thereafter prepare a journal entry of the ruling and present it to counsel for the adverse parties, and if it be approved by all the attorneys, it shall be presented to the Court for signature.  If counsel are unable to agree upon the form of journal entry, the prevailing party shall give notice of presentation and present the matter for settlement of journal entry at the next motion day of the division in which said matter was heard, or such other time as the assigned judge shall direct.

RULE NO. 12

CHANGE OF NAME

A.  All applicants shall present evidence of the publication notice required by Title 12 O.S. Section 1633 to the assigned judge at the time of the scheduled hearing.

B.  Applicants for name change of a minor must show that the court appointed guardian, parents, or the non-custodial parent, if the application is made by the custodial parent, have been notified of the application and date of the hearing, unless excused by the judge hearing the application.

RULE NO. 13

TEMPORARY RESTRAINING ORDERS:

A.  When a Temporary Restraining Order is sought in a suit for injunctive relief, after the petition has been filed and the case assigned to a judge, the application for the TRO may be taken to the assigned judge to be heard or set for hearing as may be ordered.

B.  No ex-parte restraining order will be issued against any person, firm or corporation unless counsel has attached a verified statement that either the opposition is not represented by counsel or that counsel for the opposition has been contacted and given adequate notice of the presentation of the application at a date and time certain.

C.  No ex-parte temporary restraining order will be issued against the State or political subdivision thereof.

## RULE NO. 14

## NOTIFICATION OF DISMISSAL OR SETTLEMENT

Counsel or parties shall notify the assigned judge of all dismissals, partial dismissals and settlements as soon as practical, but not later than the date of any scheduled proceeding, including trial, pretrial, and motion docket.

## RULE NO. 15

## JUDGMENT FOR MINORS:  FRIENDLY SUITS

A.  When any judgment is granted to a minor or when any monies are recovered in any Court proceeding by a next friend or guardian ad litem for or on behalf of a minor in excess of one thousand dollars ($1000.00) over sums allowed for paying costs and expenses including medical bills and attorney's fee, the

assigned judge entering such judgment or order shall immediately transfer the case to the Probate Division.

B.  The money shall be deposited in accordance with Title 12 O.S. Section 83.  The journal entry or order shall specify the amount to be deposited and the name of the bank or savings and loan institution in which the monies are to be deposited.

C.  It shall be the duty of the person depositing the judgment proceeds in the institution to obtain a receipt for the deposit and to file the receipt in the case within the time stated in the order, and deliver a file-stamped copy to the assigned judge.

RULE NO. 16

DEFAULT JUDGMENT:

A.    Judgment in a case, (except family and domestic cases) in which service has been made, but in which there has been no appearance, may be taken at any time after the answer date before the assigned judge. The following documents shall be provided to the assigned judge at the time the journal entry of default judgment is presented for signature:

    1.    Motion for Default Judgment. All Motions for Default Judgment must state the following:
        a. Whether the defaulting party has filed any pleading/document;
        b. Whether the defaulting party has appeared in open court; and
        c. What notice was given, and, if none were given, the reason therefore.

    2.    Proof of service;

    3.    Servicemember's affidavit in accordance with the Servicemember's Civil Relief Act of 2003 and Department of Defense Status Report in all civil cases involving individuals;

    4.    Proof of breach of last payment;

    5.    Copy of the contract, mortgage, note or account;

    6.    Amount of debt, principle and interest;

    7.    Assignments, if applicable; and

    8.    Any other item specifically requested by the assigned judge.

If the defaulting party has filed a pleading/document or has appeared in open court, a hearing must be set and notice must be provided to the defaulting party.

C.     If the assigned judge is absent at the time fixed in the notice to take default judgment, the matter shall stand continued to the next motion day of the Court over which said judge presided, or it may be heard or continued by another judge in the absence or inability of the assigned judge to hear it.

## RULE NO. 17

MOTIONS TO ENTER:

A.     The parties shall file a Motion to Enter after a case is at issue.  A Motion Requesting a Scheduling Order shall be treated as a Motion to Enter.  On the date the motion is heard, the trial judge may enter a scheduling order in substantial compliance with the form approved by the Supreme Court.  The assigned judge may enter a scheduling order at any time after the case is at issue.

## RULE NO. 18

DEPOSITIONS:

I.          DEPOSITION CONDUCT:

A.     Objections to questions during an oral deposition are limited to "Objection, leading" and "Objection, form."  Objections to testimony during the deposition are limited to "Objection, nonresponsive." These objections are waived if not stated as phrased during the oral deposition.  All other objections need not be made or recorded during the deposition to be later raised in court.
Argumentative or suggestive objections or explanations waive objection and may be grounds for terminating the oral deposition or assessing court costs or other sanctions.

An instruction to a deponent not to answer a question shall be limited to the grounds set forth in Section 3230 E.1. of the Discovery Code. The attorney instructing the witness not to answer shall give a concise, nonargumentative, nonsuggestive explanation of the grounds for the instruction if requested by the party conducting the examination.

C.      Counsel and a witness shall not engage in private, off-the-record conferences during the actual taking of the deposition, except for the purpose of deciding whether to assert a privilege or to move for a protective order. Private conferences may be held, however, during agreed recesses and adjournments.

II.         OBJECTIONS TO DEPOSITION TESTIMONY:

A.      Objections to any portion of deposition testimony, either by videotape or otherwise, which is sought to be introduced at trial and which cannot be resolved by counsel, shall be presented to the trial judge for a ruling at least twenty (20) days prior to trial.

B.      All objections not made, as set out above shall be deemed to be waived and the deposition shall be read or viewed in its entirety at trial.

C.      The trial judge, in the exercise of sound discretion, may waive these requirements.

RULE NO. 19

EXHIBITS:

A.      No exhibit offered or admitted in evidence shall be removed from the courtroom or from the custody of the Court Clerk or court reporter, as the case may be, without permission of the appropriate judge and the official having custody thereof, and when permission is granted, a written receipt shall be taken from the person receiving the exhibit.

Only two-dimensional exhibits, eight and one-half (8 ½) inches by fourteen (14) inches or smaller, videotapes, and audiotapes admitted into evidence will be retained by the court reporter following the trial. Counsel shall substitute a copy, meeting these size restrictions, of any oversized exhibit. Other exhibits, including oversized exhibits, shall be withdrawn from the record at the conclusion of the trial and retained by the party/counsel presenting the same at trial.

C.  In criminal cases, parties/counsel shall comply with the Rules of the Court of Criminal Appeals.

RULE NO. 20

MOTIONS FOR CONTINUANCE:

All motions for continuance of a pretrial, trial or evidentiary hearing must be signed by the party on whose behalf the motion is made, or contain a certificate of the movant's attorney that the attorney's client has knowledge of and has approved the motion.

RULE NO. 21

SIMULTANEOUS ENGAGEMENT IN SEVERAL DIVISIONS:

A.  If an attorney will be late to a hearing or is occupied before a judge and at the same time the attorney's presence is required before one or more judges, those matters shall be held for hearing until the attorney has finished each matter requiring the attorney's presence, provided the attorney has timely notified the judge and opposing counsel, advising them of the conflicting schedule.

B.  Judges of courts in which an attorney has conflicting appearances may confer and agree upon the priority to be given the pending matters. Rather than causing an undue burden on others who have appeared timely, judges may use their discretion in resetting matters in which lawyers have been unduly detained elsewhere.

C.  It is generally accepted that conflicts in scheduling are inevitable, particularly on motion dockets when several are conducted simultaneously. However, lawyers should strive diligently to avoid major conflicts involving matters that will occupy significant amounts of time or involve witnesses and the taking of testimony. Lawyers are cautioned that major conflicts in scheduling or unexcused failures to appear causing a needless waste of resources may result in the appropriate imposition of sanctions or other disciplinary action.

D.  Scheduling conflicts which occur due to the fact that counsel or parties are required to appear in more than one state or federal court shall be resolved by the Guidelines for Resolving Scheduling Conflicts with Oklahoma State Courts and Federal Courts, SCAD #98-17, adopted by the Oklahoma Supreme Court, or as later amended.


RULE NO. 22


PRESENTATION OF MATTERS:

A.  Whenever any legal issue is submitted to a judge, either formally or informally, and the judge indicates a ruling, and thereafter the same legal issue is submitted to another judge, it shall be the duty of counsel to make a full disclosure of the fact of submission to the first judge and the ruling or indicated ruling thereon.

B.  No order shall be presented to a judge for signature in any case, other than those cases pending in the Juvenile Division, unless the parties have been properly named or identified.

C.  No instrument shall be presented to a judge for signature unless it has been approved by the attorneys of record affected by it except where the matter has been settled in accordance with Rule 11.

D.  Attorneys whose offices are located within the county shall not present orders for signature by mail or fax.

E.  Attorneys whose offices are located out of county may present orders for signature by mail or fax, provided the matter was previously presented in person

and provided the order contains the approval by the attorneys of record affected by it.

F.   No other matters may be presented by mail. Counsel shall not mail or fax orders to the Court Clerk with an accompanying letter asking the clerk to obtain a judge's signature and to then file or issue the order or request the setting of a motion on an assigned judge's docket.

G.   Only attorneys, pro se litigants, and legal interns knowledgeable of the case may present instruments to a judge for signature.

H.   Every order or journal entry pertaining to an assigned case shall be presented to the assigned judge.

I.   For matters not yet assigned, such as friendly suits, applications for temporary restraining orders, and name changes, the petition shall be filed, the case assigned to a judge and the suit or application shall then be taken to the assigned judge to be heard or set for hearing as may be ordered.

RULE NO. 23

CRIMINAL:  APPLICATIONS FOR HABEAS CORPUS OR SEARCH WARRANTS, APPOINTMENT OF COUNSEL, REVOCATIONS, ACCELERATIONS AND MOTIONS TO REDUCE BAIL:

A.   APPLICATIONS FOR HABEAS CORPUS OR SEARCH WARRANTS:

Applications for Writs of Habeas Corpus or Search Warrants and recall may be presented to any of the following who are available:  First, to a District Judge or Special Judge assigned to the Criminal Division; next, to any other Judge.

B.   APPOINTMENT OF COUNSEL:

Counsel for indigent defendants may be appointed by any Judge upon written application being submitted by the defendant.



CJ-16-5004
Andrews

## IN THE DISTRICT COURT WITHIN AND FOR OKLAHOMA COUNTY
### STATE OF OKLAHOMA

FRANKLIN AMERICAN MORTGAGE
   COMPANY,
     Plaintiff,

vs.

ALEXANDER BEDNAR,
JILL BEDNAR,
RCB BANK,
CHARLES F. ALDEN, III, INC., P.C.,
ROSENSTEIN, FIST & RINGOLD, INC.,
ANDREA KUNKEL,
KENT RAINEY,
KENTCO INC, DBA AMERICAN
   MORTGAGE SOURCE,
UNITED STATES OF AMERICA EX REL.,
   INTERNAL REVENUE SERVICES,
JANE DOE, AS OCCUPANT OF THE
   PREMISES,
JOHN DOE, AS OCCUPANT OF THE
   PREMISES,
     Defendants.

No. **CJ-2016-5004**

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

SEP 29 2016

RICK WARREN
COURT CLERK
89_____

## P E T I T I O N

Comes now the Plaintiff, **Franklin American Mortgage Company** and for its cause of action against the Defendants above named, alleges and states:

1. That the Plaintiff was at all times hereinafter mentioned, and now is duly organized, existing and authorized to bring this action.

2. That the Mortgagors, Alexander Bednar, AKA Alexander Louis Bednar and Jill Bednar, were married at the time they executed the mortgage sued upon, and they at all times since remained, and now are, married.

3. That the original makers, for a good and valuable consideration, made, executed and delivered to the Payee, a certain written promissory note; a true copy of said note and endorsements thereon, if any, is hereto attached, marked Exhibit "A", and made a part hereof by reference.

BT: 112287



4. That as a part of the same transaction, and to secure the payment of said note above described and the indebtedness represented thereby, the owners of the real estate hereinafter described, made, executed and delivered to the Payee of said note, a certain real estate mortgage in writing (see Exhibit "B", attached hereto and made a part hereof by reference,) and therein and thereby mortgaged and conveyed to said mortgagee the following described real estate situated in Oklahoma County, State of Oklahoma, to-wit:

> Lot One (1), in Block Seven (7) of Esperanza Sec. 2, an Addition to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof AND Lot Nine (9), in Block Seven (7) of Esperanza Sec. 2, an Addition to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof;

with the buildings and improvements and the appurtenances, hereditaments and all other rights thereunto appertaining or belonging, and all fixtures then or thereafter attached or used in connection with said premises. That said mortgage was duly executed and acknowledged according to law, the mortgage tax duly paid thereon, and was recorded on June 5, 2013 in Book 12262 at Page 1110, in the office of the County Clerk of Oklahoma County, Oklahoma, which mortgage and the record thereof is incorporated herein by reference as provided by law.

5. That the Plaintiff was entitled to enforce the Note prior to, and is entitled to enforce the Note at and subsequent to the filing of this Petition. That Plaintiff has complied with all of the terms, conditions precedent and provisions of said note and mortgage, and is duly empowered to bring this suit.

6. That said note and mortgage provide that if default be made in the payment of any of the monthly installments, or on failure or neglect to keep or perform any of the other conditions and covenants of the mortgage, that the entire principal sum and accrued interest, together with all other sums secured by said mortgage, shall at once become due and payable, at the option of the holder thereof, and the holder shall be entitled to foreclose said mortgage and recover the unpaid principal thereon and all expenditures of the mortgagee made thereunder, with interest thereon, and to have said premises sold and the proceeds applied to the payment of the indebtedness secured thereby, together with all legal and necessary expense and all costs.

7. That default has been made upon said note and mortgage in that the installments due on May 1, 2015, and thereafter have not been paid.

8. That preliminary to the bringing of this action, and as a necessary expense thereof, this Plaintiff caused title work to be extended and certified to date at a cost which charge is a further lien secured by the Mortgage of the Plaintiff herein sued upon.

9. That said note and mortgage provide that in case of a foreclosure of said mortgage and as often as any proceedings shall be taken to foreclose the same, the makers will pay an attorney's fee as therein provided, and that the same shall be a further charge and lien on said premises.

10. That after allowing all just credits there is due to Plaintiff on said note and mortgage the sum of:

| Reason | Amount |
| --- | --- |
| Unpaid Principal Balance: | $433,574.38 |
| Date of Default: | 05/01/2015 |
| Interest Due From: | 04/01/2015 |
| Interest Rate(s): | |
| May 22, 2013 | 4.250% * |
| Lender's Fees & Costs: | |
| Corporate Advances | $60.00 |
| Escrow Advance | $12,130.16 |
| Other Fees | $20.00 |

* or as adjusted by the Note and Mortgage

including all subsequent advances by Plaintiff, if any, for taxes, insurance premiums, or expenses necessary for the preservation of the subject property, all costs of this action; reasonable attorney's fees and costs as the Court may allow, for which amounts said mortgage is a first, prior and superior lien upon the real estate and premises above described.

11. That said mortgage specifically provides that appraisement of said premises is expressly waived or not waived at the option of the mortgagee; that Plaintiff elects to have said property sold with appraisement.

12. That the Defendant, Alexander Bednar, is a present record owner of the subject property.

13. That the Defendant, Jill Bednar, is a present record owner of the subject property.

14. That the Defendant, RCB Bank, may claim some right, title lien, estate, encumbrance, claim, assessment, or interest in and to the real property involved herein, by virtue of Mortgage, filed May 8, 2013, recorded in Book 12239 page 1789 in the principal sum of $97,000.00, Subordination of Mortgage filed June 5, 2013 in Book 12262 page 620. Pending Foreclosure filed January 15, 2015, recorded in Book 12779 page 1841, Case No. CJ-2015-192..

15. That the Defendant, Charles F. Alden, III, INC., P.C., may claim some right, title lien, estate, encumbrance, claim, assessment, or interest in and to the real property involved herein, by virtue of Statement of Judgment filed May 19, 2014 in Book 12535 page 1530.

16. That the Defendant, Rosenstein, Fist & Ringold, Inc., may claim some right, title lien, estate, encumbrance, claim, assessment, or interest in and to the real property involved herein, by virtue of Statement of Judgment filed November 28, 2012 in Book 12095 page 601.

17. That the Defendant, Andrea Kunkel, may claim some right, title lien, estate, encumbrance, claim, assessment, or interest in and to the real property involved herein, by virtue of Statement of Judgment filed November 28, 2012 in Book 12095 page 601.

18. That the Defendant, Kent Rainey, may claim some right, title lien, estate, encumbrance, claim, assessment, or interest in and to the real property involved herein, by virtue of Statement of Judgment filed November 28, 2012 in Book 12095 page 601.

19. That the Defendant, Kentco Inc, DBA American Mortgage Source, may claim some right, title lien, estate, encumbrance, claim, assessment, or interest in and to the real property involved herein, by virtue of Mortgage, filed January 10, 2013 in Book 12133 page 1165 in the principal sum of $417,000.00.

20. That the Defendant, United States of America ex rel., Internal Revenue Services, may claim some right, title lien, estate, encumbrance, claim, assessment, or interest in and to the real property involved herein, by virtue of Notice of Federal Tax Lien No. 153248915 filed April 27, 2015 under Document No. 20150427030008260. Notice of Federal Tax Lien No. 139468615 filed January 26, 2015 under Document No. 20150126030000920.

21. That the Defendant, Jane Doe, as occupant of the premises, may claim some right, title lien, estate, encumbrance, claim, assessment, or interest in and to the real property involved herein, by virtue of any interest she may have in the subject property.

22. That the Defendant, John Doe, as occupant of the premises, may claim some right, title lien, estate, encumbrance, claim, assessment, or interest in and to the real property involved herein, by virtue of any interest he may have in the subject property.

23. That on May 20, 2015, the Defendants, Alexander Bednar and Jill Bednar, filed their Chapter 7 voluntary petition in bankruptcy in the United States Bankruptcy Court for the Western District of Oklahoma in Case No. 15-11916. That thereafter the automatic stay of said Bankruptcy Court prohibiting proceeding against the subject property was lifted by an Order of Abandonment and Terminating Stay entered and filed in said Bankruptcy Court on July 8, 2016. That the first mortgage lien of the plaintiff is not affected by said bankruptcy case and Plaintiff is duly authorized and empowered to proceed in this cause, but that the personal liability of said Defendants, Alexander Bednar and Jill Bednar, on the note and mortgage of the Plaintiff will thereby be discharged. That the subject property was listed as owned by the Debtors in Schedule A and was claimed as exempt homestead in Schedule C; that the Debtors were thereafter discharged by Discharge filed September 11, 2015; that no creditor filed an objection to such claim of exemption, if any, and that the subject property is therefore deemed abandoned and unaffected by these bankruptcy proceedings.

Plaintiff prays the said Defendants be summoned in this case and be required to set up in this suit any right, title or interest claimed in and to the lands involved in this action or be forever barred from claiming any right in and to the said real estate.

Plaintiff states, however, that any right, title, or interest claimed by each Defendant, is subordinate and inferior to the mortgage lien claimed by the Plaintiff, and Plaintiff prays the said Defendant, be summoned in this case and be required to set up in this suit any right, title or interest claimed in and to the lands involved in this action or be forever barred from claiming any right in and to the said real estate.

WHEREFORE, Plaintiff prays for judgment *in rem* against the real estate and premises sued upon herein, in the sum listed above in paragraph 10.

And for a further judgment *in rem* against all said Defendants adjudging:

That all of said Defendants be required to appear and set forth any right, title, claim or interest which they have, or may have, in and to said real estate and premises; and,

That said mortgage be foreclosed and that the same be declared a valid first, prior and superior lien upon the real estate hereinbefore described, for and in the amounts above set forth, and ordering said real estate and premises sold, for cash, with or without appraisement, as the Plaintiff has elected and as provided in said mortgage and by law, subject to unpaid taxes, advancements by Plaintiff for taxes, insurance premiums, or expenses necessary for the preservation of the subject property, if any, to satisfy said judgment, and that the proceeds arising therefrom be applied to the payment of the costs herein, and the payments and satisfaction of the judgment, mortgage and lien of this Plaintiff, and that the surplus, if any, be paid into Court to abide the further order of the Court; and,

That all right, title and interest of said Defendants, and each of them, if any, in and to said real estate, be adjudged subject, junior and inferior to the mortgage lien and judgment of this Plaintiff, and that upon confirmation of such sale, the Defendants herein, and each of them, and all persons claiming by, through or under them since the commencement of this action, be forever barred, foreclosed and enjoined from asserting or claiming any right, title, interest, estate or equity of redemption in or to said premises, or any part thereof; and,

That this Plaintiff have such other and further relief as may be just and equitable.

Don Timberlake - # 9021
Gary D. Baer - # 0407
Jim Timberlake - # 14945
Chynna Scruggs - # 32663
Kim S Jenkins - # 32809
William H. Sullivan - # 8761
BAER & TIMBERLAKE, P.C.
P.O. Box 18486
Oklahoma City, OK 73154-0486
Telephone:     (405) 842-7722
Facsimile:     (405) 848-9349

don@baer-timberlake.com



FILED IN DISTRICT COURT
OKLAHOMA COUNTY

AUG 1 3 2018

RICK WARREN
COURT CLERK
25_____



## AMENDED SHERIFF'S RETURN
### CJ-2016-5004

**Franklin American Mortgage Company, Plaintiff**
vs.
**Alexander Bednar, et al., Defendant(s).**

I RECEIVED this writ this 11th day of June, 2018, and pursuant to the commands thereof, I did forthwith levy said writ upon the real estate described therein, and did cause the same to be appraised by three disinterested householders, residing within said County wherein said real estate is situated, after administering to them an oath impartially to appraise said property levied upon, upon actual view, and said householders did return to me under their hands an estimate of the real value of said property, and I did forthwith deposit a copy thereof with the Clerk of said District Court, whence the execution issued.

On the 9th day of August, 2018, at 2:00 PM of said day, I offered said property for sale at the Oklahoma County Courthouse, 320 Robert S. Kerr, Jury Assembly Room, Room 513, in the City of Oklahoma City, Oklahoma County, Oklahoma, that being the time and place stated in the notice of sale, at public auction, with appraisement, to the highest bidder for cash in hand, and sold the same to Alex Bednar, for the sum of $529,000.00, but that Alex Bednar, thereafter failed to post any part of the deposit required. The Sheriff thereafter accepted the second highest bid and sold the property to that of Franklin American Mortgage Company, Plaintiff herein, for the sum of $528,200.00, same being the highest and best bidder for said property, and being the highest and best price bid for the same, and being more than two-thirds of the appraised value of said property, said bid being paid by credit on Plaintiff's judgment herein.

I hereby certify the above to be the times and manner of executing the within writ.

Dated and returned into Court this 13 day of August , 2018.

P.D. Taylor, Sheriff of
Oklahoma County, Oklahoma

By: _____
DEPUTY

### SCHEDULE OF COSTS

| | | |
|---|---|---|
| Court Cost | _____ | $ _____ |
| Printer's Fee | _____ | $ _____ |
| Appraiser's Fee | _____ | $ _____ |
| Sheriff's Fee | _____ | $ _____ |
| TOTAL | _____ | $ _____ |

BT: 112287

IN THE DISTRICT COURT WITHIN AND FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

**FILED IN DISTRICT COURT**
OKLAHOMA COUNTY

AUG − 9 2018

**RICK WARREN**
**COURT CLERK**
31
No.      CJ-2016-5004

JUDGE   DON ANDREWS

FRANKLIN AMERICAN MORTGAGE
COMPANY.
Plaintiff,

vs.

ALEXANDER BEDNAR, et al.,
Defendant(s).

## SPECIAL EXECUTION AND ORDER OF SALE
### (With Appraisement)

THE STATE OF OKLAHOMA TO THE SHERIFF OF OKLAHOMA COUNTY,
OKLAHOMA:

GREETINGS:

WHEREAS, on the ___8th___ day of ___June___, 2018, in the above entitled and numbered cause, the Plaintiff recovered a judgment against the Defendants in this cause for the sum of:

| Reason | Amount |
| --- | --- |
| Unpaid Principal Balance: | $433,574.38 |
| Date of Default: | 05/01/2015 |
| Interest Due From: | 04/01/2015 |
| Interest Rate(s): | |
| May 22, 2013 | 4.250% * |
| Lender's Fees & Costs: | |
| Escrow Advance | $23,414.39 |
| Fees & Costs of this Action: | |
| Attorney fees | $6,750.00 |

* or as adjusted by the Note and Mortgage

including all subsequent advances by Plaintiff, if any, for taxes, insurance premiums, or expenses necessary for the preservation of the subject property, all costs of this action; reasonable attorney's fees and costs as the Court may allow incurred during the enforcement of the judgment; and recovered a further judgment decreeing the Plaintiff's mortgage set up and sued upon therein to be a valid, subsisting first and prior lien upon the real estate hereinafter described, for the full amount of the judgment, above set forth, and foreclosing said lien, and ordering that a Special Execution And Order of Sale issue from the office of the Court Clerk,

BT: 112287



directed to the Sheriff of Oklahoma County, commanding said Sheriff to levy upon and sell said real estate, with appraisement, as provided by law.

NOW, THEREFORE, THESE ARE TO COMMAND YOU to levy upon and cause to be appraised and sold, subject to unpaid taxes, advancements by Plaintiff for taxes, insurance premiums, or expenses necessary for the preservation of the subject property, if any, in accordance with said judgment, and as by law required, the following described lands and tenements situated in Oklahoma County, State of Oklahoma, and described as follows, to-wit:

Lot One (1), in Block Seven (7) of Esperanza Sec. 2, an Addition to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof AND Lot Nine (9), in Block Seven (7) of Esperanza Sec. 2, an Addition to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof;

with the buildings, improvements, appurtenances, hereditaments, and all other rights thereunto appertaining or belonging, and pay the proceeds thereof to the Clerk of this Court, as provided by law.

You will make due return of this writ, with your proceedings endorsed thereon, within sixty (60) days from the date hereof.

WITNESS my hand and official seal at my office in ⟨OKCA City⟩, Oklahoma, this the 11 day of June , 2018.

Rick Warren, Court Clerk

By: _____
DEPUTY

Property Address:

15721 VIA BELLA
EDMOND, OK 73013-6567

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

AUG -9 2018

RICK WARREN
COURT CLERK
31

## NOTICE OF SHERIFF'S SALE
### CJ-2016-5004

Notice is given that on the __9__ day of __Aug__, 2018, at 2:00 PM, at the Oklahoma County Courthouse, 320 Robert S. Kerr, Jury Assembly Room, Room 513, in the City of Oklahoma City, Oklahoma County, Oklahoma, the Sheriff of said County will offer for sale and sell, with appraisement, for cash, at public auction, to the highest and best bidder, all that certain real estate in Oklahoma County, Oklahoma, to-wit:

> Lot One (1), in Block Seven (7) of Esperanza Sec. 2, an Addition to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof AND Lot Nine (9), in Block Seven (7) of Esperanza Sec. 2, an Addition to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof;

subject to unpaid taxes, advancements by Plaintiff for taxes, insurance premiums, and expenses necessary for the preservation of the subject property, if any, said property having been duly appraised at $ __500,000__. Sale will be made pursuant to a Special Execution And Order Of Sale issued in accordance with judgment entered in the District Court of Oklahoma County, Oklahoma, in Case No. CJ-2016-5004, entitled Franklin American Mortgage Company, Plaintiff, vs. **Alexander Bednar, Jill Bednar, RCB Bank, Charles F. Alden, III, INC., P.C., Rosenstein, Fist & Ringold, Inc., Andrea Kunkel, Kent Rainey, Kentco Inc, DBA American Mortgage Source** and United States of America ex rel., **Internal Revenue Services**, being all of the Defendants and persons holding or claiming any interest or lien in the subject property.

P.D. Taylor, Sheriff of
Oklahoma County, Oklahoma

By: _P. D. Taylor_
DEPUTY

Don Timberlake - # 9021
BAER & TIMBERLAKE, P.C.
P.O. Box 18486
Oklahoma City, OK 73154-0486
Telephone:   (405) 842-7722
Facsimile:    (405) 848-9349
**BT File No.:** 112287

INSTRUCTIONS TO PUBLISHER: _____,
Publish once a week for two consecutive weeks. **Furnish one printed copy of the Notice to Attorney for Plaintiff immediately after the first publication.** First publication of this Notice must be more than thirty (30) days prior to the date of the Sheriff's Sale, in accordance with 12 O.S. §764.

BT: 112287



FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUL -6 2018

RICK WARREN
COURT CLERK

73_____

IN THE DISTRICT COURT WITHIN AND FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

FRANKLIN AMERICAN MORTGAGE
   COMPANY,
   Plaintiff,

vs.

ALEXANDER BEDNAR, et al.,
   Defendant(s).

No.    CJ-2016-5004

JUDGE   PAUL A. HESSE

## <u>AFFIDAVIT OF MAILING OF NOTICE OF SHERIFF'S SALE</u>

The undersigned, being one of the attorneys for the Plaintiff and the party causing the Special Execution and Order of Sale to be issued in the above numbered and entitled cause, does hereby certify that on July 3, 2018, he mailed by first class mail, postage prepaid, a true and correct copy of the Notice of Sheriff's Sale in said cause to the judgment Debtor(s), any holder of record of an interest in the property, and all other persons of whom the undersigned has notice who claim a lien or any interest in the property, whose names and addresses are known.

Don Timberlake - # 9021
Gary D. Baer - # 0407
Chynna Scruggs - # 32663
Kim S. Jenkins - # 32809
William H. Sullivan - # 8761
BAER & TIMBERLAKE, P.C.
P.O. Box 18486
Oklahoma City, OK 73154-0486
Telephone:   (405) 842-7722
Facsimile:   (405) 848-9349

don@baer-timberlake.com

BT: 112287



COUNTY OF OKLAHOMA

ss.

STATE OF OKLAHOMA

I state under penalty of perjury on this _3ʳᵈ_ day of _Deccy_ , 2018, under the laws of Oklahoma that the foregoing is true and correct.

Date: _7 – 3 – 1 8_

Don Timberlake - # 9021
Gary D. Baer - # 0407
Chynna Scruggs - # 32663
Kim S. Jenkins - # 32809
William H. Sullivan - # 8761
BAER & TIMBERLAKE, P.C.
P.O. Box 18486
Oklahoma City, OK 73154-0486
Telephone:    (405) 842-7722
Facsimile:    (405) 848-9349

don@baer-timberlake.com

BT: 112287                              2                    Affidavit of Mailing NoS



IN THE DISTRICT COURT WITHIN AND FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

AUG 1 3 2018

RICK WARREN
COURT CLERK

FRANKLIN AMERICAN MORTGAGE
COMPANY,
Plaintiff,

vs.

ALEXANDER BEDNAR, et al.,
Defendant(s).

No.    CJ-2016-5004 25

JUDGE    PAUL A. HESSE

## AFFIDAVIT OF PROOF OF MAILING

The undersigned being the person causing the Execution to be issued herein, hereby certifies that he mailed a true and correct copy of the Assignment of Judgment and Bid, Motion To Confirm Sale and Notice of Hearing, by first class mail, postage prepaid, to the judgment debtor(s), all holders of record of an interest in the subject real property, the high bidder at Sheriff's Sale, and all other persons known to the undersigned who claim a lien or any interest in the subject property whose names and addresses are known, on August 10, 2018.

Don Timberlake - # 9021
Gary D. Baer - # 0407
Chynna Scruggs - # 32663
Kim S. Jenkins - # 32809
William H. Sullivan - # 8761
BAER & TIMBERLAKE, P.C.
P.O. Box 18486
Oklahoma City, OK 73154-0486
Telephone:    (405) 842-7722
Facsimile:    (405) 848-9349

don@baer-timberlake.com

BT: 112287



COUNTY OF OKLAHOMA

STATE OF OKLAHOMA

ss.

I state under penalty of perjury on this _10_ day of _August_, 2018, under the laws of Oklahoma that the foregoing is true and correct.

Date: _____8-10-18_____

_____
Don Timberlake - # 9021
Gary D. Baer - # 0407
Chynna Scruggs - # 32663
Kim S. Jenkins - # 32809
William H. Sullivan - # 8761
BAER & TIMBERLAKE, P.C.
P.O. Box 18486
Oklahoma City, OK 73154-0486
Telephone:     (405) 842-7722
Facsimile:     (405) 848-9349

don@baer-timberlake.com

---

## CERTIFICATE OF SERVICE

This is to certify that I did, on this _10_ day of _August_ 2018, mail, *via* first class U.S. mail, a true and correct copy of the above and foregoing to:

Current Occupant
15721 VIA BELLA
EDMOND, OK 73013-6567

Alexander Bednar
15721 VIA BELLA
EDMOND, OK 73013-6567

Jill Bednar
1708 Dorchester Drive
Oklahoma City, OK 73120

Alex Bednar
3030 NW Expressway STE 200
Oklahoma City, OK 73112

RCB Bank
300 West Patti Page Boulevard
Claremore, OK 74017

Charles F. Alden, III, INC., P.C.
309 NW 9th Street
Oklahoma City, OK 73102

Kyle Goodwin
Lee, Goodwin, Lee, Lewis & Dobson
1300 E. 9thStreet, Suite I
Edmond, OK 73034

Rosenstein, Fist & Ringold, Inc.
525 S. Main St, Suite 700
Tulsa, OK 74103

Kent Rainey
525 South Main, #700
Tulsa, OK 74103

Andrea Kunkel
3802 S Delaware Avenue
Tulsa, OK 74105

Kay Sewell
210 Park Avenue, Suite 400
Oklahoma City, OK 73102

Kentco Inc, DBA American Mortgage
Source
3401 NW 63rd Street
Oklahoma City, OK 73116

MFB Revocable Trust
1440 Shadow Rock Ct.
Marietta, GA 30062

United States of America ex rel., Internal
Revenue Services
Mark A. Yancey, U.S. Attorney
210 West Park Ave., Ste. 400
Oklahoma City, OK 73102

Don Timberlake - # 9021

BT 112287



FILED IN DISTRICT COURT
OKLAHOMA COUNTY

IN THE DISTRICT COURT WITHIN AND FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

AUG 1 3 2013

RICK WARREN
COURT CLERK

26_____

FRANKLIN AMERICAN MORTGAGE
COMPANY,
    Plaintiff,

vs.

ALEXANDER BEDNAR, et al.,
    Defendant(s).

No.    CJ-2016-5004

JUDGE    PAUL A. HESSE

## CORRECTED ASSIGNMENT OF JUDGMENT AND BID, AMENDED MOTION TO CONFIRM SALE AND NOTICE OF HEARING

COMES NOW the Plaintiff and moves the Court to confirm the Sheriff's Sale of real estate made pursuant to the judgment entered and Special Execution And Order Of Sale issued in this cause.

Said property was sold by the Sheriff, with appraisement, after due and proper notice of sale, to Alex Bednar, for the sum of $529,000.00. Alex Bednar then failed to post any part of the deposit required, and the Sheriff then accepted the bid of the second highest bidder, that of the Plaintiff, Franklin American Mortgage Company, for the sum of **$528,200.00**, as credit on its judgment, it being more than two-thirds of the total appraised value of said property, all as more fully appears from the Amended Return Of Sale filed herein by the said Sheriff.

The Plaintiff, having acknowledged receipt of a good and valuable consideration paid to said Plaintiff by **Federal National Mortgage Association**, and said Plaintiff, having thereupon orally assigned the judgment and bid herein, together with all of its right, title and interest in and to said real estate and premises, to said **Federal National Mortgage Association**, requests that the Sheriff be ordered and directed to execute a deed to **Federal National Mortgage Association**, assignee of said judgment and bid as aforesaid, and that the Court make and enter findings of fact and conclusions of law as may be required to support the confirmation of the sale.

BT: 112287



## NOTICE OF HEARING

MOTION SET FOR HEARING in Court Room 1, of the Canadian County courthouse, 201 North Choctaw Ave., El Reno, 73036, before Judge Paul Hesse on September 6, 2018 at 9:00 AM.

Don Timberlake - # 9021
Gary D. Baer - # 0407
Chynna Scruggs - # 32663
Kim S. Jenkins - # 32809
William H. Sullivan - # 8761
BAER & TIMBERLAKE, P.C.
P.O. Box 18486
Oklahoma City, OK 73154-0486
Telephone:    (405) 842-7722
Facsimile:    (405) 848-9349

don@baer-timberlake.com



THE DISTRICT COURT WITHIN AND FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

*FILED IN DISTRICT COURT*
*OKLAHOMA COUNTY*

*SEP -6 2018*

*RICK WARREN*
*COURT CLERK*

93

FRANKLIN AMERICAN MORTGAGE
COMPANY,
    Plaintiff,

vs.

ALEXANDER BEDNAR, et al.,
    Defendant(s).

No.   CJ-2016-5004

JUDGE PAUL A. HESSE

## ORDER CONFIRMING SALE

On September 6, 2018, the above entitled cause came on to be heard on the Motion To Confirm Sale of the Plaintiff for confirmation of Sheriff's sale of the following described real estate, located in Oklahoma County, Oklahoma, to-wit:

> Lot One (1), in Block Seven (7) of Esperanza Sec. 2, an Addition to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof AND Lot Nine (9), in Block Seven (7) of Esperanza Sec. 2, an Addition to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof;

the Plaintiff appearing by its attorney, and the Defendants appearing not (appeared pro se) and are in default.

Thereupon, the Court, after hearing said Motion and examining the files and proceedings herein, and particularly the Special Execution and Order Of Sale; Valuation and Appraisement; Notice of Sheriff's Sale and Proof of Publication thereof; Amended Sheriff's Return; Affidavits of Attorney for Plaintiff; Notice Of Hearing, Corrected Assignment Of Judgment And Bid, Amended Motion To Confirm Sale, and statutory notices thereof, finds:

That said sale has in all respects been made in conformity with the order of this Court and as provided by law; that the Sheriff sold said real estate at public auction, with appraisement, to **Franklin American Mortgage Company**, it being the highest and best bidder, and for the price of **$528,200.00**, as credit on its judgment, that being the highest and best bid made, and same being more than two-thirds of the appraised value of said property, and that said sum is not disproportionate to the total value of said real estate.

That thereafter, the Plaintiff acknowledged receipt of a good and valuable consideration paid to said Plaintiff by **Federal National Mortgage Association**, and said Plaintiff thereupon orally assigned the judgment and bid herein, together with all of its right, title and interest in and to said real estate and premises, to said **Federal National Mortgage Association**; that said assignment is valid in all respects and is hereby approved and confirmed by the Court.

BT: 112287



IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court, that said sale be approved and confirmed, and that the Sheriff of said County make and execute to said **Federal National Mortgage Association**, a good and sufficient Sheriff's Deed to the premises above described.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court, that upon praecipe of the purchaser of the property that is the subject of this action and for the protection of the property and interests that are the subject of the action, that the Clerk of this Court shall forthwith and immediately, issue a Writ of Assistance directed to the Sheriff of said County, commanding said Sheriff to forthwith oust all persons in possession of said real estate, and to place said grantee in the quiet and peaceable possession thereof, and that the refusal of said persons, or any of them, as aforesaid, to deliver immediate possession of said premises to said grantee, its successors and assigns, may be deemed in contempt of Court.

_____
JUDGE OF THE DISTRICT COURT

Approved:

_____
Don Timberlake - # 9021
BAER & TIMBERLAKE, P.C.
P.O. Box 18486
Oklahoma City, OK 73154-0486
Telephone:     (405) 842-7722
Facsimile:     (405) 848-9349
don@baer-timberlake.com

Agreed as to Form:

Signature waived by Judge

_____
Alexander L Bednar, Esq., OBA # 19635
3030 Northwest Expressway Suite 200
Oklahoma City, OK 73112
Telephone: (405) 267-1725
Facsimile: (405) 213-1801
Bednarconsult@gmail.com

**CJ-2016-5004**

BT: 112287



# stewart title

## ALTA COMMITMENT FOR TITLE INSURANCE

ISSUED BY
STEWART TITLE GUARANTY COMPANY

STEWART TITLE GUARANTY COMPANY, a Texas Corporation ("Company"), for a valuable consideration, commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the Proposed Insured named in Schedule A, as owner or mortgagee of the estate or interest in the land described or referred to in Schedule A, upon payment of the premiums and charges and compliance with the Requirements; all subject to the provisions of Schedules A and B and to the Conditions of this Commitment.

This Commitment shall be effective only when the identity of the Proposed Insured and the amount of the policy or policies committed for have been inserted in Schedule A by the Company.

All liability and obligation under this Commitment shall cease and terminate six months after the Effective Date or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue the policy or policies is not the fault of the Company.

The Company will provide a sample of the policy form upon request.

This Commitment shall not be valid or binding until countersigned by a validating officer or authorized signatory.

IN WITNESS WHEREOF, Stewart Title Guaranty Company has caused its corporate name and seal to be affixed by its duly authorized officers on the date shown in Schedule A.

Countersigned by:

Authorized Countersignature

Stewart Title of Oklahoma, Inc.
701 N. Broadway. Suite 300
Oklahoma City, OK 73102
(405) 232-6764

**Matt Morris**
**President and CEO**

**Denise Carraux**
**Secretary**

For purposes of this form the "Stewart Title" logo featured above is the represented logo for the underwriter, Stewart Title Guaranty Company.

**Copyright 2006-2009 American Land Title Association. All rights reserved.**
The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited.   Reprinted under license from the American Land Title Association.
File No. 01043-55074
004-UN ALTA Commitment 6-17-06



## CONDITIONS

1.     The term mortgage, when used herein, shall include deed of trust, trust deed, or other security instrument.

2.     If the proposed Insured has or acquired actual knowledge of any defect, lien, encumbrance, adverse claim or other matter affecting the estate or interest or mortgage thereon covered by this Commitment other than those shown in Schedule B hereof, and shall fail to disclose such knowledge to the Company in writing, the Company shall be relieved from liability for any loss or damage resulting from any act of reliance hereon to the extent the Company is prejudiced by failure to so disclose such knowledge. If the proposed Insured shall disclose such knowledge to the Company, or if the Company otherwise acquires actual knowledge of any such defect, lien, encumbrance, adverse claim or other matter, the Company at its option may amend Schedule B of this Commitment accordingly, but such amendment shall not relieve the Company from liability previously incurred pursuant to paragraph 3 of these Conditions.

3.     Liability of the Company under this Commitment shall be only to the named proposed Insured and such parties included under the definition of Insured in the form of policy or policies committed for and only for actual loss incurred in reliance hereon in undertaking in good faith (a) to comply with the requirements hereof, or (b) to eliminate exceptions shown in Schedule B, or (c) to acquire or create the estate or interest or mortgage thereon covered by this Commitment. In no event shall such liability exceed the amount stated in Schedule A for the policy or policies committed for and such liability is subject to the insuring provisions and Conditions and the Exclusions from Coverage of the form of policy or policies committed for in favor of the proposed Insured which are hereby incorporated by reference and are made a part of this Commitment except as expressly modified herein.

4.     This Commitment is a contract to issue one or more title insurance policies and is not an abstract of title or a report of the condition of title. Any action or actions or rights of action that the proposed Insured may have or may bring against the Company arising out of the status of the title to the estate or interest or the status of the mortgage thereon covered by this Commitment must be based on and are subject to the provisions of this Commitment.

5.     *The policy to be issued contains an arbitration clause.    All arbitrable matters when the Amount of Insurance is $2,000,000 or less shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties.  You may review a copy of the arbitration rules at< http://www.alta.org/>.*

All notices required to be given the Company and any statement in writing required to be furnished the Company shall be addressed to it at P.O. Box 2029, Houston, Texas 77252.

**Copyright 2006-2009 American Land Title Association. All rights reserved.**
The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited.  Reprinted under license from the American Land Title Association.
File No. 01043-55074
004-UN ALTA Commitment 6-17-06



COMMITMENT FOR TITLE INSURANCE
SCHEDULE A

File No.: 01043-55074

**1. Effective Date:** July 24, 2017 at 7:30 AM

Prepared For:      Stewart Title of Oklahoma, Inc.
                   701 North Broadway, Suite 300
                   Oklahoma City, OK 73102

Inquiries should be directed to:
   Margaret Miller/JM

**2. Policy or Policies to be issued:**

   (a) A.L.T.A. Owner's Policy      2006 (Standard)

   Proposed Insured:



   (b) A.L.T.A. Loan Policy      2006 (Standard)

   Proposed Insured:

   Cash



**Amount of Insurance**
$52,500.00

**3. The estate or interest in the land described or referred to in this Commitment and covered herein is:**

   Fee Simple

**4. Title to the said estate or interest in said land is at the effective date hereof vested in:**

   RCB Bank, pursuant to Sheriff's Deed dated October 20, 2016 and recorded November 8, 2016 at Book 13281, Page 1432 (entry 602).

**5. The land referred to in this Commitment is described as follows:**

   Lot One (1), in Block Seven (7), of ESPERANZA SEC. 2, an Addition to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof.

TAX ID#:  206491910

For information purposes only, the property address is purported to be:
15720 Via Sierra, Edmond, OK 73013



**Copyright 2006-2009 American Land Title Association.  All rights reserved.**
The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited.  Reprinted under license from the American Land Title Association.
File No. 01043-55074
STG ALTA Commitment Sch A OKB

Page 1 of 1      **STEWART TITLE
                 GUARANTY COMPANY**



COMMITMENT FOR TITLE INSURANCE
SCHEDULE B
PART I

File No.: 01043-55074

The following are the requirements to be complied with:

1. Show that restrictions or restrictive covenants have not been violated.

2. Payment to or for the account of the grantors or mortgagors of the full consideration for the estate or interest, mortgage or lien to be issued.

3. Furnish proof of payment of all bills for labor and material furnished or to be furnished in connection with improvements erected or to be erected.

4. Pay all general and special taxes now due and payable including the following:

   2016 and prior years ad valorem taxes paid.

5. Determine by gap check that no adverse documents, transactions, or other matters, affecting title, or as against insured owner(s) have been filed subsequent to the effective date of this commitment to the actual date of closing.

6. Obtain an affidavit of the Seller (Borrower) that said Seller or Borrower is not a foreign person as that term is defined in Section 1445 of the Internal Revenue Code of 1954 as amended (the Code), and the applicable regulations. If a foreign person, then compliance is required with the Code, its rules and regulations pertaining thereto.

7. Obtain an affidavit and indemnity from the Seller (Borrower) as to debts, liens and possession.

8. Have a certified survey performed by a registered land surveyor or civil engineer certifying that said survey was made on the ground of the subject property, that the same is correct and that there are no discrepancies, conflicts, shortages in area, boundary line conflicts, encroachments, overlapping of improvements, easements, or rights of way as shown herein, and that said property has access to and from a dedicated highway.

9. Stewart Title requires **Certified Funds** at closing in the form of a Certified Check, Cashiers Check, U.S. Treasury Check or Wire Transfer into our escrow account.

10. Stewart Title requires all parties to present a valid Drivers License or other acceptable Photo I.D. at closing.

11. Obtain the written assurance of the homeowner's association of Esperanza Section 2 to the effect that no assessments for maintenance or other purposes now constitute a lien on the subject premises.

12. Obtain the written assurance of The Villas at Esperanza Homeowners Association, Inc. to the effect that no assessments for maintenance or other purposes now constitute a lien on the subject premises.

13. The property is currently subject to a foreclosure action filed as District Court of Oklahoma County Case No. CJ-2015-192, styled *RCB Bank v. Alexander Bednar*, et al. Although an Order Confirming Sale has been entered and a Sheriff's Deed has been issued, there is a pending Motion to Set Aside [the Order Confirming Sheriff's Sale] filed by the Defendant. **Requirement:** Obtain and submit for examination and possible further requirements a **final, non-appealable** Order Denying the Motion to Set Aside.

14. The property is also currently subject to a foreclosure action filed as District Court of Oklahoma County Case No. CJ-2016-5004, styled *Franklin American Mortgage Company v. Alexander Bednar*, et al. In this regard, obtain and file the following: (a) Dismissal with Prejudice of the foreclosure suit; and (c) Release of the Notice of Pending

Copyright 2006-2009 American Land Title Association. All rights reserved.
The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited. Reprinted under license from the American Land Title Association.



# COMMITMENT FOR TITLE INSURANCE
## SCHEDULE B
### PART I

Suit recorded at Book 13246, Page 1703 (entry 644), **insofar as it affects the subject premises**.

15. Obtain and file for record a properly executed Partial Release of the Mortgage in favor of Mortgage Electronic Registration Systems Inc., acting solely as nominee for American Mortgage Source dated May 22, 2013 and recorded June 5, 2013 at Book 12262, Page 1110 (entry 151-C) in the principal amount of $417,000.00, insofar as it affects the subject premises. Said Mortgage is now held by Franklin American Mortgage Company, pursuant to Assignment of Mortgage recorded January 23, 2015 as Book 12735, Page 1279 (entry 24-D).

16. Obtain and file for record a properly executed Quit Claim Deed by Alexander Bednar in favor of purchaser covering the subject premises. Said deed should contain a recital of the marital status of the grantor; if married, the spouse should be identified and join in the execution of the conveyance.

17. Obtain and file for record a properly executed Warranty Deed by RCB Bank in favor of purchaser covering the subject premises.

18. Be advised that this Commitment will remain effective for a period of 180 days commencing July 24, 2017 at 7:30 a.m.

19. The Company reserves the right to make additional requirements based upon additional information derived from our review of the transaction.

Copyright 2006-2009 American Land Title Association. All rights reserved.
The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited.   Reprinted under license from the American Land Title Association.

File No. 01043-55074
OK STG ALTA Commitment Sch B I

Page 2 of 2    STEWART TITLE
                GUARANTY COMPANY



# COMMITMENT FOR TITLE INSURANCE
## SCHEDULE B
### PART II

File No.: 01043-55074

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the Effective Date but prior to the date the proposed Insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.

2. Standard Exceptions:
    a. Rights or claims of parties in possession not recorded in the Public Records.
    b. Easements or claims of easements not recorded in the Public Records.
    c. Encroachments, overlaps, boundary line disputes, or other matters which would be disclosed by an accurate survey or inspection of the Land.
    d. Any lien, or right to a lien, for services, labor, material, or equipment heretofore or hereafter furnished, imposed by law and not recorded in the Public Records.
    e. Taxes or assessments which are not recorded as existing liens by the Public Records.

    Special Exceptions:

3. Taxes for the year 2017 and subsequent years, the amounts of which are not ascertainable, due or payable.

4. Minerals of whatsoever kind, subsurface and surface substances, including but not limited to coal, lignite, oil, gas, uranium, clay, rock, sand and gravel in, on, under and that may be produced from the Land, together with all rights, privileges, and immunities relating thereto, whether or not appearing in the Public Records or listed in Schedule B. The Company makes no representation as to the present ownership of any such interests. There may be leases, grants, exceptions or reservations of interests that are not listed.

5. Statutory Section Line Road Easements in favor of the State of Oklahoma, where applicable.

6. Order of Oklahoma Water Resources Board recorded at Book 3565, page 232 (entry 138).

7. Easement in favor of Southwestern Bell Telephone Company recorded at Book 4531, Page 1010 (entry 449).

8. Easement in favor of Oklahoma Gas & Electric Company recorded at Book 4666, Page 1891 (entry 453).

9. Easement in favor of Oklahoma Gas & Electric Company recorded at Book 4666, Page 1897 (entry 459).

10. Easement in favor of Oklahoma Gas & Electric Company recorded at Book 4666, Page 1899 (entry 461).

11. Easement in favor of Oklahoma Gas & Electric Company recorded at Book 4666, Page 1903 (entry 465).

12. Easement in favor of Southwestern Bell Telephone Company recorded at Book 4989, Page 1683 (entry 467).

13. Easement in favor of the City of Oklahoma City recorded at Book 5166, Page 852 (entry 468).

14. Temporary Easements for Ingress and Egress in favor of the City of Oklahoma City recorded at Book 8097, Page 1980 (entry 774) and Book 8339, Page 1539 (entry 782).

15. Owners Certificate, Dedication, Plat and Restrictions of Esperanza Section 2 recorded at Book 63 of Plats, Page 2 (entry 836).

Copyright 2006-2009 American Land Title Association. All rights reserved.
The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited.  Reprinted under license from the American Land Title Association.



## COMMITMENT FOR TITLE INSURANCE
## SCHEDULE B
## PART II

16. All easements, building set back lines, limitations on access, notes and other matters shown on or set forth in the recorded Plat.

17. Declaration of Restrictions and Covenants for Esperanza recorded at Book 8100, Page 438 (NIA); Amendments recorded at Book 9319, Page 119 (entry 56-C), Book 9547, Page 1185 (entry 64-C), Book 9957, Page 948 (entry 79-C) and Book 10679, Page 657 (entry 9-C).

18. Order and Decree Vacating Plat Requirements Concerning Sidewalks and Handicap Ramps for the Plat of Esperanza Sec. 2 recorded at Book 11789, Page 1396 (entry 12-C).

19. Declaration of Covenants, Conditions and Restrictions for the Villas at Esperanza recorded at Book 9957, Page 956 (entry 32-C); Amendment recorded at Book 11206, Page 634 (entry 54-C).

20. Owner's Certificate, Dedication and Plat of Prestige Plaza recorded at Book 64 of Plats, Page 24 (entry 87-C).

21. Any claim arising from the fact that the subject premises does not have a public means of ingress and egress thereto and that access is by private street only.

22. Assessments of dues and charges by owners associations.

Copyright 2006-2009 American Land Title Association. All rights reserved.
The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited.    Reprinted under license from the American Land Title Association.

Page 2 of 2    **STEWART TITLE**
**GUARANTY COMPANY**



**Hesse, Paul**

| | |
|---|---|
| From: | Hesse, Paul |
| Sent: | Friday, June 08, 2018 2:40 PM |
| To: | Byler, Jennifer |
| Subject: | RE: Oklahoma County case CJ-2016-504, Franklin American Mortgage v. Alexander Bednar. |

Jennifer: Judge Andrews court minute today at 1:37 p.m. indicates that the motion for default judgment was "stricken." It was my understanding that the hearing on the motion for default judgment was to be heard by me today. Was Mr. Bedar told prior to this afternoon that the hearing on the motion was stricken?

Should your minute simply say that the case was transferred to me? Thank you.

Paul Hesse

From: Byler, Jennifer
Sent: Friday, June 08, 2018 1:54 PM
To: Hesse, Paul
Subject: RE: Oklahoma County case CJ-2016-504, Franklin American Mortgage v. Alexander Bednar.

*You are very welcome sir, please let me know if I can do anything else for you!! Have a great rest of your day and weekend!!!*

Jennifer Byler
Deputy Court Clerk for
District Judge Don Andrews
320 Robert S Kerr, Suite 409
Oklahoma City, Oklahoma 73102
05-713-1172

From: Hesse, Paul
Sent: Friday, June 08, 2018 1:53 PM
To: Byler, Jennifer <Jennifer.Byler@oscn.net>
Subject: RE: Oklahoma County case CJ-2016-504, Franklin American Mortgage v. Alexander Bednar.

ank you.

From: Byler, Jennifer
Sent: Friday, June 08, 2018 1:52 PM
To: Hesse, Paul
Subject: RE: Oklahoma County case CJ-2016-504, Franklin American Mortgage v. Alexander Bednar.



I am sitting out here now for our 1:30 motion docket and he is not here and has not appeared in here this afternoon. I have been watching just to make sure he doesn't show up here instead of there.

Jennifer Byler
Deputy Court Clerk for
District Judge Don Andrews
320 Robert S Kerr, Suite 409
Oklahoma City, Oklahoma 73102
405-713-1172

From: Hesse, Paul
Sent: Friday, June 08, 2018 1:51 PM
To: Byler, Jennifer <Jennifer.Byler@oscn.net>
Subject: FW: Oklahoma County case CJ-2016-504, Franklin American Mortgage v. Alexander Bednar.

Jennifer: Would you or the bailiff check the courtroom and make sure that Mr. Bednar did not appear at your courthouse. Thank you.

From: Hesse, Paul
Sent: Friday, June 08, 2018 1:48 PM
To: Byler, Jennifer
Subject: Oklahoma County case CJ-2016-504, Franklin American Mortgage v. Alexander Bednar.

Jennifer: I have a favor to ask. Can you please make the following minute for me? I am unable to do it from Canadian County. If you have any questions, please let me know. Thank you!

This case comes on this day on the Plaintiff's Motion for Default Judgment filed on May 16, 2018. This case was assigned to me by Civil Docket Transfer Order issued and filed on May 18, 2018. Attorney Don Timberlake appeared for the Plaintiff. Defendant Alexander Bednar failed to appear and he has not filed any response. Court finds that the Defendant Bednar was properly served and was given notice of this hearing. Motion for default judgment granted. Plaintiff is to prepare a journal entry.

Paul Hesse
District Court Judge
26th Judicial District
Canadian County Courthouse
301 N. Choctaw
El Reno, Oklahoma 73036
(405) 295-6203



from:    **Alex**
         Bednar <bednarconsult@gmail.com>

to:    mary.hicks@oscn.net,
       don@baer-timberlake.com

date:    Mon, Jun 11, 2018 at 9:18 AM

subject:    Please pass on this letter to Judge
      Hesse immediately regarding recusal

mailed-
by:    gmail.com

I wrote this letter Friday but no one was in the office to give me an email address to send it to, so I left a message for Judge Hesse.

Under Rule 15, a judge is not to rule on any matter while a pending challenge to recusal is underway. As such, please advise Judge Hesse that I am requesting he not rule on any Default Judgment presented by Don Timberlake on OK Co case CJ-2016-5004. I asked professional courtesy from Mr. Timberlake on Friday at 5 pm not to present ex parte a proposed Order in this case I would be requesting recusal, but Mr. Timberlake said he would nevertheless present an Order. Please tell Judge Hesse I believe it is inappropriate for him to sign any default judgment at this time, given the numerous issues in the attached letter.

The foreclosure case was assigned to Judge Hesse on <u>May 18, 2018</u>. Under local rule 11 (which requires <u>23 days for motion settings</u>), no motion could have been set or heard before Judge Hesse prior to June 11. Secondly, the defense did not serve the Motion on me and there is no certificate of service. The Petition was never served on me within 180 days and I have an outstanding Motion to Strike Service. Assuming that the service on the Defense's "Certificate of Mailing" filed June 4 was valid, the Defense states it mailed it out on May 23, making Mr. Bednar's response not yet due on June 8 at 1:30.

Lastly, Judge Hesse had Judge Andrews' clerk Jennifer change Judge Andrews' docket entry ruling after I apprised Judge Hesse that Judge Andrews' had stricken the hearings placed on his docket and that they needed to be reset appropriately with Judge Hesse's clerk. I am extremely distraught that Judge Hesse manipulated the OSCN docket entry ruling from Judge Andrews <u>to falsely reflect what was there at the time I was in the office with him setting another matter onto his docket.</u>

Please see the attached letter of recusal which has the Local Rules as well.

--
Alexander L. Bednar, J.D., LL.M.
**BEDNAR LAW FIRM**
3030 Northwest Expressway
Suite 200
Oklahoma City, OK 73112
Tel. 405.267.1725
Fax. 405.213.1801

IMPORTANT NOTICE. Information contained in this message may contain <u>privileged and/or sensitive information</u>. If you are not the intended recipient or have received this communication by accident, please delete immediately.
Attachments area

THE
# BEDNAR
### LAW FIRM

An Oklahoma Professional Corporation

#### ATTORNEYS AND COUNSELORS AT LAW

3030 Northwest Expwy, Ste 200                       Tel.  405.267.1725
Oklahoma City, OK 73112      bednarconsult@gmail.com     Fax.  405.213.1801

June 8, 2018

Hon. Paul Hesse
301 N. Choctaw
El Reno, OK 73036

> **Re:** *Request for Recusal due to a) Email From you to Jennifer in Judge Andrews' office Directing her to Materially Change Judge Andrews' OSCN Docket Entry Ruling Striking the Hearing on Default Judgment and b) your Finding Mr. Bednar was Served when Mr. Bednar's Motion of May 16, 2018 to Strike Service in CJ-2016-5004 has not been Heard, and c) as Mr. Bednar's response time had not lapsed and your failure to observe local rule regarding service of motions and setting them*

Judge Hesse,

<u>Issue 1.  Manipulation of Judge Andrews' Docket Entry Ruling.</u>
I am extremely disappointed to have learned that you contacted Judge Andrews' assistant and directed her through an email to change Judge Andrews' minute order of June 8, 2018 (today), that specifically had stricken a hearing for default judgment, set on Judge Andrews' docket and filed on May 16, 2018, the same day that I filed a Motion to Strike Service as Deficient.

I was told by Judge Andrew's office that the hearings for motions filed in May and set in his calendar for June and July were stricken because Judge Henderson had transferred the case to you.  I was told I needed to go reset my motions with you.  The docket entry on OSCN *as it existed at 2 pm today* (containing the word "stricken") reflected EXACTLY what judge Andrews' office had told me when they called me to tell me the case was transferred to you.

I personally was in your office today on June 8, 2018 at 2 pm setting another Oklahoma County case transferred to you, because that is what the Oklahoma County Judges instructed me to do as the Oklahoma County Judges dockets were not controlling.  You indicated to me at 2 pm that you had just ruled on a default against me in the foreclosure case.  It was I who told you then and there that the matter had been stricken from Judge Andrews' docket and that I had not been notified of it being re-set on your calendar.  I also discussed the issue of lack of proper service had not been set for hearing.  *I then had Ms. Thummel point out to you that the docket entry showed the default judgment matter was stricken.*

After I pointed out that the default judgment you told me you ruled on at 1:30 was supposed to have been stricken, you took action to materially change another Judge's (Judge Andrews') docket entry, in an obvious attempt to manipulate the published proof of the hearing being stricken, and to support the default judgment ruling you had apparently just issued against me.

I spoke with opposing counsel in the case, Mr. Timberlake at 5 pm today, on Friday, June 8, 2018, and discussed my concerns about your actions earlier today. Under local Oklahoma County and Canadian County Rules, an Order is to be circulated among counsel prior to submission to a judge. I instructed Mr. Timberlake not to present any proposed Order to you, as I would be asking you to recuse due to actions today of bias in changing the OSCN published docket entry from Judge Andrews. Under Oklahoma law, a judge is not to rule on any matter until recusal is fully adjudicated. In light of my stating to Mr. Timberlake my intended course of action, he stated he would nevertheless present an Order of default to you. Please do not sign it or any other Orders as you have been placed on notice that I have asked you to recuse.

I left you a message today to contact me and discuss my concerns about your actions.

<u>Issue 2. Impossible Ruling by Judge Hesse regarding service without evidentiary hearing, and prior to hearing Mr. Bednar's Motion to Strike Service filed May 16, 2018.</u>
I read your docket entry, and am concerned you found somehow that I was served, in light of the fact on May 16, 2018 I filed a Motion to Strike False Return of Service. You could not have possibly found I was served within 180 days from the deficient Motion for Default Judgment, which has a dueling Motion to Strike Service the same day. This is evidence of bias.

<u>Issue 3. There is no service for the Motion for Default Judgment filed May 16 2018; the June 4, 2018 Notice of Hearing states it was mailed May 23, 2018 indicating Mr. Bednar's response time had not even occurred prior to 1:30 pm June 8, 2018 time; failure to follow Local Rule for Oklahoma and Canadian County that requires a motion to be set 23 days out with proper judge</u>
The Motion for Default Judgment filed May 16 does not mention service of it, in violation of Local Rule 10 for the Seventh Judicial District, and no certificate of service indicates it was actually sent to Mr. Bednar. Only a strange June 4, 2018 "Certificate of Mailing" states that only a "Notice of Hearing" filed May 16 was allegedly mailed to Mr. Bednar on May 23, 2018, just before a weekend. Under the mailbox rule, Mr. Bednar's time to have received the Motion and respond to it would not have even lapsed by 1:30 pm on June 8. Lastly, local Court Rule 11 for the Seventh Judicial District mandates that a Motion shall be set by the assigned judge's clerk "not less than 23 days from the date the motion is presented for setting." No one in your office ever set the deficient Motion for Default Judgment onto your docket 23 days out.

After careful scrutiny of the events that occurred today, I cannot fathom of any proper reason you, Judge Hesse, would email Jennifer in Judge Andrews and ***have her change an existing, published docket entry from Judge Andrews***, except to manipulate the truth and make it appear that Mr. Bednar did not have a reason to be absent from the hearing today; you exerted your power to change an existing docket order entry from Judge Andrews, to support your ruling on default after Mr. Bednar pointed out to you in your office he was told it was stricken. This sort of action meets the threshold of the appearance of possible bias, as stated in *Casey*.

Please provide me immediately with a copy of the email you sent to Jennifer after I met with you earlier today, wherein you directed her to materially change Judge Andrews' existing entry in this matter (the entry that stated "Motion for Default Judgment Stricken.") Please also provide me with *all other communications* you have sent or received from Oklahoma County judges or their staff regarding me or my cases.

Due to the seriousness of your action in manipulating another judge's docket entry to my detriment, coupled with your finding I had been served, and your ruling prior to my response time and without setting the matter 23 days from receipt of the motion in your office, please recuse from this and all cases of mine immediately.

Yours Very Truly,

Alexander L. Bednar, J.D., LL.M.

Ok ; CANADIAN Co LOCAL RULES

sanctioned by the Court for violation of Court rules.

D.  It should be noted that it is the cause of action rather than the identity of the parties that is determinative of whether or not the case comes within the scope of this rule and should be reassigned.

E.  Any re-filed case shall recite in the petition/information the style, case number, and name of the assigned judge of the previously filed case.

## RULE NO. 9

## REASSIGNMENT AND CONSOLIDATION OF CASES INVOLVING IDENTICAL ISSUES:

Whenever two or more cases involving identical issues and involving one or more parties common to all cases are pending, the judge of the division to which the lowest numbered case is assigned may consolidate and reassign all such cases to that assigned judge. Cases will be consolidated to the lowest case number. A copy of the order of consolidation shall be filed in each case affected by the consolidation.

## RULE NO. 10

## PLEADINGS AND SERVICE:  ALL CASES

A.  In addition to complying with the provisions of 12 O.S. Section 2011, paper pleadings and documents, filed in the office of the Court Clerk should be typewritten on a good grade of white paper size 8 ½ inches by 11 inches or 8 ½ inches by 14 inches.  No blank spaces filled in with the words or expression "NA", "NONE", or similar terms are permitted.  Blank spaces for dollar amounts and dates only are allowed.  Pleadings shall not contain attorney name, firm name, address, phone number, facsimile number, e-mail address, or other similar letterhead type information in the margins of such pleadings or any page thereof except as required by section B of this Rule.  Additional requirements for briefs are set forth in Rule 37.

B. The last page of every document shall contain the name, bar number if applicable, address, telephone number, facsimile number and e-mail address of the person filing the pleading and the name, address, telephone number, facsimile number and e-mail address of the opposing party or counsel, if known. The party filing the pleading shall designate which party each counsel represents.

C. All civil actions, other than those filed in the Small Claims Division, are commenced by filing the original petition with the Court Clerk. The petition and summons shall be served as required by law.

D. Parties or attorneys filing motions, pleadings, orders or journal entries after the petition has been filed shall serve copies by hand delivery, by mail or by facsimile transmission (FAX) to opposing counsel of record on the same day. A certificate of service shall be noted on the original instrument filed. Copies of all motions and briefs shall be hand delivered or mailed to the office of the assigned judge, or faxed, with permission of the assigned judge, if time is of the essence, in compliance with Rule 37.

E. Unless specifically permitted or invited by the assigned judge, copies of correspondence between counsels should not be sent to the Court. When correspondence is permitted or requested by the assigned judge, copies shall be served on all other parties and counsel of record on the same day.

F. In all cases, excluding those filed in the Juvenile Division, unless the parties shall be properly named or identified, the Court shall not conduct any hearing, approve any order, or grant any relief. In those cases where the petition has been filed without the parties being properly named or identified, an amended petition shall be filed clarifying the caption of the case. In addition, an order directing the Court Clerk to amend the appearance docket to reflect the corrected names of the parties shall be filed simultaneously with the filing of the amended petition.

## RULE NO. 10.1

## PRIVACY ISSUES

A. **Redacted Filings.**
It is the responsibility of counsel and the parties to be sure that all filed

for redaction. The parties shall refrain from including, or shall redact where inclusion is necessary, the following personal identifiers from any document filed with the Court Clerk, unless otherwise ordered by the Court:

> (1) Social Security Numbers – if an individual's social security number must be included in a document, only the last four digits of the number shall be used.

> (2) Names of Minor Children – if the involvement of a minor child must be mentioned, only the initials of the child's name shall be used.

> (3) Dates of Birth – if an individual's date of birth must be included in a pleading, only the year should be used.

> (4) Credit Card & Financial Account Numbers – if a credit card or financial account number is relevant, only the last four digits of any such account number shall be used.

> (5) Taxpayer Identification Numbers - if a taxpayer identification number must be included in a document, only the last four digits of the number shall be used.

B.    Exemption from the Redaction Requirement.
The redaction requirement does not apply to the following:

> (1) a credit card or bank account number that identifies property allegedly subject to forfeiture, foreclosure, replevin or other writ, such as in a foreclosure, replevin or debt collection proceeding;

> (2) the record of an administrative or agency proceeding;

> (3) the record of a court or tribunal, if that record was not subject to the redaction requirement when originally filed;

> (4) family, probate, adoption, protective order or name change cases; and

> (5) felony cases, misdemeanor cases, traffic ticket cases, or any other cases where statutory law or Rules and Forms promulgated by the Court of Criminal Appeals require the inclusion of a complete personal identifier number.

C.    Filings Under Seal.
Subject to the limitations set out in 12 O.S. 2011, § 3226C(2) and 51 O.S. 2011, § 24A.29, the Court may order that any document (or portion thereof) be filed

person who made the filing to file a redacted version for the public record. Any request to file a document (or portion thereof) under seal shall be made by motion and shall show strict compliance with §§ 3226C(2) & 24A.29. Protective orders that attempt to generally authorize the filing under seal of any document or category of documents that the parties claim to be confidential or trade secrets will not satisfy this rule. Any Court order that authorizes a document to be filed under seal shall specifically describe and identify the document or category of documents to be filed under seal.

D. <u>Waiver.</u>
A person waives the protection of Rule 10.1 as to the person's own information by filing it without redaction and not under seal.

E. <u>Authority for Rule.</u>
12 O.S. 2011, § 3226C(2); 51 O.S. 2011, §§ 24A.2 & 24A.25; 24A.29; <u>Oklahoma Public Employees Association v. State Of Oklahoma ex rel. Oklahoma Office Of Personnel Management, et al.,</u> 2011 OK 68, 267 P.3d 838, 851.

# RULE NO. 11

## MOTION DOCKETS:

A. The deputy court clerk located in the office of each judge shall furnish and keep a motion docket as directed by each judge. The party or counsel presenting the motion shall obtain a hearing date from the assigned judge's clerk. The clerk shall enter it upon the motion docket of the assigned judge, not less than 23 days from the date the motion is presented for setting. The Court may set a motion specially. The motion shall be filed with the Court Clerk's office and served as required by Rule 10.

B. The presenting party shall be responsible for notifying all other parties or counsel of record of the hearing date. It is not appropriate to mail motions to the Court Clerk's office and request a hearing date or ask the Court Clerk to obtain the signature of the assigned judge.

C. If a motion is not presented for hearing when called, the Court may in its discretion dismiss, continue or rule upon it. Motions not contested may be disposed of by announcement, without necessity of all counsel appearing. Counsel shall be responsible for notifying the Court if the motion will not be

presented.   If any matter or cause is submitted to the Court and taken under advisement, the judge shall notify counsel of the decision reached.

D.    When a motion is ruled on, counsel for the prevailing party shall within ten (10) days thereafter prepare a journal entry of the ruling and present it to counsel for the adverse parties, and if it be approved by all the attorneys, it shall be presented to the Court for signature.  If counsel are unable to agree upon the form of journal entry, the prevailing party shall give notice of presentation and present the matter for settlement of journal entry at the next motion day of the division in which said matter was heard, or such other time as the assigned judge shall direct.

# RULE NO. 12

## CHANGE OF NAME

A.    All applicants shall present evidence of the publication notice required by Title 12 O.S. Section 1633 to the assigned judge at the time of the scheduled hearing.

B.    Applicants for name change of a minor must show that the court appointed guardian, parents, or the non-custodial parent, if the application is made by the custodial parent, have been notified of the application and date of the hearing, unless excused by the judge hearing the application.

# RULE NO. 13

## TEMPORARY RESTRAINING ORDERS:

A.    When a Temporary Restraining Order is sought in a suit for injunctive relief, after the petition has been filed and the case assigned to a judge, the application for the TRO may be taken to the assigned judge to be heard or set for hearing as may be ordered.

B.    No ex-parte restraining order will be issued against any person, firm or