

**Dated: October 22, 2018**

**The following is ORDERED:**

Sarah A Hall
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ALEXANDER LOUIS BEDNAR, | ) | Case No. 15-11916 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ALEXANDER L. BEDNAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 18-01096 |
| | ) | |
| FRANKLIN AMERICAN MORTGAGE | ) | |
| COMPANY, FEDERAL NATIONAL | ) | |
| MORTGAGE ASSOCIATION, and | ) | |
| OKLAHOMA COUNTY SHERIFF, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER DENYING EMERGENCY MOTION [DOC. 10]</u>

On October 18, 2018, debtor Alexander Bednar ("Bednar") filed the Emergency Motion

[Doc. 10] (the "Motion"). A hearing was conducted on Friday, October 19, 2018, at which

Bednar was the only appearing party.  For the reasons stated on the record, as well as the reasons set forth below, the Motion is DENIED:

1.      The Court sees that there is no likelihood of success on the merits of the Petition for Immediate and Permanent Equitable Relief due to Violation of the Discharge Injunction, Brief in Support and Notice of Opportunity for Hearing [Doc. 1], filed by Bednar on October 17, 2018 (the "Complaint"), as he seeks to stay state court orders and judgments arising in Case No. CJ-2016-5004 (the "Foreclosure Action"), in the District Court of Oklahoma County, Oklahoma (the "State Court").  The issues which Bednar seeks to raise are more appropriately addressed by the State Court (and the Oklahoma appellate courts) rather than a collateral attack on such orders and judgments in this Court.  Additionally, the Court does not believe that there have been any violations of the discharge injunction as set forth in the Complaint.

2.      There is no emergency.  Bednar has known that he would have to vacate the premises since (i) a foreclosure judgment was entered in the Foreclosure Action in June 2018, (ii) a sheriff's sale of the premises was noticed for August 9, 2018, (iii) a sheriff's sale of the premises was conducted on August 9, 2018, and (iv) the sheriff's sale was confirmed on September 6, 2018 (as evidenced by the docket sheet in the State court foreclosure action of which this Court takes judicial notice).[1]  Bednar had more than adequate notice that he would be required to vacate the premises, including his personal property, and more than sufficient time to

---

[1]It is well established that a court may take judicial notice of its own records as well as records of other courts, particularly in closely related cases.  Hutchinson v. Hahn, 402 F. App'x 391, 394-395 (10th Cir. 2010) (citing St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)); Cornforth v. Fidelity Inv., 2017 WL 650132 (W.D. Okla. 2017).  Federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to the matters at issue.  St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979).

remove himself and his property.  Bednar's intentional choice to ignore the notice he received, to fail to make use of the time provided to vacate the premises, and to remain in the foreclosed premises notwithstanding a sheriff sale having been confirmed and a writ of assistance issued, cannot be used as grounds for an emergency stay.  Quite simply, the "emergency" was a circumstance of his own creation, a litigation strategy designed to thwart a creditor, but certainly not a basis for an emergency stay without notice to all affected parties.

3.      The Motion does not comply with the Local Rules (specifically Local Rule 9013-1) or Federal Rules of Bankruptcy Procedure (Rule 7065).  Bednar, an attorney who formerly practiced in this Court, is familiar and aware of such rules.  Ordinarily, the Court would have stricken the Motion immediately for failure to comply with the Local Rules and the Federal Rules.  However, the Court conducted an emergency hearing on the Motion in order to conclude Bednar's constant inquiries regarding conducting an emergency, *ex parte* hearing in which he sought a stay of the Foreclosure Action without notice to or participation by opposing parties on late Friday afternoon.  In denying the Motion, it is not necessary to strike it as the Court ordinarily does with all motions not in compliance with the Local Rules and Federal Rules.

IT IS SO ORDERED.

#   #   #