IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re: ALEXANDER LOUIS BEDNAR,

Debtor.

Case Number: 15-11916 TR
Chapter 7

FILED
2018 OCT 23 P 3: 42

Alexander L. Bednar
   Plaintiff
v

Adv. Proc. No:18-01096

Franklin American Mortgage Company
Federal National Mortgage Association
Oklahoma County Sheriff
   Defendants

And

Alexander L. Bednar
   Plaintiff
v

RCB Bank
   Defendant

### SUPPLEMENTAL PETITION

    COMES NOW the Debtor in the above styled proceeding, incorporates by reference the Petition/Complaint in this matter, and files this Supplemental Petition against RCB Bank, for breach/enforcement of a confidential settlement agreement in adversary proceeding 15-1248, whereby RCB was to issue a quitclaim deed and allow Debtor to file motions to avoid liens. The quitclaim deed was finalized on July 31, 2018 and received by Debtor the next day, and filed of record in Oklahoma County.

    However the deed is inherently flawed and invalid, as it contains a date of February of 2018. RCB has admitted in the past week that the deed was signed and notarized but that the grantee name was blank at that time – such that no official conveyance occurred in February of 2018, as none was identified. RCB's attorney in this federal bankruptcy case Mr. Kirtley has graciously offered to re-issue the deed pursuant to the mediation settlement. However, concerns exist regarding RCB state court agents who apparently colluded with Franklin American Mortgage to deprive Debtor of the benefit of the Mediation Agreement.

    Under information and belief, RCB state court attorney Kyle Goodwin (no relation to Honorable Charles Goodwin who mediated the matter involving these parties) violated confidentiality provisions, and in apparent collusion with Franklin American's counsel, filed an unnecessary document styled "Disclaimer" on April 20, 2018 in Franklin American's state foreclosure action.

There was no reason for Kyle Goodwin to file the "Disclaimer" in Franklin American's foreclosure action, as RCB's settlement with Debtor had not been finalized and no quitclaim deed had been issued.

The information on the face of the "Disclaimer" Mr. Goodwin saw fit to draft and publish in Franklin American's Mortgage foreclosure case, contains the incorrect statement that RCB Bank had issued a valid quitclaim deed to another person, pursuant to settlement with Debtor. Such publication was contrary to the settlement agreement with Debtor, violated the confidentiality provision, and outside of any provision in the mediation agreement. Moreover, it is inaccurate, as the quitclaim deed was not finalized until July 31, 2018, and still needs to be re-drafted and re-issued as it is inherently defective.

The quitclaim deed at issue was not finished until July 31, 2018, when the name of the grantee was provided to RCB's attorneys, but was signed and notarized in February of 2018, with a blank space for the grantee. Thus, there was no conveyance witnessed by the notary in February of 2018. Secondly, the Notary stamp became stale on July 17, 2018, such that the conveyance to the grantee was not properly verified and notarized on July 31, 2018, the date the deed was placed in the mail.

Defendant Franklin American Mortgage was made aware of the mediation process but refused to participate. During and after the mediation, an offer regarding a lot attached to the Debtor's homestead was attempted to be carved out and sold, for $52,500, which was offered to be placed in escrow for Franklin American's benefit, and used to pay down Franklin American's principal. The Debtor could have put the house on the market while such escrow money paid down past debt.

In good faith, Mr. Kirtley, RCB's counsel in this matter, provided Stewart Title with information helping to move the sale of the lot forward. However, Franklin American attorneys never gave a return call and never helped Stewart Title finalize the sale, refusing money toward principal due, and forcing the earnest money put down by the Buyer to be returned. The offer on the lot was comparable to other lot sales. Not only did Franklin American's refusal to accept such funds indicate its refusal to mitigate damages and allow the Debtor to pay all past due mortgage payments and bring him current, but it also indicated Franklin American preferred litigation working amicably with your Debtor.

Defendant Franklin American Mortgage referenced the "Disclaimer" from Kyle Goodwin two ex parte default judgments it procured in state court. Both Judgments judgment falsely states that RCB attorney Goodwin was present at the default judgment hearings, and falsely states that RCB Bank is the true owner of the property. Per the "Disclaimer" RCB quitclaimed the property to another person pursuant to settlement with Debtor, so that Franklin American falsely portrayed to Judge Hesse that RCB was the record owner, zealously pursued ex parte default judgment orders in state court, claiming that RCB was the owner.

Thus, RCB attorney in state court (Kyle Goodwin) appears to have knowingly aided Franklin American in achieving title transfer to the property before RCB finalized its settlement with Debtor, falsely publishing the Disclaimer to give Franklin American a green light to zealously pursue title transfer.

## CONCLUSION AND PRAYER

RCB Bank counsel in the bankruptcy Mr. Scott Kirtley has admitted that no valid deed has been executed from the settlement of the mediation, and has agreed to re-issue a proper deed. Defendant Franklin American not only knew that RCB's mediation had happened (refusing to participate) but also that it involved a quitclaim deed (as it received the "Disclaimer" document – attached). Nevertheless, because of RCB's breach and publication of the "Disclaimer" Franklin American has taken zealous action to knowingly frustrate the mediation agreement reached.

As such, Plaintiff hereby files this Supplemental Petition against RCB Bank as its state counsel breached the terms of the mediated settlement published inaccurate information per the "disclaimer" Mr. Goodwin filed in Franklin American's state case, a state foreclosure matter it did not need to file anything in at all, certainly contrary to the terms of the settlement. Also, Plaintiff files this to enforce the Settlement Agreement with RCB, and for any damages naturally occurring.

As a bankruptcy court has original jurisdiction over the enforcement of any mediation agreement in bankruptcy, this case is a core proceeding.

Franklin American Mortgage knew that the transfer deed involved Debtor, and was part of the mediated bankruptcy settlement (as per the very tems in the "Disclaimer" attached). Pursuant to the statutory and equitable powers granted to this Court over core proceedings, and as RCB has admitted that the deed issued to Debtor is invalid, Debtor asks that the Court enjoin the Defendants Franklin American Mortgage and Fannie Mae from any action contrary to the mediation agreement, as RCB's ownership and transfer of title has not been fully executed.

*[Signature]*
DEBTOR
ALEX BEDNAR
15721 Via Bella
EDMOND OK 73013
405-420-9030
bednarconsult@gmail.com