**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

In re: ALEXANDER LOUIS BEDNAR,

    Debtor.

Case Number: 15-11916 TRC
Chapter 7

Adv. Proc. No:18-01096

Alexander L. Bednar
    Plaintiff

v

Franklin American Mortgage Company
Federal National Mortgage Association
Oklahoma County Sheriff
    Defendants

And

Alexander Bednar
v
RCB Bank

## REQUEST FOR EXPEDITED HEARING AND SHORTENED RESPONSE TIME REGARDING INJUNCTION PENDING HEARING ON THE MERITS

    Alexander Bednar, Debtor in the above-captioned proceeding, hereby requests an expedited

hearing on or before November 4, 2018, regarding a request to halt ongoing actions by Defendants to

knowingly frustrate the mediation settlement between RCB and Debtor and Orders of this Court to

mediate in adversarial proceeding 15-1248. In support, Debtor/Petitioner incorporates by reference and

attaches a motion to re-open the adversarial proceeding 15-1248, to enforce the confidential settlement.

### JURISDICTION

### INFRINGEMENT OF AN ADVERSARIAL PROCEEDING'S MEDIATION AGREEMENT AND ENFORCEMENT OF THE AGREEMENT IS ITSELF A CORE PROCEEDING

    Like all courts, the Bankruptcy Court "plainly ha[s] jurisdiction to interpret and enforce its own

prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152 (2009). *See also In re Williams*, 256 B.R.

885, 892 (8th Cir. BAP 2001) ("It is ... well established that bankruptcy courts retain jurisdiction after a

case has been dismissed or closed to interpret or enforce previously entered orders."). Court orders,

including stipulated orders memorializing settlement agreements, are typically enforced through contempt

proceedings. *Consumers Gas & Oil, Inc. v. Farmland Industries, Inc.*, 84 F.3d 367, 371 (10th Cir. 1996) (settlement terms in a stipulated order are enforceable through contempt proceedings); *In re Smith,* 2012 WL 566246, at *7 (W.D. Tex. 2012) (when a settlement agreement is incorporated into a stipulated order, it becomes a court decree that is enforceable through contempt proceedings).

Further, "the enforcement of orders resulting from core proceedings are themselves considered core proceedings." *Williams,* 256 B.R. at 892. *See also In re Skinner,* 917 F.2d 444, 448 (10th Cir. 1990). As such, this Court has full original jurisdiction to adjudicate the enforcement of the settlement agreement Ordered by this Court, and to determine whether a creditor (such as defendant Franklin American Mortgage) and a creditor/party (RCB state attorney who filed a false document in state court in April of 2018) have taken actions specifically to subjugate and frustrate the court-ordered settlement agreement.

At this time, your Debtor has been removed from the homestead, has been prevented from access to his law practice in the home, and is at risk of forever losing the property and *has not received any of the benefits of the bargain from the mediation agreement reached by Judge Goodwin between the parties*.

Debtor brings this Motion per the Court's inherent powers to oversee its own orders, case law cited, as well as 11 U.S.C. §§ 105(a) and 362(a), and Rule 9020, Fed.R.Bankr.P. Your Debtor states that he has served all parties in this action at this time, and has prepared a proposed Order (attached) should the Court choose to have a shortened response time and set a hearing on or before November 4, 2018.

## CONCLUSION

Debtor previously asked for an emergency based on loss of property, that was denied by Judge Hall, who perceived a potential collateral attack on a state court order. Since that Order, Defendant Fannie Mae has agreed to extend Debtor's ability to access the homestead periodically (short time periods) until November 4, 2018. Debtor has drafted an entire new argument for this Court to consider, revolving around Motion to re-open the adversarial proceeding and based on Defendants' concerted efforts to frustrate previous orders of this Court regarding mediation and settlement (attached). Debtor is seeking an injunction during the case, as RCB has admitted it has not yet issued a valid, proper deed to Debtor in

2

satisfaction of the settlement agreement. See attached (Motion to reopen Aversarial Proceeding to enforce settlement in support of expedited hearing).

This Court may act in equity and issue an injunction/restraining order until an evidentiary hearing determines the extent of Defendants' actions, if it perceives contempt of an order or violation thereof. Moreover, a violation of court order is always subject to the clear original jurisdiction of the court to issue appropriate injunctive relief as per law cited above. Your Debtor has separately argued that violation of state law is occurring at the hands of the Defendants that is "an injury to the State and its citizens [,and a] continuing violation is an *irreparable injury* for which injunctive relief is available." *Indep. Sch. Dist. No. 9. V. Glass*, 639 P.2d 1233, 1237 (Okla. 1982)(emphasis added); *see Semke v. State ex rel. Okla. Motor Vehicle Comm'n*, 465 P.2d 441,445 (Okla. 1970). Debtor and his daughter in being forced out of their home without due process by armed sheriff, and possibly losing the only home she has known her entire life, which possesses equity that could have benefitted all parties, including Franklin American Mortgage and Fannie Mae.

Your Debtor respectfully requests an expedited hearing and an injunction *pendent lite* against Defendants, prohibiting them from violating the tenets of the settlement agreement, and in order to enforce it, and for a shortened response time by Defendants, prior to the requested hearing date.

Respectfully submitted,

/s/ Alexander Bednar
Alexander Bednar,
15721 Via Bella
Edmond, OK 73013
405 420 9030
Representing Debtor (self)

3

## NOTICE AND OPPORTUNITY FOR HEARING

## PLEASE NOTE THAT A REQUEST HAS BEEN MADE TO EXPEDITE YOUR RESPONSE TIME, AND FOR A HEARING PRIOR TO THE NORMAL STATUTORY RESPONSE TIME.

YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THIS DOCUMENT CAREFULLY AND CONSULT YOUR ATTORNEY ABOUT YOUR RIGHTS AND THE EFFECT OF THIS DOCUMENT. IF YOU DO NOT WANT THE COURT TO GRANT THE REQUESTED RELIEF, OR YOU WISH TO HAVE YOUR VIEWS CONSIDERED, YOU MUST FILE A WRITTEN RESPONSE OR OBJECTION TO THE REQUESTED RELIEF WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF OKLAHOMA, 215 DEAN A. MCGEE AVENUE, OKLAHOMA CITY, OK 73102, NO LATER THAN 14 DAYS FROM THE DATE OF FILING OF THIS REQUEST FOR RELIEF, UNLESS ORDERED SOONER BY SEPARATE ORDER. YOU SHOULD ALSO SERVE A FILE-STAMPED COPY OF YOUR RESPONSE OR OBJECTION ON THE UNDERSIGNED MOVANT (AND OTHERS WHO ARE REQUIRED TO BE SERVED) AND FILE A CERTIFICATE OF SERVICE WITH THE COURT. IF NO RESPONSE OR OBJECTION IS TIMELY FILED, THE COURT MAY GRANT THE REQUESTED RELIEF WITHOUT A HEARING OR FURTHER NOTICE.

THE 14 DAY PERIOD DESCRIBED ABOVE INCLUDES THE THREE (3) DAYS ALLOWED FOR MAILING PROVIDED FOR IN BANKRUPTCY RULE 9006 (F).

## CERTIFICATE OF SERVICE

I, Alex Bednar, hereby certify that on the 23 day of October 18 a true and correct copy of the above and foregoing instrument was mailed, with proper postage prepaid, to the following parties:

Oklahoma County DA
c/o Rod Heggy, Esq
320 Robert S Kerr
OKC, OK 73102
Attorney for Okla. Co. Sheriff

Don Timberlake
PO BOX 18486
Oklahoma City, OK 73154-0486
Atty for Franklin American Mtg
And Fannie Mae in State Court

Franklin American Mortgage
Corporation Company/Agent
1833 S. Morgan Rd
Oklahoma City OK 73128

Federal National Mortgage Association
a/k/a Fannie Mae
3900 Wisconsin Ave
Washington DC 20016

/s/ Alexander Bednar
Alexander Bednar DEBTOR

4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

In re: ALEXANDER LOUIS BEDNAR,

    Debtor.

Case Number: 15-11916 TRC
Chapter 7

RCB
    Plaintiff

v

Alexander Bednar
    Defendant

ADV PROC NO 15-1248

### MOTION TO RE-OPEN ADVERSARIAL PROCEEDING TO ENFORCE SETTLEMENT AGREEMENT

COMES NOW the Debtor in the above styled proceeding, and Defendant in the adversarial proceeding, and incorporates by reference the Petition/Complaint in a recent adversarial proceeding filed (18-01096), and requests re-opening the adversarial proceeding with RCB Bank for enforcement of the mediated settlement reached between the parties, which has been frustrated by the actions of RCB's attorney in state case CJ-2015-192, when he communicated with Franklin American Mortgage and filed a premature "Disclaimer" (Exhibit 1), in Franklin American's case against Debtor, in violation of the Mediation Agreement.[1]

On April 20, 2018, RCB's state attorney Kyle Goodwin, in apparent communications with Franklin American's attorneys in violation of the confidentiality provisions of the settlement agreement, surreptitiously filed Exhibit 1 in Franklin American's foreclosure case, without filing it in RCB's state case, divulging through that

---

[1] RCB Bank had filed a case in state court (CJ-2015-192), and that case and the adversarial proceeding in this case (15-1248) were both subject to the mediation agreement reached between the parties, which was by its own terms to remain confidential, and hence violated for mentioning. The "Disclaimer" (Ex. 1) issued by RCB attorney Kyle Goodwin (no relation to Judge Charles Goodwin who mediated this bankruptcy matter) incorrectly indicates a) that a quitclaim deed was issued (as none was issued until July 31, 2018 and delivered on August 1, 2018 to Debtor – and such was void and flawed such that RCB counsel Scott Kirtley has agreed the past several days to re-issue the deed), and b) that final settlement was reached in CJ-2015-192, which has not occurred, as no valid deed has been tendered, as liens from that case (ie. Charles Alden) remain to be avoided along with others, per the agreement, and as the sheriff sale confirmation remains to be amended to properly indicate what Franklin American's mortgage was at the time of the confirmation of the sheriff sale (an amount that cannot be more than requested in Franklin American's petition in CJ-2016-5004). See Ex. 2 (email from Scott Kirtley, with professional courtesy offer to fix the problem created by Kyle Goodwin).

*ATTACHMENT*

1

pleading and otherwise the confidential settlement. In such pleading, RCB, through Goodwin, indicates that a quitclaim deed has been issued pursuant to settlement agreement. RCB could not have disclaimed its interest prior to issuing a valid quitclaim deed. No valid quitclaim deed has yet been tendered to Debtor pursuant to settlement, as the one executed on July 31, 2018 is fatally flawed. See Exhibit 2 – offer by Scott Kirtley to reissue a valid deed on behalf of RCB.

Kyle Goodwin/RCB knew that no deed had been issued by April 20, 2018, such that the Disclaimer (Exhibit 1) is inaccurate, and was likely drafted and issued pursuant to discussions between Kyle Goodwin and Franklin American's attorneys in collusion to somehow attempt to give Franklin American the ability to proceed in their foreclosure case against Debtor without having to worry about RCB's ownership interest.

RCB/Kyle Goodwin's communications and pleading had the effect of encouraging Franklin American Mortgage to falsely portray to state court judge Paul Hesse, that RCB had given up its interest in the property and simultaneously deeded the property. Prior to the July 31, 2018 deed (which is flawed because it bears a February 2018 date) being finalized and overnighted to Debtor as the adversarial proceeding was being Ordered closed by Judge Cornish, RCB's April 20, 2018 "Disclaimer" (Ex. 1) provided Franklin American the onus to seek a Default Judgment that is wrought with inaccuracy regarding the same "Disclaimer" cited by Franklin American in the Order of Default it presented ex parte to state judge Paul Hesse.

## HISTORY OF THE CASE AND IMPORTANCE OF MEDIATION

A mediation was ordered by this Court in early 2017 after RCB, in state court action CJ-2015-192, had caused a sheriff sale to occur in July of 2016, while pending motions to set aside (contesting) the sheriff sale were still pending, and to this date have not been ruled upon. Franklin American Mortgage was (and still is) a party to that state court case, but chose not to litigate the summary judgment motion involving itself. Franklin American never provided a figure for its mortgage debt to the court, per Exhibit 4),[2] and chose not to participate at the July 2016 sheriff sale, allowing the property to be bid and sold to RCB for $50,000, a bid amount not reaching the required 2/3 value of the property for a valid sale to have occurred. RCB, pending final adjudication of the sheriff sale (yet to be finalized), became the presumptive title owner of the property, subject to Franklin American's mortgage which was not incorporated into a judgment at that time.

The law required the highest bid to be at least 2/3 of the appraised value of the house, valued at over 500,000 dollars in 2016. An inappropriate and telling anomale

---

[2] In fact, the Order presented to the Court for summary judgment in CJ-2015-192, although indicating that Franklin American Mortgage did not respond to the Motion, fails to include a signature line and attorney signature for the firm representing Franklin American in CJ-2015-192 in March of 2016, in violation of Local Rule 11 for Oklahoma County, which requires all attorneys to be presented with a proposed Order. Exhibit 4. Perhaps Franklin American and Kyle Goodwin had created an understanding at that time.

presented itself at the sheriff sale in 2016, as RCB state attorney Kyle Goodwin, in apparent collusion with Franklin American Mortgage and the Oklahoma County Sheriff, caused the filing of a Sheriff's return from the sale that attempts to justify reaching the 2/3 required bid purchase price, by *including a never-before adjudicated amount of $470,329.54 to be added to the $50,000 purchase price, as "the amount due to the first mortgage holder, Franklin American Mortgage*." See Exhibit 5. At no point in the state litigation did Franklin American ever indicate such amount, and Judge Andrews had never ruled on such amount due to Franklin American. Ex. 4. As such, collusion between Franklin American and Kyle Goodwin/RCB to subvert the legal process and act against Debtor is apparent before the mediation with respect to the July 2016 sheriff sale.

As Franklin American did not bid at the sheriff sale in 2016 and was not present in such capacity, it is counterintuitive that Kyle Goodwin saw fit to encourage the Oklahoma County Sheriff to sign Exhibit 5, which uses the phrase "credit on judgment" before including the never-before-seen number of $470,329.54, even though no amount of judgment whatsoever exists to this day in CJ-2015-192. Ex. 4. Thus, RCB attorney Kyle Goodwin and the Sheriff published a misrepresentation, and apparently colluded with Franklin American regarding a number that had yet to be Ordered by any Court. Exhibit 5. The Sheriff's return, and the July 2016 sheriff sale, including the 50,000 top bid, were sham and appear to involve collusion with Franklin American.

In fact, several months after the July 2016 Sheriff sale, new attorneys different than the ones in CJ-2015-192 for Franklin American (who apparently had not communicated with each other) filed a new foreclosure action, naming the very same Defendants as in CJ-2015-192, including the Debtor, all of whose interests were purportedly extinguished by the July 2016 Sheriff sale which has yet to be finally adjudicated. In its Petition (Exhibit 6 paragraph 10), Franklin American identifies an amount of money due (approximately $445,000) that is *less than* what Kyle Goodwin, RCB and the Sheriff filed as due to Franklin American in the Sheriff's Return *several months prior* on July 14 of 2016 (Exhibit 5, never-before seen number of $470,329.54).

Debtor requested (and not had adjudicated yet) that the sheriff sale amount credited to Franklin American be set aside or blue penciled to reflect the amount in its later filed Petition (Ex. 6). That request was intended to be part of the final actions to be taken after receipt of a valid and enforceable deed from RCB from the mediation.

In its Petition filed September 29, 2016, (CJ-2016-5004) Franklin American misrepresents the knowledge imputed from CJ-2015-192 and the 2016 Sheriff sale, and although title work had been done in CJ-2015-192, it seeks to re-charge Debtor with unnecessary title work and attorney fees (which are not identified as separate or in addition to the legal work already done in CJ-2015-192). See paragraphs 8,9 of Exhibit 6.

Franklin American misrepresents its imputed knowledge that RCB is the record owner, stating in its Petition in September of 2016 that "Alexander Bednar is a present record owner of subject property" when it was imputed to know through CJ-2015-192 that RCB had become the presumptive owner after the sheriff sale. Exhibit 6, para. 12.

3

Franklin American refused to participate in mediation with Judge Goodwin, in light of being invited by Debtor. During the bankruptcy mediation and the settlement period, Debtor worked ardently to sell a platted extra lot attached to the homestead, and extended two offers to Franklin American (one offer for $50,000 at mediation which lapsed, and a second offer of $52,500 in mid 2017 – both of which were good faith offers in light of comps, *and in fact were higher offers than several recent sales of empty lots in Debtor's subdivision*). RCB's attorney in bankruptcy, Scott Kirtley, extended every professional courtesy during the mediation settlement period, and in fact provided help in the efforts to sell the extra lot by communicating to Stewart Title RCB's agreement to the sale of the empty lot. See Exhibit 3, which shows that pending motions to set aside the 2016 sheriff sale need to be finalized for proper title to issue, and that Mr. Kirtley provided documents helpful to the proposed sale of the lot to benefit Franklin American.

In light of the good faith offers made during the mediation process to provide money to Franklin American Mortgage in the amount of $52,500, Franklin American's attorneys never returned phone calls to Debtor and never provided Stewart Title with valid responses regarding a good faith sale of the empty platted lot. Franklin American (through its loan restructuring department reaching out to Debtor) had been communicating to Debtor an ongoing approval to entertain a good faith offer on the empty lot since before Franklin American's state foreclosure action in September of 2016. Franklin American had sent documents for Debtor to prepare in order to sell the extra lot. In light of RCB's presumptive ownership after the 2016 Sheriff sale, the attorneys for Franklin American in state case CJ-2016-5004, refused to follow through with offers on the lot, and chose instead to litigate, in attempts to knowingly frustrate the mediated settlement process after communicating with Kyle Goodwin/RCB attorney.

In light of Franklin American's clear knowledge that RCB was the record owner of the property, and knowing that mediation agreements had been settled between RCB and Debtor, per the "Disclaimer" (Ex. 1), Franklin American used RCB's premature "Disclaimer" to seek a default judgment on June 11, 2018 on its 2016 Petition, which falsely states in paragraph 23 of Exhibit 6 that "the subject property is therefore deemed abandoned and *unaffected by these bankruptcy proceedings*." This was and is a false position taken by Franklin American, as it knew 100 percent per the "Disclaimer" (Ex. 1), its refusal to the invitation to mediate, and its communications with Kyle Goodwin, that this Bankruptcy Court had Ordered a mediation regarding the subject property.

The same state court judge who had CJ-2015-192 also was given CJ-2016-5004, and he ruled in early 2017, just before mediation occurred, that Debtor could proceed with consolidation of the two cases, which involve the same parties and the same property. Thus, RCB's state attorney Kyle Goodwin commenced a series of actions and communications with Franklin American Mortgage and the Oklahoma County Sheriff, starting in July of 2016, including the moot/premature/inappropriate "Disclaimer" he should not have filed misrepresenting the truth, designed to frustrate the mediated

4

settlement, and to aid Franklin American Mortgage against Mr. Bednar, in violation of the Settlement Agreement.[3]

Another agreed part of the settlement was to allow the Debtor to file motions to avoid liens on the property. That has not occurred either. Recently, Debtor indicated to Judge Cornish that he needed to avoid liens, and was awaiting a deed from RCB

## CONCLUSION AND PRAYER

This Bankruptcy Court "plainly ha[s] jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey,* 557 U.S. 137, 152 (2009). *See also In re Williams,* 256 B.R. 885, 892 (8th Cir. BAP 2001) ("It is ... well established that bankruptcy courts retain jurisdiction after a case has been dismissed or closed to interpret or enforce previously entered orders."). Court orders, including stipulated orders memorializing settlement agreements, are typically enforced through contempt    Like all courts, the Bankruptcy Court "plainly ha[s] jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey,* 557 U.S. 137, 152 (2009). *See also In re Williams,* 256 B.R. 885, 892 (8th Cir. BAP 2001) ("It is ... well established that bankruptcy courts retain jurisdiction after a case has been dismissed or closed to interpret or enforce previously entered orders.").

Court orders, *including stipulated orders memorializing settlement agreements*, are typically enforced through contempt proceedings. *Consumers Gas & Oil, Inc. v. Farmland Industries, Inc.,* 84 F.3d 367, 371 (10th Cir. 1996) (with emphasis)(settlement terms in a stipulated order are enforceable through contempt proceedings); *In re Smith,* 2012 WL 566246, at *7 (W.D. Tex. 2012) (when a settlement agreement is incorporated into a stipulated order, it becomes a court decree that is enforceable through contempt proceedings).

Further, "the enforcement of orders resulting from core proceedings are themselves considered core proceedings." *Williams,* 256 B.R. at 892. *See also In re Skinner,* 917 F.2d 444, 448 (10th Cir. 1990) ("Civil contempt proceedings arising out of core matters are themselves core matters."); *In re Franklin,* 802 F.2d 324, 326 (9th Cir. 1986) ("Requests for bankruptcy courts to construe their own orders must be considered to arise under title 11 if the policies underlying the Code are to be effectively implemented.") As such, this Court's review of the Settlement reached between RCB and Debtor, enforcement of it, and analysis of attempts to frustrate the settlement by RCB's own state counsel in collaboration with a third party (Franklin American) in derogation of the mediation, are original jurisdiction matters proper before this Court.

The continued litigation by Franklin American Mortgage at this time, in state case CJ-2016-5004, seeking to enforce default against Debtor based on a Petition (Ex. 6) that falsely takes the position in paragraph 23 that Debtor's homestead is "*unaffected by these bankruptcy proceedings*" flies in the face of its imputed and actual knowledge that this Bankruptcy Court ordered a mediation *it chose not to attend*, and that indeed the property is subject to a settlement. An injunction against Franklin American is sound.

---

[3] Proof of RCB's state attorney collusion with Franklin American is indicated as Franklin American attorneys divulged recent knowledge Debtor's father created a trust for Debtor's daughter, a fact only shared with RCB as part of the confidential settlement.

Bankruptcy Court attorney Scott Kirtley has been professional and courteous, and has offered to re-issue a valid deed. Debtor asks that the Court re-open this matter for purposes of allowing finalization and enforcement of the Settlement Agreement, mediated by the Honorable Charles Goodwin (no relation to RCB state counsel Kyle Goodwin), and examine the extent of Kyle Goodwin's inexplicable and inappropriate involvement with Franklin American Mortgage, to frustrate the mediation agreement and give Franklin American the onus to pursue "scorched earth" zealous litigation prior to finalization of the settlement reached, as Ordered by Judge Cornish.

Debtor asks that the settlement agreement be enforced and that this Court take any and all action in its power under its original jurisdiction to hear core proceedings to effectuate such settlement agreement, and allow RCB and Debtor to finalize the settlement, which has never occurred.

Given the fact that RCB has stipulated to the deed not being validTo the extent possible, your Debtor requests that this Court consider an injunction against Franklin American, Fannie Mae, and the Oklahoma County Sheriff, served parties in a new adversarial proceeding (18-01096), to prohibit them from taking action contrary to RCB's settlement agreement signed by Scott Kirtley, but frustrated by the actions of Kyle Goodwin (RCB's state attorney).

To the extent any expenses, fees, or costs are levied, your Debtor requests that the Court not levy those against Mr. Scott Kirtley, or against RCB, but instead, consider levying those against Kyle Goodwin and his firm for the actions he took, signing his name as an officer of the courts to a document (Exhibit 1) on April 20, 2018 that he knew or should have known was: (a) false regarding a quitclaim deed having been issued, and in clear violation of the confidentiality provision of the settlement agreement, (b) unnecessary to be filed in Franklin American's foreclosure, given the fact Kyle Goodwin did not file any such document in RCB's own state case CJ-2015-192, (c) premature as it was not for several more months before a quitclaim deed was ever tendered to Debtor, and (d) extremely likely to cause Franklin American to use such false "Disclaimer" in its action against Debtor contrary to the settlement agreement.

_____
Debtor
Alexander Bednar

CERTIFICATE OF SERVICE

On this date, I have served this pleading to Scott Kirtley, attorney of record for RCB Bank.

_____
Alexander Bednar

6



*1039874057*

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| FRANKLIN AMERICAN MORTGAGE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. CJ-2016-5004 |
| | ) | |
| ALEXANDER BEDNAR, JILL BEDNAR, | ) | |
| RCB BANK, CHARLES F. ALDEN, III, INC., | ) | |
| P.C., ROSENSTEIN, FIST & RINGOLD, | ) | |
| INC., ANDREA KUNKEL, KENT RAINEY, | ) | |
| KENTCO INC.. DBA AMERICAN | ) | |
| MORTGAGE SOURCE, UNITES STATES | ) | |
| OF AMERICA, EX REL., INTERNAL | ) | |
| REVENUE SERVICE, JANE DOE, AS | ) | |
| OCCUPANT OF THE PREMISES, JOHN | ) | |
| DOE, AS OCCUPANT OF THE PREMISES. | ) | |
| | ) | |
| Defendants. | ) | |

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

APR 20 2018

RICK WARREN
COURT CLERK
42

**DISCLAIMER**

COME NOW the named Defendant, RCB Bank, and disclaims any and all right, title or

interest in and to the real property identified in the Plaintiff's Petition filed in these proceedings as

a result of settlement with the Defendant Alex Bednar in the Oklahoma County District Court Case

No. CJ-2015-192 and further represents it executed and delivered a Quit Claim Deed thereto during

the course of these proceedings, covering the following described real property:

**LOTS ONE (1) AND NINE (9), IN BLOCK SEVEN (7), OF ESPERANZA
ADDITION, SECTION 2, TO THE CITY OF OKLAHOMA CITY,
OKLAHOMA COUNTY, OKLAHOMA, ACCORDING TO THE
RECORDED PLAT THEREOF.**

**THE REAL PROPERTY OR ITS ADDRESS IS COMMONLY KNOWN AS
15721 VIA BELLA, EDMOND, OKLAHOMA 73013.**

DATED THIS 20 DAY OF APRIL, 2018.

1

EXHIBIT 1

LEE, GOODWIN, LEE,
LEWIS & DOBSON

By: *Kyle Goodwin by Kent Cer #15842* OBA

Kyle Goodwin, OBA#17036
1300 E. 9th, Suite 1
Edmond, OK 73034
405.330.0118
405.330.0767
kgoodwin@cdmondlawoffice.com

## CERTIFICATE OF MAILING

This is to certify that on the 2 O day of April, 2018, a true and correct copy of the above
and foregoing instrument was mailed, with postage fully prepaid, to:

Don Timberlake
Baer & Timberlake, P.C.
P.O. Box 18486
Oklahoma City, OK 73154-0486
Attorneys for Plaintiffs

Kay Sewell
Assistant US Attorney
210 Park Avenue, Suite 400
Oklahoma City, OK 73102

Frederick J. Hegenbart
Rosenstein, Fist & Ringold
525 S. Main, Suite 700
Tulsa, Oklahoma 73104-4508

Charles F. Alden, III
Charles F. Alden, III, P.C.

2

309 NW 9th Street
Oklahoma City, OK 73102-2605

Jill Bednar
1708 Dorchester Drive
Oklahoma City, OK 73120

Alexander L. Bednar
3030 NW Expressway
Oklahoma City, OK 73112

3

from: **Scott P. Kirtley** <SKirtley@riggsabney.com>
to: Alex Bednar <bednarconsult@gmail.com>
date: **Oct 19, 2018, 2:31 PM**
subject: **RE: Deed**
mailed- riggsabney.com

Send me a new deed and I will have it signed.
The deed was signed awaiting you to tell me who to issue it to.
I know that the notary notarized the signature on the date signed.
...

**From:** Alex Bednar [mailto:bednarconsult@gmail.com] **Sent:** Friday,
October 19, 2018 1:52 PM **To:** Scott P. Kirtley
<SKirtley@riggsabney.com> **Subject:** Re: Deed

Scott -

I need your help and want to speak with you immediately. I have
been attempting to contact you on an expedited basis to avoid you
and RCB being embarrassed regarding the quitclaim deed that
Jared sent me pursuant to the email chain below. As you know, as
of 9:12 am July 31, 2018, the quitclaim deed to finalize our
settlement agreement had not been finalized. I received the deed in
question on August 1, 2018 and filed it that day at the county. In
fact, you were gracious enough to help me with some of the issues
as I was at the County offices on August 1, 2018.

PLEASE CALL ME TODAY REGARDING THE BELOW
ISSUES OF CONCERN NEEDED TO BE RESOLVED
1. As I now look at the deed, it bears an indenture date of
February 13, 2018, which is a date before the trust was created
finalized, and therefore an impossibility.
2. A notary is supposed to notarize a document contemporaneous
with its signing, which means the document is invalid as a
notarized document since the Trust name was inserted many

EXHIBIT 2

months after the notary attached her stamp. A deed to an empty line on February 13, 2018 is not valid.

3. Thirdly, the Second Party name was filled out by RCB or its agent after 9:12 am on July 31, 2018, which means that the notarial stamp was invalid, as the notary stamp indicates that the notary's commission expired July 15, 2018.

4. We therefore have not consummated the finalization of our mediation agreement, as there has not been a good, valid deed tendered to me or my designee.

You have been cordial and professional in our communications since we resolved this matter, and I wholeheartedly appreciate that. Please call me immediately to discuss my thoughts about resolving this issue today.

My cell is 405 420 9030

Alex

On Tue, Jul 31, 2018 at 9:12 AM Alex Bednar <bednarconsult@gmail.com> wrote:
THE MFB REVOCABLE TRUST

On Mon, May 21, 2018 at 11:34 AM, Scott P. Kirtley <SKirtley@riggsabney.com> wrote:

Alex:
Send me the name you want the deed in.
Scott P. Kirtley

**Scott P. Kirtley |** SKirtley@riggsabney.com
Attorney

502 West Sixth Street | Tulsa, OK 74119 Office: 918-587-3161 | Fax: 918-587-9708

This message is sent by Riggs Abney, a law firm, and may contain information that is privileged or confidential. If you received transmission in error, please notify the sender by reply e-mail and delete the message along with any attachments.

--
Alexander L. Bednar, J.D., LL.M.
**BEDNAR LAW FIRM**
3030 Northwest Expressway
Suite 200
Oklahoma City, OK 73112
Tel.  405 267 1725
Fax. 405.213.1801

from: **Mary Ann Nelson-Sutterfield**
        <MaryAnn.Nelson@stewart.com>
   to: "bednarconsult@gmail.com" <bednarconsult@gmail.com>
   cc: Mary Ann Nelson-Sutterfield <MaryAnn.Nelson@stewart.com>
 date: Jun 14, 2017, 10:09 AM
subject: Sale of Lot
mailed- stewart.com
   by:

Mr. Bednar, After reviewing the title and the agreement provided by Scott Kirtley here is a list of the items that we know of at this time regarding the two foreclosure cases that will need to be cleared up before we can close on this property:

1)   RCB Bank v. Alexander Bednar, et al., District Court of Oklahoma County Case No. CJ-2015-192, has a pending Motion to Set Aside [the Order Confirming Sheriff's Sale], which will have to be resolved pursuant to a final, non-appealable order. Depending upon what the court decides, other requirements may have to be met.

Also, I need a copy for review of the signed agreement between you and RCB for.     possible additional requirements.

2)   Franklin American Mortgage Company v. Alexander Bednar, et al., District Court of Oklahoma County Case No. CJ-2016-5004, is a pending foreclosure action that is still in the pre-judgment stage. For this foreclosure, we will need a Dismissal with Prejudice and a Release of the Notice of Pending Suit, as well as a Release of the Mortgage. If a Dismissal with Prejudice, or any of the other required items cannot be obtained, other requirements will have to be met. (Note: Our office would hold the release in escrow until closing)

3)   We need something in writing from the City of Edmond that a new address has been created for the separation of the lots as it appears there's only one address for both properties at this time;

4)   You mentioned a possible lien arising from an individual and you would work to get this released from the property;

EXHIBIT 3

Keep in mind there may be additional requirements as we work forward with the items above and any terms set forth on the contract.

I've not heard from the buyer as of yet. I'm headed to a funeral now. I'll look for their call.
Thanks,


Mary Ann Nelson-Sutterfield
President
Stewart Title of Oklahoma, Inc.
701 N. Broadway, Suite 300
Oklahoma City, OK, 73102
O (405) 232-6764 | D (405) 415-2138 | M (405) 627-3631
stewart.com<http://www.stewart.com/> |
maryann.nelson@stewart.com<mailto:maryann.nelson@stewart.com>

[Stewart]
NYSE: STC

EXHIBIT 3



**FILED IN DISTRICT COURT**
**OKLAHOMA COUNTY**

**IN THE DISTRICT COURT FOR OKLAHOMA COUNTY**
**IN THE STATE OF OKLAHOMA**

MAR 3 1 2016

TIM RHODES
COURT CLERK

41

| | | |
|---|---|---|
| RCB BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   CJ-2015-192 |
| | ) | (Judge Andrews) |
| ALEXANDER BEDNAR and JILL | ) | |
| ANN BEDNAR, husband and wife; | ) | |
| KENTCO, INC., d/b/a AMERICAN | ) | |
| MORTGAGE SOURCE; MORTGAGE | ) | |
| ELECTRONIC REGISTRATION | ) | |
| SYSTEMS, INC., as nominee for | ) | |
| AMERICAN MORTGAGE SOURCE; | ) | |
| CHARLES F. ALDEN, III, INC., | ) | |
| P.C.; ROSENSTEIN, FIST & RINGOLD, | ) | |
| INC., ANDREA KUNKEL and KENT | ) | |
| RAINEY; OKLAHOMA COUNTY | ) | |
| TREASURER; THE VILLAS AT | ) | |
| ESPERANZA OWNER'S ASSOCIATION, | ) | |
| INC.; the Leaseholders or other Occupants | ) | |
| of the Premises. | ) | |
| | ) | |
| Defendants. | ) | |

## JOURNAL ENTRY OF JUDGMENT

COMES NOW, the above-entitled and styled proceedings came on for hearing on January

22, 2016 on the Motion for Summary Judgment filed by the Plaintiff, RCB Bank (hereinafter

"RCB"), before the undersigned District Judge of Oklahoma County, State of Oklahoma

pursuant to regular setting.   RCB appears by and through its attorney of record, Kyle Goodwin,

of the firm Lee, Goodwin, Lee, Lewis & Dobson.   Alexander Bednar appears on behalf of

himself.

---

**Answering Lienholders**

The Court finds the following parties have filed an Answer in this matter seeking to establish

---

EXHIBIT 4

their lien rights, but have not filed a Response to Plaintiff's Motion for Summary Judgment, to

wit:

    a.    Franklin American Mortgage Co., by assignment from Mortgage
        Electronic Registration System, as nominee for American Mortgage
        Source; (Answer filed 4.2.15) and,

    b.    Mortgage Electronic Registration System, as nominee for American
        Mortgage Source; (Answer Filed 2..24.15).

    c.    Jill Bednar (Answer filed out of time on 3.11.15)

The Court notes the pending divorce proceedings between Jill Bednar and her counsel of record,

Alexander Bednar. The Court also notes that Alexander Bednar has been allowed to withdraw

as counsel of record for Jill Bednar on even date herewith. However, Jill Bednar does not

contest the entry of this Judgment against her as evidenced by her signature below.

    The Court finds the following parties have filed an Answer in this matter seeking to

establish their lien rights and have filed a Response to Plaintiff's Motion for Summary Judgment,

to wit:

    a.    Charles F. Alden, III, P.C. (Answer filed 4.9.15)
    b.    Oklahoma County Treasurer; (Answer filed 1.29.15)
    c.    Alexander   Bednar (Answer filed out-of time on 3.11.15).

Counsel for Charles F. Alden, III, P.C. has no objection to the entry of summary judgment in this

matter. Counsel for the Oklahoma County Treasurer has no objection to the entry of summary

judgment in this matter, although maintains its priority status for payment of funds derived from

the foreclosure proceedings. Alexander Bednar contests the entry of summary judgment in a

belated response.

**Disclaiming Defendants**

The Court finds that the following Defendants have filed disclaimers of interest herein in the

properties subject to this lawsuit, and reject any claims to any right, title or interest in said real

property:

      a.     Rosenstein, Fist & Ringold (Disclaimer filed 2.5.15)

      b.     Andrea Kunkel (Disclaimer filed 2.5.15); and,

      c.     Kent Rainey (Disclaimer filed 2.5.15).

**Defaulting Defendants**

The Court finds the following Defendants were each served with service of process in this matter prior to the filing of the Motion for Summary Judgment, their time had run, but no answer had ever been filed and judgment is granted herein against each as described below:

      a.     The Villas at Esperanza Owners Association.

The Court additionally finds each such Defendant has been validly served, their time has run and no answer has been filed in this matter. Accordingly, the Court further finds that no answer or other responsive pleading has been filed by said Defaulting Defendants, and the time for filing an answer or other responsive pleading by said Defendants has expired. That these Defendants are adjudged to be in default and the allegations of Plaintiff's Petition are ordered and taken as true and confessed as to the Defendants. Trial by jury is waived in open court.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that this Court has jurisdiction over the parties and subject matter of this issue, and the allegations of the Plaintiff are taken as true and confessed against said Defendants and Judgment is granted as more fully set forth herein.

The Court finds that on or about April 30, 2013, for good and valuable consideration, Alexander and Jill Bednar executed and delivered to RCB a certain *Credit Agreement and Disclosure* (hereinafter the "Note"), dated on or about April 30, 2013, payable to RCB in the original principal amount of $97,000.00.

To secure performance of Alexander and Jill Bednar's obligations to RCB, including, without limitation, the Note, Alexander and Jill Bednar executed and delivered to RCB a certain Mortgage dated April 30, 2013 and recorded on May 8, 2013, in Book 12239, Pages 1789 *et. seq.* of the records of the county clerk of Oklahoma County, Oklahoma. The Mortgage encumbers certain real property more particularly described as:

> **Lots One (1) and Nine (9), in Block Seven (7), of Esperanza Addition, Section 2, to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof; also generally described by the address at 15721 Via Bella, Edmond, OK 73013.**

The Court did further find that Alexander Bednar and Jill Bednar had failed to make the payments on the Mortgaged Property as required by the Note and the Mortgage in the manner required and is in default pursuant to the terms and provisions of the Note and Mortgage.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiff, RCB Bank, be awarded judgment against Alexander Bednar, in rem, and against Jill Bednar, in rem and in personam, in the amount of Eighty-Six Thousand, Fourteen and 15/100 Dollars ($86,014.15), in principal under the Note and Mortgage, with accrued interest, through September 30, 2015, in the amount of One Thousand Four Hundred Fifteen and 73/100 Dollars, secondary (default) interest accrued, through September 30, 2015, in the amount of Three Thousand Five Hundred Fifty-Eight and 38/100 Dollars, and interest accruing on the unpaid principal balance after September 30, 2015 at the rate of five percent (5.00%) per annum ($11.78 per diem), until paid. That further, RCB have judgment against Alexander Bednar, in rem, for all costs of this action, both accrued and accruing, Plaintiff's reasonable attorney's fees, other costs of collection, and all security costs, abstracting, and preservation costs, in the amount of $14,530.31 through invoices applicable to August, 2015.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that RCB have

judgment, in rem, against all of the Defendants listed herein (a) that the Plaintiff's right, title and

interest in and to the Mortgaged Property to be a valid lien superior to that of all parties except

Franklin American Mortgage Company; (b) the Mortgage be foreclosed and that the Mortgaged

Property be sold, with appraisement, subject to the mortgage line of Franklin American Mortgage

and the proceeds arising from the same be applied to the payment of the costs herein, including

attorney's fees, and the payment and satisfaction of the claims and judgments of the Plaintiff and

other lienholders, in order of priority (as set forth more specifically below), and the surplus, if

any, paid into the Court to abide the further order of the Court; (c) that the right, title and interest

of the Defendants above named (except Franklin American Mortgage Company) in and to the

Mortgaged Property is subject, junior and inferior to the mortgage lien of the Plaintiff, and

ordering that upon confirmation of sale, said Defendants and all persons claiming by, through

and under them since the commencement of this action shall be forever barred, foreclosed and

enjoined from asserting or claiming any right, title, interest, estate or equity of redemption in and

to the Mortgaged Property, or any part thereof ; and (d) for all such other relief as the Plaintiff

may be entitled to in the Mortgaged Property.

The proceeds arising from said sale conducted by the Sheriff of Oklahoma County,

Oklahoma, are to be ordered and directed to be distributed as followed:

FIRST:      The costs, including court, sheriff and appraisements costs, and the cost of
            sale;

SECOND:     Any accrued but unpaid ad valorem taxes on the Mortgaged Property;

THIRD:      The judgment of Plaintiff, including interest, abstract and post judgment
            expenses and other expenses, including all attorney's fees;

FOURTH:   The balance and residue, if any, to be paid to the Clerk of this Court, to abide the further order of this Court and to allow Charles F. Alden, III, P.C. or any other Co-Defendant, to determine each parties' respective priority and lien rights (if any) to the proceeds.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED,** that Charles F. Alden,

III, P.C. is granted judgment in rem against the Mortgaged Property in the principle amount of

$6,632.48, plus 6% interest ($1.03 per day), per annum from April 17, 2015, all court costs, with

its judgment lien being inferior to Plaintiff and Franklin American Mortgage Company but

superior to any other party who properly perfected their lien against the Mortgaged Property after

May 19, 2014.

**The Court further finds that this judgment is a final judgment with respect to the subject**

**property and Defendants, pursuant to 12 O.S. § 994, there being no just reason for delay.**

IT IS SO ORDERED THIS $\cancel{27}^{th}$ DAY OF JANUARY, 2016

HON. DON ANDREWS, DISTRICT JUDGE   3/31/2016
OKLAHOMA COUNTY, STATE OF OKLAHOMA

**APPROVED:**

Kyle Goodwin, OBA# 17036
LEE, GOODWIN, LEE, LEWIS & DOBSON
1300 E. 9th/Unit 1
Edmond, OK 73034
405.330.0118
405.330.0767
kgoodwin@edmondlawoffice.com



FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUL 14 2016

RICK WARREN
COURT CLERK

89.

## IN THE DISTRICT COURT FOR OKLAHOMA COUNTY
## STATE OF OKLAHOMA

RCB BANK, )
)
    Plaintiff, )
)
v. ) Case No.   CJ-2015-192
)           (Judge Andrews)
ALEXANDER BEDNAR and JILL )
ANN BEDNAR, husband and wife; )
et al., )
)
    Defendants. )

### SHERIFF'S RETURN

### SHERIFF'S OFFICE, OKLAHOMA COUNTY, STATE OF OKLAHOMA:

    I received the foregoing Special Execution and Order of Sale the _____ day of _____, 2016, and, according to the command of said Writ, I did forthwith levy said Writ upon the real estate described therein, and did cause the same to be appraised by three disinterested persons, after administering to them an oath impartially to appraise said property levied upon, upon actual view, and said persons did return to me under their hands a signed estimate of the real value of said property, and I did forthwith deposit a copy thereof with the Clerk of said District Court, whence the execution issued.

    On the 14 day of July 2016, at 2:00 o'clock p.m., of said day, I offered for sale the real property more particularly described as follows, to-wit:

    **Lots One (1) and Nine (9), in Block Seven (7), of Esperanza Addition, Section 2, to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof.**

    **PROPERTY ADDRESS:**     **15721 Via Bella**
                                  **Edmond, OK 73013.**

(subject to the first mortgage holder Franklin American Mortgage) at the Courthouse in Oklahoma City, Oklahoma County, State of Oklahoma, that being the time and place stated in said notice, at public auction to the highest bidder for, with cash in hand, and sold the same to _RCB Bank_ for the sum of $ _50,000.00_ (By Application and Credit on Judgment/cash bid), it being the best and highest bidder therefore. Said total sum, combined with the amount due to the first mortgage holder, Franklin American Mortgage which totals $470,329.54 as of July 14, 2016, is greater than two-thirds (2/3) of the appraised value of said property. I also took a back-up bid in the amount of $ _N/A_ (By Application and Credit on Judgment/cash bid), should the first bidder fail to complete the transaction.

EXHIBIT 5

**I CERTIFY** the above to be the time and manner of executing the within Return and Special Execution and Order of Sale.

**DATED** and returned into Court this _17_ day of _J-ly_____, 2016.

JOHN WHETSEL
SHERIFF OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

By:_____
         Deputy

**THIS IS AN ATTEMPT TO COLLECT A DEBT.   ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

CJ-16-5004
Andrews



IN THE DISTRICT COURT WITHIN AND FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

FRANKLIN AMERICAN MORTGAGE
   COMPANY,
     Plaintiff,

vs.

ALEXANDER BEDNAR,
JILL BEDNAR,
RCB BANK,
CHARLES F. ALDEN, III, INC., P.C.,
ROSENSTEIN, FIST & RINGOLD, INC.,
ANDREA KUNKEL,
KENT RAINEY,
KENTCO INC, DBA AMERICAN
   MORTGAGE SOURCE,
UNITED STATES OF AMERICA EX REL.,
   INTERNAL REVENUE SERVICES,
JANE DOE, AS OCCUPANT OF THE
   PREMISES,
JOHN DOE, AS OCCUPANT OF THE
   PREMISES,
     Defendants.

No. **CJ-2016-5004**

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

SEP 2 9 2016

RICK WARREN
COURT CLERK

89.

## PETITION

Comes now the Plaintiff, **Franklin American Mortgage Company** and for its cause of action against the Defendants above named, alleges and states:

1. That the Plaintiff was at all times hereinafter mentioned, and now is duly organized, existing and authorized to bring this action.

2. That the Mortgagors, Alexander Bednar, AKA Alexander Louis Bednar and Jill Bednar, were married at the time they executed the mortgage sued upon, and they at all times since remained, and now are, married.

3. That the original makers, for a good and valuable consideration, made, executed and delivered to the Payee, a certain written promissory note; a true copy of said note and endorsements thereon, if any, is hereto attached, marked Exhibit "A", and made a part hereof by reference.

EXHIBIT 6

BT: 112287



4. That as a part of the same transaction, and to secure the payment of said note above described and the indebtedness represented thereby, the owners of the real estate hereinafter described, made, executed and delivered to the Payee of said note, a certain real estate mortgage in writing (see Exhibit "B", attached hereto and made a part hereof by reference,) and therein and thereby mortgaged and conveyed to said mortgagee the following described real estate situated in Oklahoma County, State of Oklahoma, to-wit:

Lot One (1), in Block Seven (7) of Esperanza Sec. 2, an Addition to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof AND Lot Nine (9), in Block Seven (7) of Esperanza Sec. 2, an Addition to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof;

with the buildings and improvements and the appurtenances, hereditaments and all other rights thereunto appertaining or belonging, and all fixtures then or thereafter attached or used in connection with said premises. That said mortgage was duly executed and acknowledged according to law, the mortgage tax duly paid thereon, and was recorded on June 5, 2013 in Book 12262 at Page 1110, in the office of the County Clerk of Oklahoma County, Oklahoma, which mortgage and the record thereof is incorporated herein by reference as provided by law.

5. That the Plaintiff was entitled to enforce the Note prior to, and is entitled to enforce the Note at and subsequent to the filing of this Petition. That Plaintiff has complied with all of the terms, conditions precedent and provisions of said note and mortgage, and is duly empowered to bring this suit.

6. That said note and mortgage provide that if default be made in the payment of any of the monthly installments, or on failure or neglect to keep or perform any of the other conditions and covenants of the mortgage, that the entire principal sum and accrued interest, together with all other sums secured by said mortgage, shall at once become due and payable, at the option of the holder thereof, and the holder shall be entitled to foreclose said mortgage and recover the unpaid principal thereon and all expenditures of the mortgagee made thereunder, with interest thereon, and to have said premises sold and the proceeds applied to the payment of the indebtedness secured thereby, together with all legal and necessary expense and all costs.

7. That default has been made upon said note and mortgage in that the installments due on May 1, 2015, and thereafter have not been paid.

8. That preliminary to the bringing of this action, and as a necessary expense thereof, this Plaintiff caused title work to be extended and certified to date at a cost which charge is a further lien secured by the Mortgage of the Plaintiff herein sued upon.

9. That said note and mortgage provide that in case of a foreclosure of said mortgage and as often as any proceedings shall be taken to foreclose the same, the makers will pay an attorney's fee as therein provided, and that the same shall be a further charge and lien on said premises

10. That after allowing all just credits there is due to Plaintiff on said note and mortgage the sum of:

| Reason | Amount |
| --- | --- |
| Unpaid Principal Balance: | $433,574.38 |
| Date of Default: | 05/01/2015 |
| Interest Due From: | 04/01/2015 |
| Interest Rate(s): | |
| May 22, 2013 | 4.250% * |
| Lender's Fees & Costs: | |
| Corporate Advances | $60.00 |
| Escrow Advance | $12,130.16 |
| Other Fees | $20.00 |
| * or as adjusted by the Note and Mortgage | |

including all subsequent advances by Plaintiff, if any, for taxes, insurance premiums, or expenses necessary for the preservation of the subject property, all costs of this action; reasonable attorney's fees and costs as the Court may allow, for which amounts said mortgage is a first, prior and superior lien upon the real estate and premises above described.

11. That said mortgage specifically provides that appraisement of said premises is expressly waived or not waived at the option of the mortgagee; that Plaintiff elects to have said property sold with appraisement.

12. That the Defendant, Alexander Bednar, is a present record owner of the subject property.

13. That the Defendant, Jill Bednar, is a present record owner of the subject property.

14. That the Defendant, RCB Bank, may claim some right, title lien, estate, encumbrance, claim, assessment, or interest in and to the real property involved herein, by virtue of Mortgage, filed May 8, 2013, recorded in Book 12239 page 1789 in the principal sum of $97,000.00, Subordination of Mortgage filed June 5, 2013 in Book 12262 page 620. Pending Foreclosure filed January 15, 2015, recorded in Book 12779 page 1841, Case No. CJ-2015-192..

15. That the Defendant, Charles F. Alden, III, INC., P.C., may claim some right, title lien, estate, encumbrance, claim, assessment, or interest in and to the real property involved herein, by virtue of Statement of Judgment filed May 19, 2014 in Book 12535 page 1530.

16. That the Defendant, Rosenstein, Fist & Ringold, Inc., may claim some right, title lien, estate, encumbrance, claim, assessment, or interest in and to the real property involved herein, by virtue of Statement of Judgment filed November 28, 2012 in Book 12095 page 601.

17. That the Defendant, Andrea Kunkel, may claim some right, title lien, estate, encumbrance, claim, assessment, or interest in and to the real property involved herein, by virtue of Statement of Judgment filed November 28, 2012 in Book 12095 page 601.

18. That the Defendant, Kent Rainey, may claim some right, title lien, estate, encumbrance, claim, assessment, or interest in and to the real property involved herein, by virtue of Statement of Judgment filed November 28, 2012 in Book 12095 page 601.

19. That the Defendant, Kentco Inc, DBA American Mortgage Source, may claim some right, title lien, estate, encumbrance, claim, assessment, or interest in and to the real property involved herein, by virtue of Mortgage, filed January 10, 2013 in Book 12133 page 1165 in the principal sum of $417,000.00.

20. That the Defendant, United States of America ex rel., Internal Revenue Services, may claim some right, title lien, estate, encumbrance, claim, assessment, or interest in and to the real property involved herein, by virtue of Notice of Federal Tax Lien No. 153248915 filed April 27, 2015 under Document No. 20150427030008260. Notice of Federal Tax Lien No. 139468615 filed January 26, 2015 under Document No. 20150126030000920.

21. That the Defendant, Jane Doe, as occupant of the premises, may claim some right, title lien, estate, encumbrance, claim, assessment, or interest in and to the real property involved herein, by virtue of any interest she may have in the subject property.

22. That the Defendant, John Doe, as occupant of the premises, may claim some right, title lien, estate, encumbrance, claim, assessment, or interest in and to the real property involved herein, by virtue of any interest he may have in the subject property.

23. That on May 20, 2015, the Defendants, Alexander Bednar and Jill Bednar, filed their Chapter 7 voluntary petition in bankruptcy in the United States Bankruptcy Court for the Western District of Oklahoma in Case No. 15-11916. That thereafter the automatic stay of said Bankruptcy Court prohibiting proceeding against the subject property was lifted by an Order of Abandonment and Terminating Stay entered and filed in said Bankruptcy Court on July 8, 2016. That the first mortgage lien of the plaintiff is not affected by said bankruptcy case and Plaintiff is duly authorized and empowered to proceed in this cause, but that the personal liability of said Defendants, Alexander Bednar and Jill Bednar, on the note and mortgage of the Plaintiff will thereby be discharged. That the subject property was listed as owned by the Debtors in Schedule A and was claimed as exempt homestead in Schedule C; that the Debtors were thereafter discharged by Discharge filed September 11, 2015; that no creditor filed an objection to such claim of exemption, if any, and that the subject property is therefore deemed abandoned and unaffected by these bankruptcy proceedings.

Plaintiff prays the said Defendants be summoned in this case and be required to set up in this suit any right, title or interest claimed in and to the lands involved in this action or be forever barred from claiming any right in and to the said real estate.

BT: 112287                                    4                                    Petition

Plaintiff states, however, that any right, title, or interest claimed by each Defendant, is subordinate and inferior to the mortgage lien claimed by the Plaintiff, and Plaintiff prays the said Defendant, be summoned in this case and be required to set up in this suit any right, title or interest claimed in and to the lands involved in this action or be forever barred from claiming any right in and to the said real estate.

WHEREFORE, Plaintiff prays for judgment *in rem* against the real estate and premises sued upon herein, in the sum listed above in paragraph 10.

And for a further judgment *in rem* against all said Defendants adjudging:

That all of said Defendants be required to appear and set forth any right, title, claim or interest which they have, or may have, in and to said real estate and premises; and,

That said mortgage be foreclosed and that the same be declared a valid first, prior and superior lien upon the real estate hereinbefore described, for and in the amounts above set forth, and ordering said real estate and premises sold, for cash, with or without appraisement, as the Plaintiff has elected and as provided in said mortgage and by law, subject to unpaid taxes, advancements by Plaintiff for taxes, insurance premiums, or expenses necessary for the preservation of the subject property, if any, to satisfy said judgment, and that the proceeds arising therefrom be applied to the payment of the costs herein, and the payments and satisfaction of the judgment, mortgage and lien of this Plaintiff, and that the surplus, if any, be paid into Court to abide the further order of the Court; and,

That all right, title and interest of said Defendants, and each of them, if any, in and to said real estate, be adjudged subject, junior and inferior to the mortgage lien and judgment of this Plaintiff, and that upon confirmation of such sale, the Defendants herein, and each of them, and all persons claiming by, through or under them since the commencement of this action, be forever barred, foreclosed and enjoined from asserting or claiming any right, title, interest, estate or equity of redemption in or to said premises, or any part thereof; and,

That this Plaintiff have such other and further relief as may be just and equitable.

Don Timberlake - # 9021
Gary D. Baer - # 0407
Jim Timberlake - # 14945
Chynna Scruggs - # 32663
Kim S Jenkins - # 32809
William H. Sullivan - # 8761
BAER & TIMBERLAKE, P.C.
P.O. Box 18486
Oklahoma City, OK 73154-0486
Telephone:    (405) 842-7722
Facsimile:    (405) 848-9349

don@baer-timberlake.com