IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re: ALEXANDER LOUIS BEDNAR,

    Debtor.

Case Number: 15-11916 TRC
Chapter 7

FILED
2018 OCT 25 A 10: 48

Alexander L. Bednar
    Plaintiff
v

Adv. Proc. No:18-01096

Franklin American Mortgage Company
Federal National Mortgage Association
Oklahoma County Sheriff
    Defendants

And

Alexander Bednar
v.
RCB

## BRIEF IN SUPPORT OF MOTION TO SHORTEN NOTICE AND TIME DURING WHICH PARTIES AT INTEREST MAY OBJECT TO DEBTOR'S MOTION FOR EXPEDITED HEARING REGARDING INJUNCTION PENDENT LITE AND BRIEF IN SUPPORT THEREOF

COMES NOW Debtor pursuant to 11 USC 9006 and Local Rule 9006-1(A), and respectfully requests that this Court shorten the usual time during which parties at interest may object to Debtor's Request for Expedited Hearing and Shortened Response Time Regarding Injunction Pending Hearing on Merits, and enter an Order setting a hearing and response time on the limited issues presented (involving Defendants' acts to frustrate and/or prevent enforcement of the mediation agreement reached, and so that such that a hearing may occur on or before November 4, 2018. Debtor also requests an expedited hearing on his request on or before November 4, 2018. In support, Debtor states as follows:

1. This Court issued an Order requiring Debtor to attend mediation with RCB, to be held by Judge Charles Goodwin. RCB was listed on Debtor's Matrix as a creditor.

1

2. Defendant Franklin American Mortgage was and is also listed as a creditor on the matrix.

3. Debtor listed certain real estate as a homestead in his schedules, described as:

   15721 Via Bella
   Edmond, OK 73013

   Legal description:

   Lot Forty Six (46) Block fifty three (53) Regency Park Section Five, an Addition to Moore, Oklahoma, Cleveland County, State of Oklahoma, according to the recorded plat thereof

4. Debtor asked for Franklin American to be included in the mediation as a necessary and indispensable party, and as it held the first mortgage on the property.

5. Franklin American refused to return any calls and refused to participate in mediation, even though at the time of mediation, in early 2017, a purchaser had made a good faith offer of $50,000 for an extra empty lot affiliated with the real estate. Such offer was comparable to prices for recent sales.

6. The real estate above became subject to the mediation agreement reached after RCB and Debtor mediated the matter with Judge Goodwin, based on terms signed and agreed upon.

7. Due to actions that should be scrutinized, RCB's attorney in state case CJ-2015-192 (Kyle Goodwin – no relation to Judge Charles Goodwin who mediated the case), caused to be filed documents that contain inaccurate statements and impact the mediated settlement, prior to finalization of the settlement.

8. One filing by RCB attorney Kyle Goodwin is a "Disclaimer" (Exhibit 1), drafted and signed by Kyle Goodwin/RCB, an officer of the courts, on April 20, 2018, in CJ-2016-5004, for no justifiable reason but to harass Debtor and aid Franklin American in litigation that RCB/Kyle Goodwin knew would frustrate the finalization of the settlement agreement.

9. The "Disclaimer" (Exhibit 1) falsely states on April 20, 2018 that settlement was reached in CJ-2015-192 between RCB Bank and Mr. Bednar, when the only settlement reached was through mediation ordered by this Court; also, key terms of the settlement had not occurred, and Goodwin, as RCB's agent, was imputed to know such facts about his own client RCB.

10. Furthermore, the "Disclaimer" (Exhibit 1) falsely states that RCB "executed and delivered a Quit Claim Deed thereto during the course of these proceedings, covering [the property described above]." Such was false, as no Quit Claim Deed was a) delivered or b) properly executed as of April 20, 2018.

11. Mr. Goodwin, as an officer of the Courts, and attorney for RCB, should not have violated the confidentiality terms of the settlement, and should not have filed such a document with misrepresentations regarding his client's settlement terms.

12. Kyle Goodwin/RCB's state attorney, knew or should have known that his action was a in violation of the settlement, and would frustrate the settlement process between his client and Mr. Bednar, because he chose to file such a document in Franklin American's foreclosure case. He did not file any similar document in CJ-2015-192, the case subject to the settlement reached by the parties, yet referenced in his "Disclaimer."

13. Five days after the faulty "Disclaimer" Franklin American commenced scorched earth unethical litigation, involving the presentment of orders that it knew contained falsities, with full knowledge that this Court had ordered a mediation agreement regarding said property.

14. Due to Defendants' actions to frustrate the settlement reached in bankruptcy mediation, Debtor, who has custody of his daughter half the time, has been subjected to harassing litigation designed to prevent finalization of the settlement, has been forcibly removed from the house, unable to work, and did not receive benefit of the bargain from the settlement.

15. RCB's counsel in bankruptcy, Scott Kirtley, has extended courtesies and recently offered to re-draft a valid quitclaim deed pursuant to the terms of the settlement agreement.

16. At the time of the mediation and to this day, the home has had plenty of equity and an extra lot, which Debtor and Mr. Kirtley, attorney for RCB in bankruptcy court, worked together to to sell to a Buyer who had placed earnest money with Stewart Title (*for the full benefit of Defendant Franklin American*).

17. However, Defendant Franklin American, per its attorneys, refused to participate in mediation and refused the good faith offers of the sale of the lot, which would have allowed Debtor to place money in escrow to pay down the mortgage and allow the house to be put on the market, capturing equity that exists. Instead, Franklin American chose litigation it knew was infringing on the mediated settlement.

18. Debtor believes that one previous offeror may still be interested in purchasing the extra lot, as offers were available and made to Franklin American since 2016.

19. Debtor has limited funds, and does not have a current meaningful way to simply move from the home, and move his work at this time.

20. Defendant Fannie Mae has provided Debtor with a short extension from September 21, 2018 to November 4, 2018. After November 4, 2018, the agent for Defendant Fannie Mae has indicated that it will take all possessions in the house and convert them.

21. Already, the Defendants have caused doors on the house to be destroyed and have damaged fixtures when they forcibly entered the house and changed locks.

22. Defendant Fannie Mae is a multi billion dollar company; Defendant Franklin American Mortgage was recently sold to a company that is a multi billion dollar company.

4

23. As RCB has admitted that it has not finalized the settlement terms from mediation ordered by Judge Cornish, your Debtor has a strong if not conclusive chance of success in seeking to enforce the settlement.

24. Debtor references previous filings, including the Attachment to his previously filed Request for Expedited Hearing (October 23), which details with facts and pleadings, his argument.

25. Debtor respectfully requests that the Court shorten the time during which any party at interest may object to the request for injunction pendent lite, and further requests an expedited hearing on same on or before November 4, 2018.

26. Normally, Defendants would have fourteen (14) days to respond to motions, such that the request in the October 17, 2018 Petition for injunction pending the case, to the extent it is applicable as a motion request, would be due no earlier than November 1, 2018. The normal response time to the Complaint would be November 6, 2018, twenty days after service. With respect to pleading filed October 23, 2018 it requires a response on or before November 7, 2018.

27. Debtor requests that all objections to his request for expedited hearing be due no later than 12:00 pm on November 1, 2018 and that, for purposes of the requested hearing and in the interest of justice, the Defendants' responses be limited to the Debtor's argument that Defendants have taken action to frustrate and knowingly prevent finalization of the settlement between RCB Bank and Debtor, reached in mediation.

28. Debtor further requests that his Motion be set for hearing no later than November 4, 2018.

29. Debtor has reached out and spoken with Rod Heggy, attorney for the Defendant Oklahoma County Sheriff, who does not object to a shortened time period and hearing before

5

November 4, 2018, per telephonic conversation. Mr. Heggy indicated that his client, the Sheriff, simply abides by Orders that pertain to him.

30. Debtor has reached out to Mr. Kirtley, RCB counsel in this case, and spoke with him earlier in the week about having a hearing on or before November 4, 2018. Mr. Kirtley did not indicate an objection at that time, but said he would need to check his schedule regarding any matter– Mr. Kirtley did indicate that he was willing to follow through with RCB's finalization of the Settlement and has emailed his intent to do so.

31. On this date, Debtor has emailed Mr. Kirtley and asked whether RCB would take action to set aside Exhibit 1 in the state case, given the fact it is misleading and violates the confidentiality clause of the settlement agreement and other portions as well. Debtor is awaiting a response as this is being typed up. Debtor attempted today to contact Mr. Kirtley to confirm whether or not he had any specific objection at this time regarding an expedited motion, and left a message again today, with no response.

32. Debtor reached out to Mr. Timberlake (state court attorney for Fannie Mae and Franklin American) and left a message, and emailed him, and as of drafting this, has received an email that Mr. Timberlake does not have authority to speak on behalf of Franklin American regarding the bankruptcy case.

33. Out of an abundance of caution, your Debtor has filed certificates of service to Franklin American's registered agent regarding all pleadings thus far.

34. Also, Debtor has filed certificates of service regarding all pleadings having been sent to Fannie Mae's offices in Washington DC (as they do not have a registered agent in Oklahoma), and communicated with the Doerner Saunders firm (who has represented Fannie Mae in many state cases as seen on OSCN.net), and is awaiting a response.

6

35. This Bankruptcy Court "plainly ha[s] jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152 (2009). *See also In re Williams*, 256 B.R. 885, 892 (8th Cir. BAP 2001) ("It is ... well established that bankruptcy courts retain jurisdiction after a case has been dismissed or closed to interpret or enforce previously entered orders.").

WHEREFORE, premises considered, Debtor has been subjected to inappropriate harassing litigation based in large part on filings that this Court should strike (ie. Exhibit 1) as violating the Settlement Agreement, and this Court's Order regarding mediation of the parties. Debtor being unable to access his personal property and not receiving benefit bargained for in mediation, and able to prove Defendant Franklin American's full knowledge of the settlement and taking questionable action to frustrate such, Debtor respectfully requests that this Court shorten the time during which a party at interest may object to Debtor's Motion for injunction pending discovery and trial/hearing on the merits, and further requests that the Court set an expedited hearing on same on or before November 4, 2018, and that Defendants be required to answer on or before Noon on November 1, 2018, one week from this date, on the limited issues mentioned herein, which this Court has original and continuing jurisdiction over.

Pursuant to the powers this Court possesses to enforce Orders and the original jurisdiction it possesses over core proceedings, Debtor further requests that this Court strike Exhibit 1 or Order RCB to set it aside (if RCB has not already done so prior to hearing), and at a hearing enjoin Defendants from taking any action contrary to the finalization of the mediation agreement ordered by this Court regarding the homestead, and for any other relief to which he may be entitled at equity or law, including re-sending the parties to mediation, to include Franklin American Mortgage.

Respectfully submitted:

S/ Alexander Bednar (Debtor)

7

## CERTIFICATE OF SERVICE

Undersigned certifies that on 10-25-2018 the foregoing document was served, via United States Mail, 1st class postage pre-paid, and properly addressed to the following:

Oklahoma County District Attorney
c/o Rod Heggy
320 Robert S Kerr
County Building, 5th Floor
Oklahoma City OK 73102
Attorney for Oklahoma County Sheriff

Franklin American Mortgage
Corporation Company / Agent of Service
1833 South Morgan Road
Oklahoma City OK 73128

Scott Kirtley, Esq
Riggs Abney Law Firm
502 W. 6th Street
Tulsa, OK 74119-1010

Don Timberlake
PO Box 18486
Oklahoma City, OK 73154-0486
Attorney for Franklin American
and Fannie Mae in state court

Federal National Mortgage Assoc.
a/k/a Fannie Mae
3900 Wisconsin Ave.
Washington, D.C. 20016

RCB Bank
300 W. Patti Page
Claremore, OK 74017

s/ _____
Alexander Louis Bednar / Debtor



IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| FRANKLIN AMERICAN MORTGAGE COMPANY,  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>ALEXANDER BEDNAR, JILL BEDNAR,  )<br>RCB BANK, CHARLES F. ALDEN, III, INC., )<br>P.C., ROSENSTEIN, FIST & RINGOLD,  )<br>INC., ANDREA KUNKEL, KENT RAINEY,  )<br>KENTCO INC., DBA AMERICAN  )<br>MORTGAGE SOURCE, UNITES STATES  )<br>OF AMERICA, EX REL., INTERNAL  )<br>REVENUE SERVICE, JANE DOE, AS  )<br>OCCUPANT OF THE PREMISES, JOHN  )<br>DOE, AS OCCUPANT OF THE PREMISES,  )<br>  )<br>Defendants.  ) | CASE NO. CJ-2016-5004<br><br>FILED IN DISTRICT COURT<br>OKLAHOMA COUNTY<br><br>APR 2 0 2018<br><br>RICK WARREN<br>COURT CLERK<br>42_____ |

## DISCLAIMER

COME NOW the named Defendant, RCB Bank, and disclaims any and all right, title or interest in and to the real property identified in the Plaintiff's Petition filed in these proceedings as a result of settlement with the Defendant Alex Bednar in the Oklahoma County District Court Case No. CJ-2015-192 and further represents it executed and delivered a Quit Claim Deed thereto during the course of these proceedings, covering the following described real property:

**LOTS ONE (1) AND NINE (9), IN BLOCK SEVEN (7), OF ESPERANZA ADDITION, SECTION 2, TO THE CITY OF OKLAHOMA CITY, OKLAHOMA COUNTY, OKLAHOMA, ACCORDING TO THE RECORDED PLAT THEREOF.**

**THE REAL PROPERTY OR ITS ADDRESS IS COMMONLY KNOWN AS 15721 VIA BELLA, EDMOND, OKLAHOMA 73013.**

DATED THIS 20 DAY OF APRIL, 2018.

1

Ex 1

LEE, GOODWIN, LEE,
LEWIS & DOBSON

By: _Kyle Goodwin by Kirk Lee #19812 ODA_
Kyle Goodwin, OBA#17036
1300 E. 9th, Suite 1
Edmond, OK 73034
405.330.0118
405.330.0767
kgoodwin@edmondlawoffice.com

## CERTIFICATE OF MAILING

This is to certify that on the 20 day of April, 2018, a true and correct copy of the above and foregoing instrument was mailed, with postage fully prepaid, to:

Don Timberlake
Baer & Timberlake, P.C.
P.O. Box 18486
Oklahoma City, OK 73154-0486
Attorneys for Plaintiffs

Kay Sewell
Assistant US Attorney
210 Park Avenue, Suite 400
Oklahoma City, OK 73102

Frederick J. Hegenbart
Rosenstein, Fist & Ringold
525 S. Main, Suite 700
Tulsa, Oklahoma 73104-4508

Charles F. Alden, III
Charles F. Alden, III, P.C.

2

309 NW 9th Street
Oklahoma City, OK 73102-2605

Jill Bednar
1708 Dorchester Drive
Oklahoma City, OK 73120

Alexander L. Bednar
3030 NW Expressway
Oklahoma City, OK 73112