IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FILED

In re: ALEXANDER LOUIS BEDNAR,

    Debtor.

Case Number: 15-11916 TRC
Chapter 7

2018 OCT 25 P 2: 58

Alexander L. Bednar
    Plaintiff
v

Adv. Proc. No:18-01096

Franklin American Mortgage Company
Federal National Mortgage Association
Oklahoma County Sheriff
    Defendants

And

Alexander Bednar
v.
RCB

### AFFIDAVIT IN SUPPORT OF SHORTENING TIME AND NOTICE PERIODS

On this date appeared Alexander Bednar, Debtor, pursuant to Local Rule 9007-1(E), and swore to the information below as true and accurate to the best of his recollection.

1. Mr. Bednar respectfully states that the reasons sought in the Request for Expedited Hearing and Brief in support are accurate and reflect a plea for justice as he has extremely limited means at this time, and has had to battle Defendants and their zealous litigation which was known by Defendants to infringe upon the settlement from mediation ordered by this Court.

2. At this time, Mr. Bednar states he has been forced out of the homestead by Defendant Sheriff, (who has allowed for inappropriate "credit on judgment" amounts and other documents to be filed in violation of the law and without due process). Mr. Bednar is being kept from his home office where he has his work space, files, and cabinets.

1

3. Mr. Bednar has a young daughter which he has custody of half the time, and the child has never known any other home with her father; she witnessed Defendant threatening that she will lose all her toys, dolls and belongings and has been traumatized.

4. Defendants' actions in concert with RCB state Attorney Kyle Goodwin do not reflect the professional courtesy and thoughtful actions of Scott Kirtley, RCB's bankruptcy court attorney, who has offered to help finalize the settlement process with Mr. Bednar, who attempted to help sell an extra lot to the property for the benefit of Franklin American, and who has admitted that no proper deed has ever been issued yet to Mr. Bednar.

5. Hence, RCB's attorney in this Court admits to the fact the settlement agreement has not been finalized with Debtor Mr. Bednar.

6. Fannie Mae's agent has indicated that all belongings in the house will be converted as of start of day on November 5, 2018.

7. Fannie Mae has provided one extension through its agent (from October 20, 2018 to November 4, 2018), who has only allowed Debtor into the homestead twice this week.

8. Debtor Mr. Bednar does not have the current means to pay for movers and has been prevented from meaningfully being able to earn a living, and from adequately defending himself, or from being able to secure goods from the premises. Debtor has been prevented from achieving any of the equity in the property, a goal sought through the mediation.

9. To date, the settlement directives from the mediation agreement with RCB Bank have not occurred, and Mr. Bednar has not received benefits of the bargain.

10. Debtor is at risk of having to figure out basic survival and is at the mercy of friends to provide housing at this time, due to calculated actions of Defendants to knowingly frustrate the settlement process ordered by this Court.

11. Mr. Bednar has received good faith offers regarding an extra lot to the property, which, if sold during the mediation as attempted, would have brought down the principal, ***and provided for two (2) years of mortgage payments,*** while allowing your Debtor to rebuild his life – in the alternative, the house could have been put on the market to capture equity.

12. In lieu of working through the mediation process, Defendant Franklin American chose to take zealous litigation action to purposefully frustrate Debtor's settlement, including misleading statements, some of which are built upon RCB State attorney Kyle Goodwin's inappropriate and false "Disclaimer" filed on April 20, 2018 in state case CJ-2016-5004.

13. Debtor requests that this Court shorten the usual time during which parties at interest may object to Debtor's Request for Expedited Hearing and Shortened Response Time Regarding Injunction Pending Hearing on Merits, and enter an Order setting a hearing and response time on the limited issues presented (involving Defendants' acts to frustrate and/or prevent enforcement of the mediation agreement reached). Hence, Debtor is asking to shorten the usual notice period to prevent an injustice.

14. Debtor humbly requests such relief as a plea for justice and basic human needs and to enforce the agreement that was reached through this Court's Order for mediation.

THIS I SWEAR TO THE BEST OF MY ABILITY

Alexander Bednar (Debtor)

**NOTARY ATTESTATION**

On this date October 25, 2018, appeared Alexander Bednar, who presented proper ID and who swore that the information in referenced pleadings is true and accurate, and that his request for relief per the statements above, is true and accurate to the best of his recollection.

Notary: _____ Date: October 25th 2018
My commission expires: _____
Seal

3

## CERTIFICATE OF SERVICE

Undersigned Debtor certifies that on 10-25-2018 the foregoing document was served, via United States Mail, 1st class postage pre-paid, and properly addressed to the following:

Oklahoma County District Attorney
c/o Rod Heggy
320 Robert S Kerr
County Building, 5th Floor
Oklahoma City OK 73102
Attorney for Oklahoma County Sheriff

Franklin American Mortgage
Corporation Company / Agent of Service
1833 South Morgan Road
Oklahoma City OK 73128

Scott Kirtley, Esq
Riggs Abney Law Firm
502 W. 6th Street
Tulsa, OK 74119-1010

Don Timberlake
PO Box 18486
Oklahoma City, OK 73154-0486
Attorney for Franklin American
and Fannie Mae in state court

Federal National Mortgage Assoc.
a/k/a Fannie Mae
3900 Wisconsin Ave.
Washington, D.C. 20016

RCB Bank
300 W. Patti Page
Claremore, OK 74017

s/ _____
Alexander Louis Bednar / Debtor
15721 Via Bella
Edmond OK 73013
Bednarconsult@gmail.com
405 420 9030
Please note that the address above is where Debtor is able to receive mail at this time

4