**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**



FILED

2018 OCT 31 P 3: 40

IN RE:

ALEXANDER LOUIS BEDNAR,                    Case No.: 15-11916-TRC

             Debtor                    Chapter 7


ALEXANDER L. BEDNAR,

             Plaintiff,                    Adv. No. 18-01096-TRC

vs.

FRANKLIN AMERICAN MORTGAGE
COMPANY, FEDERAL NATIONAL
MORTGAGE ASSOCIATION,
OKLAHOMA COUNTY SHERIFF, AND
RCB BANK,
             Defendants.

**SPECIAL APPEARANCE AND RESPONSE TO PLAINTIFF ALEXANDER L.
BEDNAR'S IMMEDIATE AND PERMANENT EQUITABLE RELIEF DUE TO
VIOLATION OF THE DISCHARGE INJUNCTION BY THE
<u>OKLAHOMA COUNTY SHERIFF</u>[1]**

**<u>INTRODUCTION</u>**

      The Oklahoma County Sheriff is not a proper party to this action, and Alex Bednar

("Bednar") simply has no plausible basis to sue the Oklahoma County Sheriff in

bankruptcy court.  The Oklahoma County Sheriff was not and is not a creditor of Bednar,

---

[1] The Special Appearance and Response is being filed conventionally because the undersigned counsel are not certified as E-filers because they do not routinely practice in this Court.  Counsel are enrolled in the training class that is scheduled on November 29, 2018, at 9:00 a.m.

did not violate the discharge injunction, and had no involvement in the underlying bankruptcy proceedings filed by Bednar. To the contrary, the Oklahoma County Sheriff's tangential involvement with Bednar and the subject property located at 15721 Via Bella, Edmond, Oklahoma, 73103, was ordered by the District Court of Oklahoma County, Oklahoma, in Case CJ-2015-192 and CJ-2016-5004 ("Foreclosure Actions"), and was performed in accordance to its statutory duties. [2] More importantly, the subject property was abandoned from the bankruptcy estate, long ago, on September 14, 2015. [*See* Bankruptcy Case No. 15-11916, at Doc. No. 93].

Undeniably, Bednar's Petition for Equitable Relief is nothing more than an impermissible, collateral attack on two valid foreclosure judgments rendered in the Foreclosure Actions. *See* Oklahoma County District Court Case Nos.: CJ-2015-192 and CJ-2016-5004. Unfortunately, this is the not first time that Bednar has wrongfully dragged the Oklahoma County Sheriff into frivolous and bad faith litigation. Indeed, on September 21, 2018, Bednar filed a Cross-Petition against the Oklahoma County Sheriff, *inter alia,* in which he has made the same conspiracy allegations and challenged the validity of the judgments and orders in the Foreclosure Actions. *See* Oklahoma County Case No.: CJ-2015-192.[3]

---

[2] It is well established a court may take judicial notice of its own records and records of other courts, particularly in closely related cases. *Hutchinson v. Han,* 402 F. App'x 391 394-395 (10th Cir. 2010) (internal citations omitted).

[3] In the Cross-Petition filed in CJ-2015-192, Bednar claims that Jennifer Byler, the Deputy Courtroom Clerk for the Honorable Don Andrews; Rick Warren, the Oklahoma County Court Clerk; P.D. Taylor, the Oklahoma County Sheriff; the Oklahoma County Board of County Commissioners; Franklin American Mortgage Company ("FAMC"), Bednar's

2

Bednar also filed a separate and identical lawsuit against the Oklahoma County Sheriff, FAMC, and others, on September 24, 2018, *Bednar v. FAMC, et al.,* Oklahoma County Case No. CJ-2018-5212, seeking a permanent injunction to "halt the sheriff from continuing to secure his house and ousting him from it." The Honorable Richard Odgen denied Bednar emergency relief. Bednar filed a Petition to Assume Original Jurisdiction and Petition for Writ of Mandamus/Prohibition in the Oklahoma Supreme Court on October 12, 2018, which is currently pending. *See* Oklahoma Supreme Court Case No.: 11,437.

Additionally, Bednar previously filed two Writs of Prohibition/Mandamus that are currently pending before the Oklahoma Supreme Court, involving the same allegations. *See* MA-117340 and MA-11392. Moreover, Bednar has repeatedly asserted these same false allegations regarding the validity of the foreclosure judgment and orders in several motions filed in the underlying foreclosure action asserted by FAMC in Oklahoma County Case No. CJ-2016-5004, and they have been repeatedly rejected by Judge Hesse. In fact, Judge Hesse went to great lengths to demonstrate the proper handling of the FAMC foreclosure, and even made his own personal emails a Court exhibit in CJ-2016-5004.

---

mortgage company; and Baer Timberlake, the law firm that represented FAMC in the foreclosure action filed in Oklahoma County, Case No. CJ-2016-5004, engaged in a civil conspiracy, fraudulently altered Court Orders, falsified the OSCN Docket Sheet, engaged in *ex parte* communications, as well as other unethical and unlawful conduct, and that because of the Cross-Claim Defendants' conduct, a default judgment was entered against him in Case No. CJ-2016-5004. While Bednar has not served the Cross-Petition on the Oklahoma County Sheriff, several Motions to Dismiss and Motions for Sanctions are currently pending in CJ-2015-192, and are set to be heard on November 27, 2018, before the Honorable Paul Hesse.

Not taking no for answer, on October 8, 2018, Bednar filed a Motion to Intervene on behalf of MFB Revocable Trust in the Foreclosure Actions, once again challenging the validity of the proceedings and now asserting a property interest in the subject party by the Trust. *See* Oklahoma County District Court Case Nos.: CJ-2015-192 and CJ-2016-5004.

The simple fact remains -- Bednar lost all rights, title, and interest in the subject property on October 14, 2016 (over two years ago), when the Oklahoma County District Court entered an Order Confirming Sale in favor of RCB Bank. *See* CJ-2015-192. Bednar's recourse was to appeal the decision. He failed to do so.

Likewise, on June 8, 2018, Judgment *in rem* was entered in favor of Franklin American Mortgage Company. A Special Execution and Order of Sale was issued on June 11, 2018. The Sherriff's Sale was held on August 9, 2019, and the Order Confirming Sale was entered on September 6, 2018. The Order is final and non-appealable.

Contrary to Bednar's misplaced allegations, there is no conspiracy. The Defendants did not violate the discharge injunction, or any Court Order, for that matter. The reality is Bednar defaulted on his mortgage, failed to answer the Petition, failed to respond to the motion for default, failed to appear at the hearing on the motion for default, and lost in State Court. Frankly, the only one to blame for the unfortunate outcome is Bednar. Bednar knew that he would have to vacate the premises and had ample time to remove himself and his property. Moreover, he could have stayed the State Court proceedings and appealed the foreclosure judgments. For unknown reasons, he elected not to do so.

4

Nonetheless, instead of appealing the judgment or the order confirming the Sheriff's Sale in either CJ-2015-192 or CJ-2016-5004, Bednar has resorted to abusive litigation conduct by filing multiple lawsuits, including this Adversary Proceeding, which have no basis in law or fact, attempting to collaterally attack the judgments and orders in the Foreclosure Actions.

The Petition now pending before this Honorable Court, is Bednar's latest attack in a multi-front war launched by Bednar as a means to undo the foreclosure and eviction proceedings properly rendered in State Court.

However, as demonstrated below, Bednar's Petition is improper and should be summarily dismissed.

## **FACTUAL BACKGROUND**

On May 20, 2015, Bednar filed for Chapter 7 bankruptcy relief. [*See* Bankruptcy Case No.: 15-11916-TRC, at Doc. No. 1]. On August 17, 2015, RCB Bank filed a Complaint against Bednar in the United States Bankruptcy Court for the Western District of Oklahoma, requesting this Court to determine the dischargeability of Bednar's obligations to RCB. *See* Western District Bankruptcy Adv. Proc. Case No.: 15-01248. [4]

On September 11, 2015, a Discharge of Debtor was entered. [*See* Bankruptcy Case No.: 15-11916-TRC, at Doc. No. 83]. After seeking leave, on September 14, 2015, this Court lifted the automatic stay, ordered the subject property abandoned from the

_____

[4] The adversary proceeding between RCB and Bednar was dismissed on August 1, 2018. *See RCB Bank v. Bednar,* Adv. No. 15-01248, at Doc. Nos. 61 and 62.

5

bankruptcy estate, and permitted RCB Bank to proceed against Bednar on the foreclosure claim previously filed in the District Court for Oklahoma County, Case No. CJ-2015-192. [*Id. at* Doc. No. 93].

Therefore, on October 6, 2015, RCB filed a Motion for Partial Summary Judgment against Bednar on the breach of promissory note and foreclosure of mortgage claims in the District Court for Oklahoma County, Oklahoma. [*See* Oklahoma County Case No.: CJ-2015-192]. Despite bad faith litigation conduct and delay tactics by Bednar, RCB obtained in an *in rem* Judgment against Bednar on January 22, 2016, and the Journal Entry of Judgment was filed on March 31, 2016. *Id.*[5] The Sheriff's Sale occurred on July 14, 2016, and the subject property was sold to RCB Bank, as a credit bid against its judgment. The sale was made subject to the first mortgage held by Franklin American Mortgage, and the Sherriff's Sale was confirmed on October 14, 2016 (over two years ago). Bednar moved for a stay without posting a bond. However, the Oklahoma County District Court denied Bednar's request to stay the execution of the judgment without posting a bond. Instead, the court set a bond in the amount of $139,000.00. Bednar never posted bond.

On September 29, 2016, FAMC filed a Petition to foreclose on the mortgage in the District Court for Oklahoma County, Oklahoma. *See* CJ-2016-5004. The court entered *in rem* Judgment in favor of FAMC on June 8, 2018. A Special Execution and Order for Sale was issued on June 11, 2018; a Sheriff's Sale was held on August 9, 2018; and the Sheriff's

---

[5] The full factual background and the details surrounding Bednar's vexatious conduct in both Foreclosure Actions are outlined in the Motion for Sanctions filed by Cross-Claim Defendants Jennifer Byler and Rick Warren, on October 11, 2018, in CJ-2015-192.

Sale was confirmed on September 6, 2018. FAMC did not seek or obtain a personal or deficiency judgment against Bednar because his liability on the note was discharged in his bankruptcy case on September 11, 2015. *See* Bankruptcy Case No.: 15-11916-TRC, at Doc. 83 and CJ-2016-5004. Since then, Bednar was filed numbers motions to unwind the foreclosure, all of which have been denied. On September 21, 2018, the Writ of Assistance was executed and possession of the subject property was returned to FAMC.

Bednar has not appealed the judgments or orders Confirming the Sheriff's Sale in either CJ-2015-192 or CJ-2016-50054, and the time for doing so has since passed. Instead, Bednar has filed multiple collateral attacks, with the most recent being the Petition for Immediate and Permeant Equitable Relief [Doc. No. 1], which is pending in the case at bar.

## ARGUMENTS AND AUTHORITIES

### BEDNAR'S PETITION IS BARRED BY THE *ROCKER-FELDMAN* DOCTRINE AND THE FULL FAITH AND CREDIT ACT.

Under the *Rocker-Feldman* doctrine, "lower federal courts, such as bankruptcy courts, lack jurisdiction to engage in appellate review of claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment." *See In Re Kline,* 472 B.R. 98, 105 (10th Cir. BAP 2012), *aff'd* 514 Fed. Appx. 810 (10th Cir. 2013). When deciding whether the claim is barred by the *Rocker-Feldman* doctrine, "[t]he relevant inquiry is whether the state-court judgment caused, actually and proximately, the injury for which the federal-court plaintiff seeks redress, paying closing attention to the relief sought." *Id.* (internal quotation omitted).

7

Here, Bednar lost in state court and is complaining to this Court about the resulting injury. Bednar has repeatedly and unsuccessfully moved to stay and vacate the underlying State Court orders and judgment in the Foreclosure Actions. Instead of appealing to the Oklahoma Supreme Court, Bednar seeks equitable relief from this Court, claiming there was a violation of the discharge injunction. The judgments in the Foreclosure Actions were *in rem*. The bankruptcy discharge injunction was not violated. The Defendants did not infringe on the mediation agreement entered in adversary proceedings filed by RCB Bank. In fact, the Oklahoma County Sheriff's only involvement with Bednar and the subject property was at the direction of the Oklahoma County District Court, ordering the Sheriff's Sale and ordering the eviction of Bednar from the subject property, which the Oklahoma County Sheriff must perform under Oklahoma law. *See e.g.,* 12 O.S. § 766 (statute requiring Sales by Sheriff).

Without a doubt, Bednar is seeking equitable relief from orders and judgments arising in the underlying Foreclosure Actions in the District Court for Oklahoma County, Oklahoma. This Court cannot rule on the merits of Bednar's Petition, nor grant the redress his seeks, without deciding whether the Oklahoma County District Court correctly applied Oklahoma law in entering the foreclosure judgment and denying Bednar's multiple requests to stay, reconsider, and vacate. As the Tenth Circuit noted in *In Re Kline,* the *Rooker-Feldman* doctrine bars such review. *Id.* at 106.

Moreover, the Full Faith and Credit Act requires this Court to give the same preclusive effect to the Oklahoma County District Court judgments as another Oklahoma

8

State Court would give. *See* 28 U.S.C. § 1738 (codifying the Full Faith and Credit Clause of the U.S. Constitution, Art. IV § 1).

Nonetheless, even assuming *arguendo* that this Court could consider the Petition, Bednar has failed to set forth any facts to establish that the Defendants violated the discharge injunction. Tellingly, even the Honorable Sarah Hall was unconvinced there has been any violations of the discharge injunction, as set forth by Bednar. [*See* Order Denying Bednar's Emergency Motion, at Doc. No. 10].

Simply put, "[t]he issues which Bednar seeks to raise are more appropriately addressed by the State Court and (the Oklahoma appellate courts) rather than a collateral attack on such orders and judgments in this Court." *Id.*

## CONCLUSION

Based upon the foregoing arguments and authorities, Defendant Oklahoma County Sheriff respectfully requests that this case be dismissed with prejudice.

Respectfully Submitted,

DAVID W. PRATER
DISTRICT ATTORNEY

Aaron Etherington (OBA 18,259)
Rodney J. Heggy (OBA 4049)
Carri A. Remillard (OBA 21,539)
Assistant District Attorneys
320 Robert S. Kerr, Suite 505
Oklahoma City, OK 73102
Telephone: (405) 713-1600
Facsimile: (405) 713-1749
aaron.etherington@oklahomacounty.org

9

rod.heggy@oklahomacounty.org
carri.remillard@oklahomacounty.org
ATTORNEYS FOR THE OKLAHOMA COUNTY
SHERIFF

## CERTIFICATE OF SERVICE

I hereby certify that I emailed and mailed the foregoing Special Appearance and Response on the 31st day of October, 2018, to:

Alexander Bednar
Bednar Law Firm
15721 Via Bella
Edmond, Oklahoma 73013
Bednarconsult@gmail.com

DEBTOR/PLAINTIFF

Don Timberlake
Baer & Timberlake, PC
PO Box 18486
Oklahoma City, OK  73154-0486
sally@baer-timberlake.com

ATTORNEY FOR FRANKLIN AMERICAN MORTGAGE CO.

Carri A. Remillard