IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE<br><br>Alexander Louis Bednar,<br><br>   Debtor. | Case No. 15-11916-TRC<br>Chapter 7 |
| Alexander L. Bednar,<br><br>   Plaintiff,<br><br>v.<br><br>Franklin American Mortgage Company,<br>Federal National Mortgage Association,<br>Oklahoma County Sheriff,<br><br>   Defendants. | Adv. Pro. No. 18-1096 |
| Alexander Bednar,<br><br>   Plaintiff,<br><br>v.<br><br>RCB Bank,<br><br>   Defendant. | |

**SPECIAL ENTRY OF APPEARANCE AND RESPONSE TO
REQUEST FOR HEARING AND SHORTENED RESPONSE TIME
<u>REGARDING INJUNCTION PENDING HEARING ON MERITS</u>**

RCB Bank, specially, enters it appearance so that it may respond to this Court's Order and Notice of Telephonic Hearing, and Alexander L. Bednar's Request for Expedited Hearing and Shortened Response Time Regarding Injunction Pending Hearing on the Merits filed on October 23, 2018. RCB Bank would show this Court as follows:

   1.  On October 17, 2018, Mr. Bednar filed this Adversary Proceeding against Franklin American Mortgage Company (**"Franklin"**), Federal National Mortgage Association (**"FNMA"**), and

1

the Oklahoma County Sheriff to stay Franklin's foreclosure action pending in the District Court in and for Oklahoma County, State of Oklahoma, Case No. CJ-2016-5004.

2. RCB Bank was not a defendant.

3. Mr. Bednar requested an emergency hearing, and on October 22, 2018, the Honorable Sarah A. Hall entered her Order Denying Emergency Motion (the **"Order"**).

4. In Judge Hall's Order, she found:

a. There is no likelihood of success on the merits of the Petition,
b. The issues raised in the Petition are more appropriately addressed by the State Court,
c. This Petition is a collateral attack of the orders and judgments entered in State Court,
c. There has been no violations of the discharge injunction, and
d. There is no emergency.

A copy of Judge Hall's Order is attached as **Exhibit "A"**.

5. The day after entry of the Order, on October 23, 2018, Mr. Bednar files a Supplemental Petition in this Adversary Proceeding against RCB Bank.

6. Mr. Bednar's Supplemental Petition against RCB Bank for "breach/enforcement of a confidential settlement agreement in adversary proceeding 15-1248, whereby RCB Bank was to issue a quitclaim deed and allow Debtor to file motions to avoid liens."

7. The Settlement Agreement between RCB Bank and Mr. Bednar is final and both parties have complied with it terms. A summary of the events leading up to and concluding the Settlement Agreement are:

a. RCB Bank commenced a Petition in Foreclosure of Alexander Bednar's home on January 13, 2015.
b. Bednar filed an Answer and Counterclaim against RCB Bank.
c. Bednar filed **Chapter 7 bankruptcy** on May 20, 2015 (15-11916-TRC).
d. Bednar's Counterclaim against RCB Bank became property of the bankruptcy estate.
e. On August 17, 2015, RCB Bank commenced an Adversary Proceeding (15-01248) seeking a determination that the debt owed by Bednar ($101,093.76 plus $53,000 in attorney's fees) should be excepted from his discharge under 11 U.S.C. Section 523(a)(2)(B).

    f.    On September 14, 2015, an Agreed Order Terminating Automatic Stay and Directing Abandonment was entered in Bednar's bankruptcy case allowing RCB Bank to continue its state court foreclosure case (CJ-2015-192).

    g.    On May 24, 2016, the Bankruptcy Court approved Bednar's Trustee's settlement and release of Bednar's Counterclaim against RCB Bank.

    h.    Notwithstanding the Trustee's release and settlement with RCB Bank of Bednar's Counterclaim, Bednar filed a Petition against RCB Bank, two of RCB Bank's employees and the attorney's representing RCB Bank asserting the same causes of action raised in his Counterclaim.

    i.    On February 22, 2017, the Honorable Tom R. Cornish referred RCB Bank's adversary proceeding for a settlement conference before U.S. Magistrate Charles B. Goodwin.

    j.    On March 1, 2017, the parties (RCB Bank and Bednar) attended a settlement conference conducted by Judge Goodwin.

    k.    At this settlement conference, the parties agreed and signed a Settlement Agreement.

    l.    The Settlement Agreement was final and complete at that time.

    m.    On March 30, 2017, Bednar was delivered a formal settlement agreement with exhibits.

    n.    Bednar would not sign the agreement.

    o.    On September 6, 2017, Bednar attended a Status Conference in the Adversary Proceeding concerning the status of the Adversary Proceeding.

    p.    On September 6, 2017, Bednar and RCB Bank signed the formal Settlement Agreement.

    q.    On February 13, 2018, a Motion to Dismiss the Adversary Proceeding was filed.

    r.    On August 1, 2018, this Court dismissed the Adversary Proceeding.

7.    Also on October 23, 2018, Mr. Bednar filed a Request for Expedited Hearing and Shortened Response Time Regarding Injunction Pending Hearing on the Merits (the **"Request"**).

8.    The Request is simply another attempt to stay the Franklin's foreclosure action.

9.    The filing of the Supplemental Petition, Request and Affidavit in Support of Shortening Time and Notice (the **"Affidavit"**) is nothing more than an attempt to skirt Judge Hall's Order and collaterally attack valid state court orders and judgments.

10.    The filing of the Supplemental Petition, Request and Affidavit bring RCB Bank into this Adversary Proceeding on Mr. Bednar's whim that the Settlement Agreement has not been finalized.

11.    Mr. Bednar has received the benefit of his bargain from the Settlement Agreement.

12. RCB Bank was not the Plaintiff in Franklin's state court foreclosure case wherein Franklin foreclosed its mortgage, had the property sold at sheriff's sale and had the state court issue a Writ of Assistance to remove Mr. Bednar from the property.

13. RCB Bank is appreciative of Mr. Bednar's plight, but Oklahoma foreclosure statutes afford him rights and those rights have simply been exhausted.

14. The Court does not have subject matter jurisdiction because the relief sought in this Adversary Proceeding is not a core proceeding under 28 U.S.C. Section157(b)(2) because this Adversary Proceeding is not:

    a. a matter concerning administration of the estate because the property subject to Franklin's foreclosure is not property of the estate.
    b. the allowance, estimation or disallowance of claims or exemptions,
    c. a counterclaim by the estate against persons filing claims,
    d. an order in respect to obtaining credit,
    e. an order to turn over property of the estate,
    f. a preference avoidance action,
    g. a motion to terminate, annul or modify the automatic stay,
    h. a fraudulent transfer avoidance action,
    i. an exception to discharge,
    j. an objection to discharge,
    k. a determination of the extent, validity or priority of liens,
    l. a confirmation of a plan,
    m. an order approving the use or lease of property,
    o. the liquidation of assets, or
    p. recognition of a foreign proceeding.

15. There is no order entered in this Adversary Proceeding that this Court can interpret or enforce.

16. RCB Bank denies the following statement made by Mr. Bednar in the Request:

    a. "RCB state attorney who filed a false document in state court in April of 2018",
    b. "and a creditor/party … have taken actions specifically to subjugate and frustrate the court-ordered settlement agreement",
    c. "Debtor … has not received any of the benefits of the bargain from the mediation agreement reached by Judge Goodwin between the parties", and
    d. "RCB has admitted it has not yet issued a valid, proper deed to Debtor in satisfaction of the settlement agreement".

4

17.     Mr. Bednar was forced out of his house by Writ of Assistance lawfully issued after judgment, sheriff's sale and confirmation of sheriff's sale. These orders and judgments were properly secured by Franklin in its state court foreclosure action.

18.     As Judge Hall found, Mr. Bednar is simply using this Court to collaterally attack valid orders and judgments entered in Franklin's foreclosure.

**WHEREFORE**, RCB Bank prays that this Court deny the Request, dismiss this Adversary Proceeding and award RCB Bank its attorney's fees in this matter.

*Respectfully submitted this 31st day of October, 2018.*

                                                RIGGS ABNEY NEAL TURPEN
                                                ORBISON & LEWIS

                                                */s/ Scott P. Kirtley*
                                                Scott P. Kirtley, OBA #11388
                                                502 W. 6th Street
                                                Tulsa, Oklahoma 74119
                                                (918) 587-3161
                                                (918) 587-9708 (fax)
                                                skirtley@riggsabney.com

                                                *Attorneys for RCB Bank*

### Certificate of Service

I, Scott P. Kirtley, certify that on the 31st day of October, 2018, a copy of the above captioned pleading was served upon all parties appearing on the CM/ECF system,

And e-mailed to:

Alexander L. Bednar:   bednarconsult@gmail.com
Don Timberlake:       don@baer-timberlake.com

                                                */s/ Scott P. Kirtley*
                                                Scott P. Kirtley

**Dated: October 22, 2018**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

---

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ALEXANDER LOUIS BEDNAR, | ) | Case No. 15-11916 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | |
| ALEXANDER L. BEDNAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 18-01096 |
| | ) | |
| FRANKLIN AMERICAN MORTGAGE | ) | |
| COMPANY, FEDERAL NATIONAL | ) | |
| MORTGAGE ASSOCIATION, and | ) | |
| OKLAHOMA COUNTY SHERIFF, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING EMERGENCY MOTION [DOC. 10]**

On October 18, 2018, debtor Alexander Bednar ("Bednar") filed the Emergency Motion [Doc. 10] (the "Motion"). A hearing was conducted on Friday, October 19, 2018, at which



Bednar was the only appearing party. For the reasons stated on the record, as well as the reasons set forth below, the Motion is DENIED:

1.  The Court sees that there is no likelihood of success on the merits of the Petition for Immediate and Permanent Equitable Relief due to Violation of the Discharge Injunction, Brief in Support and Notice of Opportunity for Hearing [Doc. 1], filed by Bednar on October 17, 2018 (the "Complaint"), as he seeks to stay state court orders and judgments arising in Case No. CJ-2016-5004 (the "Foreclosure Action"), in the District Court of Oklahoma County, Oklahoma (the "State Court"). The issues which Bednar seeks to raise are more appropriately addressed by the State Court (and the Oklahoma appellate courts) rather than a collateral attack on such orders and judgments in this Court. Additionally, the Court does not believe that there have been any violations of the discharge injunction as set forth in the Complaint.

2.  There is no emergency. Bednar has known that he would have to vacate the premises since (i) a foreclosure judgment was entered in the Foreclosure Action in June 2018, (ii) a sheriff's sale of the premises was noticed for August 9, 2018, (iii) a sheriff's sale of the premises was conducted on August 9, 2018, and (iv) the sheriff's sale was confirmed on September 6, 2018 (as evidenced by the docket sheet in the State court foreclosure action of which this Court takes judicial notice).[1] Bednar had more than adequate notice that he would be required to vacate the premises, including his personal property, and more than sufficient time to

---

[1] It is well established that a court may take judicial notice of its own records as well as records of other courts, particularly in closely related cases. Hutchinson v. Hahn, 402 F. App'x 391, 394-395 (10th Cir. 2010) (citing St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)); Cornforth v. Fidelity Inv., 2017 WL 650132 (W.D. Okla. 2017). Federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to the matters at issue. St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979).

remove himself and his property. Bednar's intentional choice to ignore the notice he received, to fail to make use of the time provided to vacate the premises, and to remain in the foreclosed premises notwithstanding a sheriff sale having been confirmed and a writ of assistance issued, cannot be used as grounds for an emergency stay. Quite simply, the "emergency" was a circumstance of his own creation, a litigation strategy designed to thwart a creditor, but certainly not a basis for an emergency stay without notice to all affected parties.

3. The Motion does not comply with the Local Rules (specifically Local Rule 9013-1) or Federal Rules of Bankruptcy Procedure (Rule 7065). Bednar, an attorney who formerly practiced in this Court, is familiar and aware of such rules. Ordinarily, the Court would have stricken the Motion immediately for failure to comply with the Local Rules and the Federal Rules. However, the Court conducted an emergency hearing on the Motion in order to conclude Bednar's constant inquiries regarding conducting an emergency, *ex parte* hearing in which he sought a stay of the Foreclosure Action without notice to or participation by opposing parties on late Friday afternoon. In denying the Motion, it is not necessary to strike it as the Court ordinarily does with all motions not in compliance with the Local Rules and Federal Rules.

IT IS SO ORDERED.

# # #