IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| ALEXANDER LOUIS BEDNAR, | ) Case No. 15-11916-TRC |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |
| ALEXANDER L. BEDNAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Adv. No. 18-01096-TRC |
| | ) |
| FRANKLIN AMERICAN MORTGAGE COMPANY; FEDERAL NATIONAL MORTGAGE ASSOCATION; OKLAHOMA COUNTY SHERIFF; AND RCB BANK, | ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANT, FEDERAL NATIONAL MORTGAGE ASSOCIATION'S COMBINED RESPONSE TO PLAINTIFF'S REQUEST FOR IMMEDIATE AND PERMANENT INJUNCTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

COMES NOW Defendant, Federal National Mortgage Association ("**Fannie Mae**"), by and through its undersigned counsel of record, and respectfully responds to Plaintiff, Alexander L. Bednar's ("**Plaintiff**") request for Immediate and Permanent Injunction [Doc. 1], filed by Plaintiff on October 17, 2018 (the "**Complaint**"). Because the facts and law that support the denial of Plaintiff's request for an immediate and permanent injunction are the same as the law and facts that support a dismissal of this action under Fed. R. Civ. P. 12(b)(6), Fannie Mae additionally moves the Court to dismiss the Complaint for failure to state a claim. In support of this Response and Motion, Fannie Mae relies upon the pleadings and documents on file in this action and on filed in connection with Case No. CJ-2016-5004 (the "**Foreclosure Action**"), in the District Court of Oklahoma County, Oklahoma (the "**State Court**").

1

BT No. 112287

## I.

### FANNIE MAE'S RESPONSE TO PLAINTIFF'S MOTION
### FOR IMMEDIATE AND PERMANENT INJUNCTION

**A.  PLAINTIFF'S REQUEST FOR A PRELIMINARY OR IMMEDIATE INJUNCTION SHOULD BE DENIED.**

Plaintiff has requested a preliminary or immediate injunction.  A preliminary injunction is appropriate when: "(1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest."  Wyandotte Nation v. Sebelius, 443 F.3d 1247, 1254-55 (10th Cir. 2006).

As succinctly stated by the Honorable Sarah A. Hall in the Order Denying Emergency Motion [Doc. 12], ". . . there is no likelihood of success on the merits of the [Complaint], as [Plaintiff] seeks to stay state court orders and judgments arising in [the Foreclosure Action] in [State Court].  The issues which [Plaintiff] seeks to raise are more appropriately addressed by the State Court (and the Oklahoma appellate courts) rather than a collateral attack on such orders and judgments in this Court.  Additionally, the Court does not believe that there has been any violations of the discharge injunction as set forth in the Complaint."

As alluded to by Judge Hall, the *Rooker-Feldman* doctrine precludes a party who has lost in state court "from seeking what in substance would be appellate review of a state judgment" in federal district court.  Kenmen Eng'g v. City of Union, 314 F.3d 468, 473 (10th Cir. 2002)(quotations omitted)(overruled on other grounds).  The document that is the impetus of all of Plaintiff's claims is the Journal Entry of Judgment filed in the Foreclosure Action on June 11,

BT No. 112287

2018 (the "**Journal Entry**").[1] Plaintiff has never moved to vacate the Journal Entry in State Court and the time to appeal the entry of the Journal Entry has long expired. Accordingly, all of the claims asserted in the Complaint are precluded under the *Rooker-Feldman* doctrine.

Even ignoring application of the *Rooker-Feldman* doctrine, there is no set of law or facts that could support a finding that there have been any violations of the discharge injunction in the underlying bankruptcy. In this action, Plaintiff has alleged violations of the discharge injunction occurred by virtue of taking an *in personam* judgment against Plaintiff in the Foreclosure Action and by virtue of actions taken to sell the real property that is the subject matter of the Foreclosure Action (the "**Real Property**"). The Real Property was ordered sold in the Journal Entry. The Journal Entry granted Franklin American Mortgage Company ("**Franklin**") judgment *in rem* only. In other words, Franklin <u>never</u> obtained a personal, monetary judgment against Plaintiff. Accordingly, there is no set of facts or law that would support a claim that *the fact of the entry and filing* of the Journal Entry constituted a violation of the discharge injunction.

Based upon the fact that the Journal Entry granted judgment *in rem* only, there is similarly no set of law or facts that could support a claim that any of the *actions taken in contemplation of the sale* of the Real Property constituted a violation of the discharge injunction.

Even if there were some legal mechanism whereby *the sale of the Real Property itself* could lead in the imposition of a personal deficiency judgment against Plaintiff – and there is none – it would be impossible to obtain a deficiency or personal judgment against Plaintiff under Oklahoma

---

[1] As this document is a public record and is referenced in the Complaint [Doc. 1 [Complaint, pg. 5 at ¶ 2], Fannie Mae asks that this Court take judicial notice of this document. In re Chesapeake Energy Corp. 2012 ERISA Class Litig., No CIV-12-688-M, 2013 WL 5596908, at *5 (W.D. Okla. Oct. 11, 2013)("On a motion to dismiss pursuant to Rule 12(b)(6), 'courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated in the complaint by reference, and matters of which a court may take judicial notice.'"). A court may take judicial notice of documents that are referred to in the complaint, even if those documents were not attached to the complaint or explicitly incorporated by reference. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008). Further, a court may take judicial notice of documents that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

BT No. 112287

law and the facts of this case because the Real Property sold at Sheriff's Sale to Franklin[2] for $528,200.00, *i.e.*, $28,200.00 in excess of the Real Property's appraised value[3]. Because the Real Property sold for more than its appraised value, it would be impossible to move for and obtain a deficiency judgment against Plaintiff under Oklahoma law. OKLA. STAT. ANN. TIT. 12, § 686.

As the Court is well aware, 11 U.S.C. § 524(a)(1) voids any judgment obtained against a debtor to the extent ". . . such judgment is a determination of the personal liability against the debtor . . ." Section 524(a)(2), referencing the prohibited judgment/debt referred to in Section 524(a)(1), prohibits ". . . the commencement or continuation of an action . . . to collect, recover or offset *any such debt* as a personal liability of the debtor . . ." (emphasis added). In this action, the public record demonstrates that the Journal Entry was *in rem* only and was not a determination of personal liability against Plaintiff. Because the Journal Entry is not in violation of Section 524(a)(1), it is necessarily not in violation of Section 524(a)(2). Accordingly, based upon the foregoing, Fannie Mae respectfully requests that the Court deny Plaintiff's request for a preliminary or immediate injunction.

B.  **PLAINTIFF'S REQUEST FOR A PERMANENT INJUNCTION SHOULD BE DENIED.**

To the extent Plaintiff is presently seeking or may request a permanent injunction prior to a final determination of the merits of the action, the request is premature and should also be denied because Plaintiff has not had actual success on the merits of his claims. *See* Fisher v. Okla. Health Care Auth., 335 F.3d 1175, 1180 (10th Cir. 2003)("There are four elements that must be proven for a party to obtain a permanent injunction: (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction

---

[2] Fannie Mae acquired record ownership of the Real Property from Franklin, as reflected in the Order Confirming Sale filed in the Foreclosure Action on September 6, 2018.

[3] In the State Court, the Real Property was appraised for $500,000.00, and sold at Sheriff's Sale for $528,200.00. *See* Appraisement of Real Estate Under Execution filed May 16, 2018; and Order Confirming Sale filed September 6, 2018.

BT No. 112287

may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.)."

Accordingly, Fannie Mae respectfully requests that the Court deny Plaintiff's request for a permanent injunction.

## II.

### FANNIE MAE'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**A.   LEGAL STANDARD.**

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide "'a short and plain statement of the claim showing that [he] . . . [is] entitled to relief,' in order to 'give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Claims that fail to meet this standard must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."

While these rules do not require heightened fact pleading, they do require that a complaint contain sufficient factual allegations, which, accepted as true, state a claim for relief "'that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570 (2007)). Where, however, the plaintiff fails to "nudge[] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." Twombly, 550 U.S. at 570. This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Indeed, where there is an "obvious alternative explanation" for the conduct alleged, the complaint should be dismissed. Iqbal, 129 S. Ct. at 1957. Therefore, to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide more than just "labels

5

BT No. 112287

and conclusions"; rather, he must provide grounds of his entitlement to relief. Twombly, 550 U.S. 555 ("formulaic recitation of the elements of a cause of action will not do.").

Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949-50 ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice[;] only a complaint that states a plausible claim for relief survives a motion to dismiss."). Indeed, while legal conclusions may establish the complaint's basic framework, "they must be supported by factual allegations." Id. at 1950.

**B.     ARGUMENT.**

Fannie Mae respectfully submits that, for the reasons set forth in Part I, *supra*, Plaintiff has no plausible claim against Fannie Mae for violation of the discharge injunction.

### III.
### CONCLUSION

For the foregoing reasons, Plaintiff's request for a temporary or immediate injunction should be denied. For the same reasons, Plaintiff's claims against Fannie Mae fail and should be dismissed with prejudice, and this Court should grant Fannie Mae such other relief as it deems just.

This 31st day of October, 2018.

    Respectfully submitted,

    s/ Jim Timberlake
    Jim Timberlake, OBA #14945
    BAER & TIMBERLAKE, P.C.
    P.O. Box 18486
    Oklahoma City, OK 73154-0486
    Telephone: (405) 842-7722
    Facsimile: (405) 463-6368
    jim@baer-timberlake.com
    Attorneys for Defendant, Federal National Mortgage Association

BT No. 112287

## CERTIFICATE OF SERVICE

  This is to certify that I did, on this 31st day of October, 2018, electronically transmit the above and foregoing document, with any and all attachments, to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Alexander L. Bednar
15721 Via Bella
Edmond, OK 73013

              s/ Jim Timberlake
              Jim Timberlake, OBA #14945

BT No. 112287