**Dated: November 8, 2018**

**The following is ORDERED:**



**Tom R. Cornish**
**U.S. Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE:
ALEXANDER LOUIS BEDNAR,   Case No. 15-11916-TRC
                          Chapter 7

          Debtor.

ALEXANDER L. BEDNAR,

          Plaintiff,

vs.   Adv. No. 18-01096-TRC

FRANKLIN AMERICAN MORTGAGE
COMPANY, FEDERAL NATIONAL
MORTGAGE ASSOCIATION,
OKLAHOMA COUNTY SHERIFF,
AND RCB BANK,

          Defendants.

### ORDER DENYING REQUEST FOR EMERGENCY RELIEF

Before the Court is Plaintiff's Request for Expedited Hearing and Shortened Response Time

Regarding Injunction Pending Hearing on the Merits (Docket Entry 15), as well as requests for relief set forth in Plaintiff's petitions and complaints. Responses objecting to the requested relief and special appearances were filed by Defendant Federal National Mortgage Association ("Fannie Mae") (Docket Entry 24), Oklahoma County Sheriff (Docket Entry 26), and RCB Bank (Docket Entry 28). The Court held an expedited telephonic hearing on November 1, 2018. Participants in the hearing were Plaintiff Alexander Bednar, James Timberlake for Fannie Mae and Franklin American Mortgage, Carrie A. Remillard for Oklahoma County Sheriff, and Scott Kirtley for RCB Bank. In addition to the relief requested by Plaintiff, Defendants Fannie Mae and the Oklahoma County Sheriff moved to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6). The Court will address the dismissal motions by separate order.

      Following the hearing, the Court allowed Bednar additional time to reply to Defendant's responses. Bednar filed the following: Notice that Franklin American Mortgage Has Not Responded by Oct 31 (Docket Entry 35); Objection to Defendant Sheriff's Response and Failure to Address Key Questions of Unlawfully Augmenting Credit on Judgment at Sheriff Sales; Request to Strike Pleading for Inappropriate Ad Hominem Abuse of Attorney; and Suggestion of Questions to Ask Sheriff in Discovery and to Certify to Oklahoma Supreme Court (Docket Entry 36); and Combined Objection to Defendants RCB and Fannie Mae's Response and Motion to Dismiss for Failure to Address Key Concerns of Their Attorneys Unlawfully Augmenting Credit on Judgment at Sheriff Sale and Other Violations of Law; Request to Convert Pleading to One for Summary Judgment Based on Controverted Fact Issues Not Developed Yet Through Discovery; and Suggestion of Questions to Ask in Discovery and to Certify to Oklahoma Supreme Court (Docket Entry 38). These pleadings consist almost entirely of complaints about the state court foreclosure cases. Bednar also filed two additional amended complaints which incorporate the others by reference: Amended

Complaint (Docket Entry 37) and Second Amended Complaint (Docket Entry 39). After review, this Court finds that Bednar's requested relief should be denied.

**Background**

Plaintiff Bednar and his ex-wife executed two mortgages on their home in Edmond, Oklahoma ("Esperanza home"). The first mortgage was held by American Mortgage (predecessor to Franklin American). The second mortgage was held by Defendant RCB Bank. The Bednars defaulted on these mortgages and foreclosure actions were filed in Oklahoma County District Court. The first foreclosure was filed by RCB Bank on January 13, 2015, Case No. CJ-2015-192. RCB Bank received an *in rem* judgment against Bednar on January 22, 2016. RCB Bank was the buyer via credit bid at a Sheriff's Sale, subject to the first mortgage held by Franklin. The Sheriff's Sale was confirmed October 14, 2016. Bednar did not appeal these final orders.

The second foreclosure action was filed by Franklin on September 29, 2016, Case No. CJ-2016-5004. A notice of *lis pendens* was filed. RCB Bank was also named as a defendant in this foreclosure, with a pending foreclosure on its second mortgage. As did other co-defendants, RCB Bank filed a Disclaimer of interest in the Esperanza home. A judgment of foreclosure was entered and all interests, including those of RCB Bank and Bednar, were found inferior to Franklin's, and were barred from claiming any interest in the foreclosed property. Franklin obtained an *in rem* judgment of foreclosure against Bednar. At the Sheriff's Sale on August 9, 2018, Bednar was the high bidder; however, he failed to tender the monies required so the property was sold to Fannie Mae, second highest bidder. The Sheriff's Sale was confirmed on September 6, 2018. Bednar did not appeal the journal of entry of judgment nor the order confirming sheriff's sale. Bednar's Amended Complaint (Docket Entry 37) states that he has appealed the state court orders. However, the dockets of those cases do not reflect that. He has filed Writs of Mandamus against various state

court judges. His requests for emergency relief have been denied by the state courts.

Bednar filed a chapter 7 bankruptcy in this Court on May 20, 2015. He listed the Esperanza home as exempt property. No challenges were ever made to his claim of exemption. RCB Bank filed a motion to lift the stay to allow its state court action to proceed against Bednar. An agreed order granting that relief was entered on September 15, 2015. RCB Bank also timely filed an adversary case against Bednar, Adv. Case No. 15-1248, seeking a determination that Bednar's debt to RCB Bank was not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B). Bednar's chapter 7 discharge was entered on September 11, 2015. The Chapter 7 Trustee entered into a settlement agreement with RCB Bank and others in May of 2016 regarding a potential claim of against RCB Bank. The Trustee filed his Final Report on May 18, 2017 and abandoned any interests in any property of the bankruptcy estate.

RCB Bank and Bednar settled the § 523(a)(2)(B) case, Adv. No. 15-1248, after participating in a settlement conference on March 1, 2017. Eventually, after this Court ordered Bednar to sign the settlement agreement, a formal agreement was signed. Upon motion of the parties, this Court entered an order dismissing the case with prejudice on August 1, 2018. One of the terms of the settlement was that RCB Bank execute a quitclaim deed to Bednar or his designee of any interest of RCB Bank in the Esperanza property. Bednar claims that the quitclaim deed was never properly executed and is void.

This Court was advised by counsel for Fannie Mae and Franklin that Bednar was given notice on September 7, 2018 that he had until September 21, 2018 to vacate the Esperanza home and remove all personal items. Fannie Mae took possession of the home on September 21, 2018, but Bednar had not removed his personal property by that date. Fannie Mae has granted several extensions of time to remove his personal property, the latest one being November 4, 2018.

Bednar advised the Court that on August 1, 2018, he deeded the Esperanza home to the MFB Revocable Trust, a trust for his minor daughter.

**Plaintiff Bednar's Requested Relief**

This is Plaintiff Bednar's second attempt at obtaining a preliminary injunction regarding matters surrounding the foreclosure and subsequent eviction from his home. He filed this adversary case on October 17, 2018, against Defendants Franklin American Mortgage Company ("Franklin"), Federal National Mortgage Association ("Fannie Mae"), and the Oklahoma County Sheriff alleging violations of the discharge injunction by Defendants in proceeding to enforce final orders of foreclosure regarding the Esperanza home. He requested an emergency hearing to obtain a stay of actions to remove him from the Esperanza home. Bankruptcy Judge Sarah A. Hall conducted a hearing on October 19, 2018, and denied Bednar's first request for emergency relief. Her written order was filed and docketed on October 22, 2018 (Docket Entry 12). In denying Bednar's request for a stay of his eviction, Judge Hall held that there was no likelihood of success on the merits as he is attempting a collateral attack on orders issued by state courts, there was no emergency necessitating a stay, and Bednar failed to comply with Local Rules including failure to give notice to interested parties.

On October 23, 2018, Bednar filed a "Supplemental Petition" which purports to add RCB Bank as a defendant. He again asked for emergency relief in the form of a preliminary injunction and permanent injunction to prevent Defendants from violating a settlement agreement he has with RCB Bank. He also requests that this Court order a new mediation with RCB Bank in Adversary Case 15-1248 and direct Franklin and Fannie Mae to participate in that mediation. He requests that this Court certify questions to the Oklahoma Supreme Court. After the telephonic hearing conducted by this Court, Bednar filed two additional Amended Complaints, as well as replies to Defendants'

responses. He continues to request injunctive relief from orders entered by the state court.

**Analysis**

Bednar requests a "*pendent lite*" that is, a stay of proceedings against him and an injunction halting Defendants' efforts to remove him and his personal property from the Esperanza home. He also seeks an order to "redo" the mediation of the RCB Bank Adversary Case No. 15-1248 and order Franklin to participate. He asks this Court to certify questions regarding the state foreclosure cases to the Oklahoma Supreme Court.

Bednar does not answer the question of what interest he has in the Esperanza property that gives him standing before this Court. Putting aside Franklins' foreclosure judgment which divested him of any interest in the property, he told this Court that he deeded the property to his daughter's trust on August 1, 2018. Nevertheless, he argues that by filing his Supplemental Petition ( Docket Entry 13) and adding RCB Bank he has set forth a new ground that entitles him to injunctive relief: interference with and frustration of his settlement with RCB Bank. His amended complaints include additional causes of action of conspiracy and breach of contract regarding that settlement. Because his settlement with RCB Bank was in the context of his bankruptcy case, he believes that he has now alleged grounds that do not consist of a collateral attack on the state court orders regarding foreclosure, and which allow this Court to exercise its powers pursuant to 11 U.S.C. § 105 to enforce its own orders without violating the *Rooker-Feldman* doctrine. But as the Court reviews his "new" arguments of interference, collusion, conspiracy, and breach of contract, the Court finds that ultimately Bednar's goal is to "undo" the final orders entered in the state court actions by pointing out defects in those proceedings. Bednar is not asking this Court to simply stay non-final proceedings in state court, he is asking this Court to invalidate and unwind a final order of a state court. This violates the *Rooker-Feldman* doctrine as it is an attempt to appeal a final order of the

state court to this Court. Federal courts have strong respect for the function of state courts and should not unduly interfere with those functions.

In joining RCB Bank to this case and alleging interference with and breach of contract regarding his adversary case settlement agreement, Bednar is attempting to bootstrap his way into the jurisdiction of the bankruptcy court. He argues that RCB Bank issued an improper or void quitclaim deed to him in violation of their settlement agreement. He argues that RCB Bank also improperly filed a disclaimer of its interest in the property in the Franklin foreclosure action, as part of a conspiracy with the Oklahoma County Sheriff and Franklin to frustrate his adversary case settlement. However, these allegations are just another attempt to appeal and attack the state court processes. Whether there is some legal technicality which invalidates the quitclaim deed and whether RCB Bank's disclaimer was somehow improper are issues regarding title and foreclosure before the state court; thus, they are inextricably intertwined with the state court case. Bednar should have raised these issues with the state court. A quitclaim deed simply conveys what, if any, interest a party has in real property. RCB Bank simply conveyed whatever interest it may have had in the Esperanza property. Its disclaimer stated it had no interest in the Esperanza property. The Court does not believe these actions invalidate the settlement agreement. Bednar wanted RCB Bank to quitclaim whatever interest it had. It attempted to do so.

Bednar's interests in the Esperanza home were foreclosed in the RCB Bank foreclosure case when the Sheriff's Sale was confirmed and a Sheriff's Deed was issued to RCB Bank, subject to the first mortgage. He states that RCB Bank was supposed to reconvey the property to him pursuant to their settlement, believing that this prevented Franklin from foreclosing on its first mortgage. Subsequently, the first mortgage was foreclosed due to Bednar's failure to make his mortgage payments, all outstanding interests were terminated, and Fannie Mae became the owner of the

Esperanza property. Bednar has a fundamental misconception of mortgages and foreclosure law. If he believed the foreclosure action by Franklin of its first mortgage was invalid or redundant, that argument needed to be raised in that action, and appeals taken of the state court's orders. This Court has no power to undo the foreclosure, or reorder the title and ownership interests. Plain and simple, Bednar is seeking an appeal and reversal of a final order of the state court.

The Court also declines to enter injunctive relief directing a new mediation of his RCB Bank case to include including Franklin and Fannie Mae. This request is based upon Bednar's conspiracy and breach of contract allegations and is inextricably intertwined with his attack on the foreclosure judgment and Franklin sheriff's sale as its focus is on the quitclaim deed and disclaimer filed by RCB Bank in the Franklin foreclosure case. Franklin was not a party in the RCB Bank adversary case and there was no need for it to have participated in a mediation of a § 523 dischargeability case between Bednar and a separate creditor. This is yet another maneuver by Bednar to argue improper notice and other alleged infirmities regarding the Sheriff's Sale in an attempt to undo a final order of a state court. In seeking an order for a new mediation involving RCB Bank, Franklin or Fannie Mae, Bednar is attempting to halt his eviction so that a different result can be reached.

The case cited by Bednar in support of his position that this Court has authority to intervene in his state court actions is distinguishable on its facts, but provides authority for this Court to deny Bednar's requested relief. The court in *In re Van Winkle*, 583 B.R. 759 (10th Cir. BAP 2018), states that a request made to a federal court to invalidate a state judgment based upon an alleged defect in a state court proceeding presents a *Rooker-Feldman* issue. The BAP opinion states that where a state court order is final, a court may not invalidate it. However, in *Van Winkle,* the state court had not entered findings or final decisions so the action in the bankruptcy court was not an attempt to invalidate a state court judgment. In fact, the state court case had been stayed by agreement of the

parties, pending resolution of issues in bankruptcy court. That is not the fact situation of this adversary case. *Van Winkle* also states that a creditor who filed an action allowed under state law to reforeclose on an *in rem* basis did not violate the discharge injunction. This supports Defendants' argument that collecting an *in rem* judgment of foreclosure against Bednar does not violate the discharge injunction. Since there is no violation of the discharge injunction, Bednar's adversary case cannot succeed on the merits.

As previously stated by Judge Hall in her Order denying Bednar's first request for emergency relief, Bednar must establish a likelihood of success on the merits in order to obtain an injunction. He fails to do so. His new argument that this Court needs to enforce the RCB Bank settlement agreement is simply a recharacterization of the same request that this Court should stay the eviction process so that it can review and reverse the state court proceedings. He has no interest in the Esperanza property. The bankruptcy estate has no interest in the property. His arguments have been made and rejected in state court. This Court cannot review and reverse final orders rendered by a state court. There is no likelihood of success on the merits of this case.

The Court declines to strike the response of the Oklahoma County Sheriff. It contains nothing remotely objectionable nor inappropriate. For reasons stated herein, the Court declines to enter a stay while it certifies questions to the Oklahoma Supreme Court.

IT IS THEREFORE ORDERED that Plaintiff Bednar's requests for preliminary injunctive relief and a *pendent lite* as set forth in Docket Entry 15, as well as in his Petition (Docket Entry 1), Supplemental Petition (Docket Entry 13), Amended Complaint (Docket Entry 37) and Second Amended Complaint (Docket Entry 39) are **denied.**

IT IS FURTHER ORDERED that Plaintiff Bednar's requests to strike the Oklahoma County Sheriff's Special Entry of Appearance and Response and certify questions to the Oklahoma Supreme

Court (Docket Entry 36) are **denied**.

###