United States Bankruptcy Court
Western District of Oklahoma

Bednar,
           Plaintiff                                    Adv. Proc. No. 18-01096-TRC

Franklin American Mortgage Company,
           Defendant

## CERTIFICATE OF NOTICE

District/off: 1087-5          User: jebe          Page 1 of 2          Date Rcvd: Nov 09, 2018
                              Form ID: pdf006      Total Noticed: 8


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 11, 2018.
aty          +Carri A Remillard - Paper Filer,   Assistant District Attorney,   320 Robert S Kerr Suite 505,
              Oklahoma City, OK 73102-3412
aty          +Jim Timberlake,   Baer & Timberlake PC,   4200 Perimeter Center Drive, Suite 100,
              Oklahoma City, OK 73112-2310
aty           Scott P. Kirtley,   Riggs, Abney,   502 West 6th Street,   Tulsa, OK  74119-1016
pla          +Alexander L. Bednar,   15721 Via Bella,   Edmond, OK 73013-6567

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg           E-mail/Text: bankruptcy@oesc.state.ok.us Nov 09 2018 22:41:17
              Oklahoma Employment Security Commission,   PO Box 53039,   Oklahoma City, OK  73152-3039
ust          +E-mail/Text: USTPRegion20.OC.ECF@usdoj.gov Nov 09 2018 22:41:09     Charles Glidewell,
              United States Trustee,   215 Dean A. McGee Ave. 4th Fl.,   Oklahoma City, OK 73102-3479
ust          +E-mail/Text: USTPRegion20.OC.ECF@usdoj.gov Nov 09 2018 22:41:09     Felicia S Turner,
              215 Dean A. McGee Avenue,   Oklahoma City, OK 73102-3440
ust          +E-mail/Text: USTPRegion20.OC.ECF@usdoj.gov Nov 09 2018 22:41:09     United States Trustee,
              United States Trustee,   215 Dean A. McGee Ave., 4th Floor,   Oklahoma City, OK 73102-3479
                                                                                       TOTAL: 4


             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
ust           John McClernon
ust           Katherine Wieland
ust           Lendy Heilaman
ust           Michele Adams
ust           Test UST
ust           Vickie Kaufman
ust           trustee11
dft           Franklin American Mortgage Company
                                                                    TOTALS: 8, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 11, 2018                           Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 9, 2018 at the address(es) listed below:
             Douglas N. Gould   dg@dgouldlaw.net,  dgould@ecf.epiqsystems.com;brook@dgouldlaw.net
             Douglas N. Gould   on behalf of Trustee Douglas N. Gould dg@dgouldlaw.net,
              dgould@ecf.epiqsystems.com;brook@dgouldlaw.net
             Edward F Saheb   on behalf of Plaintiff   Law Offices of Edward F. Saheb LLC saheb222@yahoo.com,
              mandeebee09@gmail.com
             Edward F Saheb   on behalf of Creditor Edward F Saheb saheb222@yahoo.com,  mandeebee09@gmail.com
             Edward F Saheb   on behalf of Plaintiff Edward F. Saheb saheb222@yahoo.com,  mandeebee09@gmail.com
             Gretchen  Crawford   on behalf of Creditor   Oklahoma County Treasurer grecra@oklahomacounty.org,
              tammik@oklahomacounty.org
             Jerome S. Sepkowitz   on behalf of Plaintiff William E. Liebel jsepkowitz@derryberrylaw.com,
              jenelle@derryberrylaw.com
             Jerome S. Sepkowitz   on behalf of Interested Party William E. Liebel
              jsepkowitz@derryberrylaw.com,  jenelle@derryberrylaw.com
             Jerry D. Brown   on behalf of Defendant Alexander Louis Bednar jdbrownpc@sbcglobal.net,
              jdbrown@oklahoma.net
             Jim  Timberlake   on behalf of Defendant   Federal National Mortgage Association
              bmyers@baer-timberlake.com
             Joel C. Hall   on behalf of Creditor   Tinker Federal Credit Union joel@okcfirm.com,
              jhall@ecf.epiqsystems.com

```
District/off: 1087-5          User: jebe              Page 2 of 2          Date Rcvd: Nov 09, 2018
                              Form ID: pdf006         Total Noticed: 8


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              Phillip P Owens, II    on behalf of Creditor Jill  Bednar po@owenslawofficepc.com,
               powens43@gmail.com;powens@chrisharperlaw.com
              Scott P. Kirtley    on behalf of Creditor   RCB Bank skirtleyattorney@riggsabney.com
              Scott P. Kirtley    on behalf of Defendant  RCB Bank skirtleyattorney@riggsabney.com
              Scott P. Kirtley    on behalf of Plaintiff   RCB Bank skirtleyattorney@riggsabney.com
              U.S. Trustee    Ustpregion20.oc.ecf@usdoj.gov
                                                                                        TOTAL: 16
```

**Dated: November 9, 2018**

**The following is ORDERED:**



**Tom R. Cornish**
**U.S. Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE:
ALEXANDER LOUIS BEDNAR                          Case No. 15-11916-TRC
                                                Chapter 7

                       Debtor.

ALEXANDER L. BEDNAR,

                       Plaintiff,

vs.                                             Adv. No. 18-01096-TRC

FRANKLIN AMERICAN MORTGAGE
COMPANY, FEDERAL NATIONAL
MORTGAGE ASSOCIATION,
OKLAHOMA COUNTY SHERIFF,
AND RCB BANK,

                       Defendants.

## ORDER OF DISMISSAL WITH PREJUDICE

    Before the Court are two Motions to Dismiss for failure to state a claim pursuant to Fed.

R. Civ. P. 12(b)(6).  Dismissal is urged by Defendant Oklahoma County Sheriff (Docket Entry

27) and Defendant Federal National Mortgage Association ("Fannie Mae") (Docket Entry 34).[1] This Court held an expedited telephonic hearing on November 1, 2018 at which time it entertained arguments on the requests to dismiss. Participants in the hearing were Plaintiff Alexander Bednar, James Timberlake for Fannie Mae and Franklin American Mortgage, Carrie A. Remillard for Oklahoma County Sheriff, and Scott Kirtley for RCB Bank. The Court allowed additional time for Bednar to reply to Defendants' responses and objections to his second request for emergency relief and injunctive relief, and additional time to respond to the requests to dismiss.

Prior to the telephonic hearing, Bednar filed two complaints: Petition (Docket Entry 1), and Supplemental Petition (Docket Entry 13). After the telephonic hearing, Bednar filed two amended complaints which incorporate his first two complaints by reference: Amended Complaint (Docket Entry 37) and Second Amended Complaint (Docket Entry 39). He also filed the following: Notice that Franklin American Mortgage Has Not Responded by Oct 31 (Docket Entry 35); Objection to Defendant Sheriff's Response and Failure to Address Key Questions of Unlawfully Augmenting Credit on Judgment at Sheriff Sales; Request to Strike Pleading for Inappropriate Ad Hominem Abuse of Attorney; and Suggestion of Questions to Ask Sheriff in Discovery and to Certify to Oklahoma Supreme Court (Docket Entry 36); and Combined Objection to Defendants RCB and Fannie Mae's Response and Motion to Dismiss for Failure to Address Key Concerns of Their Attorneys Unlawfully Augmenting Credit on Judgment at Sheriff Sale and Other Violations of Law; Request to Convert Pleading to One for Summary Judgment Based on Controverted Fact Issues Not Developed Yet Through Discovery; and Suggestion of

---

[1]Defendants' responses and motions to dismiss were separately docketed to reflect each request for relief. *See* Docket Entries 24 and 34, and corrected response (Docket Entry 41) filed by Fannie Mae, and Docket Entries 26 and 27 filed by Oklahoma County Sheriff.

Questions to Ask in Discovery and to Certify to Oklahoma Supreme Court (Docket Entry 38). The Court has considered all pleadings filed to date. After review, this Court finds that the case should be dismissed with prejudice.

**Background**

Plaintiff Bednar and his ex-wife executed two mortgages on their home in Edmond, Oklahoma ("Esperanza home"). The first mortgage was held by American Mortgage, predecessor to Franklin. The second mortgage was held by Defendant RCB Bank. The Bednars defaulted on these mortgages and foreclosure actions were filed in Oklahoma County District Court. The first foreclosure was filed by RCB Bank on January 13, 2015, Case No. CJ-2015-192. RCB Bank received an *in rem* judgment against Plaintiff Bednar on January 22, 2016. RCB Bank was the buyer via credit bid at a Sheriff's Sale, subject to the first mortgage held by Franklin. The Sheriff's Sale was confirmed October 14, 2016. Bednar did not appeal these orders.

The second foreclosure action was filed by Franklin on September 29, 2016, Case No. CJ-2016-5004. A notice of *lis pendens* was filed. RCB Bank was also named as a defendant in this foreclosure, with a pending foreclosure and second mortgage. As did other co-defendants, RCB Bank filed a Disclaimer of interest in the Esperanza home. A judgment of foreclosure was entered and all interests, including those of RCB Bank and Bednar, were found inferior to Franklin's, and were barred from claiming any interest in the foreclosed property. Franklin obtained an *in rem* judgment of foreclosure against Bednar. At the Sheriff's Sale on August 9, 2018, Bednar was the high bidder; however, he failed to tender the monies required so the property was sold to Franklin, second highest bidder, with Fannie Mae then acquiring title. The Sheriff's Sale was confirmed on September 6, 2018. Bednar did not appeal the journal of entry

of judgment nor the order confirming sheriff's sale.[2]

Bednar filed a chapter 7 bankruptcy in this Court on May 20, 2015.  He listed the Esperanza home as exempt property.  No challenges were ever made to his claim of exemption.  RCB Bank filed a motion to lift the stay to allow its state court action to proceed against Bednar.  An agreed order granting that relief was entered on September 15, 2015.  RCB Bank also timely filed an  adversary case against Bednar, Adv. Case No. 15-1248, seeking a determination that Bednar's debt to RCB Bank was not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).  Bednar's chapter 7 discharge was entered on September 11, 2015.  The Chapter 7 Trustee entered into a settlement agreement with RCB Bank and others in May of 2016 regarding a potential claim against RCB Bank.  The Trustee filed his Final Report on May 18, 2017 and abandoned any interests in any property of the bankruptcy estate.

RCB Bank and Bednar settled the § 523(a)(2)(B) case, Adv. No. 15-1248, after participating in a settlement conference on March 1, 2017.  Eventually, after this Court ordered Bednar to sign the settlement agreement, a formal agreement was signed.  Upon motion of the parties, this Court entered an order dismissing the case with prejudice on August 1, 2018.  One of the terms of the settlement was that RCB Bank execute a quitclaim deed to Bednar or his designee of any interest of RCB Bank in the Esperanza property.  Bednar claims that the quitclaim deed was never properly executed and is void.

This Court was advised by counsel for Fannie Mae and Franklin that Bednar was given notice on September 7, 2018 that he had until September 21, 2018 to vacate the Esperanza home

---

[2]Plaintiff Bednar's Amended Complaint (Docket Entry 37) states that he has appealed the state court orders.  However, the dockets of those cases do not reflect that.  He had filed Writs of Mandamus against various state court judges and his requests for emergency relief have been denied by the Oklahoma Supreme Court.

and remove all personal items.  Fannie Mae took possession of the home on September 21, 2018,

but Bednar had not removed his personal property by that date.  Fannie Mae has granted several

extensions of time to remove his personal property.  The last extension this Court is aware was

until November 4, 2018.

Bednar advised the Court that he deeded the Esperanza home to the MFB Revocable

Trust, a trust for his minor daughter, on August 1, 2018.

**Standard for Motions to Dismiss**

The focus of a motion to dismiss is on the complaint itself.  In this case, Bednar has filed

four different complaints, each incorporating the others by reference with the caveat that

Bednar's Amended Complaint and Second Amended Complaints do not incorporate by reference

any arguments in his previous petitions that may be construed as a request to overturn state court

orders.  Bednar filed a Petition (Docket Entry 1), a Supplemental Petition (Docket Entry 13), an

Amended Complaint (Docket Entry 37) and a Second Amended Complaint (Docket Entry 39).  A

court may consider documents referred to in the complaint if the documents are central to the

plaintiff's claim and the parties do not dispute the documents' authenticity.[3]  Documents

considered by this Court are referenced in Bednar's four Complaints, and include the docket

sheet of the state court foreclosure actions which he complains of, as well as docket sheet and

documents filed in the underlying bankruptcy case and his adversary case regarding Defendant

RCB Bank, Adv. No. 15-1248.

When considering a motion to dismiss under Rule 12(b)(6), a court must determine

---

[3] *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Hunter v. U.S. Bank Nat'l Ass'n*, 698 F.Supp.2d 94 (D. D.C. 2010), *affm'd* 407 Fed. Appx. 489, 2011 WL 318899 (D.C. Cir. 2011).  For this reason, the Court need not treat Defendant Fannie Mae's motion to dismiss as a motion for summary judgment as requested by Bednar.

whether a plaintiff has stated a claim upon which relief may be granted.  Bankruptcy Rule 7008 incorporates Fed. R. Civ. P. 8, which requires "a short and plain statement of the claim to show that the pleader is entitled to relief."  This pleading standard requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."[4]  A court must accept as true all well-pleaded factual allegations of the complaint, even if doubtful, and must construe the allegations in a light most favorable to the claimant.[5]  However, a court is not bound to accept as true "a legal conclusion couched as a factual allegation."[6] To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face.  Disregarding conclusory statements, the remaining factual allegations must plausibly suggest the defendant is liable.  A claim for relief is plausible when the plaintiff pleads facts adequate to draw a reasonable inference that the defendant is liable for the alleged misconduct.  Such facts must raise a right to relief above the speculative level.[7]  Plausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs

---

[4]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The purpose of *Iqbal* and *Twombly* is to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, and also to inform the defendants of the actual grounds of the claim against them.  *In re Expert South Tulsa, LLC*, 522 B.R. 634 (B.A.P. 10th Cir. 2014).

[5]*Twombly*, 550 U.S. at 555; *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

[6]*Twombly*, 550 U.S. at 555 (citations omitted).

[7]*McDonald v. Wise*, 769 F.3d 1202 (10th Cir. 2014).

"have not nudged their claims across the line from conceivable to plausible."[8]

The Court also considers dismissal pursuant to Fed. R. Civ. P. 12(b)(1) regarding lack of subject matter jurisdiction. The *Rooker-Feldman* doctrine states that a federal court, other than the United States Supreme Court, lacks subject matter jurisdiction to review judgments of state court. Any claim that is inextricably intertwined with issues raised in the state court proceedings may not be challenged in this Court. The doctrine is implicated in cases brought by a state court loser who complains of injuries caused by state court judgments that are rendered before a federal court proceeding is commenced, and requests review and rejection of the state court judgment.[9]

**Review of Plaintiff Bednar's Complaints**

Bednar's first Petition alleges a violation of the discharge injunction as well as violations of state law. His Supplemental Petition includes additional information regarding Defendant RCB Bank and his settlement agreement in Adv. Case No. 15-1248. His Amended Complaint contains requests to enforce his mediation agreement, declaratory relief regarding violations of the Discharge Order, and allegations of conspiracy. Factual allegations are included in each of these, primarily focusing on the foreclosure actions that took place in state court actions, not under this Court's control or jurisdiction. There are also statements that Defendants' interfered with and conspired against Bednar's adversary case settlement with RCB Bank.

The Court finds that dismissal of this case is warranted on several grounds. Bednar fails to allege any facts that support his requested relief. Bednar fails to allege any plausible

---

[8]*Khalik v. United Air Lines*, 671 F.3d 1188 (10th Cir. 2012) (citations omitted).

[9]*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).

allegations that the discharge injunction has been violated.[10]   The discharge injunction under 11

U.S.C. § 524(a)(2) prohibits collection efforts on debts that have been discharged as a personal

liability of the debtor.  The discharge injunction does not prohibit a creditor from collecting on a

secured claim, that is, an *in rem* action against a debtor.[11]  Thus, for Bednar to establish a claim

for relief for violation of the discharge injunction, Bednar must allege sufficient factual

allegations.  The Court finds no factual allegations supporting Bednar's claim that Defendants

are seeking an *in personam* judgment that would violate the discharge injunction.  The state court

judgments specifically grant *in rem* judgments against him.  His complaints do not include any

factual allegations that indicate any defendant is seeking an *in personam* action against him of a

discharged debt.

Bednar's amended complaints state that he has appealed the state court orders.  This

statement is simply untrue.  The other information before this Court, including the dockets of the

state court cases, reflect no appeals.  Bednar has launched collateral attacks in the state court and

filed Writs of Mandamus against various state court judges.  However, the foreclosure case

orders were not appealed and are final.  His requests for emergency relief have been denied by

the Oklahoma Supreme Court.

The factual allegations in Bednar's complaints focus on actions taken in the state court,

not any action subject to this Court's review.  He filed this adversary case after a final order

entered in the state court.  He alleges the Sheriff allowed Franklin attorneys to draft documents in

---

[10]Judge Sarah A. Hall reached the same conclusion in her Order denying Bednar's first request for emergency relief (Docket Entry 12).

[11]*See Johnson v. Home State Bank*, 501 U.S. 78, 82-83 (1991), recognizing that a Chapter 7 discharge extinguishes only the debtor's personal liability on the debt, not the right to foreclose on the mortgage.

the foreclosure, unspecified clandestine acts, conspiracy to violate ethical statutes, allowing a

credit bid, multiple clandestine ex parte orders, improper disclaimers and quitclaim deeds,

collusion, and inappropriate conduct in the state court cases.  He is asking this Court to review

those actions and reverse them.  As the Court explained in its order denying his second request

for emergency relief and a preliminary injunction and incorporated herein by reference,

ultimately, Bednar seeks appellate review and reversal in this Court of final orders of a state

court.  This Court cannot interfere with those orders without violating the *Rooker-Feldman*

doctrine.  That would include Bednar's attack on the settlement agreement with RCB Bank and

his allegations that Defendants conspired to frustrate that settlement during the state court

foreclosure action, as it is inextricably intertwined with the state court foreclosure judgment.

The *Rooker-Feldman* doctrine bars this Court from reviewing and reversing a state court civil

judgment.  There is no relief this Court can give Bednar.

　　　Bednar also fails to set forth any plausible allegations regarding a conspiracy.  The

elements of a civil conspiracy under Oklahoma law are two or more persons joining to do a

criminal or unlawful act, or a lawful act by criminal or unlawful means.[12]  The purpose of the

conspiracy must be to injure another and an injury must result. There can be no civil conspiracy

where the act complained of and the means employed are lawful.[13]   The acts Bednar complains

of happened in the course of the state court cases.  As he describes them, Defendants employed

lawful means to foreclose on his mortgages.  He alleges no criminal nor unlawful acts by

Defendants.  He fails to state a plausible claim entitling him to relief.  Any issues he has with the

---

[12] *Gaylord Entertainment Co. v. Thompson*, 1998 OK 30, 958 P.2d 128.

[13] *Id.* at ¶ 40, 148.

validity of the foreclosure cases and the actions of Defendants therein should have been raised before the Oklahoma state courts.

Even if this Court possesses subject matter jurisdiction over some of Bednar's allegations and the Court finds that Bednar's complaints pass the pleading standard of 12(b)(6), the issues presented by Bednar involve questions of state law. The Court does not believe it should interfere with any state court proceedings by granting equitable relief. Bednar's complaints request certification of questions to the Oklahoma Supreme Court, issues regarding the actions of Defendants throughout the foreclosure cases, charges of conspiracy, and failure to follow state law. The Oklahoma state courts can adequately address any relief Bednar seeks. In the interest of comity with state courts and respect for state law, this Court abstains from reconsidering the final foreclosure judgments and sheriff sale and ruling on issues of state law raised by Bednar in this case, pursuant to 28 U.S.C. § 1334(c).[14]

**Conclusion**

This Court cannot find a plausible claim in Bednar's Petition, Supplemental Petition, Amended Complaint or Second Amended Complaint. The Court believes that to allow another amendment would be futile. This Court has reviewed and considered in the light most favorable to Bednar the allegations and considerable history of his case. Having done so, it has determined that there is no reason to believe he could provide sufficient additional factual support for the claims he has raised.[15] Further, Bednar lacks standing to challenge actions regarding the Esperanza property since he has no ownership interest in that property. The Court concludes it is

---

[14]A court may raise the issue of abstention *sua sponte*. *See Bellotti v. Baird*, 428 U.S. 132, 143 n. 10 (1976).

[15] *See Anderson v. Suiters*, 499 F.3d 1228 (10th Cir. 2007).

beyond doubt that Bednar can plead no set of facts showing he is entitled to relief, therefore the Court finds that this adversary proceeding should be dismissed with prejudice.

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss (Docket Entries 27 and 34) are **granted.**  All causes of action set forth by Plaintiff Bednar against all Defendants are **dismissed with prejudice**.

### ###