IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re: ALEXANDER LOUIS BEDNAR,   BAP No.

Debtor.   Case Number: 15-11916 TRC
Chapter 7

Alexander L. Bednar   Adv. Proc. No: 18-1096
    Plaintiff
v

Franklin American Mortgage Company
Federal National Mortgage Association
Oklahoma County Sheriff
RCB Bank
    Defendants

### Statement of Issues to Be Presented

Appellant Alexander L. Bednar, not having access to ECF, pursuant to Federal Rule of Bankruptcy Procedure 8009(a), hereby states the issues to be presented on appeal:

1. The bankruptcy court erred when it ruled Mr. Bednar did not have standing to argue breach of contract and purposeful interference with it (regarding his settlement agreement borne out of the mediation ordered by this Court).

2. The bankruptcy court erred when it held one brief telephonic evidentiary hearing, and misconstrued / misunderstood issues of fact (such as the incorrect belief that Mr. Bednar quitclaimed his property to his daughter's trust and thus must lack standing), then relied on such incorrect facts to grant motions to dismiss with prejudice, one week prior to Mr. Bednar's response time to those motions.

3. The bankruptcy court erred when it refused to grant a preliminary injunction, given Defendant RCB's purposeful acts to frustrate the bankruptcy mediation settlement agreement after receiving consideration, and its concerted actions with the co-defendants to keep Mr. Bednar from his benefit of the bargain.

4. The Bankruptcy Court erred in ruling on Motions to Dismiss prior to Mr. Bednar's response time having lapsed, and prior to Mr. Bednar even being served with the Defendant Sheriff's Motion.

5. The Bankruptcy Court erred in not giving Mr. Bednar the ability to cure his Complaint, and in dismissing his entire case with prejudice before he was served by the Sheriff with the Sheriff's Motion to Dismiss.

6. The bankruptcy court erred in not issuing a preliminary injunction against the Defendants, and certifying numerous questions of law to the Oklahoma Supreme Court, to confirm other violations of Oklahoma law by the Defendants– such as whether RCB's winning bid of 50,000 dollars (one tenth the value of the property) can legally be upheld as a valid sale, given 12 OS 762 requires the winning bid be 2/3 the value.

7. Because RCB was to quitclaim to Mr. Bednar a deed to the property pursuant to the settlement that came from mediation ordered by the bankruptcy court, the bankruptcy court erred in refusing to issue a preliminary injunction against RCB (who published a false document on April 20, 2018 in Franklin American's second foreclosure action in direct violation of material terms of the settlement agreement with Mr. Bednar).

8. Because no state court has interpreted, or enforced, the bankruptcy Court's discharge order, and as the bankruptcy Court (which ordered mediation) has the right to also interpret, enforce, and adjudicate matters involving the mediated settlement agreement in the adversarial proceeding it oversaw, the bankruptcy court erred in applying the Rooker-Feldman doctrine to this core proceeding and concluding that the Plaintiff was only attempting to set aside state court orders.

9. Given the fact a first sheriff sale occurred in mid 2016 pursuant to summary judgment granted March 31, 2016 in favor of RCB, and as confirmation of such sale is drafted into the bankruptcy settlement agreement at the core of this case

(and as final confirmation of that 2016 sheriff sale has not occurred), and given the fact that Defendant Franklin American's rights to the property at issue merged into the summary judgment of March 31, 2016, and given the fact the law in many areas (ie. 12 OS 2004.2) prevents a third party from acquiring an interest in title to property currently in litigation, the bankruptcy court erred in not finding that Franklin American's filing of a second foreclosure action after the summary judgment and sheriff sale in favor of RCB in RCB's 2015 foreclosure action in which Franklin was/is a party, and its actions to charge Mr. Bednar for interest and other fees for three years after discharge and after summary judgment in favor of RCB, and as the first sheriff sale granting RCB title is not completely confirmed, Franklin American's litigation to seek title and charge Mr. Bednar interest is a clear violation of the discharge injunction, justifying a preliminary injunction in this case.

10. Given the fact that Franklin American chose not to answer and argue RCB's summary judgment in RCB's 2015 case, and given the fact Franklin American chose not to be present at the 2016 sheriff sale, which gave full title to RCB, and given the fact Franklin American has chosen not to participate in motions to set aside the confirmation of the first sheriff sale or clarify its interest at the time the judgment merged their interest into RCB's, the bankruptcy court erred in not enjoining the sheriff and Franklin American from further in personam action against Mr. Bednar, in violation of the discharge injunction, and from violation of Oklahoma law.

11. The bankruptcy court erred when it denigrated Mr. Bednar in its Orders, stating he does not understand foreclosure law and otherwise belittled him, showing bias.

---

Note: Check with your local bankruptcy court for any applicable requirements of form.

Respectfully submitted,

Alexander Bednar
15721 Via Bella
Edmond, OK 73013
405 420 9030
Representing Plaintiff (self) / Appellant

## NOTICE AND OPPORTUNITY FOR HEARING

YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THIS DOCUMENT CAREFULLY AND CONSULT YOUR ATTORNEY ABOUT YOUR RIGHTS AND THE EFFECT OF THIS DOCUMENT. IF YOU DO NOT WANT THE COURT TO GRANT THE REQUESTED RELIEF, OR YOU WISH TO HAVE YOUR VIEWS CONSIDERED, YOU MUST FILE A WRITTEN RESPONSE OR OBJECTION TO THE REQUESTED RELIEF WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF OKLAHOMA, 215 DEAN A. MCGEE AVENUE, OKLAHOMA CITY, OK 73102, NO LATER THAN 14 DAYS FROM THE DATE OF FILING OF THIS REQUEST FOR RELIEF, UNLESS ORDERED SOONER BY SEPARATE ORDER. YOU SHOULD ALSO SERVE A FILE-STAMPED COPY OF YOUR RESPONSE OR OBJECTION ON THE UNDERSIGNED MOVANT (AND OTHERS WHO ARE REQUIRED TO BE SERVED) AND FILE A CERTIFICATE OF SERVICE WITH THE COURT. IF NO RESPONSE OR OBJECTION IS TIMELY FILED, THE COURT MAY GRANT THE REQUESTED RELIEF WITHOUT A HEARING OR FURTHER NOTICE.

THE 14 DAY PERIOD DESCRIBED ABOVE INCLUDES THE THREE (3) DAYS ALLOWED FOR MAILING PROVIDED FOR IN BANKRUPTCY RULE 9006 (F).

## CERTIFICATE OF SERVICE

Undersigned certifies that on 11-21-2018 the foregoing document was served, via United States Mail, 1st class postage pre-paid, and properly addressed to the following:

Oklahoma County District Attorney
c/o Rod Heggy
320 Robert S Kerr
County Building, 5th Floor
Oklahoma City OK 73102
Attorney for Oklahoma County Sheriff

Don Timberlake
PO Box 18486
Oklahoma City, OK 73154-0486
Attorney for Franklin American
and Fannie Mae in state court

Scott Kirtley, Esq
Riggs Abney Law Firm
502 W. 6th Street
Tulsa, OK 74119-1010

RCB Bank
300 W. Patti Page
Claremore, OK 74017

/s/

Alexander Bednar / Debtor
15721 Via Bella
Edmond, OK 73013     405 420 9030
bednarconsult@gmail.com