**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

In re: ALEXANDER LOUIS BEDNAR,

    Debtor.

Case Number: 15-11916 TRG   FEB 21  P 4: 31
Chapter 7

Alexander L. Bednar
    Plaintiff
v

Adv. Proc. No: 18-1096

Franklin American Mortgage Company
Federal National Mortgage Association
Oklahoma County Sheriff
    Defendants
               And
Alexander Bednar
v.
RCB Bank

**MOTION TO QUASH SUBPOENA**

COMES NOW DEBTOR/PLAINTIFF, Alexander Bednar, and hereby requests that the Subpoena, attached as Exhibit 1 (including the letter from attorney's office), be quashed, for violation of local rules, procedure, as no discovery conference has occurred, and as the subpoena (per the first page of Exhibit 1) is clearly intended to be used in "10th Cir. BAP Case No. WO-18-099," which is in Denver, Colorado, more than one hundred miles away, in violation of Fed R Civ P. Rule 45, incorporated into Bankruptcy Procedure by Rule 9016.   Because this Court does not have standing or jurisdiction to address matters on appeal once an appeal is filed, as a separate reason to quash, this Court does not have jurisdiction to help a litigant with a matter brought up on appeal. *See e.g. In re Transtexas Gas Co.*, 303 F.3d at 579.  A subpoena issued in an improper court is a frivolous filing, and should be set aside.

As the Western District of Oklahoma requires that parties have a conference under Fed R. Civ P Rule 16 before issuing discovery, and as Bankruptcy Law procedure incorporates such procedure, the subpoena is inappropriate as no conference occurred, and as this Court does not have jurisdiction for matters involving a Tenth Circuit BAP appeal.   Lastly, Federal Rule of Procedure 45 applies to Subpoenas issued in the Western District of Oklahoma Bankruptcy Court, and mandates that a Notice of a

subpoena must be served on all parties prior to service on the person receiving the commands. Because

no such notice was given to all parties prior to serving the party receiving the subpoena, the subpoena

should be quashed.

WHEREFORE, Debtor/Plaintiff requests that the Subpoena issued by Jim Timberlake and

attached in Exhibit 1 be quashed, for the aforementioned reasons.

Respectfully submitted,

/s/

Alexander Bednar, OBA #19635
BEDNAR LAW FIRM
15721 Via Bella
Edmond, OK 73013
405 420 9030
Representing Debtor (self)

## NOTICE AND OPPORTUNITY FOR HEARING

YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THIS DOCUMENT CAREFULLY
AND CONSULT YOUR ATTORNEY ABOUT YOUR RIGHTS AND THE EFFECT OF THIS
DOCUMENT. IF YOU DO NOT WANT THE COURT TO GRANT THE REQUESTED RELIEF,
OR YOU WISH TO HAVE YOUR VIEWS CONSIDERED, YOU MUST FILE A WRITTEN
RESPONSE OR OBJECTION TO THE REQUESTED RELIEF WITH THE CLERK OF THE
UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF OKLAHOMA,
215 DEAN A. MCGEE AVENUE, OKLAHOMA CITY, OK 73102, NO LATER THAN 14
DAYS FROM THE DATE OF FILING OF THIS REQUEST FOR RELIEF, UNLESS ORDERED
SOONER BY SEPARATE ORDER. YOU SHOULD ALSO SERVE A FILE-STAMPED COPY OF
YOUR RESPONSE OR OBJECTION ON THE UNDERSIGNED MOVANT (AND OTHERS WHO
ARE REQUIRED TO BE SERVED) AND FILE A CERTIFICATE OF SERVICE WITH THE
COURT. IF NO RESPONSE OR OBJECTION IS TIMELY FILED, THE COURT MAY GRANT
THE REQUESTED RELIEF WITHOUT A HEARING OR FURTHER NOTICE.

THE 14 DAY PERIOD DESCRIBED ABOVE INCLUDES THE THREE (3) DAYS ALLOWED
FOR MAILING PROVIDED FOR IN BANKRUPTCY RULE 9006 (F).

2

## CERTIFICATE OF SERVICE

Undersigned certifies that on this date the foregoing document was served, via United States Mail, 1st class postage pre-paid, and properly addressed to the following:

Oklahoma County District Attorney
c/o Rod Heggy
320 Robert S Kerr
County Building, 5th Floor
Oklahoma City OK 73102
Attorney for Oklahoma County Sheriff

Don Timberlake
PO Box 18486
Oklahoma City, OK 73154-0486
Attorney for Franklin American
and Fannie Mae in state court

Scott Kirtley, Esq
Riggs Abney Law Firm
502 W. 6th Street
Tulsa, OK 74119-1010

RCB Bank
300 W. Patti Page
Claremore, OK 74017

/s/

Alexander Bednar / Debtor
15721 Via Bella
Edmond, OK 73013      405 420 9030
bednarconsult@gmail.com

## BAER & TIMBERLAKE, P.C.

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW
4200 Perimeter Center Drive, Suite 100
Oklahoma City, OK 73112
P.O. BOX 18486
Oklahoma City, Oklahoma 73154-0486
Telephone: (405) 842-7722
Writer's E-Mail: asharp@baer-timberlake.com

February 7, 2019    *around 3:45*

## HAND DELIVERY VIA PRIVATE PROCESS SERVER

M&T Buchannan, LLC d/b/a Quail Post
13919-B N. May Ave.
Oklahoma City, OK  73134

Re:    Alexander L. Bednar v. RBC Bank, *et al.*; 10th Cir. BAP; Case No. WO-18-099; BT No. 112287.

To Whom It May Concern::

　　　Enclosed please find enclosed a Subpoena Duces Tecum issued on February 7, 2019, and commanding the production and inspection of the items listed on Exhibit A on or before February 27, 2019, at the offices of Baer & Timberlake, P.C., address listed above.

　　　Please read all pages of the enclosed subpoena, and feel free to contact your legal counsel with any concerns.  Please also let me know if you would agree, in lieu of appearing at our offices for said production, to fill in, sign, and date the enclosed Affidavit, if it is accurate and if that is preferable.  Please let me know at your earliest convenience.

　　　I look forward to hearing from you and please feel free to contact me if you have any questions or concerns.

Sincerely,

BAER & TIMBERLAKE, P.C.

By:

Alex M. Sharp, Esq.

AMS/IZC

Enclosure

EX 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Western District of Oklahoma

In re    ALEXANDER L. BEDNAR
_____
Debtor

Case No. 15-11916

*(Complete if issued in an adversary proceeding)*

ALEXANDER L. BEDNAR
_____
Plaintiff

Chapter    7

RBC BANK, FRANKLIN AMERICAN MORTGAGE COMPNAY, FANNIE MAE, and
OKLAHOMA COUNTY SHERIFF
v.
_____
Defendant

Adv. Proc. No. 18-01096

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: M&T BUCHANNAN, LLC, an Oklahoma limited liability company d/b/a QUAIL POST
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See, Exhibit "A" attached hereto

| PLACE  The offices of Baer & Timberlake. P.C. 4200 Perimeter Center Dr., Ste. 100 Oklahoma City. OK 73112 | DATE AND TIME 2/27/19 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 7, 2019

CLERK OF COURT

OR

_____         _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
FANNIE MAE_____ , who issues or requests this subpoena, are:

Jim Timberlake, 4200 Perimeter Ctr. Dr., OKC, OK 73112  Jim@baer-timberlake.com

**Notice to the person who issues or requests this subpoena**  405-507-7108

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT "A"

**DOCUMENTS TO BE PRODUCED:**

1. Record regarding postage label purchased January 15, 2019, at 1:44 p.m. from Quail Post bearing package number 297541, which has a label mailing the package to Franklin American Mortgage care of Don Timberlake to P.O. Box 18486, Oklahoma City, OK 73154, from Alex Bednar, 15721 Via Bella, Edmond, OK 73013;
2. Record of envelope picked up from Quail Post on January 15, 2019, at 4:19 p.m. by the USPS for delivery;

NOTE: This subpoena includes electronically, magnetically or digitally stored records relating to

the documents requested above, including, without limitation, e-mails.



BT 112287                                    1                          Subpoena Duces Tecum