IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FILED
2019 MAR 15 P 4: 25

In re: ALEXANDER LOUIS BEDNAR,

Debtor.

Case Number: 15-11916 TRC
Chapter 7

Alexander L. Bednar
    Plaintiff
v

Adv. Proc. No: 18-1096

Franklin American Mortgage Company
Federal National Mortgage Association
Oklahoma County Sheriff
    Defendants
               And
Alexander Bednar
v.
RCB Bank

**MOTION FOR STAY, PRELIMINARY INJUNCTION PENDING APPEAL AND CONSIDERATION OF SANCTIONS AGAINST FANNIE MAE AND FRANKLIN AMERICAN FOR INAPPROPRIATE ACTIONS REGARDING A SUBPOENA**

COMES NOW DEBTOR/PLAINTIFF, *per* directive from the Tenth Circuit BAP and requests that this Court issue a stay between Defendants and Plaintiff (injunctive relief) pending appeal. Defendant lenders Fannie Mae and Franklin American have admitted they are enforcing against Debtor interest, mortgage payments, and insurance payments that accrued against Plaintiff after September of 2015, in violation of this Court's Discharge Injunction. Defendants' counsel in fact publicly stated that Plaintiff owes such debt ***on the record with Judge Cornish, on November 1, 2018***, in clear violation of 11 USC§ 524. *See* Tr. Nov. 1, 2018, at p 29, lns 1-9.

When a creditor or debt buyer persistently tries to collect on a debt that was discharged in bankruptcy, that creditor is violating federal law, namely section 524 of Title 11 of the United States Code, which states the discharge injunction:

> "operates as an ***injunction*** against the ***commencement or continuation of an action***, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor...."

I. **DEFENDANTS FRANKLIN AMERICAN AND FANNIE MAE'S AVERMENTS OF PAST MORTGAGE, AND INTEREST ACCRUED POST DISCHARGE IN THEIR REQUEST FOR JUDGMENT IN CJ-2016-5004 VIOLATES BANKRUPTCY LAW WHICH IMPOSES AN INJUNCTION AGAINST THEM AS AN OPERATION OF LAW**

Thus, as CJ-2016-5004 was commenced after the discharge injunction, and as creditors Franklin American and Fannie Mae have stated through their attorneys that they seek collection of debt as personal liability of Debtor through such lawsuit, the entire suit violates the discharge injunction.[1] The discharge injunction by operation of bankruptcy law "*voids any judgment at any time obtained, to the extent such judgment is a determination of the personal liability of the debtor with respect to any debt discharged*," and "*operates as an injunction against the commencement or continuation of an action… to collect, recover, or offset any such debt as a personal liability of the debtor*" 11 USC§ 524(a)(1)-(2).

This Court should enforce bankruptcy law found at 11 USC 524 and Rule 105 and issue a preliminary injunction against Defendants. Plaintiff Debtor has asked to enforce the settlement agreement reached in bankruptcy with RCB, and seeks to litigate damages from RCB's bad faith mediation, as RCB apparently never intended to turn over a deed to the property.

The Defendant Sheriff has facilitated Defendant Franklin American's violation of the discharge injunction by artificially augmenting their credit on judgment at the August 2018 sheriff sale with interest and missed payments post discharge, in violation of 11 USC 524. Also, the Defendant Sheriff is subject to injunction for allowing the Defendant lenders' counsel to draft, file and present fraudulent, and untimely filings in violation of Oklahoma law.

---

[1] Defendant Franklin American's collection actions and explanation of how they convinced the Defendant Sheriff to unlawfully increase the request for judgment in their Petition to include mortgage payments and interest for three years after the discharge injunction (Tr. P. 29, lns 1-9), not only violates 11 USC 524, but also the Fair Debt Collection Act. This proves *in personam* use of post discharge debt to bid against Mr. Bednar at the sheriff sale.

2

**II. RCB SHOULD BE ENJOINED FOR ONGOING VIOLATIONS OF THIS COURT'S ORDER TO MEDIATE AS WELL AS THE ADVERSARIAL PROCEEDING SETTLEMENT AGREEMENT PER RULE 105, AS THIS COURT HAS THE POWER TO REVIEW AS A CONTEMPT ACTION RCB'S FAILURE TO MEDIATE IN GOOD FAITH (IMPLIED IN THIS COURT'S ORDER) AND THE CORE PROCEEDING ABILITY TO INTERPRET AND ENFORCE THE MEDIATION AGREEMENT**

RCB falsely led this Court to believe that it had performed according to the settlement agreement reached in the mediation this Court ordered. Exhibit 1. RCB misrepresented multiple times that it had issued and delivered a quitclaim deed to Plaintiff or his designee as part of the contract for deed mediation settlement (ie. April 20, 2018 filing by RCB attorney in CJ-2016-5004 violating the confidentiality clause of the settlement) (Exhibit 3). In truth, RCB's counsel admitted on November 1, 2018 that it did not send a deed until July 31, 2018, and that such deed was deficient as the notary stamp expired prior to the grantee name being verified by the grantor.

This Court relied on RCB's false statement that it had drafted and sent to Plaintiff a valid quitclaim deed to dismiss the adversarial proceeding when it dismissed adv proc 15-1248. In truth, RCB colluded with Franklin American and violated the very bankruptcy settlement agreement they signed, and took material action to further Franklin American's harassing litigation in CJ-2016-5004 in violation of 11 US 524 and in violation of the Settlement Agreement. Exhibit 1.

RCB's counsel Scott Kirtley initialed the handwritten clause on page 4 of Exhibit 1: "THIS SETTLEMENT AGREEMENT IS AGREED TO BE CONFIDENTIAL AS A MATERIAL TERM." RCB's counsel then violated that material term in publishing Exhibit 3 in April of 2018. Another material term is in paragraph 10 of Exhibit 1, that RCB would not cause to be filed anything "involving any continuing effects of actions or practices which arose prior to the date of this agreement, except as expressly set forth in this Agreement." By filing the "disclaimer" (Ex. 3) in Franklin American's case, RCB breached that paragraph of the

settlement, as the settlement listed cases, and that one was not one "expressly set forth." These glaring and obvious breaches of the mediation agreement alone justify a preliminary injunction.

At the hearing in November of 2018, RCB's counsel falsely told the court that Mr. Bednar had delayed in giving RCB the name to place on the deed at issue until late 2018 (Tr. P. 33 lns. 12-14) and that it should be Mr. Bednar's problem that he received an invalid deed. In truth, Mr. Bednar gave Mr. Kirtley in December of 2017 the proper name to place on the deed. See Exhibit 2. As such RCB's attorney lied to this Court in November of 2018 and delayed turning over the deed per settlement. RCB's attorney lied in April of 2018 and published in Exhibit 3 that a deed was "delivered" pursuant to settlement, another lie, calculated to give Franklin American a "green light" to seek title against Mr. Bednar through a default judgment that occurred in June of 2018. RCB's misrepresentations and violations of the bankruptcy settlement have now created a situation where they cannot perform according to the agreement (Exhibit 1) as they cannot convey title – as Franklin American gained title through the unlawful second sheriff sale in August of 2018. A certified question to the Oklahoma Supreme Court would help clarify whether or not the entire second foreclosure action CJ-2016-5004 also violates Oklahoma law and should be declared void (per 12 OS 2004.2), aside from clearly violating bankruptcy law, (being initiated after the discharge and imputing post discharge debt).

RCB's attorneys have a history of misrepresentations to Courts, as Scott Kirtley was discovered to have issued an inaccurate affidavit in refusing to turn over discovery issued by Mr. Bednar in adversarial proceeding 15-1248. This Court chose to send the parties to mediation in lieu of examining the facts regarding Mr. Kirtley's false declaration to this court, perhaps because Mr. Kirtley is a trustee in bankruptcy court and this Court wanted to prevent embarrassing him or subjecting him to sanctions. RCB never intended to mediate in good faith,

4

never intended to convey title to Mr. Bednar or his designee (identified in December 2017) (Ex. 2), and chose to collude and conspire with Franklin American (Ex. 3) to violate the settlement agreement and prevent its ability to convey title after receiving sizeable consideration. Ex. 1.

RCB should be enjoined from further litigation regarding its own foreclosure action, given the fact this Court relied on RCB's misrepresentation that it had fully performed (conveyed title) when it dismissed the adversarial proceeding 15-1248 without entering the settlement agreement as a valid enforceable order (Exhibit 1). RCB's attorneys had a mandatory duty at law, to apprise the state court in CJ-2016-5004 that its confidential mediation agreement amounted to a mortgage that must be presented in foreclosure (Exhibit 1), in lieu of violating the settlement agreement by filing the bogus, untruthful "disclaimer" on April 20, 2018, 46 OS 1; 16 OS 11A (law states a foreclosure action cannot proceed until a contract for deed is included).

RCB and Franklin American should be enjoined from any activity until this Court is able to interpret, enforce, and validate the mediation settlement. Otherwise, the mediation agreement remains illusory, as RCB still has not provided consideration, and is transgressing material terms.

**III. FRANKLIN AMERICAN KNOWS IT LOST ITS SECURITY INTEREST IN THE FIRST SHERIFF SALE IN CJ-2015-192, HENCE ITS ZEALOUS VIOLATION OF BANKRUPTCY LAW VIA AGGRESSIVE UNLAWFUL LITIGATION IN CJ-2016-5004**

It should be noted that Franklin American filed CJ-2016-5004 with full knowledge that RCB's foreclosure (*in which it is a party*)(CJ-2015-192) was an active case in which title was transferred to RCB Bank through a sheriff sale that to date has not been consummated. Under state law found at 12 OS 2004.2, the entire case (CJ-2016-5004) is moot and lacking in jurisdiction, and represents clear harassment on behalf of creditor Franklin American. A certified question to the Oklahoma Supreme Court would clarify this issue between the parties.

Franklin American and Fannie Mae failed to seek any deficiency amount owed them in CJ-2015-192 within 90 days of the 2016 sheriff sale conferring title to RCB, and thus those two lenders forfeited all of their security interest in Debtor's homestead. See *Bank of Oklahoma v. Welco, Inc.*, 1995 OK CIV APP 43 at para. 17-18, *citing Baker v. Martin*, 538 P.2d 1048 (Okla. 1975) explaining that 12 OS 686 provides the exclusive remedy to a creditor in a case who has a residue interest after a sheriff sale, and requiring such creditor to file for deficiency as a "post judgment prerequisite" within 90 days, in order to receive the "unpaid balance due upon the original judgment." A certified question to the Oklahoma Supreme Court regarding Franklin American and Fannie Mae's loss of security interest after the first sheriff sale would also support injunctive relief as neither defendants should have initiated case CJ-2016-5004, which violates of 11 USC 524.

A creditor "must file a motion for deficiency judgment within 90 days after the sale of the mortgaged premises or else suffer the consequences, as discussed by the *Riverside* Court, i.e., the debt for which the mortgage stands as security will be deemed satisfied." *Id* at para. 19. Franklin American failed to do so, and forever caused the debt for which the mortgage stood as a security to be deemed satisfied as a matter of law. *See e.g. Apache Lanes Inc. v National Educators Life Ins.*, 1974 OK 106 (failure of a creditor to seek deficiency judgment amount due as residue after sheriff sale not only bars creditor from asserting the debt against debtor, but also against guarantors).

The discharge injunction was issued in September of 2015, and Franklin American was on the creditor matrix and received it. Because the above cited law as well as 12 OS 2004.2 bars a party from instituting a collateral attack on title to the same property being litigated in another case that it is aware of, Franklin American's entire

6

new foreclosure lawsuit was harassing, unlawful, devoid of jurisdiction, and instituted litigation against Mr. Bednar in violation of the discharge injunction, in an attempt to offset debt that was forever discharged by operation of law within 90 days of the 2016 sheriff sale, when it failed to file a motion for deficiency.

Defendants Franklin American and Fannie Mae continue to litigate an entire lawsuit (CJ-2016-5004) in violation of 11 USC 524, as the lawsuit seeks interest, missed payments, and insurance accrued <u>after the discharge date</u>; the suit is tantamount to harassment as it seeks title to the same property as CJ-2015-192, in violation of Oklahoma law 12 OS 2004.2 (which makes the lawsuit moot). Preliminary injunction should issue against them, per 11 USC 524, Rule 105.

A stay against the Sheriff is within the Court's core proceeding plenary jurisdiction as the Sheriff is facilitating Defendants' actions to violate this Court's Orders, and allow the unscrupulous attorneys for the lenders to draft, present, and file false documents on behalf of the sheriff, augmenting credits on judgment, and ***<u>filing notice of the August 2018 sheriff sale after the sale occurred</u>*** – Mr. Bednar witnessed that happening himself. Preliminary injunction should issue per this Court's inherent, plenary powers to enforce its own orders and determine contempt.

To further justify an injunction against the Sheriff, consideration of the following should be considered: a certified question to the Oklahoma Supreme Court as to whether any law exists that allows the Oklahoma County Sheriff to increase the amount of an existing default judgment by adding to it post discharge debt assessed against a debtor, in violation of 11 USC 524 (the discharge injunction).

### IV. THIS COURT SHOULD ISSUE A PRELIMINARY INJUNCTION FOR VIOLATIONS OF STATE LAW AS WELL AS BANKRUPTCY LAW

Plaintiff pointed out to this Court in his original pleadings that Defendants RCB, Franklin American, and Fannie Mae had a duty to apprise the state court of the bankruptcy

7

mediation settlement agreement (which is a contract for deed from a core proceeding)(Exhibit 1), as no state foreclosure case may properly proceed without including a contract for deed, which the law deems to be a mortgage. 46 OS 1; 16 OS 11A. Thus, under plenary jurisdiction to enforce previous orders under Rule 105, this Court should enjoin Defendant Franklin American from continuing to litigate its second redundant and moot foreclosure action (CJ-2016-5004) without incorporating into that matter the bankruptcy mediation settlement agreement that this Court Ordered. A preliminary injunction should issue pursuant to this Court's core jurisdiction ability to interpret and enforce settlement agreements in adversarial proceedings.

Again, to justify preliminary injunction, a certified question to the Oklahoma Supreme Court could issue regarding whether the Defendant lenders through their attorneys had a mandatory and/or ethical duty to halt the foreclosures and apprise the state foreclosure courts of the confidential bankruptcy mediation agreement (deemed a mortgage at law) after publishing about it on April 20, 2018 *per* exhibit 3, given Oklahoma law found at: 16 OS 11A and 46 OS 1.

## V. DEFENDANTS FANNIE MAE AND FRANKLIN AMERICAN ARE HARRASSING THE RECIPIENT OF A RECENT SUBPOENA, MISREPRESENTING THE LAW TO THAT PERSON, AND ARE PRESSURING THAT PERSON IN VIOLATION OF ETHICS AND RULE 45, DEMONSTRATING CONTINUED WILLINGNESS TO VIOLATE THE LAW – SUPPORTING AN IMMEDIATE INJUNCTION AND STAY

As immediate support for preliminary injunction, Debtor/Plaintiff states that Defendants/Creditors Fannie Mae and Franklin American have taken concerning aggressive action the past several weeks after filing a void subpoena in violation of Rule 45, without a discovery conference per Rule 26, and are currently pressuring the recipient of their attorneys' subpoena to turn over documents after that recipient indicated awareness of Debtor's Motion to Quash. The Business owner has detailed clear ethical violations by Defendants in violation of

8

procedure, and misrepresentation to the business regarding the duty to turn over documents – given the fact this court has not ruled on the subpoena.

In lieu of apprising the recipient of their subpoena that they need not turn over requested documents until the Court rules on the Motion to Quash (which a subpoena must clearly state), the Defendants Fannie Mae and Franklin American's attorneys are misrepresenting to the recipient of Jim Timberlake's subpoena that the business must turn over the requested documents, a falsity given this court has not ruled on the Motion to Quash. An attorney from the Timberlake Law Firm has harassed the business on a daily basis starting February 27, 2019, pressuring it to turn over the documents they seek, in light of having received the Motion to Quash. In fact, the attorney from the Timberlake firm named Mr. Sharp has physically harassed the business every day demanding the production of documents, in light of knowing that a motion to quash was filed, and that this court has not ruled on such motion.

If a subpoena is directed to a corporation, it must be personally served on a corporate officer or agent authorized under FRCP Rule 4 to accept service of process (See In re Motorsports Merchandise Antitrust Litig. 186 FRD 344, 348 (W.D. Va. 1999). In lieu of directing its actions to the corporate officer, the Timberlake law firm attorney has been harassing the workers at the business, demanding the documents – when his duty is to apprise the business NOT to turn over documents until the Court rules on the Motion to Quash. Thus, the Defendants Fannie Mae and Franklin American, through the Timberlake law firm is exhibiting conduct that must be enjoined, and sanctioned as a matter of law.

Generally, a subpoena may not be served before parties conduct a FRCB Rule 26(f) pre trial discovery conference, also known as meet and confer (FRCP Rule 26(d)(1)). The Western District of Oklahoma requires that parties have a conference under Fed R. Civ P Rule 26 before

issuing discovery, and Bankruptcy Law procedure incorporates such procedure. The subpoena is inappropriate as no conference occurred, and as this Court does not have jurisdiction for matters on appeal.

Courts have held that a party's attempt to enforce an invalid subpoena is a *per se* violation of this rule (FRCP Rule 45(d)(1)) and therefore sanctionable in certain circumstances. *See Matthias Jans & Assocs, v. Dropic No. 01-mc-0026*, 2001 WL 1661473 at *3 (W.D. Mich. Apr. 9, 2001). The conduct occurring at this time by the Defendants is disturbing, given the calculated misrepresentations and pressuring of the business that received Jim Timberlake's subpoena.

Defense counsel conduct by Timberlake attorney Mr. Sharp to a) misrepresent to the recipient of the subpoena its duty to hold onto the documents given Plaintiff's Motion to Quash, and b) harass the workers at the establishment by returning on a daily basis and demanding the documents – when this court has yet to rule on the motion to quash – is abhorrent conduct that should be immediately enjoined and possibly submitted to the Oklahoma Bar Association.

WHEREFORE, given the Tenth Circuit BAP's directive granting him the right to do so as a procedural prerequisite to asking the BAP, Debtor/Plaintiff requests that this Court enter a stay and issue a stay a preliminary injunction against Defendants for reasons listed above, pending appeal. Given the emergent unethical conduct of Franklin American and Fannie Mae in seeking discovery in this case, Debtor requests this relief on an expedited basis.

Respectfully submitted,

/s/
Alexander Bednar,
15721 Via Bella
Edmond, OK 73013
405 420 9030
Representing Debtor (self)

## NOTICE AND OPPORTUNITY FOR HEARING

YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THIS DOCUMENT CAREFULLY AND CONSULT YOUR ATTORNEY ABOUT YOUR RIGHTS AND THE EFFECT OF THIS DOCUMENT. IF YOU DO NOT WANT THE COURT TO GRANT THE REQUESTED RELIEF, OR YOU WISH TO HAVE YOUR VIEWS CONSIDERED, YOU MUST FILE A WRITTEN RESPONSE OR OBJECTION TO THE REQUESTED RELIEF WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF OKLAHOMA, 215 DEAN A. MCGEE AVENUE, OKLAHOMA CITY, OK 73102, NO LATER THAN 14 DAYS FROM THE DATE OF FILING OF THIS REQUEST FOR RELIEF, UNLESS ORDERED SOONER BY SEPARATE ORDER. YOU SHOULD ALSO SERVE A FILE-STAMPED COPY OF YOUR RESPONSE OR OBJECTION ON THE UNDERSIGNED MOVANT (AND OTHERS WHO ARE REQUIRED TO BE SERVED) AND FILE A CERTIFICATE OF SERVICE WITH THE COURT. IF NO RESPONSE OR OBJECTION IS TIMELY FILED, THE COURT MAY GRANT THE REQUESTED RELIEF WITHOUT A HEARING OR FURTHER NOTICE.

THE 14 DAY PERIOD DESCRIBED ABOVE INCLUDES THE THREE (3) DAYS ALLOWED FOR MAILING PROVIDED FOR IN BANKRUPTCY RULE 9006 (F).

## CERTIFICATE OF SERVICE

Undersigned certifies that on this date the foregoing document was served, via United States Mail, 1st class postage pre-paid, and properly addressed to the following:

Oklahoma County District Attorney
c/o Rod Heggy
320 Robert S Kerr
County Building, 5th Floor
Oklahoma City OK 73102
Attorney for Oklahoma County Sheriff

Don Timberlake
PO Box 18486
Oklahoma City, OK 73154-0486
Attorney for Franklin American
and Fannie Mae in state court

Scott Kirtley, Esq
Riggs Abney Law Firm
502 W. 6th Street
Tulsa, OK 74119-1010

RCB Bank
300 W. Patti Page
Claremore, OK 74017

/s/ [signature]
Alexander Bednar / Debtor
15721 Via Bella
Edmond, OK 73013    405 420 9030
bednarconsult@gmail.com

11

# Re: Confidential per settlement of case

from: **Alex Bednar** &lt;bednarconsult@gmail.com&gt;

to: "Scott P. Kirtley" &lt;SKirtley@riggsabney.com&gt;

cc: "jsmith3@bankrcb.net" &lt;jsmith3@bankrcb.net&gt;

date: Dec 29, 2017, 4:49 PM

subject: Re: Confidential per settlement of case

mailed-by: gmail.com

There is no Buyer
Please make the Quitclaim Deed to The MFB Trust

Thank you

Alex

Sent from my iPhone

EXHIBIT 2



IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| FRANKLIN AMERICAN MORTGAGE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDER BEDNAR, JILL BEDNAR, RCB BANK, CHARLES F. ALDEN, III, INC., P.C., ROSENSTEIN, FIST & RINGOLD, INC., ANDREA KUNKEL, KENT RAINEY, KENTCO INC.. DBA AMERICAN MORTGAGE SOURCE, UNITES STATES OF AMERICA, EX REL., INTERNAL REVENUE SERVICE, JANE DOE, AS OCCUPANT OF THE PREMISES, JOHN DOE, AS OCCUPANT OF THE PREMISES,<br><br>Defendants. | CASE NO. CJ-2016-5004<br><br>FILED IN DISTRICT COURT<br>OKLAHOMA COUNTY<br><br>APR 20 2018<br><br>RICK WARREN<br>COURT CLERK<br>42_____ |

## DISCLAIMER

COME NOW the named Defendant, RCB Bank, and disclaims any and all right, title or interest in and to the real property identified in the Plaintiff's Petition filed in these proceedings as a result of settlement with the Defendant Alex Bednar in the Oklahoma County District Court Case No. CJ-2015-192 and further represents it executed and delivered a Quit Claim Deed thereto during the course of these proceedings, covering the following described real property:

**LOTS ONE (1) AND NINE (9), IN BLOCK SEVEN (7), OF ESPERANZA ADDITION, SECTION 2, TO THE CITY OF OKLAHOMA CITY, OKLAHOMA COUNTY, OKLAHOMA, ACCORDING TO THE RECORDED PLAT THEREOF.**

**THE REAL PROPERTY OR ITS ADDRESS IS COMMONLY KNOWN AS 15721 VIA BELLA, EDMOND, OKLAHOMA 73013.**

DATED THIS 20 DAY OF APRIL, 2018.

1

EX 3

LEE, GOODWIN, LEE,
LEWIS & DOBSON

By: /s/ Kyle Goodwin by Kent Cn OBA #15842

Kyle Goodwin, OBA#17036
1300 E. 9th, Suite 1
Edmond, OK 73034
405.330.0118
405.330.0767
kgoodwin@edmondlawoffice.com

## CERTIFICATE OF MAILING

This is to certify that on the 20 day of April, 2018, a true and correct copy of the above and foregoing instrument was mailed, with postage fully prepaid, to:

Don Timberlake
Baer & Timberlake, P.C.
P.O. Box 18486
Oklahoma City, OK 73154-0486
Attorneys for Plaintiffs

Kay Sewell
Assistant US Attorney
210 Park Avenue, Suite 400
Oklahoma City, OK 73102

Frederick J. Hegenbart
Rosenstein, Fist & Ringold
525 S. Main, Suite 700
Tulsa, Oklahoma 73104-4508

Charles F. Alden, III
Charles F. Alden, III, P.C.

2

309 NW 9th Street
Oklahoma City, OK 73102-2605

Jill Bednar
1708 Dorchester Drive
Oklahoma City, OK 73120

Alexander L. Bednar
3030 NW Expressway
Oklahoma City, OK 73112

*[signature]*