IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE                                              )
                                                   )
Alexander Louis Bednar,                            )        Case No. 15-11916-TRC
                                                   )        Chapter 7
                    Debtor.                        )


Alexander L. Bednar,                               )
                                                   )
        Plaintiff,                                 )
                                                   )
v.                                                 )        Adv. Pro. No. 18-1096
                                                   )
Franklin American Mortgage Company,                )
Federal National Mortgage Association,             )
Oklahoma County Sheriff,                           )
                                                   )
        Defendants.                                )

Alexander Bednar,                                  )
                                                   )
        Plaintiff,                                 )
                                                   )
v.                                                 )
                                                   )
RCB Bank,                                          )
                                                   )
        Defendant.                                 )


**SPECIAL ENTRY OF APPEARANCE AND (1) OBJECTION TO MOTION FOR
STAY, PRELIMINARY INJUNCTION PENDING APPEAL AND
CONSIDERATION OF SANCTIONS AGAINST FANNIE MAE AND FRANKLIN
AMERICAN FOR INAPPROPRIATE ACTIONS REGARDING A SUBPOENA;
AND (2) OBJECTION TO REQUEST FOR EXPEDITED HEARING**

RCB Bank, specially, enters it appearance so that it may object to the Motion for Stay,

Preliminary Injunction Pending Appeal and Consideration of Sanctions Against Fannie Mae and

Franklin American for Inappropriate Actions regarding a Subpoena (the **"Motion"**) filed by

Alexander Bednar on March 15, 2019; and his Request of Expedited Hearing. RCB Bank would show

this Court as follows:

1

1.      This is the second Motion for Stay or Injunction filed by Mr. Bednar seeking to enjoin Fannie Mae and Franklin American from continuing its foreclosure action; and enjoin RCB Bank from alleged ongoing violations "of this Court's Order to mediate."[1]

2.      On November 8, 2018, this Court denied Mr. Bednar's first Request for Emergency Relief; and dismissed this Adversary Proceeding.

3.      On November 21, 2018, Mr. Bednar filed his Notice of Appeal with the Tenth Circuit Bankruptcy Appellate Panel.

4.      Briefing is complete as to the issues on appeal; and oral argument is set for May 29, 2019.

5.      In this Motion, his second request for an injunction, Mr. Bednar alleged:

-       "Defendants Franklin American and Fannie Mae's Averments of Past Mortgage, and Interest Accrued Post Discharge in Their Request for Judgment in CJ-2016-50004 Violates Bankruptcy Law Which Imposes an Injunction Against Them as an Operation of Law",

-       "RCB Should be Enjoined for Ongoing Violations of this Court's Order to Mediate as well as the Adversarial Proceeding Settlement Agreement per Rule 105, as this Court has the Power to Review as a Contempt Action RCB's Failure to Mediate in Good Faith (implied in this Court's Order) and the Core Proceeding Ability to Interpret and Enforce the Mediation Agreement",

-       "Franklin American Knows it Lost its Security Agreement in the First Sheriff Sale in CJ-2015-192, hence its Zealous Violation of Bankruptcy Law via Aggressive Unlawful Litigation in CJ-2016-5004", and

---

[1] This Court did not order the parties to mediate. It did appoint a Settlement Conference Judge wherein a written Settlement Agreement was executed by and between RCB Bank and Mr. Bednar.

-      "This Court Should Issue a Preliminary Injunction for Violations of State Law as well as Bankruptcy Law"

These allegations were raised in the first request for injunctive relief and are among the issues on appeal. RCB Bank disputes the allegations made by Mr. Bednar in the Motion. Since Mr. Bednar has raised no new issues; his Motion should be denied.

Furthermore, Mr. Bednar has not established the factors required for this Court to enter injunctive relief:

a.      Mr. Bednar has not shown a strong or substantial likelihood or probability of success on the merits. This Court and Judge Hall have already considered and denied the relief requested.

b.      Mr. Bednar has not shown irreparable harm. Mr. Bednar no longer owns or lives in the property. Damages for the value of the property are an appropriate remedy.

c.      Mr. Bednar has not shown that issuance of an injunction would not cause substantial harm to others. His Motion is silent as to this factor.

d.      Mr. Bednar has not shown that the public interest would be served by issuing an injunction. His Motion is silent as to this factor.

6.      Mr. Bednar raised one other allegation for injunctive relief: "Defendants Fannie Mae and Franklin American are Harrassing (sic) the Recipient of a Recent Subpoena, Misrepresenting the Law to that Person, and are Pressuring that Person in Violation of Ethics and Rule 45, Demonstrating Continued Willingness to Violate the Law – Supporting an Immediate Injunction and Stay".

On February 26, 2019, this Court entered its Order deferring Mr. Bednar's Motion to Quash this Subpoena. RCB Bank believes Fannie Mae and Franklin American issued the Subpoena to determine the veracity of Mr. Bednar relating to a pleading he filed in the appeal. RCB Bank's decision to not further respond to this allegation is not a ratification of the allegation.

7.      Mr. Bednar seeks an emergency hearing for this Court to enter an injunction because he believes "Fannie Mae is currently actively attempting to sell the Debtor's homestead…"

8.      Mr. Bednar's request for an emergency hearing should be denied because:

a.      The property is not property of the estate. This Court granted RCB Bank relief from the automatic stay and directed abandonment of the property on September 14, 2015.

b.      In a state court foreclosure case, Franklin American purchased the property at sheriff's sale, the state court confirmed the sale on September 6, 2018, and the confirmation order is final. Franklin American owns the property and should not be prohibited as to its peaceful enjoyment of the property – which includes sale of the property. Furthermore, the Honorable Sarah A. Hall and this Court have previously ruled that Mr. Bednar's actions are violations of the *Rooker-Feldman* doctrine.

c.      There is no emergency. The house has already been sold to Franklin American. If Mr. Bednar is entitled to relief, monetary damages will be an appropriate remedy.

**WHEREFORE**, RCB Bank prays that this Court deny the Motion for Stay and Injunction; and the Request of an Emergency Hearing.

*Respectfully submitted this 29th day of March, 2019.*

RIGGS ABNEY NEAL TURPEN
ORBISON & LEWIS


Scott P. Kirtley, OBA #11388
502 W. 6th Street
Tulsa, Oklahoma 74119
(918) 587-3161
(918) 587-9708 (fax)
skirtley@riggsabney.com

*Attorneys for RCB Bank*

4

**Certificate of Service**

I, Scott P. Kirtley, certify that on the 29th day of March, 2019, a copy of the above captioned pleading was served upon all parties appearing on the CM/ECF system,

And e-mailed to:

Alexander L. Bednar:   bednarconsult@gmail.com


Scott P. Kirtley