IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FILED
2019 MAR 29 P 3:22

IN RE:
ALEXANDER LOUIS BEDNAR,
        Debtor,

Case No.: 15-11916-TRC
Chapter 7

ALEXANDER L. BEDNAR,
        Plaintiff,
vs.

Adv. No. 18-01096-TRC

FRANKLIN AMERICAN MORTGAGE
COMPANY, FEDERAL NATIONAL
MORTGAGE ASSOCIATION,
OKLAHOMA COUNTY SHERIFF, AND
RCB BANK,
        Defendants.

**SPECIAL APPEARANCE AND OBJECTION TO PLAINTIFF'S MOTION TO STAY, PRELIMINARY INJUNCTION PENDING APPEAL, AND CONSIDERATION OF SANCTIONS [DOC. 62] BY THE <u>OKLAHOMA COUNTY SHERIFF</u>**

Alex Bednar ("Bednar") has moved to stay and to enjoin "ongoing" violations of the Court's discharge order, violations of the Court's order to mediate, violations of the mediation agreement, violations of bankruptcy laws via unlawful and aggressive litigation conduct by Franklin American and Fannie Mae, and various violations of state law. [Doc. 62]. However, Bednar's convoluted arguments are the same arguments previously rejected by this Court, which ultimately led to the appeal currently pending before the Tenth Circuit Bankruptcy Panel. As demonstrated below, Bednar failed to provide any legal basis to justify granting a stay and entering an injunction. Therefore, Bednar's Motion should be denied.

1

## **ARGUMENTS AND AUTHORITIES**

The standard for granting a motion to stay pending an appeal mirrors that for granting a preliminary injunction. *In re Goss,* 2008 WL 824303* 1 (E.D. Okla. March 26, 2008). When deciding whether to grant a discretionary stay a court must determine the following: (1) likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) irreparable injury to the moving party unless the stay is granted; (3) no substantial harm to the other interested persons; and (4) no harm to the public interest. *Id.*(citing *In re Lang,* 414 F.3d 1191, 1201 (10th Cir. 2005).

Here, Bednar has failed to demonstrate any of these factors. Indeed, Bednar has failed to present any new arguments or authority to support his request for a stay. Bednar's entire motion is simply a rehash of his previous filings that this Court has previously considered and rejected. Bednar has not identified any errors in the Order of Dismissal with Prejudice [Doc. No. 42], nor has he set forth an arguments and authority demonstrating that he will likely prevail on appeal. Without a substantial indication of probable success on appeal, a court should not issue a stay as there is no justification for a court's intrusion into the normal processes of administration and judicial review. *In re Porter*, 54 B.R. 81, 82 (Bankr. N.D. Okla. 1985). In fact, once again, Bednar has invited this Court to certify various state law questions to the Oklahoma Supreme Court. This alone demonstrates that Bednar is really seeking appellate review of the state court actions and that the Court properly found that the *Rooker-Feldman* doctrine barred Bednar's claims.

Moreover, Bednar has failed to identify any conduct by the Oklahoma County Sheriff that this Court could enjoin. Bednar contends that the Oklahoma County Sheriff "facilitated Defendant Franklin American's violation of the discharge injunction by artificially augmenting their credit on judgment at the August 2018 sheriff sale" and by "allowing the Defendant lenders' counsel to draft, file and present fraudulent, and untimely filings in violation of Oklahoma law." While the Sheriff specifically denies Bednar's allegations, and further denies his office did anything wrong, even accepting the allegations as true, the conduct that Bednar is seeking to enjoin has already occurred.

At bottom, the subject property was abandoned from the bankruptcy estate long ago. Franklin American purchased the subject property at a sheriff sale, and the state court confirmed the sale on September 6, 2018. The Oklahoma County Sheriff's only involvement with Bednar and the subject property was ministerial, and was done at the direction of the Oklahoma County District Court. Therefore, there is nothing for this Court to enjoin.

## CONCLUSION

Based upon the foregoing arguments and authorities, Defendant Oklahoma County Sheriff respectfully requests that this Court deny the Motion for Stay and Injunction.

Respectfully Submitted,

DAVID W. PRATER
DISTRICT ATTORNEY

*/s/ Carri A. Remillard*
Carri A. Remillard (OBA # 21539)
Assistant District Attorney
320 Robert S. Kerr, Suite 505

3

Oklahoma City, OK  73102
Telephone: (405) 713-1600
Facsimile: (405) 713-1749
carri.remillard@oklahomacounty.org
ATTORNEY FOR THE OKLAHOMA COUNTY SHERIFF

## CERTIFICATE OF SERVICE

I hereby certify that I mailed the foregoing on the March 29, 2019, to:

Alexander Bednar
15721 Via Bella
Edmond, Oklahoma 73013
Bednarconsult@gmail.com

DEBTOR/PLAINTIFF

Jim Timberlake
Baer & Timberlake, PC
PO Box 18486
Oklahoma City, OK  73154-0486
jim@baer-timberlake.com

ATTORNEY FOR FRANKLIN AMERICAN MORTGAGE CO.
And FEDERAL NATIONAL MORTGAGE ASSOCIATION

Scott Kirtley
Riggs Abney
502 W. 6th Street
Tulsa, OK  74119
skirtley@riggsabney.com

ATTORNEY FOR RCB BANK

Carri A. Remillard