IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| ALEXANDER LOUIS BEDNAR, | ) Case No. 15-11916-TRC |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |
| ALEXANDER L. BEDNAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Adv. No. 18-01096-TRC |
| | ) |
| FRANKLIN AMERICAN MORTGAGE COMPANY; FEDERAL NATIONAL MORTGAGE ASSOCATION; OKLAHOMA COUNTY SHERIFF; AND RCB BANK, | ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS, FEDERAL NATIONAL MORTGAGE ASSOCIATION AND FRANKLIN AMERICAN MORTGAGE COMPANY'S COMBINED RESPONSE TO PLAINTIFF'S REQUEST FOR STAY**

COME NOW Defendants, Federal National Mortgage Association ("**Fannie Mae**"), and Franklin American Mortgage Company ("**Franklin**") (Fannie Mae and Franklin are sometimes collectively referred to herein as "**Defendants**"), by and through its undersigned counsel of record, and respectfully responds to Plaintiff, Alexander L. Bednar's ("**Bednar**") *Motion for Stay, Preliminary Injunction Pending Appeal and Consideration of Sanctions Against Fannie Mae and Franklin American for Inappropriate Actions Regarding a Subpoena*, filed herein on March 15, 2019 [Doc. 62] (the "**Motion**"). In support of this Response, Defendants rely

1

BT No. 112287

upon the pleadings and documents on file in this action and on filed in connection with Case No. CJ-2016-5004 (the "**Foreclosure Action**"), in the District Court of Oklahoma County, Oklahoma (the "**State Court**"), as well those in the underlying Chapter 7 Bankruptcy, 15-11916.

## INTRODUCTION

"We are convinced, under a clear and convincing standard, of [Bednar's] sustained abuse of the legal system and retaliatory harassment of opposing counsel and the courts." *See*, *State ex rel. OBA v. Bednar*, 2019 OK 12, ___ P.3d ___, March 12, 2019, Order of Disbarment, p. 48 (unpublished).[1] Despite this scathing fifty (50) page ruling by the Oklahoma Supreme Court permanently disbarring Bednar on nine separate counts, he remains defiant and continues his abhorrent behavior herein.

Bednar's Motion, and its corresponding request for expedited hearing [Doc. 66] constitutes no less than five (5) requests by Bednar for injunctive/expedited/emergency relief regarding the real property described herein as the "Esperanza property." This adversary proceeding was brought by Bednar for what he asserts is a discharge violation. However, in this filing Bednar is now seeking a stay to enjoin the sale of real property of which he has no interest, and which was abandoned from the estate in the underlying Chapter 7 Bankruptcy by

---

[1] As this document is a public record and is referenced in the Complaint [Doc. 1 [Complaint, pg. 5 at ¶ 2], Defendants ask that this Court take judicial notice of this document. In re Chesapeake Energy Corp. 2012 ERISA Class Litig., No CIV-12-688-M, 2013 WL 5596908, at *5 (W.D. Okla. Oct. 11, 2013)("On a motion to dismiss pursuant to Rule 12(b)(6), 'courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated in the complaint by reference, and matters of which a court may take judicial notice.'"). A court may take judicial notice of documents that are referred to in the complaint, even if those documents were not attached to the complaint or explicitly incorporated by reference. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008). Further, a court may take judicial notice of documents that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

BT No. 112287

order of this Court on September 14, 2015. *See*, *In re Bednar*, No. 15-11916, (Bankr. W.D. Okla., 2015), Doc. 93.

Bednar's attempts to impose a stay are again but a futile attempt to have this Court revisit his arguments which have been made, rejected, and final orders entered. His likelihood of success on the merits is simply zero.

Further, as previously noted by this Court, Bednar continues to confuse the collection of a debt with the enforcement of a security instrument.

## ARGUMENTS AND AUTHORITIES

**I.  Bednar Has No Interest In The Real Property And The Property Has Been Abandoned From The Bankruptcy Estate.**

In its Order Denying Request for Emergency Relief [Doc. 40, p. 6], this Court stated:

> Putting aside Franklin's foreclosure judgment which divested him of any interest in the property, he told this Court that he deeded the property to his daughter's trust on August 1, 2018.

Further, as this Court found in its Order of Dismissal with Prejudice [Doc. 42, p. 10]:

> Bednar lacks standing to challenge actions regarding the Esperanza property since he has no ownership interest in that property.

And finally, this Court stated that "Bednar lacks standing to challenge actions regarding the Esperanza property since he has no ownership interest in that property." Doc. 40, p. 9.

It is abundantly clear neither Bednar nor the bankruptcy estate has standing to assert any interest in the Esperanza property and the requested stay should be denied.

3

## II. Bednar's Likelihood Of Success Is Non-Existent.

Bednar offers no new or unique arguments giving rise to any enhanced chance of future success. Bednar's attempts to have this Court review and reverse the final orders of various Oklahoma state courts has been well documented in this Adversary Proceeding by both Judge Hall Docket Entry [Doc. 12] and Judge Cornish [Doc. 40 and 42]. Having already had his arguments thoroughly reviewed and rejected by two separate bankruptcy judges, and offering no new arguments, Bednar's likelihood of prevailing on the merits does not exist.

## III. Discharge Violation.

As this Court noted:

> Bednar has a fundamental misconception of mortgages and foreclosure law.

Doc. 40, p. 8. Throughout his Motion, Bednar repeatedly asserts the misguided argument that Defendants are seeking to collect the debt as a personal liability of Bednar and are thus in violation of the discharge injunction. *See*, Motion, Doc. 62, p. 1, ¶2; p. 2, ¶1; p. 6 – 7. This Court previously noted that Franklin obtained an *in-rem* judgment of foreclosure against Bednar [Doc. 42, p.3]. As stated by the court in *In re Van Winkle,* 583 B.R. 759 (10th Cir. BAP 2018), a creditor who forecloses on an *in-rem* basis did not violate the discharge injunction. Therefore, this Court should deny Bednar's request for a stay on these grounds.

## IV. False Allegations Supporting Sanctions.

Bednar's claims of "clear ethical violations by Defendants," [Doc. 62, p. 8], relate to information sought by Defendants to prove Bednar's blatant falsities to the Bankruptcy Appellate Panel for the 10th Circuit (the "**BAP**"). These allegations are no more than a continuation of Bednar's proven "sustained abuse of the legal

system and retaliatory harassment of opposing counsel and the courts." *See*, *State ex rel. OBA v. Bednar*, *supra*, p. 48 (unpublished).  Bednar argues that Defendants are in violation of Rules 26 and 45 of the Federal Rules of Civil Procedure, and that this is sanctionable conduct.  *See*, Doc. 62, p. 8 - 10.

The Federal Rules of Civil Procedure state:

> *Objections.*  <u>A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection</u> to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested.  The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.

Fed. R. Civ. P. 45(d)(2)(B) (<u>emphasis added</u>).  Pursuant to Rule 45, the only person with standing to object to the issuance of a subpoena is the person commanded to produce documents or tangible things.  The entity upon which the subpoena was served, issued no written objection thereto, neither during the time within which it was permitted, nor at any time thereafter.

Rule 26 further states:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), <u>except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)</u>,

Fed. R. Civ. P. 26(d)(1) (<u>emphasis added</u>). Doc. 40, p. 8.  Rule 26(a)(1)(B) lists the instances when the parties are exempted from the initial disclosure, and specifically states that "a proceeding ancillary to a proceeding in another court" is exempt.  Fed. R. Civ. P. 26(a)(1)(B)(viii).

5

BT No. 112287

The subpoena issued by Defendants was issued out of this Adversary Proceeding, which is ancillary to the underlying foreclosure 15-11916, as well as ancillary to the appeal to the pending before the BAP. Therefore, the subpoena was not issued in violation of Rule 26, as it was exempt from the discovery conference requirement. Bednar has failed to identify any violations of Rule 45 or Rule 26, nor has he identified any conduct which support his request for sanctions against Defendants, or any of the other requested relief therein.

## CONCLUSION

For the foregoing reasons, Bednar's Motion should be denied, and this Court should grant Defendants such other relief as it deems just.

This 29th day of March, 2019.

    s/Jim Timberlake
Jim Timberlake, OBA #14945
BAER & TIMBERLAKE, P.C.
P.O. Box 18486
Oklahoma City, OK 73154-0486
Telephone: (405) 842-7722
Facsimile: (405) 463-6368
jim@baer-timberlake.com
*Attorneys for Defendants,*
*Federal National Mortgage Association and*
*Franklin American Mortgage Company*

BT No. 112287

# CERTIFICATE OF SERVICE

This is to certify that I did, on this 29th day of March, 2019, electronically transmit the above and foregoing document, with any and all attachments, to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Alexander L. Bednar
Bednarconsult@gmail.com
***Debtor/Plaintiff, Pro Se***

Scott P. Kirtley
Riggs, Abney
502 W. 6th St.
Tulsa, OK 74119
skirtleyattorney@riggsabney.com
***Attorney for Defendant,***
***RBC Bank***

Carri A. Remillard
Assistant District Attorney
320 Robert S. Kerr Ave., Ste. 505
Oklahoma City, OK 73102
Carri.remillard@oklahomacounty.org
***Attorneys for Defendant,***
***Oklahoma County Sheriff***

/s Jim Timberlake_____

BT No. 112287