**Dated: April 30, 2019**

**The following is ORDERED:**



Tom R. Cornish
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br>ALEXANDER LOUIS BEDNAR,<br><br>　　　　　　　　　　Debtor. | Case No. 15-11916-TRC<br>Chapter 7 |
| ALEXANDER L. BEDNAR,<br><br>　　　　　　　　　　Plaintiff, | |
| vs. | Adv. No. 18-01096-TRC |
| FRANKLIN AMERICAN MORTGAGE<br>COMPANY, FEDERAL NATIONAL<br>MORTGAGE ASSOCIATION,<br>OKLAHOMA COUNTY SHERIFF,<br>AND RCB BANK,<br><br>　　　　　　　　　　Defendants. | |

**ORDER DENYING PLAINTIFF'S MOTIONS TO SEAL**

Before the court are two motions to seal filed by Plaintiff Alexander L. Bednar. He filed a handwritten motion on March 15, 2019 (Docket Entry 63) and a second motion on March 26,

2019 (Docket Entry 65) which appears to supercede or supplement the first motion. Both motions ask this court to seal Exhibit 1 to his Motion for Stay, Preliminary Injunction Pending Appeal and Consideration of Sanctions Against Fannie Mae and Franklin American for Inappropriate Actions Regarding a Subpoena (Docket Entry 62). Defendants Franklin American Mortgage Company and Federal National Mortgage Association ("Fannie Mae") filed an objection to the motions to seal (Docket Entry 75).

The document Bednar asks this court to seal is a settlement agreement that he executed with RCB Bank in a separate proceeding: Adv. Case No. 15-1248 RCB Bank v. Bednar. The original agreement was a handwritten document drafted and signed in March of 2017 after a settlement conference was held. Months went by before the formal agreement was executed, which only occurred after this court held a status hearing on September 6, 2017, regarding the settlement agreement. The court notes that Bednar asked this court to seal this document during that status hearing. The court expressed its reluctance to seal this agreement and ordered Bednar to sign the settlement agreement.

Section 107(a) of the U.S. Bankruptcy Code states that all bankruptcy records are public, subject to certain exceptions. Section 107(b) allows a court to take action to (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information, or (2) protect a person regarding scandalous or defamatory matter in a paper filed in a bankruptcy case. Fed. R. Bankr. P. 9018 implements § 107(b) and adds that a court may seal documents to protect governmental matters that are made confidential by statute. Bednar argues that his settlement agreement with RCB Bank includes confidentiality as a material term and should therefore be filed under seal so that access to this document is denied. Defendants Franklin American and Fannie Mae object to sealing this exhibit on the ground that Bednar is attempting

to rely upon this exhibit to obtain a stay of the bankruptcy case pending appeal as well as relying upon this settlement as cause supporting his attempts to avoid and set aside state court foreclosure actions against him.  Bednar represents that RCB Bank does not object to sealing this exhibit.

During hearings and in filings with this court, it is Bednar who has put the terms of this agreement at issue in this case.   Bednar has alleged that RCB Bank failed to comply with all terms of the agreement, that RCB Bank and Franklin American and Fannie Mae have conspired against him regarding the enforcement of the agreement and are in breach of the agreement, and requests that this court enforce the settlement agreement by ordering RCB Bank to complete the agreement.  Bednar has disclosed most of the terms of this agreement to the court and Defendants including the requirement for a conveyance of a deed to Bednar from RCB Bank.  He also informed this court that he has provided emails between himself and RCB Bank regarding the settlement agreement to the BAP.  In addition, Bednar has not identified the existence of any of the conditions identified in § 107(b) or Rule 9018.  Therefore, the court does not find good cause to seal exhibit 1, the settlement agreement with RCB Bank.

IT IS THEREFORE ORDERED that Plaintiff Alexander L. Bednar's Motion to Seal filed on March 15, 2019 (Docket Entry 63) and Motion to Seal filed on March 26, 2019 (Docket Entry 65) are **denied.**

###