Dated: April 30, 2019

The following is ORDERED:



Tom R. Cornish
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE:
ALEXANDER LOUIS BEDNAR,          Case No. 15-11916-TRC
                                 Chapter 7

        Debtor.

ALEXANDER L. BEDNAR,

        Plaintiff,

vs.                              Adv. No. 18-01096-TRC

FRANKLIN AMERICAN MORTGAGE
COMPANY, FEDERAL NATIONAL
MORTGAGE ASSOCIATION,
OKLAHOMA COUNTY SHERIFF,
AND RCB BANK,

        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR STAY PENDING APPEAL**

    Before the court is Plaintiff Alexander L. Bednar's Motion for Stay, Preliminary

Injunction Pending Appeal and Consideration of Sanctions Against Fannie Mae and Franklin

American for Inappropriate Actions Regarding a Subpoena (Docket Entry 62) and objections of Defendants.  This court held a telephonic hearing on the motion on April 12, 2019.  Participants in the hearing were Plaintiff Alexander L. Bednar, James Timberlake and Don Timberlake for Federal National Mortgage Assoc. ("Fannie Mae") and Franklin American Mortgage, Carrie A. Remillard for Oklahoma County Sheriff, and Scott Kirtley for RCB Bank.  After considering the Motion, arguments of counsel, and review of the applicable law, the court denies the requested relief for the reasons set forth below.

**Jurisdiction**

This court has jurisdiction of this motion pursuant to 28 U.S.C. §§ 157 and 1334.  The request for a stay pending appeal is brought pursuant to Fed. R. Bankr. P. 8007.

**Background**

This court dismissed this case with prejudice on November 9, 2018.  Bednar filed his appeal of the Order of Dismissal on November 21, 2019.  That appeal is currently pending before the Bankruptcy Appellate Panel of the Tenth Circuit, BAP Appeal No. 18-99.  According to Bednar, the appeal is set for oral argument in May of 2019.  The subject property was foreclosed and sold at Sheriff's Sale in Oklahoma County in September 2018.  Bednar was allowed access to the home through November of 2018 to remove his personal possessions.

**Discussion**

Bednar's motion asks for a stay of the court's order of dismissal and seeks a preliminary injunction against Defendants to prevent them from violating the discharge injunction by collecting on discharged debt, enforce a settlement agreement with RCB Bank, halt RCB Bank's state court foreclosure action that ended in 2016, halt Franklin American's continuing litigation of its "second redundant and moot foreclosure action (CJ-2016-5004)", enjoin the Oklahoma

County Sheriff from taking unspecified actions, and asks this court to certify numerous questions to the Oklahoma Supreme Court. Most of this relief has been previously requested and denied by this court's order of dismissal and Judge Hall's order denying emergency relief (Docket Entry 12).

Fed. R. Bankr. P. 8007 provides that this court may issue a stay of its order pending appeal as well as enter an order granting an injunction pending an appeal.[1] "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder,* 556 U.S. 418, 433 (2009). Issuance of a stay or injunction pending appeal is discretionary with the court. *In re Lang*, 414 F.3d 1191 (10th Cir. 2005). Bednar bears the burden of proving that a stay of the Order of Dismissal is warranted based upon the following criteria: (1) the likelihood that he will succeed on the merits on appeal; (2) the likelihood that he will suffer irreparable injury unless a stay is granted; (3) whether a stay will substantially harm other interested parties; and (4) whether the public interest will be served by granting a stay. *Nken,* 556 U.S. at 426. The most critical of these factors are the first two. *See Nken*, 556 U.S. at 434. Similarly, to obtain an injunction against the Defendants, Bednar must show that he is (1) likely to experience irreparable harm without an injunction and (2) reasonably likely to succeed on the merits.

The court first observes that Bednar has waited more than four months to seek the issuance of a stay pending appeal. The court entered its Order of Dismissal on November 9, 2018. Bednar filed his appeal on November 21, 2018. The order of foreclosure was entered June 8, 2018. The Sheriff's Sale was held August 9, 2018 and confirmed on September 6, 2018.

---

[1] The Supreme Court has addressed the difference between a stay and an injunction: " A stay 'simply suspend[s] judicial alteration of the status quo,' while injunctive relief grants judicial intervention that has been withheld by lower courts." *Nken v. Holder,* 556 U.S. 418, 428-29 (2009)(citation omitted).

Bednar has never appealed these orders in the state court ant thus these orders are final. He told this court that he asked the BAP to institute a stay of this court's dismissal order and was instructed to seek that relief from this court. He did not seek a stay until March 15, 2019, and requested an expedited hearing. In the meantime, Franklin American and Fannie Mae have reportedly been attempting to sell the subject real estate. If the issuance of a stay is necessary to prevent irreparable harm to Bednar, the court questions why he waited several months to seek it. His timing suggests to this court that any harm he may suffer is not serious enough to warrant a stay. Further, as Judge Hall pointed out when he first came to this court seeking relief from the state court foreclosure action, the predicament he finds himself in is of his own making. He has known for some time that once the property was sold at Sheriff's Sale and he moved out, the property would be marketed and sold by the current owner, Fannie Mae. Trained as an attorney, he is well aware that failure to appeal the order of foreclosure resulted in a final order that may be executed upon, that he must post a bond if he wished to stop execution of the state court foreclosure judgment, and that filing a notice of appeal does not stay the effect of this court's order unless he seeks it.

Bednar argues that under Oklahoma law an existing violation or continued violation of law is, by definition, irreparable harm. He cites no authority for this position. Irreparable harm is harm that cannot be prevented or fully rectified by a successful appeal. A purely economic injury, compensable in money, cannot satisfy the irreparable injury requirement. Irreparable harm is shown where there is an inability to calculate damages or an injury exists that is certain and great, not merely serious or substantial.[2]  Bednar has not informed the court what irreparable

---

[2]*See Dominion Video Satellite, Inc. v. Echo Star Satellite Corp.,* 356 F.3d 1256, 1262 (10th Cir. 2004)(internal citation omitted)(discussing irreparable harm in the context of a preliminary injunction.)

harm he will suffer without a stay of the order of dismissal or issuance of injunctions. Presumably, he believes that he will be irreparably harmed if his former home is sold and he is unable to regain title or possession.  But, as RCB Bank argues, if this happens he has a remedy of money damages for the value of the property.  Thus, the court finds that he will not suffer irreparable harm if his motion for stay and injunctive relief is denied; therefore, this factor weighs against granting a stay and injunction.

Bednar argues that he has a strong likelihood of success on appeal, but he has not provided any new information or authority supporting this claim.  He assured this court that his chances of success on appeal are "100% obvious," and states that he has "100% evidence proof" that the state court judgments of foreclosure were not final making the *Rooker-Feldman* doctrine inapplicable to his case.  He did not provide that proof to this court except to repeat the same allegations made prior to dismissal.  He also believes that because the BAP will hold oral arguments on his appeal this indicates a likelihood of success on appeal justifying a stay.

Contrary to Bednar's allegations, Defendants plainly stated what the filed state court judgment reflects, that judgment was entered *in rem*, not *in personam*.  Bednar provided no information supporting his accusation that in trying to sell real estate that they purchased at a valid sheriff's sale Defendants are trying to collect monies from him personally.  Lacking specific allegations, Bednar fails to show a violation of the discharge injunction sufficient to justify any relief from this court.

This court has reviewed the arguments and documents previously submitted, including briefs, records from the state court foreclosure actions, and the bankruptcy court docket.  The court believes that it followed well-settled law of this Circuit in declining to review and overturn orders in the state court foreclosure action.  It still believes that the Esperanza property was

properly foreclosed, that the RCB Bank settlement agreement was properly procured and implemented, and that a foreclosure action seeking an *in rem* judgment is not a violation of the discharge injunction.  In addition, the court believes that the Esperanza property was not property of the estate, therefore the court has no jurisdiction to issue orders affecting its title.  Bednar has not provided any additional information indicating his standing to challenge the foreclosure actions since he admitted he was not the owner of the property at foreclosure.  Bednar has not identified any legal authority that indicates he is likely to succeed on the merits.  This factor weighs against the granting of his motion.

The court agrees with RCB Bank that the public interest will be better served by denying this motion.  There is a strong public interest in upholding the integrity of the state court foreclosure process and providing certainty to purchasers regarding the finality of orders confirming sheriffs' sales.   Entry of a stay would deny this certainty and unnecessarily prolong the foreclosure process.  It would also reward Bednar for dilatory filings and abuse of the legal system.  This factor weighs against the granting of his motion.

The court believes that Defendants would likely suffer harm if a stay is implemented. Fannie Mae will be delayed in selling the property which could result in diminished recovery, although no information was provided regarding this point.  However, it does not appear that any party would be substantially injured if a stay was granted.  This is the only factor that appears to weigh in favor of granting a stay.

Finally, the court finds no issue with the conduct of any of the Defendants or their counsel in this case and declines to consider Bednar's allegations of misconduct.  The court has already stayed consideration of Bednar's motion to quash a subpoena until after his appeal is resolved.  It will not revisit that decision.

**Conclusion**

Bednar has failed to satisfy the most important factors to obtain a stay pending appeal and injunctive relief. He has failed to show any likelihood of success on appeal and failed to identify any irreparable harm he may suffer if his requested relief is not granted. Although it is unlikely the Defendants will suffer substantial injury if his motion is granted, the public interest lies in assuring finality of court procedures. Therefore, the relevant factors weigh against the granting of a stay and injunction.

IT IS THEREFORE ORDERED that Plaintiff Alexander L. Bednar's Motion for Stay, Preliminary Injunction Pending Appeal and Consideration of Sanctions Against Fannie Mae and Franklin American for Inappropriate Actions Regarding a Subpoena (Docket Entry 62) is **denied**.

The Clerk of Court is directed to transmit a copy of this Order to the Bankruptcy Appellate Panel of the Tenth Circuit.

###